**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

---------------------------------------------------------

LUIS TORRES, ALLIA DEANGELIS,   :
DARRICK INMAN, Individually and On   :
Behalf of All Others Similarly Situated,   :
:
Plaintiffs,   :
: CASE NO.: 3:20-CV-3464-S
v.   :
: JUDGE KAREN G. SCHOLER
BERRY CORPORATION, ARTHUR T.   :
SMITH, CARY BAETZ, GARY A. GROVE,   :
BRENT S. BUCKLEY, KAJ VAZALES, and   :
EUGENE J. VOILAND,   :
:
Defendants.   :

---------------------------------------------------------

**REQUEST FOR FULL CONTEXT REVIEW AND/OR**
**JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION**
**TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Tel. 212-589-4200
Fax. 212-589-4201

*Attorneys for Defendants*

**Table of Contents**

ARGUMENT ................................................................................................................................1

    I.     Substantive Securities Law Requires Consideration of All of the Documents
           Attached as Exhibits to the Greene Declaration and/or Cited in the Motion to
           Dismiss ...............................................................................................................................1

           A.     The Securities Statutes Require Courts to Consider a More Robust
                   Record on a Motion to Dismiss .................................................................1

           B.     Substantive Law Trumps Incompatible Procedural Rules ..........................3

           C.     Consideration of the Documents Attached to the Greene Declaration
                   and/or Cited in the Motion to Dismiss Is Necessary in Order to
                   Properly Evaluate the Sufficiency of the Amended Class Action
                   Complaint ....................................................................................................4

    II.    Federal Procedural Law Also Allows for Consideration of the Documents
           Attached Hereto and Cited in the Motion to Dismiss .........................................................7

           A.     It Is Appropriate and Necessary for the Court to Consider Documents
                   Referenced in or Integral to the Amended Class Action Complaint ...........7

           B.     Judicial Notice of Berry's Public Filings with the SEC Is Appropriate ....10

           C.     Judicial Notice of Other Publicly Available Materials Cited in the
                   Motion to Dismiss Is Appropriate .............................................................11

CONCLUSION ..........................................................................................................................13

## Table of Authorities

**Cases**

*Alaska Electrical Pension Fund v. Asar*, 768 Fed. Appx. 175 (5th Cir. 2019). ....................... 1, 10

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir. 2000). ........................................ 7

*Finn v. Barney*, 471 F. App'x 30 (2d Cir. 2012). ....................................................................... 12

*Firefighters Pension & Relief Fund of the City of New Orleans v. Bulmahn*, 53 F. Supp. 3d 882 (E.D. La. 2014). ...................................................................................................................... 11

*Funk v. Stryker Corp.*, 631 F.3d 777 (5th Cir. 2011). ........................................................ 1, 10, 11

*In re Keithley Instruments, Inc. Securities. Litigation*, 268 F. Supp. 2d 887 (N.D. Ohio 2002). . 12

*In re Plains All American Pipeline, L.P. Securities Litigation*, 307 F. Supp. 3d 583 (S.D. Tex. 2018). ....................................................................................................................................... 3

*Kramer v. Time Warner Inc.*, 937 F.2d 767 (2d Cir. 1991). .................................................... 8, 10

*Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015 (5th Cir. 1996). ............................................. 8

*Mississippi Publishing Corp. v. Murphee*, 326 U.S. 438 (1946). ................................................. 4

*Norris v. Hearst Trust,* 500 F.3d 454 9 (5th Cir. 2007). .............................................................. 11

*Omnicare Inc. v. Laborers District Council Construction Industry Pension Fund*, 575 U.S. 175 (2015). ..................................................................................................................................... 3

*Papasan v. Allain*, 478 U.S. 265 (1986). ..................................................................................... 2

*Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393 (2010). ......... 4

*Simms v. Jones*, Nos. 3:11–CV–0248–M, 3:11–CV–345–M, 2011 WL 5978594, at *1 (N.D. Tex. Nov. 30, 2011). ..................................................................................................................... 11

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007). ...................................... 1, 2, 3

*U.S. ex rel. Lam v. Tenet Healthcare Corp.*, 481 F. Supp. 2d 673 (W.D. Tex. 2006). ................. 11

**Statutes**

15 U.S.C. § 78u-4(b) ..................................................................................................................... 2
28 U.S.C. § 2072 ........................................................................................................................... 3

**Rules**

Federal Rule of Evidence 201 .................................................................................................. 1, 10
Rule of Civil Procedure 12(b)(6) .................................................................................................. 1

