## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |
|---|---|
| LUIS TORRES, ALLIA DEANGELIS, DARRICK INMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BERRY CORPORATION, ARTHUR T. SMITH, CARY BAETZ, GARY A. GROVE, BRENT S. BUCKLEY, KAJ VAZALES, and EUGENE J. VOILAND,<br><br>Defendants. | Case No. 3:20-CV-3464-S<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE THE DECLARATION OF DOUGLAS W. GREENE**<br><br>JUDGE KAREN G. SCHOLER |

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

LEGAL STANDARD.......................................................................................................... 3

ARGUMENT....................................................................................................................... 4

     I.      Exhibits 1, 2, 3, 4, 5, 6, 8, and 21 – Conference Call Transcripts .......................... 4

     II.     Exhibits 9 and 11 – Registration Statement and 2019 Form 10-K ........................ 6

     III.    Exhibits 7, 17 and 22 –  Press Releases ................................................................. 8

     IV.    Exhibits 12, 13, 14, 15, 16, 18 and 25 – Newspaper Articles.............................. 10

     V.     Exhibits 10, 19 and 20 –  Analyst Reports............................................................. 12

     VI.    Unsubstantiated Histories of Stock and Oil Prices ............................................... 13

     VII.   Exhibits 23 and 24 – Defendants' Stock Purchases and Trading History ............ 14

     VIII.  References to the WellStar Database .................................................................... 15

CONCLUSION.................................................................................................................. 16

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adair v. Bristol Tech. Sys.*,
179 F.R.D. 126 (S.D.N.Y. 1998) ..............................................................................14

*Alaska Elec. Pension Fund v. Asar*,
768 F. App'x 175 (5th Cir. Apr. 10, 2019) .................................................................4

*Ambler v. Williamson Cty.*,
No. 1-20-CV-1068-LY, 2021 U.S. Dist. LEXIS 35905 (W.D. Tex. Feb. 25,
2021) .......................................................................................................................10

*Callinan v. Lexicon Pharm., Inc.*,
479 F. Supp. 3d 379 (S.D. Tex. 2020) ............................................................5, 6, 16

*City of Sterling Heights Gen. Emples. Ret. Sys. v. Hospira, Inc.*,
No. 11 C 8332, 2013 U.S. Dist. LEXIS 19156 (N.D. Ill. Feb. 13, 2013).........................14, 15

*City of Sterling Heights Police & Fire Ret. Sys. v. Kohl's Corp.*,
No. 13-C-1159, 2015 U.S. Dist. LEXIS 41917 (E.D. Wis. Mar. 31, 2015) ......................12, 14

*Collins v. Morgan Stanley Dean Witter*,
224 F.3d 496 (5th Cir. 2000) ................................................................................3,4

*Cosmas v. Hassett*,
886 F.2d 8 (2d Cir. 1989)........................................................................................8

*DalPoggetto v. Wirecard AG*,
No. CV 19-0986 FMO (SKX), U.S. Dist. LEXIS 84571 (C.D. Cal. Apr. 15,
2020) .........................................................................................................................7

*Finn v. Barney*,
471 F. App'x 30 (2d Cir. 2012) ...............................................................................12

*Firefighters Pension & Relief Fund, v. Bulmahn*, 53 F. Supp. 3d 882 (E.D. La.
2014). ..................................................................................................................11, 12

*Fitzpatrick v. Uni-Pixel, Inc.*,
35 F. Supp. 3d 813 (S.D. Tex. 2014) .......................................................................8

*Flaherty v. Crumrine Preferred Income Fund v. TXU Corp.*,
No. 3:05-cv-1784-G, 2006 U.S. Dist. LEXIS 67264 (N.D. Tex. Aug. 30,
2006) ................................................................................................................2, 6, 7, 15

*Glickenhaus & Co. v. Household Int'l, Inc.*,
    787 F.3d 408 (7th Cir. 2015) ..........................................................................................13

*Green v. City of Mission*,
    No. 7:18-CV-49, 2019 U.S. Dist. LEXIS 118820 (S.D. Tex. July 17, 2019)..........................11

*Hanmi Fin. Corp. v. SWNB Bancorp, Inc.*,
    No. 4:18-3546, 2019 U.S. Dist. LEXIS 30131 (S.D. Tex. Feb. 26, 2019) ............................2, 9

*Hennessy v. Penril Datacomm Networks, Inc.*,
    69 F.3d 1344 (7th Cir. 1995) ...........................................................................................7

*Howard v. Arconic Inc.*,
    395 F. Supp. 3d 516 (W.D. Pa. 2019).................................................................................5

*Hsu v. Puma Biotechnology, Inc.*,
    213 F. Supp. 3d 1275 (C.D. Cal. 2016) ............................................................................12

*In re Am. Apparel, Inc. S'holder Litig.*,
    855 F. Supp. 2d 1043 (C.D. Cal. 2012) ............................................................................11

*In re Credit Suisse-AOL Sec. Litig.*,
    465 F. Supp. 2d 34 (D. Mass. 2006) ................................................................................14

