**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

-------------------------------------------------------

LUIS TORRES, ALLIA DEANGELIS,
DARRICK INMAN, Individually and On
Behalf of All Others Similarly Situated,

    Plaintiffs,

  v.

BERRY CORPORATION, ARTHUR T.
SMITH, CARY BAETZ, GARY A. GROVE,
BRENT S. BUCKLEY, KAJ VAZALES, and
EUGENE J. VOILAND,

    Defendants.

-------------------------------------------------------

CASE NO.: 3:20-CV-3464-S

JUDGE KAREN G. SCHOLER

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION**
**TO STRIKE THE DECLARATION OF DOUGLAS W. GREENE**

**Table of Contents**

INTRODUCTION ..................................................................................................................1

ARGUMENT ........................................................................................................................2

    I.      Substantive Securities Law Requires the Court to Consider and/or Take Judicial Notice of the RJN Materials .......................................................................2

    II.     The Court Should Consider and/or Take Judicial Notice of Exhibits 1-6, 8, 9, 11, 17 & 22 (Documents Referenced, Quoted, and Incorporated into the AC)........................................................................................................................5

    III.    The Court Should Consider and/or Take Judicial Notice of Exhibits 7, 9, 11, 17, & 22-24 (SEC Filings) ...................................................................................9

    IV.    The Court Should Consider and/or Take Judicial Notice of Publicly Available Stock & Oil Prices.................................................................................11

    V.     The Court Should Consider and/or Take Judicial Notice of Exhibits 10 & 19-21 ...............................................................................................................13

    VI.    The Court Should Consider and/or Take Judicial Notice of Exhibits 12-16, 18 & 25 .......................................................................................................14

    VII.   The Court Should Consider and/or Take Judicial Notice of the WellStar Database ..............................................................................................................15

CONCLUSION..................................................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Adolor Corp. Sec. Litig.*,
  616 F. Supp. 2d 551 (E.D. Pa. 2009) ........................................................................11

*Alaska Elec. Pension Fund v. Asar*,
  768 F. App'x 175 (5th Cir. 2019) .............................................................................11

*Alaska Wilderness League v. Jewell*,
  637 F. App'x 976 (9th Cir. 2015) .............................................................................12

*Arkansas Pub. Emps. Ret. Sys. v. Bristol-Myers Squibb Co.*,
  28 F.4th 343 (2d Cir. 2022) ......................................................................................13

*Bay v. Palmisano*,
  No. CIV. A. 01-0949 (KDE), 2002 WL 31415713 (E.D. La. Oct. 24, 2002) .........10

*Matter of Beach*,
  731 F. App'x 322 (5th Cir. 2018) .............................................................................11

*Born v. Quad/Graphics, Inc.*,
  521 F. Supp. 3d 469 (S.D.N.Y. 2021).......................................................................14

*Callinan v. Lexicon Pharms., Inc.*,
  No. 19-CV-0301-L, 2020 WL 4740487 (S.D. Tex. Aug. 14, 2020)..........................6

*Catogas v. Cyberonics, Inc.*,
  292 F. App'x 311 (5th Cir. 2008) .......................................................................10, 11

*Chauhan v. Formosa Plastics Corp.*,
  212 F.3d 595 (5th Cir. 2000) ......................................................................................3

*Devine v. Educ. Testing Serv.*,
  No. CIV. A. H-14-1782, 2014 WL 7072150 (S.D. Tex. Dec. 12, 2014)............12, 15

*In re Eventbrite, Inc. Sec. Litig.*,
  No. 18-CV-02019-EJD, 2020 WL 2042078 (N.D. Cal. Apr. 28, 2020)....................4

*Firefighters Pension & Relief Fund of the City of New Orleans v. Bulmahn*,
  53 F. Supp. 3d 882 (E.D. La. 2014)....................................................................13, 14

*Hampton v. Aqua Metals, Inc.*,
  No. 17-CV-07142-HSG, 2020 WL 6710096 (N.D. Cal. Nov. 16, 2020)................11

*In re Franklin Bank Corp. Sec. Litig.*,
   782 F. Supp. 2d 364 (S.D. Tex. 2011), *aff'd sub nom. Harold Roucher Tr. U/A
   DTD 9/21/72 v. Nocella*, 464 F. App'x 334 (5th Cir. 2012)......................................................10

*Izadjoo v. Helix Energy Sols. Grp., Inc.*,
   237 F. Supp. 3d 492 (S.D. Tex. 2017) ............................................................................6, 8, 11

*Kaye v. Lone Star Fund V (U.S.), L.P.*,
   453 B.R. 645 (N.D. Tex. 2011).........................................................................................7

*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d 988 (9th Cir. 2018) ...........................................................................................4

*Kitty Hawk Aircargo, Inc. v. Chao*,
   418 F.3d 453 (5th Cir. 2005) ..........................................................................................12

*U.S. ex rel. Lam v. Tenet Healthcare Corp.*,
   481 F. Supp. 2d 673 (W.D. Tex. 2006)............................................................................14

*Loc. 731 I.B. of T. Excavators & Pavers Pension Tr. Fund v. Diodes, Inc.*,
   810 F.3d 951 (5th Cir. 2016) ............................................................................................2

*Lovelace v. Software Spectrum Inc.*,
   78 F.3d 1015 (5th Cir. 1996) .......................................................................................7, 10

*McNulty v. Kanode*,
   A-13-CV-026-LY, 2013 WL 12077503 (W.D. Tex. Nov. 6, 2013)...............................6, 9, 10

*Metro. Transp. Auth. v. FERC*,
   796 F.2d 584 (2d Cir. 1986)...........................................................................................12

