# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| LUIS TORRES, ALLIA DEANGELIS, DARRICK INMAN, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) Case No. 3:20-CV-3464-S |
| Plaintiffs, | ) ) **PLAINTIFFS' REPLY MEMORANDUM** |
| | ) **IN FURTHER SUPPORT OF** |
| v. | ) **PLAINTIFFS' MOTION TO STRIKE** |
| | ) **THE DECLARATION OF DOUGLAS W.** |
| BERRY CORPORATION, ARTHUR T. SMITH, CARY BAETZ, GARY A. GROVE, BRENT S. BUCKLEY, KAJ VAZALES, and EUGENE J. VOILAND, | ) **GREENE** ) ) JUDGE KAREN G. SCHOLER ) |
| Defendants. | ) ) ) ) ) ) ) |

# TABLE OF CONTENTS

TABLE OF CONTENTS..............................................................................................................i

TABLE OF AUTHORITIES ....................................................................................................ii

INTRODUCTION ....................................................................................................................1

ARGUMENT............................................................................................................................3

    I.    Defendants Abuse the Exhibits to Concoct a Defense.......................................3

    II.    Newspaper Articles and the WellStar Database ................................................5

    III.    Unsubstantiated Histories of Oil and Stock Prices ...........................................6

    IV.    Stock Purchases and Trading History ...............................................................7

    V.    Analyst Reports..................................................................................................7

    VI.    Press Releases ....................................................................................................8

VII.    Conference Call Transcripts .............................................................................10

CONCLUSION.......................................................................................................................10

CERTIFICATE OF SERVICE ..............................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acticon AG v. China N.E. Petroleum Holdings Ltd.*,
 615 F. App'x 44 (2d Cir. 2015) ..................................................................................1

*Alaska Elec. Pension Fund v. Asar*,
 768 F. App'x 175 (5th Cir. 2019)..................................................................................7

*Arkansas Pub. Emps. Ret. Sys. v. Bristol-Myers Squibb Co.*,
 28 F.4th 343 (2d Cir. 2022) ..................................................................................7

*Born v. Quad/Graphics, Inc.*,
 521 F. Supp. 3d 469 (S.D.N.Y. 2021) ..................................................................................8

*Firefighters Pension & Relief Fund of the City of New Orleans v. Bulmahn*,
 53 F. Supp. 3d 882 (E.D. La. 2014)..................................................................................7, 8

*Hall v. Rent-A-Ctr., Inc.*,
 No. 4:16cv978, 2017 U.S. Dist. LEXIS 205959 (E.D. Tex. Oct. 19, 2017)..............................1

*Hampton v. Aqua Metals, Inc.*,
 No. 17-cv-07142-HSG, 2020 U.S. Dist. LEXIS 214010 (N.D. Cal. Nov. 16,
 2020) ..................................................................................7

*Herron v. Best Buy Co.*,
 924 F. Supp. 2d 1161 (E.D. Cal. 2013)..................................................................................6

*In re Adolor Corp. Sec. Litig.*,
 616 F. Supp. 2d 551 (E.D. Pa. 2009) ..................................................................................7

*In re Bank of Am. Corp. Sec., Derivative, & ERISA Litig.*,
 757 F. Supp. 2d 260 (S.D.N.Y. 2010) ..................................................................................5

*In re Dynex Capital, Inc.*,
 05-cv-1897-HB, 2009 U.S. Dist. LEXIS 96527 (S.D.N.Y. Oct. 19, 2009)..............................1

*In re Eventbrite, Inc. Sec. Litig.*,
 No. 5:18-cv-02019-EJD, 2020 U.S. Dist. LEXIS 74651 (N.D. Cal. Apr. 28,
 2020) ..................................................................................3

*In re Michaels Stores, Inc. Sec. Litig.*,
 No. 3:03-CV-0278-M, U.S. Dist. LEXIS 24919 (N.D. Tex. Dec. 10, 2004) ..............................6

*In re PainCare Holdings Sec. Litig.*,
  541 F. Supp. 2d 1283 (M.D. Fla. 2007)..................................................................1

*In re Sec. Litig. BMC Software, Inc.*,
  183 F. Supp. 2d 860 (S.D. Tex. 2001)..................................................................10

*In re SemGroup Energy Ptnrs., L.P., Sec. Litig.*,
  No. 08-MD-1989-GKF-FJM, 2009 U.S. Dist. LEXIS 103133 (N.D. Okla.
  Nov. 4, 2009) ..........................................................................................................6

*In re Skechers USA, Inc. Sec. Litig.*,
  444 F. Supp. 3d 498 (S.D.N.Y. 2020) ....................................................................9

