UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

---------------------------------------------------------

LUIS TORRES, ALLIA DEANGELIS, : 
DARRICK INMAN, Individually and On :
Behalf of All Others Similarly Situated, :
:
     Plaintiffs, :
: CASE NO.: 3:20-CV-3464-S
    v. :
: JUDGE KAREN G. SCHOLER
BERRY CORPORATION, ARTHUR T. :
SMITH, CARY BAETZ, GARY A. GROVE, :
BRENT S. BUCKLEY, KAJ VAZALES, and :
EUGENE J. VOILAND, :
:
     Defendants. :
:

---------------------------------------------------------

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE
SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

The proposed sur-reply is part of Plaintiffs' continued efforts to muddle Defendants'

straightforward motion to dismiss and distract from the amended complaint's pleading deficiencies

by recasting them as disputed factual issues. The proposed sur-reply is improper because

Defendants did not raise "new legal theories" or "present new evidence" in their reply brief.[1] It

also misses the point: while it is demonstrably true, as Defendants noted, that Plaintiffs have relied

heavily on a misquotation of Mr. Grove's "timing issue" statement, it does not actually matter

whether Mr. Grove said "tiny" (as Plaintiffs allege) or "timing" (as shown in two transcripts and

the audio recording)—either way, this challenged statement was true and not misleading in

---

[1]"Sur-replies are highly disfavored and permitted only in very limited circumstances." *Fed. Trade Comm'n v. Match Grp., Inc.*, No. 3:19-CV-2281-K, 2022 WL 877107, at *13 (N.D. Tex. Mar. 24, 2022) (quotations and citation omitted). "A sur-reply is appropriate by the non-movant only when the movant raises new legal theories or attempts to present new evidence at the reply stage." *Racetrac Petroleum, Inc. v. J.J.'s Fast Stop, Inc.*, No. Civ.A. 3:01–CV–1397, 2003 WL 251318, at *18 (N.D. Tex. Feb. 3, 2003). "[T]he mere fact that the movant cites new cases and makes 'new arguments' in the reply is not alone sufficient grounds to file a sur-reply." *Jefferson v. Hosp. Partners of Am., Inc.*, No. H–08–1535, 2009 WL 8758090, at *5 (S.D. Tex. May 18, 2009), *aff'd sub nom. Jefferson v. Christus St. Joseph Hosp.*, 374 F. App'x 485 (5th Cir. 2010) (quotations and citation omitted).

context. *See* Mot. to Dismiss Br. 16-17; Reply Br. 4 & n.5 (explaining how neither version was false or misleading). Thus, Plaintiffs' motion for leave to file a sur-reply should be denied. In the alternative, if the Court allows the sur-reply, then the Court should also consider this short response, which addresses certain misstatements and omissions in the proposed sur-reply.

Plaintiffs' motion improperly seeks the final word on Defendants' motion to dismiss.[2] Briefing on the motion followed the usual pattern for securities class actions: in the opening brief, Defendants categorized the complaint's laundry list of challenged statements and addressed representative examples in each category. In opposition, Plaintiffs focused on challenged statements that they believe are best-positioned to represent their theory and withstand Defendants' arguments. In reply, Defendants further developed and applied their arguments to the challenged statements highlighted in the opposition—including Mr. Grove's statement about a "tiny"/"timing" issue.

This is the normal give and take of briefing, and the mere fact that Defendants' reply made arguments about a challenged statement not explicitly discussed in the original motion (but argued extensively in Plaintiffs' opposition) does not warrant the abnormal step of a sur-reply. Indeed, Plaintiffs' claimed need for a sur-reply arises not from any departure from these norms by Defendants, but instead from Plaintiffs' own oversights or strategic choices. Plaintiffs chose to quote their source material selectively and anonymously in the complaint, stripped of its context, as part of an acontextual, stitched-together fraud narrative. Consistent with procedural rules and dictated by substantive securities law as interpreted by the Supreme Court, Defendants submitted full versions of many of those materials with their motion to dismiss in order to provide appropriate

---

[2] *See, e.g., Racetrac Petroleum, Inc.*, 2003 WL 251318, at *18 (finding sur-reply improper; "The purpose for having a motion, response, and reply is to give the movant the final opportunity to be heard.").

and necessary context for evaluating the pleadings.[3] Faced with these incorporated and/or judicially noticeable materials providing context, including a copy of the S&P Global transcript of Berry's March 2019 earnings call (Ex. 3 to the Greene Decl.), Plaintiffs chose not (or simply failed) to address the fact that the S&P Global transcript—the only transcript of that challenged call in the record—did not actually contain the one word ("tiny") that Plaintiffs trumpeted most throughout their opposition brief. *See* P. Opp. Br. 3, 14. That Defendants pointed this out in reply is part of the normal process and does not entitle Plaintiffs to the last word on Defendants' motion to dismiss.[4]

Plaintiffs' proposed sur-reply also has no bearing on the outcome of Defendants' motion to dismiss. As Defendants have demonstrated, Mr. Grove's actual "timing issue" statement was not misleading, nor would it have been misleading if he had said "tiny issue." *See* Mot. to Dismiss Br. 16-17; Reply Br. 4 & n.5. In either case, as any of the call records makes clear, Mr. Grove was discussing a specific permitting issue that was affecting a particular development at a certain time, and he gave granular facts concerning that permitting issue that Plaintiffs do not (and cannot) allege were false. (Ex. 3 to the Greene Decl. at 8-9, 15). In that context, no investor would have interpreted Mr. Grove's statement as representing an absence of other permitting issues. Nor would an investor have been misled by Mr. Grove's supposed characterization of a specific permitting

---

[3] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Omnicare Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175 (2015) (whether a statement is false or misleading "always depends on context" and requires consideration of, among other things, "all its surrounding text, including hedges, disclaimers, and apparently conflicting information" as well as "the customs and practices of the relevant industry.").

