**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

|  |  |
|---|---|
| LUIS TORRES, ALLIA DEANGELIS, DARRICK INMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>                          Plaintiffs,<br><br>        v.<br><br>BERRY CORPORATION, ARTHUR T. SMITH, CARY BAETZ, GARY A. GROVE, BRENT S. BUCKLEY, KAJ VAZALES, and EUGENE J. VOILAND,<br><br>                       Defendants. | Case No. 3:20-CV-3464-S<br><br>**PLAINTIFFS' SUR-REPLY IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**<br><br>JUDGE KAREN G. SCHOLER |

Plaintiffs respectfully request the Court to consider this Sur-Reply in response to the newly raised issue in the Defendants' Reply.  Defendants contend that Plaintiffs misquoted Defendant Gary Grove ("Grove") in the Amended Complaint.  *See* Defs.' Reply at 4.  The quote attributed to Grove in the Amended Complaint was transcribed by Bloomberg, a national business newswire, and Bloomberg reported that Grove used the word "tiny issue," not "timing issue."  *See* Declaration of Brian P. O'Connell, Ex. A at 16.  Plaintiffs stand by what they alleged in the Complaint: Defendant Grove referred to a "tiny issue" with permitting in Paragraph 90. Defendants' chosen preliminary transcript by another vendor that contains different words should not be considered. At this stage, the Court should analyze the issues based on Plaintiffs' transcript, recorded by Bloomberg, a well-respected national business wire.  *See Cooper v. Pickett*, 137 F.3d 616, 623 (9th Cir. 1997) (declining to consider conference call transcripts when the plaintiffs questioned the accuracy of those transcripts).

Regardless, this factual dispute cannot be resolved at this stage of the litigation.  *See Barrie v. Intervoice-Brite, Inc*., 397 F.3d 249, 257-58 (5th Cir. 2005) (holding that the PSLRA does not provide a license to resolve disputed facts at the pleading stage).  This is yet again an improper use of extrinsic evidence used to dispute the well-pled allegations in the Complaint, and should not be resolved without discovery.  *See Red Rock Analytics, LLC v. Apple Inc.,* No. 6:21-cv-00346-ADA, 2021 U.S. Dist. LEXIS 234689, at *16 (W.D. Tex. Dec. 8, 2021).

Defendants' attempted use of a transcript that contains different words reveals a fundamental reason why the Court should also decline to take judicial notice or incorporate by reference Defendants' versions of the transcripts.  *See* ECF Nos. 69, 74; *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 1003 (9th Cir. 2018).  Defendants "cannot introduce disputed facts through judicial notice at the dismissal stage in a motion to dismiss." *Miller v. Stroman*, No.

1

1-19-CV-00475-ADA, 2020 U.S. Dist. LEXIS 84955, at *8 (W.D. Tex. May 14, 2020).  In *Khoja*, the Ninth Circuit specifically observed that the risk of error and inaccuracy increases "[w]hen parties pile on volumes of exhibits to their motion to dismiss . . ." 899 F.3d at 1005.  Indeed, it is an abuse of discretion to judicially notice a transcript offered by a defendant when the authenticity is disputed or when there is a dispute regarding what the transcript establishes.  *See Khoja* 899 F.3d at 1000 (reversing dismissal where this very error was made by the district court); *see also Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011) (holding that it is improper to judicially notice the transcript of even a plea colloquy if there is a dispute about what it establishes).

Moreover, even if the Court were to accept Defendants' incorrect assertion that Grove said "timing" rather than "tiny," Defendant Grove's statement would still be misleading.  As Paragraph 90 in the Amended Complaint provides, an analyst asked:

> … ***Can you maybe just give us a little bit more color around the regulatory landscape? Is there a pathway to kind of build the months of permits there? Were there kind of any slowdown as a result of any transitions in government or kind of things getting better? What can you kind of tell us about the regulations?***

Grove responded:

> Sure. Sure, Leo. This Gary again, and I'll let Trem follow up, if there's – at a higher level, if needed. So just specifically back on permits again, the drilling permits have not been interrupted. There's the change of government has not done anything there. We're two months in advance of each of our rigs, which is typically where we like to be, if not more. And quite frankly, we're looking to even gaining some inventory there as well.