**REQUEST FOR FULL CONTEXT REVIEW AND/OR
JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

Defendants Berry Corporation, Arthur T. Smith, Cary Baetz, Gary A. Grove, Brent S. Buckley, Kaj Vazales, and Eugene J. Voiland request that this Court consider certain documents attached as Exhibits 1 through 25 to the Declaration of Douglas W. Greene, Esq. ("Greene Dec.") filed concurrently herewith, and/or discussed below and cited in the Defendants' Motion to Dismiss the Amended Class Action Complaint ("Motion to Dismiss" or "MTD"). For the reasons set forth below, consideration of the contents of each document is both (1) required under substantive securities law and (2) permitted pursuant to the incorporation-by-reference doctrine, Rule 201 of the Federal Rules of Evidence, and supporting case law.

## ARGUMENT

I.    **Substantive Securities Law Requires Consideration of All of the Documents Attached as Exhibits to the Greene Declaration and/or Cited in the Motion to Dismiss**

        A. **The Securities Statutes Require Courts to Consider a More Robust Record on a Motion to Dismiss**

In general, when deciding a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), courts "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)); *Alaska Electrical Pension Fund v. Asar*, 768 Fed. Appx. 175, 180 n.25 (5th Cir. 2019) ("Further, a court *must* consider documents incorporated by reference into a securities fraud complaint.") (emphasis in original). At this early stage, courts also "take the well-pleaded factual allegations in the complaint as true"

1

and draw all reasonable inferences in favor of the plaintiff. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). In these and other respects, federal procedural law, in general, gives plaintiffs a great deal of latitude and the full benefit of the doubt at the motion to dismiss stage.

Federal *substantive* securities law, however, strikes a different balance, and compels courts to consider a broader array of materials and conduct a more rigorous analysis when evaluating the sufficiency of securities class action complaints. Congress enacted the Private Securities Litigation Reform Act of 1995 ("Reform Act") "[a]s a check against abusive litigation" because it was concerned by "nuisance filings, targeting of deep-pocket defendants, vexatious discovery requests and manipulation by class action lawyers." *Tellabs, Inc.*, 551 U.S. at 313, 320 (quotation marks and citations omitted). To prevent meritless securities class actions, the Reform Act, which amends the Securities Act of 1933 ("Securities Act") and the Securities Exchange Act of 1934 ("Exchange Act"), imposes heightened requirements for pleading that a challenged statement was false or misleading, and that it was made with intent to defraud (scienter). *Id.* at 320-21; 15 U.S.C. § 78u-4(b)(1)-(2). Congress specified that the district court "shall . . . dismiss the complaint" on a motion to dismiss if it does not meet the Reform Act's heightened pleading standard. 15 U.S.C. § 78u-4(b)(3)(A).

Consistent with this intent, two important Supreme Court cases have construed the relevant federal securities statutes—the Securities Act, the Exchange Act, and the Reform Act—as requiring courts to consider the *full factual context* in evaluating allegations of falsity and scienter. In *Tellabs, Inc. v. Makor Issues & Rights*, the Supreme Court considered what it means for a plaintiff to plead a "strong inference" of scienter and concluded that this inquiry is "inherently comparative" and requires courts to consider not only the complaint but also documents incorporated by reference and matters of which courts may take judicial notice. 551 U.S. at 323-

2

24. The Court also held that this analysis requires courts to "consider plausible, nonculpable explanations for the defendant's conduct, as well as inferences favoring the plaintiff"—a significant departure from the usual rule that courts draw all reasonable inferences in favor of the plaintiff at the pleading stage. *Id.* at 324.

In *Omnicare Inc. v. Laborers District Council Construction Industry Pension Fund*, 575 U.S. 175 (2015), the Court reached a similar conclusion with respect to the element of falsity, holding that this too requires courts to consider not only the full statement being challenged and the context in which it was made, but also other statements made by the company and other publicly available information, including the customs and practices of the relevant industry. *Id.* at 190 (whether a statement is false or misleading "always depends on context" and requires consideration of, among other things, "all its surrounding text, including hedges, disclaimers, and apparently conflicting information" as well as "the customs and practices of the relevant industry"); *see also In re Plains All American Pipeline, L.P. Securities Litigation*, 307 F. Supp. 3d 583, 615, 633-635 (S.D. Tex. 2018) (considering SEC filings and other statements in the context of industry and investor understanding).

Together, these Supreme Court decisions, and the federal securities statutes on which they are based, compel courts to consider the full range of publicly available, judicially noticeable, and incorporated documents and information for context when evaluating the sufficiency of securities claims.