*In re Dynegy, Inc.*,
    339 F. Supp. 2d 804 (S.D. Tex. 2004) ...............................................................................8

*In re: John Alden Fin. Corp. Sec. Litig.*,
    CASE NO.: 95-0830-CIV-NESBITT, 1996 U.S. Dist. LEXIS 22360 (S.D.
    Fla. Sep. 4, 1996) ............................................................................................................8

*In re Michaels Stores, Inc. Sec. Litig.*,
    Civil Action No. 3:03-CV-0278-M, U.S. Dist. LEXIS 24919 (N.D. Tex. Dec.
    10, 2004) ................................................................................................................5, 6, 13

*In re Solarcity Corp., Sec. Litig.*,
    274 F.Supp.3d 972 (N.D. Cal. 2017) .................................................................................9

*Kaye v. Lone Star Fund V (U.S.), L.P.*,
    No. 3:09-cv-2263-M, 2011 U.S. Dist. LEXIS 45758 (N.D. Tex. Apr. 26,
    2011) ......................................................................................................................... *passim*

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018) .....................................................................................2, 4, 7

*Lovelace v. Software Spectrum Inc.*,
    78 F.3d 1015 (5th Cir. 1996) ....................................................................................4, 7, 8

*Petrobras Am., Inc. v. Samsung Heavy Indus. Co.*,
 No. 20-20338, 2021 U.S. App. LEXIS 23901 (5th Cir. Aug. 11, 2021) .................................10

*Plymouth Cty. Ret. Ass'n v. Primo Water Corp.*,
 966 F. Supp. 2d 525 (M.D.N.C. 2013) ...................................................................................11

*Puskala v. Koss Corp.*,
 799 F. Supp. 2d 941 (E.D. Wis. 2011)..............................................................................7, 11

*Red Rock Analytics, LLC v. Apple Inc.*,
 No. 6:21-cv-00346-ADA, 2021 U.S. Dist. LEXIS 234689 (W.D. Tex. Dec. 8,
 2021) ........................................................................................................................................5

*Reneker v. Offill*,
 No. 3:08-cv-1394-D, 2010 U.S. Dist. LEXIS 38526 (N.D. Tex. Apr. 19, 2010).....................4

*Scrum All., Inc. v. Scrum, Inc.*,
 No. 4:20-CV-227, 2021 U.S. Dist. LEXIS 87342 (E.D. Tex. May 7, 2021).....................10, 15

*Shepard v. Cleveland Sch. Dist.*,
 No. 4:17-CV-91-DMB-JMV, 2019 U.S. Dist. LEXIS 157648 (N.D. Miss.
 Sep. 16, 2019) ...................................................................................................................10, 11

*Stone v. Life Partners Holdings, Inc.*,
 26 F. Supp. 3d 575 (W.D. Tex. 2014)......................................................................................2

*Taylor v. Charter Med. Corp.*,
 162 F.3d 827 (5th Cir. 1998) ...................................................................................................3

*United States ex rel. Lam v. Tenet Healthcare Corp*
 287 F. App'x 396 (5th Cir. 2008)......................................................................................11, 12

*Zak v. Chelsea Therapeutics Int'l, Ltd.*,
 780 F.3d 597 (4th Cir. 2015) ..............................................................................................2, 14

**Statutes**

Private Securities Litigation Reform Act........................................................................................1

**Rules**

Fed. R. Civ. P. 12(d) .....................................................................................................................3

Federal Rules of Evidence Rule 201...............................................................................................3

## INTRODUCTION

Lead Plaintiffs Luis Torres and Allia DeAngelis and additional Plaintiff Darrick Inman (collectively "Plaintiffs") respectfully submit this Memorandum in support of Plaintiffs' Motion to Strike the Declaration of Douglas W. Greene (the "Greene Declaration"). Unable to point to any pleading deficiency in the Amended Complaint ("Complaint"), Defendants repeatedly reach outside the pleadings and rely on extraneous materials that have no place on a motion to dismiss. There is a reason why Defendants' Request for Full Context Review and/or Judicial Notice (ECF No. 65, hereafter "Defs.' Req. for J. N.") went to great lengths to mischaracterize Supreme Court decisions to shore up novel arguments about how substantive securities laws somehow allow them to introduce improper material at this preliminary stage. None of the Supreme Court decisions that Defendants mischaracterize said a thing about what specific material a court can take judicial notice of or what can be considered incorporated by reference into the Complaint. However, the federal Circuits—the place where Supreme Court precedents are interpreted and applied—have universally condemned the abusive use of exhibits in securities fraud cases where a defendant can hide documents pursuant to the discovery stay of the Private Securities Litigation Reform Act, but simultaneously flood the court's docket with inappropriate evidence to try to improperly topple cognizable claims. In a recent decision, the Ninth Circuit emphasized that this risk, in direct contradiction to Defendants' false claims, is greatest in securities class actions. It held that:

> The overuse and improper application of judicial notice and the incorporation-by-reference doctrine, however, can lead to unintended and harmful results. Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage. Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery. ***This risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access. (citations omitted). If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts***

> *as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently "plausible" claim for relief. (citations omitted).*

*Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998-99 (9th Cir. 2018) (emphasis added); *see also Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607-08 (4th Cir. 2015) (reversing dismissal when the district court improperly took judicial notice of SEC filings to draw a pleading inference in favor of defendants and disregarded complaint allegations of deliberate recklessness).