*In re Michaels Stores, Inc. Sec. Litig.*,
   No. 03-CV-0278-M, 2004 U.S. Dist. LEXIS 24919 (N.D. Tex. Dec. 10, 2004) ...............6, 12

*Miles-Hickman v. David Powers Homes, Inc.*,
   613 F. Supp. 2d 872 (S.D. Tex. 2009) ........................................................................11, 15

*Omnicare Inc. v. Laborers District Council Construction Industry Pension Fund*,
   575 U.S. 175 (2015)................................................................................................ *passim*

*Owens v. Jastrow*,
   789 F.3d 529 (5th Cir. 2015) ........................................................................................2, 6

*R2 Invs. LDC v. Phillips*,
   401 F.3d 638 (5th Cir. 2005) .......................................................................................9, 10

*Schweitzer v. Inv. Comm. of Phillips 66 Sav. Plan*,
   960 F.3d 190 (5th Cir. 2020) ..........................................................................................12

*Seaberry v. Progressive Prop. Ins. Co.*,
    No. 21-CV-02087 (JDC), 2022 WL 1073612 (W.D. La. Apr. 8, 2022)...................................15

*Sec. & Exch. Comm'n v. Bardman*,
    231 F. Supp. 3d 442 (N.D. Cal. 2017) .................................................................................10

*In re Sec. Litig. BMC Software, Inc.*,
    183 F. Supp. 2d 860 (S.D. Tex. 2001) .................................................................................5, 6

*In re SemGroup Energy Partners, L.P., Sec. Litig.*,
    No. 08-MD-1989-GKF-FJM, 2009 WL 3713524 (N.D. Okla. Nov. 4, 2009) ..................12, 13

*In re SunEdison, Inc. Sec. Litig.*,
    300 F. Supp. 3d 444 (S.D.N.Y. 2018)...................................................................................11

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
    559 U.S. 393 (2010).............................................................................................................4

*In re Skechers USA, Inc. Sec. Litig.*,
    444 F. Supp. 3d 498 (S.D.N.Y. 2020)....................................................................................8

*State of Louisiana v. Fed. Power Comm'n*,
    503 F.2d 844 (5th Cir. 1974) ...............................................................................................15

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007)...............................................................................................1, 2, 4, 7

*Truk Int'l Fund LP v. Wehlmann*,
    737 F. Supp. 2d 611 (N.D. Tex. 2009), *aff'd*, 389 F. App'x 354 (5th Cir. 2010)............5, 8, 10

*Veal v. LendingClub Corp.*,
    No. 20-16603, 2021 WL 4281301 (9th Cir. Sept. 21, 2021) ..................................................11

**INTRODUCTION**

Plaintiffs want the Court to consider their claims in a vacuum, devoid of the necessary, relevant, and *required* context the Court must consider in adjudicating a securities class action complaint. But, as discussed in Defendants' Request for Full Context Review And/Or Judicial Notice ("RJN"; Dkt. #65), the Court's consideration of the materials submitted with and/or referenced in the RJN ("RJN Materials")[1] is required by federal substantive securities law and permitted by federal procedural rules.[2] Congress enacted the Reform Act for the express purpose of screening out meritless securities class actions at the pleading stage by, among other things, imposing heightened requirements for pleading falsity and scienter, and specifying that the district court "shall dismiss the complaint" on a motion to dismiss if it does not meet the heightened pleading standard. *See* RJN 1-4. Consistent with this intent, the securities laws—as construed by the Supreme Court in *Tellabs* and *Omnicare*—require courts to consider the full range of publicly available, judicially noticeable, and incorporated documents and information for context when evaluating the sufficiency of securities class action complaints. *See id.*

As described below, each of the RJN Materials is properly before the Court under both substantive securities laws and the federal procedural rules. And while the RJN Materials are not necessary to the success of Defendants' motion to dismiss, they provide important context for assessing Plaintiffs' claims and further demonstrate the Amended Complaint's ("AC") inadequacy. For the reasons discussed below and in Defendants' RJN, it is both appropriate and

---

[1] "RJN Materials" refers to the exhibits attached to the Greene Declaration (Dkt. #64-1) and/or referenced in the RJN.

[2] All defined terms herein take the same meaning as in the Defendants' Memorandum of Law in support of their Motion to Dismiss ("Mem."; Dkt. #64) and/or Defendants' RJN. "Ex._" refers to the exhibits attached to the Greene Declaration. Unless otherwise indicated, all internal quotation marks and citations are omitted and emphasis is added.

necessary for the Court to consider the documents attached as Exhibits 1-25 to the Greene Declaration and/or referred to in the RJN in order properly to evaluate Plaintiffs' claims.

## ARGUMENT

**I.    Substantive Securities Law Requires the Court to Consider and/or Take Judicial Notice of the RJN Materials**

Consistent with U.S. Supreme Court precedent, Defendants introduce the RJN Materials so that the Court may objectively contextualize Plaintiffs' falsity allegations and evaluate their scienter allegations in light of competing factual inferences. *See* RJN 1-4. Plaintiffs are not entitled to have their falsity and scienter allegations evaluated in isolation, nor are they entitled to have all inferences concerning scienter drawn in their favor. *See id.* Rather, the sufficiency of falsity allegations "always depends on context" and requires consideration of, among other things, "all [the challenged statement's] surrounding text, including hedges, disclaimers, and apparently conflicting information" as well as "the customs and practices of the relevant industry." *Omnicare Inc. v. Laborers District Council Construction Industry Pension Fund*, 575 U.S. 175, 190 (2015); *see also Owens v. Jastrow*, 789 F.3d 529, 541 (5th Cir. 2015) ("an investor reads each statement within [an SEC document], whether of fact or of opinion, in light of all its surrounding text, including hedges, disclaimers, and apparently conflicting information"). And determining whether a complaint pleads a "strong inference" of scienter requires weighing "plausible, nonculpable explanations for the defendant's conduct" and considering not only the complaint but also documents incorporated by reference and matters of which courts may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322- 24 (2007); *see also Loc. 731 I.B. of T. Excavators & Pavers Pension Tr. Fund v. Diodes, Inc.*, 810 F.3d 951, 957 (5th Cir. 2016) (on motion to dismiss "the court must consider the entire complaint, including documents incorporated

into the complaint by reference and matters subject to judicial notice").[3]