*In re Snap Sec. Litig.*,
  No. 2:17-cv-03679-SVW-AGR, 2018 U.S. Dist. LEXIS 97704 (C.D. Cal.
  June 7, 2018)...........................................................................................................5

*In re SunEdison, Inc. Sec. Litig.*,
  300 F. Supp. 3d 444 (S.D.N.Y. 2018) ....................................................................7

*Iowa Pub. Employees' Ret. Sys. v. MF Glob., Ltd.*,
  620 F.3d 137 (2d Cir. 2010)...............................................................................2, 10

*Izadjoo v. Helix Energy Sols. Grp., Inc.*,
  237 F. Supp. 3d 492 (S.D. Tex. 2017) .................................................................7, 9

*Kaye v. Lone Star Fund V (U.S.), L.P.*,
  No. 3:09-cv-2263-M, 2011 U.S. Dist. LEXIS 45758 (N.D. Tex. Apr. 26,
  2011) .....................................................................................................................3, 9

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) .....................................................................3, 7, 9, 10

*Kitty Hawk Aircargo, Inc. v. Chao*,
  418 F.3d 453 (5th Cir. 2005) ..................................................................................6

*Last Atlantis Capital LLC v. AGS Specialist Partners*,
  533 F. Supp. 2d 828 (N.D. Ill. 2008) .....................................................................1

*Liu v. Intercept Pharm., Inc.*,
  No. 17-cv-7371 (LAK), 2020 U.S. Dist. LEXIS 53252 (S.D.N.Y. Mar. 26,
  2020) ........................................................................................................................6

*Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*,
  416 F.3d 940 (9th Cir. 2005) ...............................................................................2, 10

*Lormand v. US Unwired, Inc.*,
565 F.3d 228 (5th Cir. 2009) ........................................................................................2

*Lovelace v. Software Spectrum Inc.*,
78 F.3d 1015 (5th Cir. 1996) .........................................................................................8

*Monroe Cty. Emples. Ret. Sys. v. S. Co.*,
333 F. Supp. 3d 1315 (N.D. Ga. 2018) .........................................................................1

*McNulty v. Kanode*,
A-13-CV-026-LY, 2013 WL 12077503 (W.D. Tex. Nov. 6, 2013)...............................8

*Nakkhumpun v. Taylor*,
782 F.3d 1142 (10th Cir. 2015) .....................................................................................1

*Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*,
575 U.S. 175 (2015)......................................................................................................2, 9

*Owens v. Jastrow*,
789 F.3d 529 (5th Cir. 2015) ........................................................................................10

*Petrobras Am., Inc. v. Samsung Heavy Indus. Co.*,
No. 20-20338, 2021 U.S. App. LEXIS 23901 (5th Cir. Aug. 11, 2021) .......................5

*Puskala v. Koss Corp.*,
799 F. Supp. 2d 941 (E.D. Wis. 2011)...........................................................................4

*R2 Invs. LDC v. Phillips*,
401 F.3d 638 (5th Cir. 2005) .........................................................................................8

*S.E.C. v. Perry*,
No. CV-11-1309 R, 2012 U.S. Dist. LEXIS 76018 (C.D. Cal. May 31, 2012)............8

*S. Ferry LP # 2 v. Killinger*,
687 F. Supp. 2d 1248 (W.D. Wash. 2009)......................................................................1

*Schweitzer v. Inv. Comm. of the Phillips 66 Sav. Plan*,
960 F.3d 190 (5th Cir. 2020) .........................................................................................6

*Spitzberg v. Houston Am. Energy Corp.*,
758 F.3d 676 (5th Cir. 2014) .........................................................................................7

*Sturgeon v. PharMerica Corp.*,
438 F. Supp. 3d 246 (E.D. Pa. 2020) .............................................................................6

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,

551 U.S. 308 (2007)......................................................................................................1, 2

*Thacker v. GPS Insight, LLC*,
No. CV18-0063-PHX-DGC, 2019 U.S. Dist. LEXIS 137047 (D. Ariz. Aug. 14, 2019) ......................................................................................................................6

*Truk Int'l Fund LP v. Wehlmann*,
737 F. Supp. 2d 611 (N.D. Tex. 2009) .....................................................................10

*United States v. Blount*,
514 F. App'x 469 (5th Cir. 2013) ..............................................................................8

*Veal v. Lendingclub Corp.*,
No. 18-cv-02599-BLF, 2020 U.S. Dist. LEXIS 104229 (N.D. Cal. June 12, 2020) ........................................................................................................................7