[4] *See, e.g., In re Anadarko Petroleum Corp. Sec. Litig.*, No. 4:20-CV-00576, 2022 WL 950892, at *1 (S.D. Tex. Mar. 25, 2022) (sur-reply improper where party "chose not to provide an event study" with opposition); *United States v. Ulasi*, No. CV H-17-1164, 2018 WL 6505397, at *4 (S.D. Tex. Dec. 11, 2018) ("Curing deficiencies in a response . . . is not a proper basis for a surreply."); *see also H-W Tech., Inc. v. Overstock.com, Inc.*, No. 3:12-CV-0636-G BH, 2014 WL 4378750, at *2 (N.D. Tex. Sept. 3, 2014) (sur-reply improper because "Defendant's alleged assertion of inaccurate facts does not amount to new evidence").

3

issue as "tiny" when investors were also given the objective facts of that permitting issue in the same earnings call, and when Berry reported 15 percent production growth in the same period, in line with forecasts, despite the issue. Ex. 3 to the Greene Decl. at 5, 8.[5]

For all of these reasons, the Court need not decide whether Mr. Grove said "tiny" or "timing" in order to grant Defendants' motion to dismiss, and Plaintiffs' proposed sur-reply is both improper and unnecessary. It is noteworthy, however, that Plaintiffs have consistently attempted to shield the complaint's incorporated-by-reference source materials from the Court's appropriate review whenever possible, rather than try to defend the cogency of their allegations in context. Indeed, in the Motion to Strike, ECF 69, Plaintiffs have moved to strike *each and every* document quoted and/or relied on in complaint, among other documents—a real Hail Mary. Even in this instance, when Plaintiffs belatedly felt compelled to come forward with their transcript of the March 2019 earnings call, Plaintiffs fail to fairly present the record. The publicly available audio recording of the earnings call reflects that Mr. Grove said "timing issue," both from the sound and the context (in which Mr. Grove discusses timing issues and "timeframe" before and after the disputed phrase). Plaintiffs also fail to acknowledge that, in addition to the S&P Global transcript submitted with Defendants' motion to dismiss, the Thomson Reuters transcript posted on Berry's website also transcribed Mr. Grove's statement as "timing issue." And at the same time, Plaintiffs falsely and baselessly describe the S&P Global transcript as "preliminary" and "generated by Defendants' chosen vendor." *Compare* Proposed Sur-Reply at 1; Mot. for Leave at 1; *with* Ex. 3 to the Greene Decl. (not indicating it is preliminary). Accusing real people of fraud—especially honest people who successfully navigated Berry through the COVID-19 pandemic to its

---

[5] *See Ulasi*, 2018 WL 6505397, at *4 ("The court grants the government's motion to strike [the sur-reply], noting that considering the surreply would affect neither the analysis nor the outcome.").

shareholders' great benefit—requires more serious and frank treatment of incorporated-by-reference source materials than Plaintiffs have exhibited.[6]

Because Plaintiffs' unusual request for a sur-reply is both abnormal and improper, and because it concerns issues that fundamentally do not matter to the resolution of Defendants' motion to dismiss, Defendants respectfully ask the Court to deny Plaintiffs' motion for leave to file the proposed sur-reply.

Dated: June 23, 20222

Respectfully submitted,

*s/ Tamara D. Baggett*
**BAKER & HOSTETLER LLP**

Tamara D. Baggett
2850 North Harwood Street, Suite 1100
Dallas, TX 75201
Phone: 214-210-1200
Fax: 214-210-1201
tbaggett@bakerlaw.com

Douglas W. Greene (*Pro Hac Vice*)
45 Rockefeller Plaza
New York, NY 10111-0100
Phone: 212-589-4200
Fax: 212-589-4201
dgreene@bakerlaw.com

Genevieve G. York-Erwin (*Pro Hac Vice*)
999 Third Avenue, Suite 3900
Seattle, WA 98 104-4040
gyorkerwin@bakerlaw.com
Phone: 206-332-7079
Fax: 206-624-7317

*Attorneys for Defendants*

---

[6] Plaintiffs' contention that this inaccuracy in the Bloomberg transcript somehow compels the Court to disregard *all* of the source materials appropriately submitted with the motion to dismiss lacks merit. Proposed Sur-Reply at 1-2. Plaintiffs have not challenged the accuracy of any other exhibits, and courts routinely consider such documents in deciding motions to dismiss securities class actions. *See generally* Opp. to Mot. to Strike, ECF 73.

6

## <u>CERTIFICATE OF SERVICE</u>

I certify that this motion was electronically filed with the Clerk of the Court using the CM/ECF system, which will send email notification of this filing to all attorneys of record.


*Tamara D. Baggett /s/*
Tamara D. Baggett

6