> So, on that side, again, there's no issue. ***The only tiny [Defendants contend the word was "timing"] issue we had specifically was in and around some of the stimulation permits that we need for the diatomite, as you correctly mentioned. We're working with the agencies there to understand the timeframe necessary, and that's truly what the question comes down to, so that we can plan accordingly. And I think we've mentioned before, once we understand that and feel comfortable with it, we'll be able to plan a little bit stronger in and around that particular development. Obviously, we like that area, and we'll continue to***

2

> *go down that path, and ultimately get it to where we feel like we can forecast it within the range of everything else that we have in our inventory.*

Amended Complaint ¶90.  (Emphasis added in Complaint). This statement would still be misleading for the same reasons explained in Paragraph 91 of the Amended Complaint.  Indeed, the permitting delays were not limited to a so-called "timing-issue" "in and around" Well Stimulation Treatment ("WST") Permits needed for fracking, but affected other permits as well. These delays severely limited the Company's ability to obtain Underground Injection Control ("UIC") Permits before this false statement was made, and Defendant Grove omitted to disclose pervasive permitting delays that are confirmed by numerous CWs, and which seriously curtailed the Company's ability to inject steam or dispose of water and thus harmed production rates.  *See* Amended Complaint ¶91.  The Complaint describes with particularity how the permitting delays, whether related to a "tiny" or "timing" issue, were not limited to the issue of WST Permits, but Defendants instead pervasively failed to secure timely permits that matched production, both for drilling and UIC permits.  The Complaint also details how numerous CWs confirm that the repeated failure to secure UIC Permits was pervasive throughout the Class Period and had negative, tangible consequences.  Amended Complaint ¶¶4, 108, 111.

For these reasons, Plaintiffs respectfully request that the Court consider this Sur-Reply to the newly raised argument in Defendants' Reply referenced above.

Dated: June 14, 2022                                        Respectfully submitted,

                                                           **POMERANTZ LLP**

                                                           */s/ Brian P. O'Connell*

                                                           Joshua B. Silverman

Omar Jafri
Brian P. O'Connell
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:  (312) 377-1181
Facsimile:   (312) 377-1184
Email:  jbsilverman@pomlaw.com
          ojafri@pomlaw.com
          boconnell@pomlaw.com

**THE ROSEN LAW FIRM, P.A.**

*/s/ Scott Kim*
Phillip Kim
Scott Kim
275 Madison Avenue, 40th Floor
New York, NY 10116
Phone:  (212) 686-1060
Fax:     (212) 202-3827
Email:  pkim@rosenlegal.com
          skim@rosenlegal.com

**Bronstein, Gewirtz & Grossman, LLC**

Eitan Kimelman
60 E 42nd Street, Suite 4600, New York,
New York 10165
Phone: 212-697-6484
Fax:     212-697-7296
Email: eitank@bgandg.com

*Lead Counsel for Plaintiffs*

**GRAVES LAW OFFICE**
Curtis C. Graves
12700 Park Central Drive
Suite 520
Dallas, Texas 75251
Telephone: (214) 321-6940
Facsimile: (866) 770-6949
curtis@cgraveslaw.com

**THE BRISCOE LAW FIRM, PLLC**
Willie C. Briscoe
Texas Bar No.: 24001788
12700 Park Central Drive, Suite 520

4

Dallas, Texas 75251
Telephone: 972-521-6868
Facsimile: 346-214-7463
wbriscoe@thebriscoelawfirm.com

*Liaison Counsel for Plaintiffs*

**LEVI & KORSINSKY, LLP**
Daniel Tepper (*pro hac vice forthcoming*)
55 Broadway, 10th Floor
New York, NY 10006
Tel.: (212) 363-7500
Fax: (212) 363-7171
dtepper@zlk.com

**BRAGAR EAGEL & SQUIRE, P.C.**
Marion C. Passmore
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 568-3599
Facsimile: (212) 214-0506
Email: passmore@bespc.com

*Additional Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that, on June 14, 2022, I served a copy of Plaintiffs' Sur-Reply In Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss the Amended Class Action Complaint to counsel of record for Defendants using the CM/ECF system, which will send email notification of this filing to all attorneys of record.

Executed on June 14, 2022 in Chicago, Illinois.

*/s/ Brian P. O'Connell*
Brian P. O'Connell

6