### B.  Substantive Law Trumps Incompatible Procedural Rules

Under the Rules Enabling Act, substantive law defines the scope of what courts may consider and for what purposes; to the extent that general procedural rules are inconsistent with substantive law, they must give way. 28 U.S.C. § 2072(a)-(b) ("[G]eneral rules of practice and procedure and rules of evidence . . . shall not abridge, enlarge or modify any substantive right.").

The Supreme Court has explained that a procedural rule infringes—and therefore must yield to—substantive rights "if it alters 'the rules of decision by which the court will adjudicate those rights,'" as opposed to "govern[ing] only 'the manner and the means' by which the litigants' rights are 'enforced.'" *Shady Grove Orthopedic Associates., P.A. v. Allstate Insurance. Co.*, 559 U.S. 393, 407 (2010) (quoting *Mississippi Publishing Corp. v. Murphee*, 326 U.S. 438, 446 (1946)).

Here, the substantive securities statutes, as interpreted by the Supreme Court, require courts to consider the full factual context of the challenged statements and conduct—and weigh competing inferences, rather than construing all inferences in the plaintiffs' favor—when evaluating whether plaintiffs have sufficiently pleaded the falsity or scienter elements of their securities claims. These are substantive rules that prescribe a more expansive and rigorous analysis by which the sufficiency of securities class action complaints specifically are to be judged. To the extent this substantive law mandate is incompatible with the general procedural rules that limit consideration of outside materials on a motion to dismiss, the substantive securities laws must take precedence.

    **C. Consideration of the Documents Attached to the Greene Declaration and/or Cited in the Motion to Dismiss Is Necessary in Order to Properly Evaluate the Sufficiency of the Amended Class Action Complaint**

Accordingly, this Court should consider the documents listed below because each provides factual context that is necessary for the Court to evaluate whether Plaintiffs have sufficiently pleaded that the challenged statements are false or misleading *in context*, and/or in order to weigh the competing inferences with respect to scienter. These SEC filings, press releases, publicly available news articles, websites, and other materials cited in the Motion to Dismiss all are essential in order to understand the statements that Plaintiffs claim were false and misleading in the context in which a reasonable investor would have viewed them:

    1.    **<u>Exhibit 1:</u>** Berry Corporation's Second Quarter 2018 Earnings Call Transcript

4

from August 23, 2018. This transcript is referenced and quoted in the Amended Complaint ("AC"), ECF No. 59, at ¶¶ 4, 84, 85, 158. The AC asserts that parts of Defendant Smith's comments were allegedly false and/or misleading statements that form the basis of Plaintiffs' claims. Accordingly, the rest of the August 2018 transcript provides critical context for evaluating Plaintiffs' claims.

2.    **Exhibit 2:** Berry Corporation's Third Quarter 2018 Earnings Call Transcript from November 8, 2018. This transcript is referenced and quoted at AC ¶¶ 4, 88-89. The AC asserts that parts of Defendants Baetz and Grove's comments were allegedly false and/or misleading statements that form the basis of Plaintiffs' claims. Accordingly, the rest of the November 2018 transcript provides critical context for evaluating Plaintiffs' claims.

3.    **Exhibit 3:** Berry Corporation's Fourth Quarter 2018 Earnings Call Transcript from March 7, 2019.  This transcript is referenced and quoted at AC ¶¶ 4, 90-91. The AC asserts that parts of Defendant Grove's comments were allegedly false and/or misleading statements that form the basis of Plaintiffs' claims. Accordingly, the rest of the March 2019 transcript provides critical context for evaluating Plaintiffs' claims.

4.    **Exhibit 4:** Berry Corporation's Third Quarter 2019 Earnings Call Transcript from November 7, 2019.  This transcript is referenced and quoted at AC ¶¶ 4, 96-97. The AC asserts that parts of Defendant Grove's comments were allegedly false and/or misleading statements that form the basis of Plaintiffs' claims. Accordingly, the rest of the March 2019 transcript provides critical context for evaluating Plaintiffs' claims.

5.    **Exhibit 5:** Berry Corporation's Fourth Quarter 2019 Earnings Call Transcript from February 27, 2020.  This transcript is referenced and quoted at AC ¶¶ 4, 98-99. The AC asserts that parts of Defendants Smith, Baetz, and Grove's comments were allegedly false and/or misleading statements that form the basis of Plaintiffs' claims. Accordingly, the rest of the March 2019 transcript provides critical context for evaluating Plaintiffs' claims.