In this case, Defendants engage in perhaps the most extreme example of abuse that the Circuits have roundly criticized, but the problems do not stop there. The tests for judicial notice and incorporation by reference are far more stringent in this Circuit than in others. Courts in this Circuit routinely refuse to consider SEC filings and other documents for the improper purposes that Defendants seek to utilize them for here. *See Flaherty v. Crumrine Preferred Income Fund v. TXU Corp.*, No. 3:05-cv-1784-G, 2006 U.S. Dist. LEXIS 67264, at *11-12 (N.D. Tex. Aug. 30, 2006), *vacated on other grounds by*, 242 F. App'x 253 (5th Cir. 2007) (refusing to consider alleged "disclosures" contained in SEC filings because it was "merely a roundabout way of asking the court to appreciate the truth of the statements."); *Kaye v. Lone Star Fund V (U.S.), L.P.*, No. 3:09-cv-2263-M, 2011 U.S. Dist. LEXIS 45758, at *30-39 (N.D. Tex. Apr. 26, 2011) (ruling that a report was not incorporated by reference because the plaintiff could prove its claims at trial without mentioning the document, and refusing to take judicial notice of facts asserted in an affidavit "to give context" to statements from the affidavit quoted in the complaint); *see also Stone v. Life Partners Holdings, Inc.*, 26 F. Supp. 3d 575, 603-04 (W.D. Tex. 2014) (refusing to take judicial notice of reports to prove that the defendants issued insurance policies with accurate life expectancy estimates); *Hanmi Fin. Corp. v. SWNB Bancorp, Inc.*, No. 4:18-3546, 2019 U.S. Dist. LEXIS 30131, at *11 n.7 (S.D. Tex. Feb. 26, 2019) (declining to take judicial notice of SEC filings

2

and press releases because defendants improperly used the documents to prove what the Company's actual financials were, not what the company reported its financials to be).

For the reasons fully detailed herein, the Court should strike the Greene Declaration in its entirety.

## LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the Court "must limit itself to the contents of the pleadings, including attachments thereto." *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). If the Court does not exclude evidence presented outside the pleadings, "the motion must be treated as one for summary judgment [and] . . . [a]ll parties must be given a reasonable opportunity to present all material that is pertinent to the motion." Fed. R. Civ. P. 12(d).[1] There are only two exceptions to this rule, and neither one applies here.

Under Rule 201 of the Federal Rules of Evidence, a court may take judicial notice of an "adjudicative fact" "if the fact is 'not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned.'" *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829 (5th Cir. 1998) (quoting Rule 201 of the Federal Rules of Evidence). Judicial notice is taken "sparingly at the pleadings stage. Only in the clearest of cases should a district court reach outside the pleadings for facts necessary to resolve a case at that point."

---

[1] At a minimum, to respond to a converted motion, Plaintiffs would need expedited written discovery regarding: (a) the cost reduction plan initiated in the winter of 2019, (b) all documents concerning permits applied for and permits received and when or why that happened, (c) all emails, text messages or other communications concerning permits that Defendants sent or received between December 2017 and November 2021, (d) all documents related to drilling any wells between December 2017 and November 2021, and (e) all documents related to Berry Corporation's July 26, 2018 Initial Public Offering. Plaintiffs will also need to depose at least all the named Individual Defendants in this Action. Additional discovery will be needed to prepare for trial.

*Reneker v. Offill*, No. 3:08-cv-1394-D, 2010 U.S. Dist. LEXIS 38526, at *14 (N.D. Tex. Apr. 19, 2010) (internal quotation marks and citations omitted).  In a securities fraud case, the Court can take judicial notice of SEC filings "only for the purpose of determining what statements the documents contain, *not to prove the truth of the documents' contents*."  *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996) (emphasis added).

A court may also consider documents that are incorporated by reference in a complaint. *Collins*, 224 F.3d at 498-99.  A document is considered incorporated by reference only if the document is referred to in the plaintiff's complaint and is central to the plaintiff's claims.  *See Kaye*, 2011 U.S. Dist. LEXIS 45758, at *27-28.  "[I]f a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint."  *Id.* at *29 (citing *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536-37 (5th Cir. 2003)).  A document is considered "central" to a plaintiff's complaint when the document is "necessary to establish an element of one of plaintiff's claims."  *Id.* at *28.  Even if a document is deemed incorporated into the Complaint, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well[ ]pleaded complaint."  *Khoja*, 899 F.3d at 1003; *see also Alaska Elec. Pension Fund v. Asar*, 768 F. App'x 175, 180 n.25 (5th Cir. Apr. 10, 2019) (observing that *Lovelace* limits the incorporation by reference doctrine to consideration of only the contents of SEC filings, and not to the truth of the matter asserted within them).