Unable to challenge the propriety of Defendants' request, Plaintiffs' Motion to Strike ("Mot. to Strike"; Dkt. #69) sets up a straw man: it characterizes Defendants' RJN as asking the Court to take judicial notice of the RJN Materials for the truth of their contents and characterizes this as an "improper purpose." Mot. to Strike at 1-3. But this is not what Defendants seek. Rather, the RJN merely asks the Court to use these materials to analyze the challenged statements (and the sufficiency of Plaintiffs' pleadings) in their full factual context, and draw and weigh competing inferences with respect to scienter, as the substantive securities laws require. RJN 1-4.

The Court's review of a challenged statement in context does not require it to make any determination as to the truth of a contextualizing document's contents. The context in which a statement is made is an "objective" and truth-*neutral* inquiry: the documents say what they say and the customs and practices of the industry are what they are. The only thing the Court needs to do is to take that context and objectively assess whether the challenged statement was false or misleading in light of it. *See Omnicare*, 575 U.S. at 176 ("[W]hether a statement is 'misleading' is an objective inquiry that depends on a reasonable investor's perspective."). In other words, whether the contextualizing information is true is beside the point; what matters is that it informed an objective, reasonable investor's understanding of the challenged statement. Moreover, the full context review required by *Omnicare* recognizes that companies are entitled to presume they are speaking to a knowledgeable market—they are not required to recite every piece of publicly

---

[3] Importantly, a court may take judicial notice at any time, including *sua sponte* and on a motion to dismiss. *Chauhan v. Formosa Plastics Corp.*, 212 F.3d 595 (5th Cir. 2000) (unpublished table opinion) (citing Fed. R. Evid. 201(c),(e)).

available information that might be relevant each time they speak.[4] *Id.* at 190 ("The reasonable investor understands a statement [] in its full context" and "in a broader frame").

Likewise, scienter "cannot be decided in a vacuum" and the Court cannot properly weigh the competing inferences of scienter without considering all of the relevant facts and circumstances. *Tellabs*, 551 U.S. at 323. This does not require the Court to accept as true any and all statements Defendants made, but it does require the Court to consider the information and the inferences that flow from it when performing the required balancing under *Tellabs*. If the Court were to consider only Plaintiffs' alleged facts and inferences and ignore those on the other side of the scale that also flow from facts properly before the Court—e.g., documents incorporated by reference in the complaint, SEC filings, other judicially noticeable materials, etc.—it would yield precisely the one-sided analysis that the Supreme Court rejected.

In sum, the Reform Act and Supreme Court cases interpreting falsity (*Omnicare*) and scienter (*Tellabs*) in the securities context require courts to undertake a more demanding analysis of securities complaints at the pleading stage than is contemplated by general procedural rules. The narrow approach Plaintiffs urge would improperly restrict the scope of this review, frustrating the federal substantive securities law's stated purpose of weeding out securities claims that, however artfully pleaded, fail to meet the substantive securities law's high hurdles when considered in appropriate context.[5] Accordingly, the Court should reject Plaintiffs' Motion to

---

[4] The Ninth Circuit's decision in *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018), is not to the contrary. Mot. to Strike at 1-2. "*Khoja* [] did not eradicate the rule that alleged false statements 'must be analyzed in context.'" *In re Eventbrite, Inc. Sec. Litig.*, No. 18-CV-02019-EJD, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020). And "*Khoja* does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations." *Id.* (emphasis in original).

[5] As discussed in the RJN, under the Rules Enabling Act, the substantive securities laws define the scope of what courts may consider. RJN 3-4. To the extent general procedural rules are inconsistent with those substantive securities laws, they must give way. *Id.*; *Shady Grove Orthopedic Assocs.,*

Strike the RJN Materials. As explained further below, Plaintiffs' other ancillary arguments concerning federal procedural rules also fail.

## II.     The Court Should Consider and/or Take Judicial Notice of Exhibits 1-6, 8, 9, 11, 17 & 22 (Documents Referenced, Quoted, and Incorporated into the AC)

Exhibits 1-6, 8, 9, 11, 17 & 22 are properly before the Court as they are (1) referenced, quoted, and incorporated into the AC, and (2) provide necessary context for the allegations in the AC. RJN 8-9.[6] Plaintiffs do not (and cannot) seriously dispute that these are the types of documents regularly considered by courts on a motion to dismiss, particularly in a securities class action. It is axiomatic that "[w]hen considering [] motions to dismiss, the court is to consider, in addition to the allegations of the complaint, the **full text of documents** partially quoted in the complaint." *Truk Int'l Fund LP v. Wehlmann*, 737 F. Supp. 2d 611, 616 (N.D. Tex. 2009), *aff'd*, 389 F. App'x 354 (5th Cir. 2010). Indeed, "district courts cannot fulfill their gatekeeping role if plaintiffs are free to quote selectively or out of context from documents that they rely upon, and avoid further examination of the documents by not attaching them to the complaint." *In re Sec. Litig. BMC Software, Inc.*, 183 F. Supp. 2d 860, 883 (S.D. Tex. 2001). Simply put, "when [a] plaintiff fails to introduce a pertinent document as part of his pleading, [a] defendant may introduce the exhibit as

---

*P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 407 (2010) (a procedural rule must yield to substantive rights "if it alters the rules of decision by which the court will adjudicate those rights").