*Veal v. Lendingclub Corp.*,
No. 20-16603, 2021 U.S. App. LEXIS 28576 (9th Cir. Sept. 21, 2021) ...................7

*Weinhoffer v. David Shoring, Inc.*,
23 F.4th 579 (5th Cir. 2022) .....................................................................................6

*Zak v. Chelsea Therapeutics Int'l, Ltd.*,
780 F.3d 597 (4th Cir. 2015) .................................................................................3, 7

**Rules**

Fed. R. Evid. 201 .............................................................................................................6

**Statutes**

Private Securities Litigation Reform Act..................................................................1, 2, 3

**Other References**

Form 8-K Instructions, https://web.archive.org/web/20180326184120/https://ww w.sec.gov/files/form8-k.pdf. ......................................................................................8

S. Rep. 104-98 (1995)......................................................................................................3

**INTRODUCTION**

In *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, the Supreme Court held that, even in securities fraud cases, the courts must accept all allegations in the complaint as true and draw all inferences in plaintiffs' favor. 551 U.S. 308, 322 (2007). In his concurrence, Justice Alito assumed that, in enacting the Private Securities Litigation Reform Act ("PSLRA"), Congress intended to impose a pleading obligation on plaintiffs tantamount to a summary judgment standard, but Justice Ginsburg's opinion for the majority explicitly rejected his assumption. *Id.* at 324 n.5 (observing that "[i]t is improbable that Congress, without so stating, intended courts to test pleadings, unaided by discovery, to determine whether there is no genuine issue as to any material fact.").[1] *Compare also Acticon AG v. China N.E. Petroleum Holdings Ltd.*, 615 F. App'x 44, 46 (2d Cir. 2015) (noting that *Tellabs* allows courts to weigh only those competing inferences that are ***rationally drawn from the facts pled in the complaint***)[2] *with* Defs.' Resp. at 2 (doubling down on misrepresentation that courts do not draw all inferences in favor of plaintiffs in securities cases).

In *Tellabs*, the Supreme Court did hold that, in testing the sufficiency of a complaint, courts may consider sources that they "***ordinarily examine***" such as documents incorporated into a complaint and matters that courts may typically take judicial notice of, but it ***never*** held that these

---

[1] Internal quotation marks and citations are omitted and all emphases are added in this Reply.

[2] *See also Nakkhumpun v. Taylor*, 782 F.3d 1142, 1149 (10th Cir. 2015) (holding that in weighing competing inferences, *Tellabs* requires courts to accept plaintiffs' allegations as true and consider them holistically); *Monroe Cty. Emples. Ret. Sys. v. S. Co.*, 333 F. Supp. 3d 1315, 1320 (N.D. Ga. 2018) (similar); *Hall v. Rent-A-Ctr., Inc.*, No. 4:16cv978, 2017 U.S. Dist. LEXIS 205959, at *102-03 (E.D. Tex. Oct. 19, 2017) (sustaining scienter allegations after accepting them as true, and then weighing competing inferences drawn from the facts alleged); *S. Ferry LP # 2 v. Killinger*, 687 F. Supp. 2d 1248, 1253 (W.D. Wash. 2009) (same); *In re Dynex Capital, Inc.*, 05-cv-1897-HB, 2009 U.S. Dist. LEXIS 96527, at *55 (S.D.N.Y. Oct. 19, 2009) (same); *Last Atlantis Capital LLC v. AGS Specialist Partners*, 533 F. Supp. 2d 828, 833 (N.D. Ill. 2008) (same); *In re PainCare Holdings Sec. Litig.*, 541 F. Supp. 2d 1283, 1291 (M.D. Fla. 2007) (same).

doctrines should be treated differently in securities cases or unreasonably expanded to allow defendants to do whatever they want because of the PSLRA. 551 U.S. at 322.

*Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund* is even further afield. 575 U.S. 175, 190-91 (2015). There, the Court did not even mention judicial notice or the incorporation by reference doctrine. Its observation, in *dicta*, that an investor views a statement in light of any "hedges" and "disclaimers" in the "***surrounding text***" does not justify Defendants' abuse. *Id.* The Complaint provides each statement in its full context, and the misleading portions are bolded and italicized. Even more importantly, "disclaimers" and "hedges" come into play only when forward-looking statements are involved, which Defendants concede are not at issue here. *See, e.g.*, *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 947-48 (9th Cir. 2005) (holding that the bespeaks caution doctrine only applies to forward-looking statements); *Iowa Pub. Employees' Ret. Sys. v. MF Glob., Ltd.*, 620 F.3d 137, 142 (2d Cir. 2010) (holding that a defendant cannot hide behind purported disclosures when misrepresentations of current fact or omissions of existing fact are alleged). Nor are any customs and practices of the oil industry based on information outside the pleadings relevant. No other oil company concealed a chronic, pre-existing, self-inflicted permitting problem to Plaintiffs' knowledge. Defendants further disregard that *Omnicare* addressed only the element of falsity, but the Fifth Circuit has explicitly held that the PSLRA does not impact how courts assess this element. *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009).