6.    **Exhibit 6:** Berry Corporation's First Quarter 2020 Earnings Call Transcript from May 7, 2020.  This transcript is referenced and quoted at AC ¶¶ 4, 100-101. The AC asserts that parts of Defendant Grove's comments were allegedly false and/or misleading statements that form the basis of Plaintiffs' claims. Accordingly, the rest of the March 2019 transcript provides critical context for evaluating Plaintiffs' claims.

7.    **Exhibit 8:** Berry Corporation's Analyst/Investor Day Transcript on May 16, 2019. This transcript is referenced and quoted at AC ¶¶ 36-37, 92. The AC asserts that parts of Defendants Smith, Baetz, and Grove's comments were allegedly false and/or misleading statements that form the basis of Plaintiffs' claims. Accordingly, the rest of the March 2019 transcript provides critical context for evaluating Plaintiffs' claims.

5

8.    **Exhibit 9:** Berry Corporation's 2019 Form 10-K, filed with the SEC on February 27, 2020. The 2019 Form 10-K is quoted and referenced at AC ¶¶ 4, 29-31. The statements Berry made to investors in the 2019 Form 10-K provide critical context for evaluating Plaintiffs' claims with respect to various challenged statements and conduct.

9.    **Exhibit 11:** Berry Corporation's Form 424(b)(4), filed with the SEC on July 27, 2020. The registration statement is quoted and referenced at AC ¶¶ 3, 19, 22-24, 71-76, 78-80, 83, 130, 134, 140-43, 146, 149-50, 152, and 156-57 and contains allegedly false and misleading statements and/or omissions that form the basis of Plaintiffs' claims. Accordingly, the entirety of the registration statement forms critical context for evaluating Plaintiffs' claims.

10.   **Exhibit 17**: Berry Corporation Form 8-K and attached press release, filed with the SEC on April 1, 2020. This press release is quoted and referenced at AC ¶¶ 7-8, 43, and 124-25, and contains allegedly false and misleading statements that form the basis of Plaintiffs' claims. Accordingly, the entirety of the press release forms critical context for evaluating Plaintiffs' claims.

11.   **Exhibit 22:** Berry Corporation Form 8-K and attached press release, filed with the SEC on August 4, 2020. This press release is quoted and referenced at AC ¶¶ 9-10, 126-27, and contains allegedly false and misleading statements that form the basis of Plaintiffs' claims. Accordingly, the entirety of the press release forms critical context for evaluating Plaintiffs' claims.

12.   The following publicly available press releases, articles, websites, and government materials, cited in the Motion to Dismiss, regarding Berry's financials, the oil industry's outlook during the pandemic, and individual Defendant's activities, also provide critical context for evaluating Plaintiffs' claims:

   a.   **Exhibit 7:** Berry Corporation's Form 8-K and attached press release, filed with the SEC on November 7, 2018.
   b.   **Exhibit 10:** KeyBanc Investor Report from Feb. 27, 2020.
   c.   **Exhibit 12:** Clifford Kraus, *Coronavirus Adds to Pressure for U.S. Oil Industry*, N.Y. Times, Feb. 4, 2020.
   d.   **Exhibit 13:** Matt Phillips, *As Coronavirus Stifles China, Economic Logjams Build Worldwide*, N.Y. Times, Feb. 11, 2020.
   e.   **Exhibit 14:** Jeff Stein, et al., *White House Likely to Pursue Federal Aid for Shale Companies Hit By Oil Shock, Coronavirus Downturn*, Wash. Post, Mar. 10, 2020.
   f.   **Exhibit 15:** Dino Grandoni, *The Energy 202: Big Oil Posts Big Losses During Coronavirus Crisis*, Wash. Post, May 5, 2020.
   g.   **Exhibit 16:** John Cox, *Oil producers brace for sustained slowdown as outlook dims*, The Bakersfield Californian, Mar. 25, 2020.
   h.   **Exhibit 18**: John Cox, *Aera cutbacks mean contractor layoffs*, The

6

Bakersfield Californian, Apr. 9, 2020.

i. **Exhibit 19**: Wells Fargo Investor Report (May 7, 2020).

j. **Exhibit 20**: UBS Investor Report (Apr. 2, 2020).

k. **Exhibit 21**: Berry Corporation's Fourth Quarter 2020 Earnings Call Transcript from Feb. 24, 2021.

l. **Exhibit 23**: Defendants' Combined Stock Purchase Form 4s.

m. **Exhibit 24**: Defendants' Combined Class Period First and Last Form 4s.

n. **Exhibit 25:** Paul Takahashi, *Over 100 oil and gas companies went bankrupt in 2020*, Houston Chron., Jan. 21, 2021.