## ARGUMENT

### I.   Exhibits 1, 2, 3, 4, 5, 6, 8, and 21 – Conference Call Transcripts

The Court should reject Defendants' request for judicial notice and/or incorporation by reference of earnings and analyst call transcripts.  Defendants misuse these Exhibits to argue that the Company met its production targets at some other point in time, (Exhibits 1, 2, 3, 4, 5, and 6)

and that it allegedly disclosed the permitting risks. (Exhibits 2, 3, 8). *See* ECF No. 64, Defendants' Memorandum in Support of Defendants' Motion to Dismiss the Amended Class Action Complaint at 3-5 (hereafter "Defs.' Mem.").

These documents were not filed with the SEC and the Court should not take judicial notice of them. *See Callinan v. Lexicon Pharm., Inc.*, 479 F. Supp. 3d 379, 421 (S.D. Tex. 2020) ("[T]he court does not find, that the text of the August 1, 2017, earnings call is subject to judicial notice, the court cannot consider the text of that call in ruling of the pending motion to dismiss without converting the motion to one for summary judgment."); *In re Michaels Stores, Inc. Sec. Litig*., Civil Action No. 3:03-CV-0278-M, U.S. Dist. LEXIS 24919, at *12 (N.D. Tex. Dec. 10, 2004) (ruling that "the transcripts are not publicly-filed disclosure documents of which the Court may take judicial notice").

The Court should also reject Defendants' request to incorporate these Exhibits by reference. It is illogical to do that when the Complaint is premised on the fact that these Exhibits contain materially misleading statements. *See Howard v. Arconic Inc*., 395 F. Supp. 3d 516, 530 n.1 (W.D. Pa. 2019) (declining to incorporate by reference the truth of the contents of earnings call transcripts because the plaintiffs disputed the accuracy of the statements contained therein).

"[T]he Court must be mindful of the risk that incorporation by reference may lead to the consideration of extrinsic evidence in evaluating the Complaint, which would be improper at this pleading stage of the litigation." *Red Rock Analytics, LLC v. Apple Inc.*, No. 6:21-cv-00346-ADA, 2021 U.S. Dist. LEXIS 234689, at *16 (W.D. Tex. Dec. 8, 2021). Here, Defendants seek to introduce Exhibits 1, 2, 3, 4, 5, and 6 for the truth of their contents, *i.e.*, that Berry met its production targets. Defs.' Mem. at 3-4. This is improper.

Moreover, Defendants use Exhibits 2, 3 and 8 to dispute Plaintiffs' claims that Defendants omitted material facts and risks from their misleading statements concerning permits. Defs.' Mem. at 4-5. As Plaintiffs have pled the opposite, this use is improper and warrants the rejection of Defendants' request.

In addition, Exhibit 21, the February 24, 2021 earnings call, is not mentioned in the Complaint, and there is no credible basis to contend that it is incorporated into the Complaint. *See, e.g.*, *Lexicon Pharm., Inc.*, 479 F. Supp. 3d at 421 (refusing to consider transcripts from conference calls that were not referenced in the complaint); *In re Michaels Stores, Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS 24919, at *11-12 (same). Defendants rely on Exhibit 21 to support an alternative theory about the Company's production cuts, Defs.' Mem. at 8, which is improper at this stage of the litigation.

Nor can Defendants rely on overbroad arguments about "context" or alleged "disclosures" to improperly introduce this extraneous material at the pleadings stage. Defs.' Mem. at 3-5. Other courts in this District have rejected these arguments. *See Flaherty*, 2006 U.S. Dist. LEXIS 67264, at *11-12; *Kaye*, 2011 U.S. Dist. LEXIS 45758, at *30-39.

For these reasons, the Court should strike Exhibits 1, 2, 3, 4, 5, 6, 8 and 21.

## II.    Exhibits 9 and 11 – Registration Statement and 2019 Form 10-K

Defendants ask the Court to take judicial notice of and/or incorporate by reference Exhibits 9 and 11, which are Berry's 2019 Form 10-K and Berry's Registration Statement.[2] Like the conference call transcripts, discussed *supra*, Defendants misuse Exhibits 9 and 11 to argue that they fully disclosed the risk of permitting delays. Defs.' Mem. at 5 & n.1, 6, 15-16, 25. As

---

[2] Plaintiffs note that Defendants incorrectly stated that the date of this Registration Statement was July 27, 2020. Defs' Req. for J. N. at 6, 9 and 10. The Registration Statement was actually filed on July 27, 2018.

Plaintiffs have pled the opposite, this use is improper and warrants the rejection of Defendants' request.  *See Flaherty*, 2006 U.S. Dist. LEXIS 67264, at *11-12.

It is obvious that Defendants are simply leaning on the Registration Statement and the 2019 10-K to introduce their self-serving, and likely false, version of the facts.  *See Puskala v. Koss Corp.*, 799 F. Supp. 2d 941, 955 (E.D. Wis. 2011) (ruling that "when plaintiff cites the articles in his briefs, he is quite clearly seeking to use them for the truth of the matters asserted, in that he points to the events recounted in the articles as evidence of [scienter] . . . Thus, plaintiff's representation that he is not offering these articles for the truth of their contents is simply false.").