[6] Ex. 1 (Aug. 23, 2018 Earnings Call Transcript, referenced and quoted at AC ¶¶ 4, 84, 85, 158); Ex. 2 (Nov. 8, 2018 Earnings Call Transcript, referenced and quoted at AC ¶¶ 4, 88-89); Ex. 3 (Mar. 7, 2019 Earnings Call Transcript, referenced and quoted at AC ¶¶ 4, 90-91); Ex. 4 (Nov. 7, 2019 Earnings Call Transcript, referenced and quoted at AC ¶¶ 4, 96-97); Ex. 5 (Feb. 27, 2020 Earnings Call Transcript, referenced and quoted at AC ¶¶ 4, 98-99); Ex. 6 (May 7, 2020 Earnings Call Transcript, referenced and quoted at AC ¶¶ 4, 100-103) Ex. 8 (May 16, 2019 Analyst/Investor Day Transcript, referenced and quoted at AC ¶¶ 36-37, 92-95); Ex. 9 (2019 Form 10-K, filed with the SEC on Feb. 27, 2020, referenced and quoted at AC ¶¶ 4, 29-31); Ex. 11 (Form 424(b)(4), filed with the SEC on July 27, 2018, referenced and quoted at AC ¶¶ 3, 19, 22-24, 71-76, 78-80, 83, 130, 134, 140-43, 146, 149-50, 152, 156-57); Ex. 17 (Form 8-K and attached press release, filed with the SEC on Apr. 1, 2020, referenced and quoted at AC ¶¶ 7-8, 43, 124-25); Ex. 22 (Form 8-K and attached press release, filed with the SEC on Aug. 4, 2020, referenced and quoted at AC ¶¶ 9-10, 126-27).

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION                                          Page 5
TO STRIKE THE DECLARATION OF DOUGLAS W. GREENE

part of his motion attacking the pleading." *Id.*; *see also Owens*, 789 F.3d at 541 ("documents referenced in the [complaint] and attached to defendants' motion to dismiss confirm that" defendants made certain disclosures).[7]

Because Exhibits 1-6, 8, 9, 11, 17 & 22 are referenced and selectively quoted in the AC— and thus appropriate for judicial notice—Plaintiffs move to strike them on other grounds. Each of these arguments fails.

*First*, Plaintiffs argue that consideration of Exhibits 1-6, and 8 is improper because they are conference call transcripts not filed with the SEC. Mot. to Strike at 5. This argument has no merit—the documents are properly before the Court because they are selectively quoted in the AC and include, among other things, the very challenged statements at issue in this case. *See, e.g.*, *Izadjoo v. Helix Energy Sols. Grp., Inc.*, 237 F. Supp. 3d 492, 503 n.3 (S.D. Tex. 2017) (considering full conference call transcripts presented by defendants); *McNulty v. Kanode*, A-13-CV-026-LY, 2013 WL 12077503, at *5 (W.D. Tex. Nov. 6, 2013) (same).[8] Plaintiffs may not cherry-pick their challenged statements and then insist the Court evaluate them separate from the surrounding context. Rather, the Court must review the entirety of these disclosures when

---

[7] *See also In re Sec. Litig. BMC Software, Inc.*, 183 F. Supp. 2d at 883 ("Plaintiffs wrongly argue that because they chose not to attach or name many of the SEC filings on which their allegations are based, Defendants cannot use those filings to test Plaintiffs' allegations"; "Defendants . . . can use relevant documents to further the purpose of the PSLRA, i.e., dismissal of frivolous cases at the earliest stage of the litigation.").

[8] The cases cited by Plaintiffs are inapposite. In *Callinan v. Lexicon Pharms., Inc.*, No. 19-CV-0301-L, 2020 WL 4740487 (S.D. Tex. Aug. 14, 2020), "the [complaint] neither reference[d] nor incorporate[d] the earnings call." And in *In re Michaels Stores, Inc. Sec. Litig.*, No. 03-CV-0278-M, 2004 U.S. Dist. LEXIS 24919, at *11 (N.D. Tex. Dec. 10, 2004), the complaint made no reference to three of the four conference call transcripts at issue. To the extent that case refused to consider the one conference call transcript referenced in the complaint, it is incorrect under *Omnicare* and prevailing current Fifth Circuit case law, as explained herein.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION                                          Page 6
TO STRIKE THE DECLARATION OF DOUGLAS W. GREENE

assessing Plaintiffs' falsity and scienter allegations under *Omnicare* and *Tellabs*. Whether these transcripts were filed with the SEC is of no moment.[9]

*Second*, Plaintiffs argue that consideration of Exhibits 17 and 22 is improper because these press releases—although filed with the SEC on Form 8-K—were not *required* to be filed with the SEC. Mot. to Strike at 8. This argument fails for the same reason stated above: these materials are referenced and quoted in the AC and are properly before the Court. Their SEC-filing status is irrelevant.