Given these incontrovertible facts and rules of law, Defendants' oft-repeated claims that procedural rules must yield to the PSLRA or that the Court should condone their abuse based on a far broader, concocted definition of "context" are both utterly frivolous. No Circuit has endorsed Defendants' deliberate misreading of Supreme Court precedent, and those that have squarely

2

addressed the issues here have forcefully condemned Defendants' abuse. *See, e.g.*, *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018); *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597 (4th Cir. 2015).[3]  As such, Defendants cannot escape the even more onerous standards for introducing extraneous materials in this Circuit, and their desire to pile on irrelevant information that contradicts the Complaint is fatally flawed. *See Kaye v. Lone Star Fund V (U.S.), L.P.*, No. 3:09-cv-2263-M, 2011 U.S. Dist. LEXIS 45758, at *30-39 (N.D. Tex. Apr. 26, 2011) (ruling that courts in this Circuit do not take judicial notice of extraneous information "to give context" to statements).

After being exposed, Defendants now deny that they are misusing the exhibits for the truth, but this claim is contradicted by actual arguments and factual representations made in their brief that cannot be retracted once filed.  Point by point, Plaintiffs demonstrate below why Defendants' additional arguments are equally meritless.  For all of these reasons, Plaintiffs respectfully request the Court to strike the Greene Declaration and all of its Exhibits.

<u>**ARGUMENT**</u>

**I.      Defendants Abuse the Exhibits to Concoct a Defense**

---

[3] Defendants' response fails to address the Fourth Circuit's reversal based on an abuse of discretion in *Zak*, and further fails to persuasively distinguish the Ninth Circuit's decision in *Orexigen*.  Their own authority concedes that *Orexigen* does not allow courts to incorporate documents or judicially notice exhibits if they serve to only dispute facts or create a defense to the well-pled allegations of the Complaint by, for example, falsely blaming the failure to hit production targets or secure timely permits on Covid-19, oil price wars and regulators. *In re Eventbrite, Inc. Sec. Litig.*, No. 5:18-cv-02019-EJD, 2020 U.S. Dist. LEXIS 74651, at *24-25 (N.D. Cal. Apr. 28, 2020).  To the extent that, in *Eventbrite*, the district court believed that a defendant can misuse these doctrines to dispute "conclusory" allegations, a ruling unsupported by *Orexigen*, that certainly cannot apply here where the Complaint already pleads "evidence" of scienter based on credible first-hand Confidential Witness accounts of meetings, text messages exchanged and granular information contained in a dashboard, all of which are directly linked to each defendant's state of mind. *Id.*  Repeating cliches about the purpose of the PSLRA and "meritless" lawsuits does not excuse the abuse.  The PSLRA was also enacted to empower investors, and the Complaint's allegations cannot be mischaracterized as "meritless." *See* S. Rep. No. 104-98, at 4 (1995).

Defendants' claim that they do not misuse the Exhibits for the truth is false. In the introduction to their motion to dismiss, Defendants argued that the Company reduced its production targets because of Covid-19, oil price wars and a "hostile regulatory environment." Defs.' Mot. at 1-2. *See also id.* at 6 (relying on unrelated news articles to contend that Covid-19 and macroeconomic conditions caused Berry to adjust its 2020 plan); *id.* at 3 (misusing Exhibit 1 to assert that "Berry consistently met or exceeded its key publicly announced forecasts."); *id.* at 7-8 (introducing evidence of oil prices to claim that Berry adjusted the plan and delayed production as a response); *id.* at 9-10 (introducing evidence of stock prices on irrelevant dates to assert price volatility defeats claims); *id.* at 12 (speculating that investors' reaction to Berry's stock price is attributable to the pandemic); *id.* at 14-15 (arguing that the CW allegations are deficient because they do not discuss how the Company reacted to "unprecedented market conditions," and insisting that such conditions "would have caused Berry" to adjust plans); *id.* at 15 (explicitly suggesting that Berry's problems were caused by regulators, Covid-19 and oil price wars rather than the chronic failure to procure timely permits); *id.* at 15-16 (incorrectly invoking the bespeaks caution doctrine to falsely suggest that the permitting problems were adequately disclosed); *id.* at 16 n.19 (baselessly relying on unidentified information contained in the WellStar database to erect a truth-on-the-market defense unavailable at the pleadings stage); *id.* at 18 (vaguely asserting that the "market was well aware of" regulatory hurdles); *id.* at 21 (similar); *id.* (relying on irrelevant Form 4s filed with the SEC to claim that stock purchases and increased holdings demonstrate innocence).