o. Yahoo!Finance's full stock price history for Berry Corporation (BRY): https://finance.yahoo.com/quote/BRY/history?p=BRY. Berry's historical stock price information is referenced at AC ¶¶ 8, 10, 11, 125, 127, and 129. The full history of that stock price provides critical context for evaluating Plaintiffs' claims.

p. Brent Oil price history, available at U.S. Energy Information Administration, "Petroleum & Other Liquids: Europe Brent Spot Price FOB," https://www.eia.gov/dnav/pet/hist/RBRTED.htm (last visited Jan. 16, 2022).

q. California Department of Conservation, *WellSTAR*, https://wellstar-public.conservation.ca.gov/ and California Department of Conservation, *WellSTAR Data Dashboard*, https://app.powerbigov.us/view?r=eyJrIjoiNGQzZWU1N2QtNjNmYy00ODQyLWJlNDUtODBiYjg2MjYyYzIzIiwidCI6IjRjNTk4OGFlLTVhMDAtNDBlOC1iMDY1LWEwMTdmOWM5OTQ5NCJ9.

Accordingly, it is both appropriate and necessary under the substantive securities laws for this Court to consider all of the above materials when determining whether Plaintiffs have sufficiently pleaded the falsity and scienter elements of their claims.

## II. Federal Procedural Law Also Allows for Consideration of the Documents Attached Hereto and Cited in the Motion to Dismiss

Consideration of these same documents is also appropriate under the standard procedural rules regarding incorporation-by-reference and judicial notice.

### A. It Is Appropriate and Necessary for the Court to Consider Documents Referenced in or Integral to the Amended Class Action Complaint

Even under the usual procedural rules governing motions to dismiss, documents that are "referred to in the plaintiff's complaint and are central to her claim" may be considered regardless of whether they are physically attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quotation omitted); *see also Lovelace v. Software Spectrum Inc.*, 78

7

F.3d 1015, 1018 n.1 (5th Cir. 1996) ("[W]ere courts to refrain from considering such documents, complaints that quoted only selected and misleading portions of such documents could not be dismissed under Rule 12(b)(6) even though they would be doomed to failure. Foreclosing resort to such documents might lead to complaints filed solely to extract nuisance settlements." (quoting *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)). The Court should consider the documents listed below because each is specifically referenced and/or quoted in the Amended Class Action Complaint and is integral to Plaintiffs' claims. Indeed, most of these documents contain the very challenged statements that form the basis for Plaintiffs' claims. Accordingly, it is appropriate for the Court to consider these documents because they are incorporated by reference into, and/or are integral to, Plaintiffs' pleadings:

1. **Exhibit 1:** Berry Corporation's Second Quarter 2018 Earnings Call Transcript from August 23, 2018. This transcript is referenced and quoted in the Amended Complaint ("AC"), ECF No. 59, at ¶¶ 4, 84, 85, 158. The AC asserts that parts of Defendant Smith's comments were allegedly false and/or misleading statements that form the basis of Plaintiffs' claims. Accordingly, the rest of the August 2018 transcript provides critical context for evaluating Plaintiffs' claims.

2. **Exhibit 2:** Berry Corporation's Third Quarter 2018 Earnings Call Transcript from November 8, 2018. This transcript is referenced and quoted at AC ¶¶ 4, 88-89. The AC asserts that parts of Defendants Baetz and Grove's comments were allegedly false and/or misleading statements that form the basis of Plaintiffs' claims. Accordingly, the rest of the November 2018 transcript provides critical context for evaluating Plaintiffs' claims.

3. **Exhibit 3:** Berry Corporation's Fourth Quarter 2018 Earnings Call Transcript from March 7, 2019.  This transcript is referenced and quoted at AC ¶¶ 4, 90-91. The AC asserts that parts of Defendant Grove's comments were allegedly false and/or misleading statements that form the basis of Plaintiffs' claims. Accordingly, the rest of the March 2019 transcript provides critical context for evaluating Plaintiffs' claims.

4. **Exhibit 4:** Berry Corporation's Third Quarter 2019 Earnings Call Transcript from November 7, 2019.  This transcript is referenced and quoted at AC ¶¶ 4, 96-97. The AC asserts that parts of Defendant Grove's comments were allegedly false and/or misleading statements that form the basis of Plaintiffs' claims. Accordingly, the rest of the March 2019 transcript provides critical context for evaluating Plaintiffs' claims.