While judicial notice may generally be granted for publicly available SEC forms like Exhibits 9 and 11, it is inappropriate to take judicial notice of the truth of their contents.  *See Lovelace*, 78 F.3d at 1018 (holding that courts may take judicial notice of SEC filings "only for the purpose of determining what statements the documents contain, *not to prove the truth of the documents' contents*.") (emphasis added); *see also Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354 (7th Cir. 1995) (affirming decision not to take judicial notice of disputed facts contained in an Annual Report filed with the SEC on Form 10-K); *Khoja*, 899 F.3d at 1000-08 (reversing dismissal based on an improper application of judicial notice and the incorporation by reference doctrine where the district court repeatedly assumed the truth of disputed facts contained in defendants' SEC filings).

Defendants also fail to cite any authority that allows them to dump the entirety of the Annual Report and the Registration Statement on the Court's docket.  Plaintiffs' select quotation of a few misleading statements from these Exhibits does not mean that the entirety of these filings is incorporated by reference.  *See Dalpoggetto v. Wirecard Ag*, No. CV 19-0986 FMO (SKx), 2020 U.S. Dist. LEXIS 84571, at *2-3 (C.D. Cal. Apr. 15, 2020) (rejecting the claim that Annual Reports

7

filed with the SEC were incorporated by reference merely because plaintiffs quoted some false statements from them in their complaint); *see also Cosmas v. Hassett*, 886 F.2d 8, 13 (2d Cir. 1989) (rejecting argument that some quotations from an Annual Report filed on Form 10-K allowed courts to incorporate the document in full); *In re: John Alden Fin. Corp. Sec. Litig*., CASE NO.: 95-0830-CIV-NESBITT, 1996 U.S. Dist. LEXIS 22360, at *12-13 (S.D. Fla. Sep. 4, 1996) (refusing to incorporate by reference a prospectus and annual report that was not attached to the complaint, because "it would be improper to consider matters beyond the complaint in the context of [a] motion to dismiss").

For these reasons, Exhibits 9 and 11 should be stricken.

### III.    Exhibits 7, 17 and 22 – Press Releases

Defendants seek to introduce as evidence three press releases attached to the Greene Declaration as Exhibits 7, 17, and 22.  The Fifth Circuit has clearly held that press releases and proxy statements are not subject to judicial notice.  *See Lovelace*, 78 F.3d at 1018 n.1 (citing *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) for the principle that courts do not take judicial notice of press releases or announcements at shareholder meetings); *see also Fitzpatrick v. Uni-Pixel, Inc.*, 35 F. Supp. 3d 813, 819 (S.D. Tex. 2014) (observing that *Lovelace* does not allow courts to take judicial notice of press releases and proxy statements from annual shareholder meetings); *In re Dynegy, Inc*., 339 F. Supp. 2d 804, 818-19 (S.D. Tex. 2004) (same). *Lovelace* only allows courts to take judicial notice of documents that are ***required*** to be filed with the SEC, which press releases are not.  78 F.3d at 1018.

Exhibit 7 is a press release from November 7, 2018.  Defendants seek to introduce Exhibit 7 for the purpose of arguing that they disclosed risks associated with permits.  Defs.' Mem. at 4. It was not mentioned in the Complaint and cannot be considered incorporated into it by reference.

Nor can the Court take judicial notice of this Exhibit because it was not required to be filed with the SEC.

Defendants misuse Exhibit 17 to argue that Berry's decline in production in 2020 was caused by macro-economic conditions. Defs.' Mem. at 8, 12. However, this roundabout way of asserting a competing theory of loss causation is inappropriate at this stage of the litigation. *Hanmi Fin. Corp.,* 2019 U.S. Dist. LEXIS 30131, at \*11 n.7 (declining to take judicial notice of press releases because defendants improperly used the documents to prove what the Company's actual financials were, not what the company reported its financials to be).

Although Exhibit 17 is referenced in the Complaint, the court cannot assume the truth of its contents when the Complaint alleges that it contains false and misleading statements. *See In re Solarcity Corp., Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017) (refusing to assume the truth of documents that contained statements plaintiff alleged were false in the complaint). Further, this press release is not necessary to establish the elements of Plaintiffs' claims. As Judge Lynn persuasively explained in her well-reasoned opinion in *Kaye*, 2011 U.S. Dist. LEXIS 45758, at \*28-31, a document must be ***necessary to establish an element*** of one of plaintiff's claims to be deemed incorporated by reference. Plaintiffs do not need to rely on false statements contained in every single press release to prevail at trial. Even one false statement made with scienter in a single document is sufficient to impose liability on the Defendants, and Plaintiffs have alleged that Defendants made misleading statements on, at least, 12 different occasions. ¶¶71-107.[3]