Plaintiffs also object to the Court's consideration of Exhibit 17 on the theory that it "is not necessary to establish" falsity or scienter in this case because Plaintiffs have alleged other challenged statements as well. Mot. to Strike at 9. Again, this is irrelevant—Exhibit 17 is selectively quoted in the AC and contains challenged statements that form the basis of Plaintiffs' claims. Not surprisingly, Plaintiffs provide no support for the preposterous assertion that they should be entitled to have *these* challenged statements reviewed out of context just because they happen to also challenge other statements in the complaint. Plaintiffs' argument is arbitrary and inconsistent with controlling case law, and should be rejected out of hand.[10]

---

[9] Plaintiffs' reliance on *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015 (5th Cir. 1996) to the contrary is misplaced. There, the Fifth Circuit simply adopted then-current Second Circuit precedent that: "When deciding a motion to dismiss a claim for securities fraud on the pleadings, a court may consider the contents of relevant public disclosure documents which (1) are required to be filed with the SEC, and (2) are actually filed with the SEC." *Id.* at 1018. But the Fifth Circuit also preserved the age-old rule that courts may consider documents "incorporated in the complaint." *Id.* at 1017.

[10] Plaintiffs' reliance on *Kaye* is misplaced. Mot. to Strike at 2, 9. *Kaye* was a bankruptcy case in which the Defendants sought judicial notice of a report cited in the Trustee's complaint as evidence of the Defendants' insolvency. *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). The court struck the report, concluding that it was "merely evidence of an element" of the Trustee's claims—Defendants' insolvency—rather than "central" to those claims. *Id.* The court distinguished the case from one of breach of contract: "Unlike a breach of contract case, in which the contract is itself a fact that plaintiff must prove, the Trustee could conceivably prove [] insolvency at trial without ever mentioning the [] Report." *Id.* Here, each alleged misstatement is

Plaintiffs also object to consideration of Exhibit 22 because it contains a "partial [corrective] disclosure" rather than a challenged statement (Mot. to Strike at 9-10), but they provide no support or explanation as to why this distinction matters. Plaintiffs have alleged that Defendants made false or misleading statements that were then corrected by a series of partial (i.e., incomplete) corrective disclosures. It is basic securities law that alleged corrective disclosures bear on several aspects of the Court's analysis, including falsity (the disclosure allegedly reveals the "truth") and loss causation (whether the disclosure led to a loss in the stock price). Plaintiffs are not entitled to have their cherry-picked portions of alleged corrective disclosures analyzed in isolation any more than they are the challenged statements themselves. *Izadjoo*, 237 F. Supp. 3d at 505 (considering full text of corrective disclosure); *In re Skechers USA, Inc. Sec. Litig.*, 444 F. Supp. 3d 498, 518 (S.D.N.Y. 2020) (rejecting allegations related to alleged partial corrective disclosure because "when considered in context" the plaintiff's description of it "appears to be a product of selective—and somewhat dubious—quotation").

*Third*, Plaintiffs move to strike Exhibits 9 (Berry's 2019 Form 10-K) and 11 (Berry's Registration Statement) to the extent Defendants introduce them in their entirety. Mot. to Strike at 7-8. This objection has no basis. Again, it is axiomatic that courts must consider "the **full text** of documents partially quoted in the complaint." *Wehlmann*, 737 F. Supp. 2d at 616. And, as discussed above, *Omnicare* requires the Court to consider "all [the challenged statement's] surrounding text, including hedges, disclaimers, and apparently conflicting information." *Omnicare*, 575 U.S. at 190. The cases Plaintiffs cite to the contrary (Mot. to Strike at 7-8) are inapposite, non-binding, and in conflict with controlling Supreme Court and Fifth Circuit

---

"itself a fact that plaintiff[s] must prove"—if Plaintiffs cannot establish falsity for any of the alleged misstatements, then their claims fail. And Plaintiffs cannot establish falsity "without ever mentioning" the alleged misstatements.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION                                    Page 8
TO STRIKE THE DECLARATION OF DOUGLAS W. GREENE

precedent.

## III.    The Court Should Consider and/or Take Judicial Notice of Exhibits 7, 9, 11, 17, & 22-24 (SEC Filings)

Exhibits 7, 9, 11, 17 and 22-24 are all properly before the Court as they are (1) matters of public record filed with the SEC, and (2) necessary context for the allegations in the AC. RJN 10-11.[11] It is well-established in this Circuit that "a court may [] take judicial notice of documents in the public record, including documents filed with the [SEC], and may consider such documents in determining a motion to dismiss." *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 639 n.2 (5th Cir. 2005); *McNulty*, 2013 WL 12077503, at *5. Plaintiffs' attacks on these exhibits fail.

*First*, Plaintiffs object to the Court's consideration of Exhibits 7, 17, and 22 because—although they were filed with the SEC as attachments to Form 8-Ks—they were not "required" to be filed with the SEC. Mot. to Strike at 8. As explained above, Exhibits 17 and 22 are independently noticeable because they are quoted in and integral to the AC. Regardless, Plaintiffs' argument that Form 8-K press release filings are not judicially noticeable is incorrect. A "Form 8–K is the general form used to notify investors of any material event that is important to shareholders as required under the SEC's disclosure requirements." *McNulty*, 2013 WL 12077503, at *5 n.4. Item 2.02 of the SEC's Form 8-K Instructions directs issuers to file press releases using the Form 8-K to notify investors of those material events, including, as here, "results of operations and financial condition."[12] *See* Exs. 7 & 22. Item 8.01 instructs that an issuer may disclose information

---

[11] Ex. 7 (Form 8-K and attached press release, filed with the SEC on Nov. 7, 2018); Ex. 9 (2019 Form 10-K, filed with the SEC on Feb. 27, 2020); Ex. 11 (Form 424(b)(4), filed with the SEC on July 27, 2018); Ex. 17 (Form 8-K and attached press release, filed with the SEC on Apr. 1, 2020); Ex. 22 (Form 8-K and attached press release, filed with the SEC on Aug. 4, 2020); Ex. 23 (Defendants' Combined Stock Purchase Form 4s filed with the SEC); Ex. 24 (Defendants' Combined Class Period First and Last Form 4s filed with the SEC).