This is not the first time a party has tried to sneak in documents for the truth, and then pivoted with a denial when confronted with its attempt to conduct a trial by paper. *See Puskala v. Koss Corp.*, 799 F. Supp. 2d 941, 955 (E.D. Wis. 2011) ("[W]hen plaintiff cites the articles in his briefs, he is quite clearly seeking to use them for the truth of the matters asserted, in that he points

to the events recounted in the articles as evidence of [scienter] . . . Thus, plaintiff's representation that he is not offering these articles for the truth of their contents is simply false."). Denial alone is now insufficient to excuse the impropriety. The extraneous documents are cited for the truth of their contents to refute Plaintiffs' well-pled allegations. This is improper and should be rejected.

## II. Newspaper Articles and the WellStar Database

Unable to dispute that they invited the Court to commit a reversible error by taking judicial notice of newspaper articles for the truth, *see Petrobras Am., Inc. v. Samsung Heavy Indus. Co.*, No. 20-20338, 2021 U.S. App. LEXIS 23901, at *10-11 (5th Cir. Aug. 11, 2021), Defendants now claim that the articles should be considered to "shed light on what the market knew about" the pandemic and its effect on the oil industry. Defs.' Resp. at 14; *but see* Defs.' Mot. at 6 (misusing articles that do not even mention the Company to baselessly claim that the pandemic "*caused* Berry to adjust its 2020 plan."). Defendants neglect that using the newspaper articles for this purpose is tantamount to a truth-on-the-market defense, which imposes an extremely heavy burden on a defendant and is unavailable at this stage. *See In re Bank of Am. Corp. Sec., Derivative, & ERISA Litig.*, 757 F. Supp. 2d 260, 302 (S.D.N.Y. 2010) (refusing to take judicial notice of newspaper articles to consider truth-on-the-market defense at the pleadings stage); *In re Snap Sec. Litig.*, No. 2:17-cv-03679-SVW-AGR, 2018 U.S. Dist. LEXIS 97704, at *9 n.12 (C.D. Cal. June 7, 2018) (same). Even if the Court indulged this affirmative defense, it is exceptionally weak. Not one article mentions the Company, or discusses chronic permitting problems or their self-inflicted nature. The Court should strike these Exhibits.

The same is true for the WellStar database. Contrary to Defendants' false claims, they argued, without any specificity, that any information concerning the untimeliness of permits was available on the WellStar database. Defs.' Mot. at 16 n.19. The Court cannot take judicial notice

of this disputed "fact."  It is also a weak truth-on-the-market defense that cannot be considered at the pleadings stage.  Nothing on the database states that Berry's failure to secure timely permits was self-inflicted.  *See Liu v. Intercept Pharm., Inc.*, No. 17-cv-7371 (LAK), 2020 U.S. Dist. LEXIS 53252, at *14 n.70 (S.D.N.Y. Mar. 26, 2020) (refusing to consider information from a government database as an improper truth-on-the-market defense that cannot be assessed without discovery).

### III.    Unsubstantiated Histories of Oil and Stock Prices

Defendants' error here has nothing to do with the "modern state of the internet," Defs.' Resp. at 12, and their attempt to distinguish *In re Michaels Stores, Inc. Sec. Litig.* fails.  Civil Action No. 3:03-CV-0278-M, U.S. Dist. LEXIS 24919, at *35-38 (N.D. Tex. Dec. 10, 2004). Courts do not take judicial notice of hyperlinks, and Defendant cannot evade their own responsibility to properly submit evidence to the Court that can be obtained without extraordinary effort.[4]  It is not the Court's responsibility to do the Defendants' work.  Footnote 19 in Defendants' response is an outright dodge.  Defs.' Resp. at 13.  What is the point of ***taking judicial notice*** of