8

5.    **Exhibit 5:** Berry Corporation's Fourth Quarter 2019 Earnings Call Transcript from February 27, 2020.  This transcript is referenced and quoted at AC ¶¶ 4, 98-99. The AC asserts that parts of Defendants Smith, Baetz, and Grove's comments were allegedly false and/or misleading statements that form the basis of Plaintiffs' claims. Accordingly, the rest of the March 2019 transcript provides critical context for evaluating Plaintiffs' claims.

6.    **Exhibit 6:** Berry Corporation's First Quarter 2020 Earnings Call Transcript from May 7, 2020.  This transcript is referenced and quoted at AC ¶¶ 4, 100-101. The AC asserts that parts of Defendant Grove's comments were allegedly false and/or misleading statements that form the basis of Plaintiffs' claims. Accordingly, the rest of the March 2019 transcript provides critical context for evaluating Plaintiffs' claims.

7.    **Exhibit 8:** Berry Corporation's Analyst/Investor Day Transcript on May 16, 2019. This transcript is referenced and quoted at AC ¶¶ 36-37, 92. The AC asserts that parts of Defendants Smith, Baetz, and Grove's comments were allegedly false and/or misleading statements that form the basis of Plaintiffs' claims. Accordingly, the rest of the March 2019 transcript provides critical context for evaluating Plaintiffs' claims.

8.    **Exhibit 9:** Berry Corporation's 2019 Form 10-K, filed with the SEC on February 27, 2021. The 2020 Form 10-K is quoted and referenced at AC ¶¶ 4, 29-31. The statements Berry made to investors in the 2019 Form 10-K provide critical context for evaluating Plaintiffs' claims with respect to various challenged statements and conduct.

9.    **Exhibit 11:** Berry Corporation's Form 424(b)(4), filed with the SEC on July 27, 2020. The registration statement is quoted and referenced at AC ¶¶ 3, 19, 22-24, 71-76, 78-80, 83, 130, 134, 140-43, 146, 149-50, 152, and 156-57 and contains allegedly false and misleading statements and/or omissions that form the basis of Plaintiffs' claims. Accordingly, the entirety of the registration statement forms critical context for evaluating Plaintiffs' claims.

10.    **Exhibit 17**: Berry Corporation Form 8-K and attached press release, filed with the SEC on April 1, 2020. This press release is quoted and referenced at AC ¶¶ 7-8, 43, and 124-25, and contains allegedly false and misleading statements that form the basis of Plaintiffs' claims. Accordingly, the entirety of the press release forms critical context for evaluating Plaintiffs' claims.

11.    **Exhibit 22:** Berry Corporation Form 8-K and attached press release, filed with the SEC on August 4, 2020. This press release is quoted and referenced at AC ¶¶ 9-10, 126-27, and contains allegedly false and misleading statements that form the basis of Plaintiffs' claims. Accordingly, the entirety of the press release forms critical context for evaluating Plaintiffs' claims.

9

### B.  Judicial Notice of Berry's Public Filings with the SEC Is Appropriate

A court ruling on a motion to dismiss may properly consider documents subject to judicial notice under Federal Rule of Evidence 201(b). *See Funk*, 631 F.3d at 783. A fact is judicially noticeable if it is "not subject to reasonable dispute because it: (1) is generally known within the trial court's jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts have consistently found that SEC filings meet these requirements and may properly be considered at the motion to dismiss stage. *See, e.g.*, *Lovelace*, 78 F.3d at 1018 ("When deciding a motion to dismiss a claim for securities fraud on the pleadings, a court may consider the contents of relevant public disclosure documents which (1) are required to be filed with the SEC, and (2) are actually filed with the SEC. Such documents should be considered only for the purpose of determining what statements the documents contain, not to prove the truth of the documents' contents."); *Alaska Electrical Pension Fund*, 768 Fed. Appx. at 180 n.25. The contents of SEC filings are considered facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," and because they are required by law to be filed with the SEC, "no serious question as to their authenticity can exist." *Kramer*, 937 F.2d at 774 (quoting Fed. R. Evid. 201(b)(2)).

Accordingly, consideration of the following documents is appropriate because they are documents filed with the SEC and are matters of public record:

1. **Exhibit 7:** Berry Corporation's Form 8-K and attached press release, filed with the SEC on November 7, 2018.

2. **Exhibit 9:** Berry Corporation's 2019 Form 10-K, filed with the SEC on February 27, 2021.

3. **Exhibit 11:** Berry Corporation's Form 424(b)(4), filed with the SEC on July 27, 2020.

4. **Exhibit 17**: Berry Corporation Form 8-K and attached press release, filed with the

10

SEC on April 1, 2020.