Defendants claim that Exhibit 22 should be considered because it contains the challenged false statements. Defs.' Req. for J.N. at 6. That is simply false. Plaintiffs did not challenge any

---

[3] Citations to "¶__" and "¶¶__" are references to the numbered paragraphs of the Complaint.

statement contained in this press release as materially misleading; the press release contained partial disclosures instead.  *Compare* ¶¶71-107 *with* ¶¶9-10, 126-27.  Because Defendants have not explained why Exhibit 22 should be incorporated by reference, other than that it supposedly provides "critical context," the Court should strike this Exhibit.  Defs.' Req. for J.N. at 6; *Scrum All., Inc. v. Scrum, Inc.,* No. 4:20-CV-227, 2021 U.S. Dist. LEXIS 87342, at *9 n.1 (E.D. Tex. May 7, 2021) (noting that undeveloped arguments are waived).

For these reasons, the Court should strike Exhibits 7, 17 and 22.

**IV.      Exhibits 12, 13, 14, 15, 16, 18 and 25 – Newspaper Articles**

Perhaps the most egregious example of Defendants' misuse of exhibits at the pleadings stage is their attempt to insert newspaper articles and have the Court assume the truth of their contents to draw an inference in Defendants' favor even though the inference is directly contradicted by Complaint allegations.  None of the newspaper articles were discussed or even cited in the Complaint.  There is no credible argument that any of them are incorporated by reference.  None could even remotely touch on any element of Plaintiffs' claims.  *See Kaye*, 2011 U.S. Dist. LEXIS 45758, at *27-30 (noting that even documents that may be relevant to a plaintiff's claim cannot be deemed incorporated by reference).  It is a reversible error to judicially notice their contents for the truth.  *See Petrobras Am., Inc. v. Samsung Heavy Indus. Co.*, No. 20-20338, 2021 U.S. App. LEXIS 23901, at *10-11 (5th Cir. Aug. 11, 2021) (holding that the district court abused its discretion by taking judicial notice of newspaper articles that contained disputed assertions of fact).  Courts cannot take judicial notice of facts contained in newspaper articles because "they are not a source whose accuracy cannot be questioned." *Ambler v. Williamson Cty.*, No. 1-20-CV-1068-LY, 2021 U.S. Dist. LEXIS 35905, at *10 n.8 (W.D. Tex. Feb. 25, 2021); *Shepard v. Cleveland Sch. Dist.*, No. 4:17-CV-91-DMB-JMV, 2019 U.S. Dist. LEXIS 157648, at

*3 (N.D. Miss. Sep. 16, 2019) (same); *Green v. City of Mission*, No. 7:18-CV-49, 2019 U.S. Dist. LEXIS 118820, at *7 (S.D. Tex. July 17, 2019) (same).

Contrary to Defendants' frivolous contentions, this rule applies equally to securities fraud actions. *See e.g., In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1063-64 (C.D. Cal. 2012) (refusing to take judicial notice of newspaper articles for the truth of the matter asserted); *Puskala.*, 799 F. Supp. 2d at 955-56 (same). None of the newspaper articles discuss or even mention Berry Corporation. *See Plymouth Cty. Ret. Ass'n v. Primo Water Corp.*, 966 F. Supp. 2d 525, 537 (M.D.N.C. 2013) (granting motion to strike newspaper articles that did not mention any defendant).

It is also clear that Defendants do not use these Exhibits to merely show that the articles were published or what the market was aware of at the time. Instead, these articles are misused in an attempt to support unsubstantiated claims that Defendants adjusted the 2020 plan because of "unprecedented" "macroeconomic conditions" and "price wars." Defs.' Mem. at 6 & n.4, 14, 15. This is utterly inappropriate on a motion to dismiss. It also contradicts the well-pled allegations of the Complaint. Defendants adjusted their business plan in the winter of 2019, long before any impact from the pandemic, due to the chronic failure to secure timely permits. ¶57. The Court should not allow Defendants to misuse random newspaper articles in an attempt to insert their own contradictory version of the facts.

None of the authorities that Defendants cite support what they seek to do here. In *Firefighters Pension & Relief Fund v. Bulmahn*, the district court acknowledged that courts cannot take judicial notice of newspaper articles for the truth of the assertions contained therein. 53 F. Supp. 3d 882, 901-02 (E.D. La. 2014). *United States ex rel. Lam v. Tenet Healthcare Corp.* was a *qui tam* case where the district court took judicial notice of newspaper articles to conclude that

11

it had no jurisdiction because the alleged information was already disclosed to the public, not for the truth of the matter asserted.  481 F. Supp. 2d 673, 681-82 (W.D. Tex. 2006).  And, in *Simms v. Jones*, another court in this District explicitly refused to consider the articles for the truth of their contents.  No. 3:11-CV-0248-M, 2011 U.S. Dist. LEXIS 137783, at *10 (N.D. Tex. Nov. 30, 2011); *see also Finn v. Barney*, 471 F. App'x 30, 32 (2d Cir. 2012) (noting that the district court did not consider the material for its truth).

For these reasons, the Court should strike Exhibits 12, 13, 14, 15, 16, 18 and 25.