[12] *See* SEC Form 8-K Instructions, available at https://www.sec.gov/files/form8-k.pdf: "If a registrant . . . makes any public announcement or release . . . disclosing material non-public information regarding the registrant's results of operations or financial condition for a completed

the issuer "deems of importance to security holders" and "nonpublic information required to be disclosed by Regulation FD" via Form 8-K.[13] *See* Ex. 17. Indeed, courts in the Fifth Circuit regularly take notice of Form 8-K filings (including press releases), even if they are not referenced in the complaint.[14] *See, e.g.*, *Catogas v. Cyberonics, Inc.*, 292 F. App'x 311, 313-16 (5th Cir. 2008) (considering Form 8-K press releases on motion to dismiss securities class action); *Phillips*, 401 F.3d at 640 (considering Form 8-K press release and noting that a court may take "judicial notice of documents in the public record, including documents filed with the [SEC]"); *see also* *Wehlmann*, 737 F. Supp. 2d at 616 ("When considering the motions to dismiss, the court is to consider . . . documents actually filed with the SEC, even if they are not mentioned in the complaint").[15]

*Second*, Plaintiffs object to the Court's consideration of Defendants' Form 4s filed with the SEC (Exhibits 23-24) because the AC does not discuss Defendants' stock purchases or trading history. Mot. to Strike at 14. But a defendants' stock trading activity during the class period is

---

quarterly or annual fiscal period, the registrant shall . . . include the text of that announcement or release as an exhibit."; "Release of additional or updated material non-public information regarding a completed fiscal year or quarter would trigger an additional Item 2.02 requirement." *See also Sec. & Exch. Comm'n v. Bardman*, 231 F. Supp. 3d 442, 447 (N.D. Cal. 2017) (noting that Item 2.02 "triggers a financial reporting requirement").

[13] *Id.*

[14] Again, Plaintiffs' reliance on *Lovelace* is misplaced. First, Plaintiffs have not established that the Form 8-K press releases here were not required SEC filings. Second, while *Lovelace* adopted then-current Second Circuit precedent which held that "a court may consider the contents of relevant public disclosure documents which (1) are required to be filed with the SEC, and (2) are actually filed with the SEC," *Lovelace*, 78 F.3d at 1018, courts in the Fifth Circuit now take a broader view of judicial notice for SEC filings that includes Form 8-K press releases. *See, e.g., Phillips*, 401 F.3d at 639 n.2; *McNulty*, 2013 WL 12077503, at *5 ("the court will consider all the documents attached to Defendants' motion because they are [] public disclosure documents that were filed with the SEC").

[15] *In re Franklin Bank Corp. Sec. Litig.*, 782 F. Supp. 2d 364, 406 (S.D. Tex. 2011) (granting judicial notice of Form 8-K press release), *aff'd sub nom. Harold Roucher Tr. U/A DTD 9/21/72 v. Nocella*, 464 F. App'x 334 (5th Cir. 2012); *Bay v. Palmisano*, No. CIV. A. 01-0949 (KDE), 2002 WL 31415713, at *9 n.9 (E.D. La. Oct. 24, 2002) (same).

clearly relevant to the scienter analysis in a securities class action particularly where, as here, defendants bought stock and/or retained the bulk of their holdings in the company during the class period, reflecting ongoing investment in the success of the company and its stock price. *See, e.g., Veal v. LendingClub Corp.*, No. 20-16603, 2021 WL 4281301, at *2 (9th Cir. Sept. 21, 2021) (where complaint does not allege stock sales, "a lack of stock sales can detract from a scienter finding on a holistic inquiry, and where rather than selling shares, [defendants] purchased additional stock during the Class Period, that instead support[s] an inference of innocence"); *Izadjoo*, 237 F. Supp. 3d at 518 (purchases of large volumes of stock during the class period "weigh[] strongly against an inference of scienter"); Mem. at 21-22. For this reason, courts routinely take judicial notice of Form 4s in securities class actions, regardless of whether the complaint included any stock sale allegations. *See, e.g.*, *Veal*, 2021 WL 4281301, at *2; *Hampton v. Aqua Metals, Inc.*, No. 17-CV-07142-HSG, 2020 WL 6710096, at *16 (N.D. Cal. Nov. 16, 2020) (considering Form 4s to show defendants increased their holdings where complaint did not allege insider stock sales); *In re SunEdison, Inc. Sec. Litig.*, 300 F. Supp. 3d 444, 492 (S.D.N.Y. 2018) (same); *In re Adolor Corp. Sec. Litig.*, 616 F. Supp. 2d 551, 572 (E.D. Pa. 2009) (same); *see also Alaska Elec. Pension Fund v. Asar*, 768 F. App'x 175, 182 (5th Cir. 2019) ("Looking to Forms 4 [] seems congruent with the requirement that we consider plausible nonculpable explanations for the defendants' conduct.").