---

[4] *See Sturgeon v. PharMerica Corp.*, 438 F. Supp. 3d 246, 258 n.72 (E.D. Pa. 2020) (refusing to take judicial notice of hyperlinks where, like here, defendants failed to attach copies of the documents because the location of hyperlinks is subject to change and needs to be authenticated); *Thacker v. GPS Insight, LLC*, No. CV18-0063-PHX-DGC, 2019 U.S. Dist. LEXIS 137047, at *23- 24 (D. Ariz. Aug. 14, 2019) (ruling that hyperlinks do not meet the requirements of Federal Rule of Evidence 201); *see also Weinhoffer v. David Shoring, Inc.*, 23 F.4th 579, 584 (5th Cir. 2022) (reversing decision to take judicial notice of archived webpage because it was unauthenticated); *Herron v. Best Buy Co.*, 924 F. Supp. 2d 1161, 1168 n.1 (E.D. Cal. 2013) (similar).  Defendants' reliance on *Schweitzer v. Inv. Comm. of the Phillips 66 Sav. Plan*, 960 F.3d 190, 193 n.3 (5th Cir. 2020) is misplaced.  There, unlike here, judicial notice was unopposed and the Fifth Circuit did not opine on whether taking judicial notice of websites when a defendant fails to submit an exhibit is appropriate.  *Id.  Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457-58 (5th Cir. 2005) also does not help Defendants because the information there was published in the Federal Reporter and on Lexis and Westlaw, not just some website alone.  And, in *In re SemGroup Energy Ptnrs., L.P., Sec. Litig.*, No. 08-MD-1989-GKF-FJM, 2009 U.S. Dist. LEXIS 103133, at *14-15 (N.D. Okla. Nov. 4, 2009), the party properly submitted exhibits to the Court.

oil and stock prices if they cannot be considered for Defendants' improper purposes?  Defs.' Mot. at 7-10, 13.

**IV.    Stock Purchases and Trading History**

Defendants' deafening silence on how a federal Circuit has condemned taking judicial notice of Form 4s as an abuse of discretion when the plaintiff does not rely on motive ends the dispute.  *See Zak*, 780 F.3d at 607-08.  Motive is irrelevant when recklessness is alleged.  *See Spitzberg v. Houston Am. Energy Corp.*, 758 F.3d 676, 685 (5th Cir. 2014).  No case that Defendants cite supports the reversible error that they invite the Court to commit.[5]

**V.     Analyst Reports**

That some analysts repeated Defendants' false statements concerning why production was cut in April 2020, Defs.' Mot. at 8 (citing Exs. 19 and 20), or that legal rulings might delay permits, Defs.' Mot. at 5, (citing Ex. 10) cannot be judicially noticed to dispute the Complaint's allegations that Defendants' own mismanagement, not the regulators, caused the delays.  *See Khoja*, 899 F.3d at 998.  This parroted information contradicts the Complaint, and is particularly inappropriate because it is not based on any independent research.  The analysts merely repeat Defendants' false claims.  Nothing Defendants cite justifies their introduction.[6]

---

[5] In *Alaska Elec. Pension Fund v. Asar*, plaintiffs alleged **insider trading**.  768 F. App'x 175, 181-82 (5th Cir. 2019); *Izadjoo v. Helix Energy Sols. Grp., Inc.*, 237 F. Supp. 3d 492 517-18 (S.D. Tex. 2017) (same) *Hampton v. Aqua Metals, Inc.*, No. 17-cv-07142-HSG, 2020 U.S. Dist. LEXIS 214010, at *10-12 (N.D. Cal. Nov. 16, 2020) (same); *In re Adolor Corp. Sec. Litig.*, 616 F. Supp. 2d 551, 573 (E.D. Pa. 2009) (discerning whether plaintiffs alleged motive); *In re SunEdison, Inc. Sec. Litig.*, 300 F. Supp. 3d 444, 489, 492 (S.D.N.Y. 2018) (similar).  Only one case did not allege improper motive, but the request for judicial notice there was unopposed—another party's oversight does not justify Defendants' abuse here.  *See Veal v. LendingClub Corp.*, No. 18-cv-02599-BLF, 2020 U.S. Dist. LEXIS 104229, at *17 (N.D. Cal. June 12, 2020), *aff'd*, No. 20-16603, 2021 U.S. App. LEXIS 28576 (9th Cir. Sept. 21, 2021).

[6] *See Arkansas Pub. Emps. Ret. Sys. v. Bristol-Myers Squibb Co.*, 28 F.4th 343 (2d Cir. 2022) (taking judicial notice of only what an analyst report stated when, **unlike here**, the complaint relied on analyst reports to support falsity allegations); *Firefighters Pension & Relief Fund of the City of*