5.  **Exhibit 22:** Berry Corporation Form 8-K and attached press release, filed with the SEC on August 4, 2020.

6.  **Exhibit 23**: Defendants' Combined Stock Purchase Form 4s filed with the SEC.

7.  **Exhibit 24**: Defendants' Combined Class Period First and Last Form 4s filed with the SEC.

### C. Judicial Notice of Other Publicly Available Materials Cited in the Motion to Dismiss Is Appropriate

Finally, consideration of other publicly available news articles, websites, government materials, and historical stock price information cited in the Motion to Dismiss is appropriate because they are publicly available information not subject to reasonable dispute. In accordance with Federal Rule of Evidence 201, a court may take judicial notice of matters in the public record without converting a motion to dismiss into a motion for summary judgment. *Funk*, 631 F.3d at 783 (quoting *Norris v. Hearst Trust,* 500 F.3d 454, 461 n. 9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.")). Thus, courts may, and routinely do, take judicial notice of media coverage and other publicly available information. *See, e.g.*, *Firefighters Pension & Relief Fund of the City of New Orleans v. Bulmahn*, 53 F. Supp. 3d 882, 901 (E.D. La. 2014) ("Applying Rule 201, numerous district courts have taken judicial notice of earnings call transcripts when the parties did not dispute the accuracy of their contents. . . . As with newspaper articles and analyst reports, courts consider earnings call transcripts not for the truth of the assertions contained therein, but as an indication of the information available to the public at the time"); *Simms v. Jones*, Nos. 3:11–CV–0248–M, 3:11–CV–345–M, 2011 WL 5978594, at *2 n.20 (N.D. Tex. Nov. 30, 2011); *U.S. ex rel. Lam v. Tenet Healthcare Corp.*, 481 F. Supp. 2d 673, 680 (W.D. Tex. 2006) ("Pursuant to Rule 201(b), Courts have the power to take judicial notice of the coverage and existence of newspaper and magazine

11

articles."); *see also Finn v. Barney*, 471 F. App'x 30, 32 (2d Cir. 2012) (affirming judicial notice of news articles and other publicly available information); *In re Keithley Instruments, Inc. Sec. Litig.*, 268 F. Supp. 2d 887, 896 (N.D. Ohio 2002) (taking judicial notice of stock prices and market indices). Accordingly, it is appropriate for the Court to consider the following publicly available information cited in the Motion to Dismiss:

1. **Exhibit 1:** Berry Corporation's Second Quarter 2018 Earnings Call Transcript from August 23, 2018, https://ir.bry.com/static-files/6b695b87-70ae-4613-a7fa-be4e302cce07.

2. **Exhibit 2:** Berry Corporation's Third Quarter 2018 Earnings Call Transcript from November 8, 2018, version available at https://ir.bry.com/static-files/91b1b992-c30e-426b-bd9e-e7c99246695e.

3. **Exhibit 3:** Berry Corporation's Fourth Quarter 2018 Earnings Call Transcript from March 7, 2019, version available at https://ir.bry.com/static-files/97ce0ca2-006f-41b9-a173-584f9880b890.

4. **Exhibit 4:** Berry Corporation's Third Quarter 2019 Earnings Call Transcript from November 7, 2019, version available at https://ir.bry.com/static-files/bca82ce4-2bcf-4a4d-8a0e-84a3f141dd82.

5. **Exhibit 5:** Berry Corporation's Fourth Quarter 2019 Earnings Call Transcript from February 27, 2020, version available at https://ir.bry.com/static-files/7812dce8-375d-4c2f-8f52-edecd354ff0f.

6. **Exhibit 6:** Berry Corporation's First Quarter 2020 Earnings Call Transcript from May 7, 2020, version available at https://ir.bry.com/static-files/49eb4128-cefd-48d4-aa56-0318dc4717a9.

7. **Exhibit 12:** Clifford Kraus, *Coronavirus Adds to Pressure for U.S. Oil Industry, N.Y. Times*, Feb. 4, 2020, https://www.nytimes.com/2020/02/04/us/oil-coronavirus.html.

8. **Exhibit 13:** Matt Phillips, *As Coronavirus Stifles China, Economic Logjams Build Worldwide*, N.Y. Times, Feb. 11, 2020, https://www.nytimes.com/2020/02/11/business/china-coronavirus-commodities.html.

9. **Exhibit 14:** Jeff Stein, et al., *White House Likely to Pursue Federal Aid for Shale Companies Hit By Oil Shock, Coronavirus Downturn*, Wash. Post, Mar. 10, 2020, https://www.washingtonpost.com/business/2020/03/10/trump-oil-bailout/.