**V.      Exhibits 10, 19 and 20 – Analyst Reports**

Defendants seek to introduce analyst reports that are not cited in the Complaint, which consist of a KeyBanc Analyst report dated February 27, 2020 (Ex. 10), a Wells Fargo analyst report dated May 6, 2020 (Ex. 19), and a UBS Analyst Report dated April 2, 2020 (Ex. 20).  Defendants misuse Exhibit 10 to argue that the Company allegedly disclosed permitting risks, specifically that legal rulings in Kern County could slow procuring permits.  Defs.' Mem. at 5.  Exhibits 19 and 20 are misused to contend that "industry analysts applauded Berry's plan" to cut production in April 2020.  Defs.' Mem. at 8.

Courts do not take judicial notice of analyst reports to resolve disputed issues of fact.  *See Firefighters Pension & Relief Fund*, 53 F. Supp. 3d at 901-02 (explaining that courts do not consider analyst reports for the truth of the assertions contained in them in ruling on a motion to dismiss); *City of Sterling Heights Police & Fire Ret. Sys. v. Kohl's Corp.*, No. 13-C-1159, 2015 U.S. Dist. LEXIS 41917, at *10-11 (E.D. Wis. Mar. 31, 2015) (refusing to take judicial notice of analyst reports because they are not beyond reasonable dispute); *Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1282-83 (C.D. Cal. 2016) (refusing to take judicial notice of analyst reports not cited in the complaint).  Here, it is clear that Defendants misuse the analyst reports to insert their own version of the facts at the pleadings stage, and raise alternative, self-serving theories

concerning the reasons for reducing production.  That is improper at the pleadings stage without converting this motion into one for summary judgment.

Further, because the analyst reports are not even mentioned in the Complaint, they cannot be incorporated by reference.  *See Kaye*, 2011 U.S. Dist. LEXIS 45758, at *27-35 (refusing to incorporate by reference an analyst report by William Blair Co.).

Exhibits 10, 19, and 20 should be struck.

**VI.      Unsubstantiated Histories of Stock and Oil Prices**

Defendants did not bother to attach any exhibits showing histories of stock and oil prices. Instead, they simply expect that the Court should accept their own assertions about this history with references to unauthenticated, embedded hyperlinks for the truth.  Defs.' Req. for J. N. at 13. The Court should deny the request to take judicial notice of stock and oil prices for this failure alone.  *See In re Michaels Stores, Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS 24919, at *35-38 (refusing to take judicial notice of stock prices when the party failed to submit actual evidence of such history).

Defendants also rely on this information to make inappropriate factual contentions.  *See* Defs.' Mem. at 7-8 (using the drop in oil prices to support unsubstantiated contention that Berry delayed production to "respond to these unprecedented market conditions"); Defs.' Mem. at 9-10 (pointing to Berry's stock price movement on irrelevant days to support claim that price volatility negates fraud claims); Defs.' Mem. at 13 (relying on alleged volatility of stock prices to claim that "pattern" was inconsistent with the revelation of fraud).  These arguments are inappropriate on a motion to dismiss.

It is well-settled that the most effective way of determining whether an omission inflated or maintained the price of a company's stock "is to observe what happens when the truth is finally disclosed."  *Glickenhaus & Co. v. Household Int'l, Inc.*, 787 F.3d 408, 415 (7th Cir. 2015).  Here,

the stock price repeatedly took a beating when Defendants revised production targets or announced a decline in production.  ¶¶124-29.  For reasons fully explained in Plaintiffs' Opposition to Defendants' Motion to Dismiss ("Pls.' MTD Opp."), these partial disclosures are sufficient to plead loss causation under Rule 8's liberal pleading standards.  *See* Pls.' MTD Opp. at 21-22. Unsubstantiated assertions about the implications of stock price movements on other days without any admissible expert testimony are not even enough to win a motion for summary judgment.  *See e.g.*, *In re Credit Suisse-AOL Sec. Litig.*, 465 F. Supp. 2d 34, 54-56 (D. Mass. 2006); *Adair v. Bristol Tech. Sys.*, 179 F.R.D. 126, 135 (S.D.N.Y. 1998).

For these reasons, the Court should disregard Defendants' factual contentions concerning the history of oil and stock prices.

**VII.  Exhibits 23 and 24 – Defendants' Stock Purchases and Trading History**

For reasons fully explained in Plaintiffs' Opposition, the Court should not entertain Defendants' irrelevant arguments concerning their stock purchases.  *See* Pls.' MTD Opp. at 20. Plaintiffs did not allege that Defendants were motivated by personal gain, the Complaint made no references to insider sales, and Plaintiffs instead plead a classic case of fraud where Defendants knew facts or had access to information that rendered their statements materially misleading when made.  It is a reversible error to consider such extraneous information about a defendant's stock purchases and trading history under these circumstances.  *See Zak*, 780 F.3d at 607-08 (reversing dismissal because the district court improperly drew an inference of innocence from a defendant's stock purchases when the complaint pled a strong inference of reckless misconduct); *see also Kohl's Corp.*, 2015 U.S. Dist. LEXIS 41917, at *12-14 (refusing to take judicial notice of Form 4s showing insider transactions because "[d]efendants cite the Form 4s not to show what they say, but instead to show that defendants bought or sold an amount of stock during the class period."); *City of Sterling Heights Gen. Emples. Ret. Sys. v. Hospira, Inc.*, No. 11 C 8332, 2013 U.S. Dist.