## IV.    The Court Should Consider and/or Take Judicial Notice of Publicly Available Stock & Oil Prices

It is indisputable that courts may consider and/or take judicial notice of historical stock and oil prices. *Catogas*, 292 F. App'x at 316 ("We can, of course, take judicial notice of stock prices."); *Matter of Beach*, 731 F. App'x 322, 327 n.3 (5th Cir. 2018) (affirming lower court's judicial notice of historical oil prices); *Miles-Hickman v. David Powers Homes, Inc.*, 613 F. Supp. 2d 872, 889

(S.D. Tex. 2009) ("The Court takes judicial notice of . . . the precipitous and continued drop in oil and gas prices starting in mid-2008[.]").[16] Rather than dispute this, Plaintiffs argue that the Court cannot consider these materials here because Defendants present the information in the form of internet hyperlinks.[17] Mot. to Strike at 13. Plaintiffs cite no authority for this argument, relying instead on a nearly twenty-year-old case (from the last days of dial-up internet) where the court found that its limited resources constrained its ability to search for historical stock price data. *In re Michaels Stores, Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS 24919, at *37 ("While the Court may take judicial notice of well-publicized stock prices, the Court's limited resources do not permit it to make a search of the public domain to confirm a stock price almost two years old."). This concern is not at play here given the modern state of the internet and the fact that historical stock and oil price data is readily retrievable by the Court and the parties. *See, e.g.*, *Schweitzer v. Inv. Comm. of Phillips 66 Sav. Plan*, 960 F.3d 190, 193 n.3 (5th Cir. 2020) (taking judicial notice of stock price data presented on Yahoo! Finance website).[18] Moreover, the oil price website presented by Defendants is a government website and "[t]he Fifth Circuit has held that the court may take judicial notice of information posted on a government website." *Devine v. Educ. Testing Serv.*, No. CIV. A. H-14-1782, 2014 WL 7072150, at *3 n.5 (S.D. Tex. Dec. 12, 2014) (citing *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005)); *see also In re SemGroup Energy*

---

[16] *See also Alaska Wilderness League v. Jewell*, 637 F. App'x 976, 979 (9th Cir. 2015) (taking judicial notice of "the plummeting price of oil"); *Metro. Transp. Auth. v. FERC*, 796 F.2d 584, 593 (2d Cir. 1986) (taking judicial notice of "the recent sharp decline in the price of oil").

[17] *See* RJN 13: Yahoo!Finance's full stock price history for Berry Corporation (BRY): *https://finance.yahoo.com/quote/BRY/history?p=BRY*; and Brent Oil price history, available at U.S. Energy Information Administration, "Petroleum & Other Liquids: Europe Brent Spot Price FOB," *https://www.eia.gov/dnav/pet/hist/RBRTED.htm* (last visited Jan. 16, 2022). Notably, Berry's historical stock price information is referenced at AC ¶¶ 8, 10, 11, 125, 127, and 129.

[18] The stock price information relied upon by the Fifth Circuit appears to have been included in the Appellee's brief. *Schweitzer v. Inv. Comm. of Phillips 66 Sav. Plan*, 2018 WL 4193403 (C.A.5) (Appellate Brief), at *6 n.2.

*Partners, L.P., Sec. Litig.*, No. 08-MD-1989-GKF-FJM, 2009 WL 3713524, at *2 (N.D. Okla. Nov. 4, 2009) (taking judicial notice of Department of Energy Spot Price Charts).[19]

**V.      The Court Should Consider and/or Take Judicial Notice of Exhibits 10 & 19-21**

Earnings call transcripts and analyst reports, even if not referenced in a complaint, are properly considered by courts in securities class actions to establish what the market knew during the relevant period. *Arkansas Pub. Emps. Ret. Sys. v. Bristol-Myers Squibb Co.*, 28 F.4th 343, 352 (2d Cir. 2022) (affirming district court's taking judicial notice of analyst report not cited in the complaint); *Firefighters Pension & Relief Fund of the City of New Orleans v. Bulmahn*, 53 F. Supp. 3d 882, 901 (E.D. La. 2014) ("As with newspaper articles and analyst reports, courts consider earnings call transcripts . . . as an indication of the information available to the public at the time"). Each of the challenged exhibits here is properly before the Court for this purpose.[20]

Exhibit 10 is a February 27, 2020 analyst report summarizing comments Berry made in its February 27, 2020 conference call related to certain contingency plans it had in the event legal rulings slowed down permitting in 2020. Mem. 5; *Compare* Ex. 10, at 1 ("BRY Said CA Permit Issuance Might Slow Due to a Recent Legal Ruling . . .  If permits slow in 2020, BRY would cut [capital expenditures] and generate more [free cash flow]") *with* Ex. 5, at 8 ("on Tuesday, Kern County received an adverse court ruling that impacts the county's ability to issue permits . . . If permit timing does indeed slow down, we won't spend as much capital, we will generate more cash"). Exhibits 19 and 20 reflect certain analysts' reactions to Berry's 1Q20 disclosures. Mem. 8

---

[19] Plaintiffs also urge the Court to reject Defendants' contentions in the Motion to Dismiss related to these historical stock and oil prices. Mot. to Strike at 13-14. These arguments are inappropriate in the Motion to Strike and do not bear on the question of whether the Court may properly consider and/or take judicial notice of these materials.

[20] Ex. 10 (Feb. 27, 2020 KeyBank Investor Report); Ex. 19 (May 7, 2020 Wells Fargo Investor Report); Ex. 20 (Apr. 2, 2020 UBS Investor Report); Ex. 21 (Feb. 24, 2021 Earnings Call Transcript).

& n. 12; *Born v. Quad/Graphics, Inc.*, 521 F. Supp. 3d 469, 486 n.11 (S.D.N.Y. 2021) ("it is appropriate for the Court to consider the content of analyst reports . . . for what investment analysts said of the proposed transaction at that time"). And Exhibit 21 is Berry's 4Q20 earnings call transcript reflecting Berry's disclosure of its results of operations toward the end of the class period. Mem. 8. All four exhibits bear on what the market knew, and how investors perceived Berry's public disclosures, during and immediately after the class period. Accordingly, consideration of these materials is necessary in order to evaluate Plaintiffs' falsity and scienter allegations in context and is appropriate under the federal procedural rules.