**VI.     Press Releases**

Defendants cannot avoid *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996), which prohibits courts from taking judicial notice of documents that are not required to be filed with the SEC.  Exhibits 7 and 22 were not "actually filed" with the SEC.  They both state that "the information contained in this report" and exhibit hereto "shall not be deemed to be 'filed' for purposes of" either the Securities Act of 1933 or the Exchange Act of 1934.  ECF Nos. 64-8 at 3, 64-23 at 4.  Defendants now take a position that contradicts their representations to investors and the SEC.  The Instructions to Form 8-K further state that reports furnished under Item 2.02 or Item 7.01 are not deemed filed with the SEC unless the filer considers them to be so filed, which Defendants did not.[7]  Nor did Item 8.01 trigger any duty to file Exhibit 17 with the SEC because that Item applies only to ***optional*** disclosures, not required ones.  *See* Form 8-K Instructions at 21. It is a reversible error to take judicial notice of these self-serving press releases.[8]

---

*New Orleans v. Bulmahn*, 53 F. Supp. 3d 882, 901-02 (E.D. La. 2014) (taking judicial notice of disclosure only to determine timing for statute of limitations purposes); *Born v. Quad/Graphics, Inc.*, 521 F. Supp. 3d 469, 486 & n.11 (S.D.N.Y. 2021) (taking judicial notice of only what analysts said about the transaction at the time based on their own research as opposed to parroting a defendants' false statements).

[7]*See* Form 8-K Instructions, https://web.archive.org/web/20180326184120/https://www.sec.gov/files/form8-k.pdf.  *See also S.E.C. v. Perry*, No. CV-11-1309 R, 2012 U.S. Dist. LEXIS 76018, at *21 (C.D. Cal. May 31, 2012) ("Information in an 8–K provided pursuant to Item [] 2.02 … is deemed 'furnished,' not 'filed'").  In addition to not being "filed" under 2.02, the Form 8-K Instructions note that "Item 2.02 does not apply in the case of a disclosure that is made in a quarterly report filed with the Commission." The information contained in Exhibits 7 and 22 was contained in quarterly financial reports, so nothing was required to be repeated in press releases.

[8] Defendants mischaracterize the Fifth Circuit's decision in *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 639 n.2 (5th Cir. 2005), which "recited facts" from the complaint, and never addressed whether press releases can be judicially noticed.  That some lower court took unopposed judicial notice of a Form 8-K filed with the SEC does not allow Defendants to disregard direct Fifth Circuit precedent.  *Compare McNulty v. Kanode*, A-13-CV-026-LY, 2013 WL 12077503, at *5 (W.D. Tex. Nov. 6, 2013) *with United States v. Blount*, 514 F. App'x 469, 472 (5th Cir. 2013) (noting that the Circuit is bound by prior precedent in the absence of en banc review or intervening Supreme Court authority).

Incorporation by reference cannot justify Defendants' improper use. Exhibit 7 was never mentioned in the Complaint. Nor do Defendants even attempt to explain how any of the press releases are "central" to Plaintiffs' claims. Documents in this Circuit are not considered central simply because the Complaint quotes from them or because they contain evidence of a plaintiff's claims. Defendants' attempt to distinguish *Kaye* miserably fails. Defs.' Resp. at 7-8 n.10. Plaintiffs do not need these press releases to prove any element of their claim; the information can be found in other SEC filings and media accounts. Even assuming the press releases are incorporated by reference, that does not allow Defendants to misuse them to dispute Plaintiffs' theory of the case. *See Khoja*, 899 F.3d at 1003 (holding that it is improper to assume the truth of an incorporated document if it only serves to dispute facts pled in a complaint). That is precisely what is going on here. Defs.' Mot. at 12 (relying on false statement to argue that the Company continued to file for and receive permits); *id.* at 13 (misusing Exhibit 22 to argue that production declined because of economic uncertainty).[9]

---

[9] What is truly "preposterous" is Defendants' deliberate misreading of *Omnicare* to claim that hundreds of pages from a 10-K and a Form 424(b)(4) are incorporated by reference because Plaintiffs relied on a handful of quotations from them. Defs.' Resp. at 7-8. Defendants fail to distinguish Plaintiffs' authorities on this point and no case from the Fifth Circuit allows them to dump the entirety of these documents on the Court's docket. Defendants' reliance on *In re Skechers USA, Inc. Sec. Litig.*, 444 F. Supp. 3d 498, 518 (S.D.N.Y. 2020) is utterly misplaced. Plaintiffs did not misquote anything from the press releases, and there is no dispute that production targets were revised or that the stock price declined after such revisions. *Izadjoo*, 237 F. Supp. 3d at 503 n.3 does not help Defendants either because plaintiffs did not challenge judicial notice or incorporation by reference there. The issue also is not whether Plaintiffs selectively quoted from the press releases or "cherrypicked" information. Neither occurred here. The Complaint clearly explains that Defendants falsely blamed the reduced targets on market conditions, but that does not mean Defendants can now rely on their own press releases to have the Court treat the false excuses as true at this stage.