12

10.   **Exhibit 15:** Dino Grandoni, *The Energy 202: Big Oil Posts Big Losses During Coronavirus Crisis*, Wash. Post, May 5, 2020, https://www.washingtonpost.com/news/powerpost/paloma/the-energy-202/2020/06/03/the-energy-202-big-oil-could-end-up-even-bigger-by-the-end-of-the-coronavirus-pandemic/5ed6c1e288e0fa32f82308a7/.

11.   **Exhibit 16:** John Cox, *Oil producers brace for sustained slowdown as outlook dims*, The Bakersfield Californian, Mar. 25, 2020, https://www.bakersfield.com/news/oil-producers-brace-for-sustained-slowdown-as-outlook-dims/article_cc1a9994-6e0e-11ea-9933-ef61bee7a803.html.

12.   **Exhibit 18**: John Cox, *Aera cutbacks mean contractor layoffs, The Bakersfield Californian*, Apr. 9, 2020, https://www.bakersfield.com/news/aera-oil-field-cutbacks-expected-to-cost-contractors-hundreds-of-jobs/article_b1838ff0-75f2-11ea-857a-c7c7d9f8716c.html.

13.   **Exhibit 21**: Berry Corporation's Fourth Quarter 2020 Earnings Call Transcript from Feb. 24, 2021, https://ir.bry.com/static-files/674a3b90-29ab-42dc-b531-0fcd3da7e575.

14.   **Exhibit 25:** Paul Takahashi, *Over 100 oil and gas companies went bankrupt in 2020*, Houston Chron., Jan. 21, 2021, https://www.houstonchronicle.com/business/energy/article/More-than-100-oil-and-gas-companies-filed-for-15884538.php.

15.   Yahoo!Finance's full stock price history for Berry Corporation (BRY): https://finance.yahoo.com/quote/BRY/history?p=BRY. Berry's historical stock price information is referenced at AC ¶¶ 8, 10, 11, 125, 127, and 129. The full history of that stock price provides critical context for evaluating Plaintiffs' claims.

16.   Brent Oil price history, available at U.S. Energy Information Administration, "Petroleum & Other Liquids: Europe Brent Spot Price FOB," https://www.eia.gov/dnav/pet/hist/RBRTED.htm (last visited Jan. 16, 2022).

17.   California Department of Conservation, *WellSTAR*, https://wellstar-public.conservation.ca.gov/ and California Department of Conservation, *WellSTAR Data Dashboard*, https://app.powerbigov.us/view?r=eyJrIjoiNGQzZWU1N2QtNjNmYy00ODQyLWJlNDUtODBiYjg2MjYyYzIzIiwidCI6IjRjNTk4OGFlLTVhMDAtNDBlOC1iMDY1LWEwMTdmOWM5OTQ5NCJ9.

## CONCLUSION

For the foregoing reasons, it is both necessary under substantive securities law and appropriate under federal procedural rules for this Court to consider the documents attached as

13

Exhibits 1-25 to the Greene Declaration and/or referenced above and in the Motion to Dismiss. Accordingly, Defendants respectfully request that the Court consider these materials when deciding their Motion to Dismiss the Amended Class Action Complaint filed concurrently herewith.


Dated: January 24, 2022                              Respectfully submitted,


                                                      *s/ Tamara D. Baggett*
                                                     **BAKER & HOSTETLER LLP**

                                                     Tamara D. Baggett
                                                     2850 North Harwood Street, Suite 1100
                                                     Dallas, TX 75201
                                                     Phone: 214-210-1200
                                                     Fax: 214-210-1201
                                                     tbaggett@bakerlaw.com

                                                     Douglas W. Greene (*Pro Hac Vice*)
                                                     45 Rockefeller Plaza
                                                     New York, NY 10111-0100
                                                     Phone: 212-589-4200
                                                     Fax: 212-589-4201
                                                     dgreene@bakerlaw.com

                                                     Genevieve G. York-Erwin (*Pro Hac Vice*)
                                                     999 Third Avenue, Suite 3900
                                                     Seattle, WA 98 104-4040
                                                     gyorkerwin@bakerlaw.com
                                                     Phone: 206-332-7079
                                                     Fax: 206-624-73 17


                                                     *Attorneys for Defendants*


                                                                                      14

## <u>CERTIFICATE OF SERVICE</u>

I certify that this motion was electronically filed with the Clerk of the Court using the

CM/ECF system, which will send email notification of this filing to all attorneys of record.


*Tamara D. Baggett /s/*
Tamara D. Baggett

15