LEXIS 19156, at *37-38 (N.D. Ill. Feb. 13, 2013) (refusing to take judicial notice of a defendant's trading activity to draw a pleading inference in defendant's favor).

For these reasons, Exhibits 23 and 24 should be stricken.

## VIII.    References to the WellStar Database

Without attaching an exhibit, Defendants ask that the Court take judicial notice of and/or incorporate by reference all the information available on the California Department of Conservation's website as well as the data dashboard found therein. Defs.' Req. for J. N. at 7, 13. This website features information about tens of thousands of permits and drill sites across hundreds of companies and hundreds of drilling locations. Defendants refer to this website to claim in a conclusory and vacuous footnote that all information concerning permitting risks was publicly disclosed. Defs.' Mem. at 6, n.3. This truth on the market defense is utterly inappropriate at the pleadings stage. It is also again "merely a roundabout way of asking the court to appreciate the truth of the statements." *See Flaherty*, 2006 U.S. Dist. LEXIS 67264, at *11-12 (refusing to consider SEC filings offered to show what was "disclosed" to the market as a "mere pretext" to introduce the filings for the truth of the matter asserted).

Further, to the extent that Defendants think this website somehow aids their defense, they have not explained what specific information from it constitutes an alleged disclosure significant and powerful enough to counteract any misleading impression created by their misrepresentations. *See Scrum All., Inc.*, 2021 U.S. Dist. LEXIS 87342, at *9 n.1 ("[I]t is not the Court's role to do the legal research that [Defendant] has omitted."). A review of the WellStar database indicates that there are some permits listed on the website, but it contains no information whatsoever about Defendants' longstanding, chronic problems, all self-inflicted, in acquiring any of them in the first place, which is the crux of this case that Defendants fail to wrestle with—a first level problem on its own. There is also no credible basis to claim that the website or its database

15

is incorporated by reference into the Complaint since Plaintiffs never even mentioned it. *Lexicon Pharm., Inc.*, 479 F. Supp. 3d at 421.

The Court should not consider any conclusory arguments based on this unauthenticated, unexplained and inappropriate information.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court to strike the Greene Declaration and each and every one of its Exhibits.

Dated:  April 11, 2022

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Brian P. O'Connell*

Joshua B. Silverman
Omar Jafri
Brian P. O'Connell
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:  (312) 377-1181
Facsimile:   (312) 377-1184
Email:  jbsilverman@pomlaw.com
          ojafri@pomlaw.com
          boconnell@pomlaw.com

**THE ROSEN LAW FIRM, P.A.**

*/s/ Scott Kim*
Phillip Kim
Scott Kim
275 Madison Avenue, 40th Floor
New York, NY 10116
Phone:  (212) 686-1060
Fax:     (212) 202-3827
Email:  pkim@rosenlegal.com
          skim@rosenlegal.com

*Lead Counsel for Plaintiffs*

16

**GRAVES LAW OFFICE**
Curtis C. Graves
12700 Park Central Drive
Suite 520
Dallas, Texas 75251
Telephone: (214) 321-6940
Facsimile: (866) 770-6949
curtis@cgraveslaw.com

**THE BRISCOE LAW FIRM, PLLC**
Willie C. Briscoe
Texas Bar No.: 24001788
12700 Park Central Drive, Suite 520
Dallas, Texas 75251
Telephone: 972-521-6868
Facsimile: 346-214-7463
wbriscoe@thebriscoelawfirm.com

*Liaison Counsel for Plaintiffs*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**

Eitan Kimelman
60 E 42nd Street, Suite 4600, New York,
New York 10165
Phone: 212-697-6484
Fax:    212-697-7296
Email: eitank@bgandg.com

**LEVI & KORSINSKY, LLP**
Daniel Tepper (*pro hac vice forthcoming*)
55 Broadway, 10th Floor
New York, NY 10006
Tel.: (212) 363-7500
Fax: (212) 363-7171
dtepper@zlk.com

**BRAGAR EAGEL & SQUIRE, P.C.**
Marion C. Passmore
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 568-3599
Facsimile: (212) 214-0506

17

Email: passmore@bespc.com

*Additional Counsel for Plaintiffs*

18

## CERTIFICATE OF SERVICE

I hereby certify that, on April 11, 2022, I served a copy of Plaintiffs' Memorandum in Support of Motion to Strike the Declaration of Douglas W. Greene to counsel of record for Defendants using the CM/ECF system, which will send email notification of this filing to all attorneys of record.

Executed on April 11, 2022 in Chicago, Illinois.


*/s/ Brian P. O'Connell*
Brian P. O'Connell

19