## VI.     The Court Should Consider and/or Take Judicial Notice of Exhibits 12-16, 18 & 25

Plaintiffs do not dispute that courts may appropriately consider newspaper articles to establish what information was known to the market during the relevant period. *See, e.g*, *Bulmahn*, 53 F. Supp. 3d at 902 (courts can consider newspaper articles "as an indication of the information available to the public"); *U.S. ex rel. Lam v. Tenet Healthcare Corp.*, 481 F. Supp. 2d 673, 680 (W.D. Tex. 2006) ("Pursuant to Rule 201(b), Courts have the power to take judicial notice of the coverage and existence of newspaper and magazine articles."). And each of the challenged exhibits here is properly before the Court for this purpose.[21]

Exhibits 12-16, 18 and 25 all shed light on what the market knew about COVID-19's impact on the global, U.S., and California oil industries. Mem. 6-7. Investors were obviously aware

---

[21] Ex. 12 (Clifford Kraus, *Coronavirus Adds to Pressure for U.S. Oil Industry*, N.Y. Times, Feb. 4, 2020); Ex. 13 (Matt Phillips, *As Coronavirus Stifles China, Economic Logjams Build Worldwide*, N.Y. Times, Feb. 11, 2020); Ex. 14 (Jeff Stein, et al., *White House Likely to Pursue Federal Aid for Shale Companies Hit By Oil Shock, Coronavirus Downturn*, Wash. Post, Mar. 10, 2020); Ex. 15 (Dino Grandoni, *The Energy 202: Big Oil Posts Big Losses During Coronavirus Crisis*, Wash. Post, May 5, 2020); Ex. 16 (John Cox, *Oil producers brace for sustained slowdown as outlook dims*, The Bakersfield Californian, Mar. 25, 2020); Ex. 18 (John Cox, *Aera cutbacks mean contractor layoffs*, The Bakersfield Californian, Apr. 9, 2020); Ex. 25 (Paul Takahashi, *Over 100 oil and gas companies went bankrupt in 2020*, Houston Chron., Jan. 21, 2021).

of the COVID-19 pandemic and its impact on the industry and would have understood the Defendants' challenged statements at the time in that context. *Omnicare*, 575 U.S. at 190. Moreover, there can be no doubt that the effects of the COVID-19 pandemic were "generally known within [this] court's territorial jurisdiction" and are, therefore, judicially noticeable under Fed. R. Evid. 201(b)(1). *See, e.g.*, *State of Louisiana v. Fed. Power Comm'n*, 503 F.2d 844, 860 (5th Cir. 1974) ("we take judicial notice of the oil shortage that has plagued this country"); *Miles-Hickman*, 613 F. Supp. 2d at 889 ("The Court takes judicial notice of the global, national, and local financial and credit crises, as well as the precipitous and continued drop in oil and gas prices starting in mid–2008"); *Seaberry v. Progressive Prop. Ins. Co.*, No. 21-CV-02087 (JDC), 2022 WL 1073612, at *3 (W.D. La. Apr. 8, 2022) (taking judicial notice of "widespread disruption to the United States Postal Service's operations" caused by COVID-19). No reasonable investor would have buried her head in the sand in this regard.

## VII.    The Court Should Consider and/or Take Judicial Notice of the WellStar Database

Finally, the Court may also appropriately consider the fact that investors could access online public records published by the State of California's Geologic Energy Management Division (the "WellStar" database) during the class period. Mem. 6; RJN 13.[22] As noted, "[t]he Fifth Circuit has held that the court may take judicial notice of information posted on a government website." *Devine*, 2014 WL 7072150, at *3 n.5. Rather than contest this well-established principle, Plaintiffs mischaracterize Defendants' request as asking the Court to "incorporate by reference all the information" on the website and to "appreciate the truth of the statements" contained therein.

---

[22] California Department of Conservation, WellSTAR, https://wellstarpublic.conservation.ca.gov/ and California Department of Conservation, WellSTAR Data Dashboard, https://app.powerbigov.us/view?r=eyJrIjoiNGQzZWU1N2QtNjNmYy00ODQyLWJlNDUtODB iYjg2MjYyYzIzIiwidCI6IjRjNTk4OGFlLTVhMDAtNDBlOC1iMDY1LWEwMTdmOWM5OT Q5NCJ9.

Mot. to Strike at 15. As discussed above, Defendants never did anything of the sort. Defendants simply ask the Court to consider the fact that this government website was publicly accessible— and that Berry investors could review records pertaining to Berry's approved permits by using it— throughout the class period. Mem. 6.

## CONCLUSION

For the foregoing reasons, it is both necessary under substantive securities law and appropriate under federal procedural rules for this Court to consider the RJN Materials. Accordingly, Defendants respectfully request that the Court deny Plaintiffs' Motion to Strike and consider these materials when deciding their Motion to Dismiss the Amended Class Action Complaint.

Dated: May 12, 2022                           Respectfully submitted,


  *s/ Tamara D. Baggett*
**BAKER & HOSTETLER LLP**

Tamara D. Baggett
2850 North Harwood Street, Suite 1100
Dallas, TX 75201
Phone: 214-210-1200
Fax: 214-210-1201
tbaggett@bakerlaw.com

Douglas W. Greene (*Pro Hac Vice*)
45 Rockefeller Plaza
New York, NY 10111-0100
Phone: 212-589-4200
Fax: 212-589-4201
dgreene@bakerlaw.com

Genevieve G. York-Erwin (*Pro Hac Vice*)
999 Third Avenue, Suite 3900
Seattle, WA 98 104-4040
gyorkerwin@bakerlaw.com
Phone: 206-332-7079
Fax: 206-624-73 17
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that this motion was electronically filed with the Clerk of the Court using the

CM/ECF system, which will send email notification of this filing to all attorneys of record.


  /s/ *Tamara D. Baggett*
Tamara D. Baggett