## VII. Conference Call Transcripts

There is no credible reason to consider Exhibit 21. It is not from "the end of the [C]lass [P]eriod." Defs.' Resp. at 14. The Class Period ended four months earlier on November 3, 2020. The Complaint does not mention this exhibit. None of the conference call transcripts are required to be filed with the SEC, and thus Defendants do not really resist that they are not subject to judicial notice under Fifth Circuit precedent. Defs.' Resp. at 6-8. Defendants claim that the conference call transcripts are incorporated by reference into the Complaint, but they offer no reason to explain why any of them are central to Plaintiffs' claims. Even assuming that they are incorporated by reference, Defendants cannot rely on self-serving statements contained in them to dispute Plaintiffs' allegations. *See Khoja*, 899 F.3d at 1003. That is precisely what Defendants do here repeatedly. *See, e.g.*, Defs.' Mot. at 3-4 (relying on statements from Exhibits 1-6 for their truth to argue that the Company met its production targets at some other time); *id.* at 4-5 (misusing Exhibits 2, 3, and 8 to contend that Defendants disclosed material risks about permitting delays). While much is made about "substantive securities law," Defendants appear to overlook that any purported "disclosures" contained in the conference call transcripts are entirely irrelevant when there is no dispute that the safe harbor is inapplicable to this case. *See, e.g.*, *Livid Holdings Ltd.*, 416 F.3d at 947-48; *MF Glob., Ltd.*, 620 F.3d at 142.[10]

## CONCLUSION

Whatever the merits of the PSLRA or the intentions of its proponents ages ago, today it is a weapon of abuse in the hands of Defendants. This case is proof. The motion should be granted.

---

[10] For this reason, *In re Sec. Litig. BMC Software, Inc.*, 183 F. Supp. 2d 860 (S.D. Tex. 2001) cannot aid Defendants because it involved a proper invocation of the safe harbor. Like so many of Defendants' citations, *Owens v. Jastrow*, 789 F.3d 529, 541 (5th Cir. 2015), and *Truk Int'l Fund LP v. Wehlmann*, 737 F. Supp. 2d 611, 616 (N.D. Tex. 2009) are not relevant because nobody challenged judicial notice and they do not address the contested issues in this case.

Dated:  June 6, 2022

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Omar Jafri*

Joshua B. Silverman
Omar Jafri
Brian P. O'Connell
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:  (312) 377-1181
Facsimile:   (312) 377-1184
Email:  jbsilverman@pomlaw.com
        ojafri@pomlaw.com
        boconnell@pomlaw.com

**THE ROSEN LAW FIRM, P.A.**

*/s/ Phillip Kim*

Phillip Kim
Ha Sung (Scott) Kim
275 Madison Avenue, 40th Floor
New York, NY 10016
Phone: (212) 686-1060
Fax:    (212) 202-3827
Email: pkim@rosenlegal.com
        skim@rosenlegal.com

**Bronstein, Gewirtz & Grossman, LLC**

Eitan Kimelman
60 E 42nd Street, Suite 4600, New York,
New York 10165
Phone: 212-697-6484
Fax:    212-697-7296
Email: eitank@bgandg.com

*Lead Counsel for Plaintiffs*

**GRAVES LAW OFFICE**
Curtis C. Graves
12700 Park Central Drive
Suite 520

11

Dallas, Texas 75251
Telephone: (214) 321-6940
Facsimile: (866) 770-6949
curtis@cgraveslaw.com

**THE BRISCOE LAW FIRM, PLLC**
Willie C. Briscoe
Texas Bar No.: 24001788
12700 Park Central Drive, Suite 520
Dallas, Texas 75251
Telephone: 972-521-6868
Facsimile: 346-214-7463
wbriscoe@thebriscoelawfirm.com

*Liaison Counsel for Plaintiffs*

**LEVI & KORSINSKY, LLP**
Daniel Tepper (*pro hac vice forthcoming*)
55 Broadway, 10th Floor
New York, NY 10006
Tel.: (212) 363-7500
Fax: (212) 363-7171
dtepper@zlk.com

**BRAGAR EAGEL & SQUIRE, P.C.**
Marion C. Passmore
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 568-3599
Facsimile: (212) 214-0506
Email: passmore@bespc.com

*Additional Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 6, 2022, I served a copy of Plaintiffs' Reply Memorandum in Further Support of Plaintiff's Motion to Strike the Declaration of Douglas W. Greene to counsel of record for Defendants using the CM/ECF system, which will send email notification of this filing to all attorneys of record.

Executed on June 6, 2022.

*/s/ Omar Jafri*
Omar Jafri