# United States District Court
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUIS TORRES, ALLIA DEANGELIS, and DARRICK INMAN<br><br>v.<br><br>BERRY CORPORATION, ARTHUR T. SMITH, CARY BAETZ, GARY A. GROVE, BRENT S. BUCKLEY, KAJ VAZALES, and EUGENE VOILAND | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:20-CV-3464-S |

## ORDER

Before the Court is Defendants' Motion to Dismiss the Amended Class Action Complaint ("Motion to Dismiss") [ECF No. 63]. The Court has reviewed the Amended Class Action Complaint ("Amended Complaint") [ECF No. 59], Motion to Dismiss, Memorandum in Support of Defendants' Motion to Dismiss the Amended Class Action Complaint [ECF No. 64] and accompanying exhibits [ECF Nos. 64-1 to 64-26], Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss the Amended Class Action Complaint [ECF No. 70], Reply Memorandum in Support of Defendants' Motion to Dismiss the Amended Class Action Complaint [ECF No. 75], and Plaintiffs' Sur-Reply in Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss the Amended Class Action Complaint [ECF No. 81].

To defeat a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). Because the Amended Complaint alleges securities fraud, Plaintiffs must also "state with particularity the circumstances constituting fraud," FED. R. CIV. P. 9(b), and must comply with the strictures imposed by the Private Securities Litigation Reform Act ("PSLRA"), *see* 15 U.S.C. § 78u-4(b).

"The PSLRA has raised the pleading bar even higher and enhances Rule 9(b)'s particularity requirement for pleading fraud in two ways." *Neiman v. Bulmahn*, 854 F.3d 741, 746 (5th Cir. 2017) (quoting *Local 731 I.B. of T. Excavators & Pavers Pension Tr. Fund v. Diodes, Inc.*, 810 F.3d 951, 956 (5th Cir. 2016)). "First, the plaintiff must specify each statement alleged to have been misleading." *Id.* (internal quotation marks and citation omitted); *see also* 15 U.S.C. § 78u-4(b)(1). "Second, for each act or omission alleged to be false or misleading, plaintiffs must state with particularity facts giving rise to a strong inference that the defendant acted with the requisite state of mind." *Neiman*, 854 F.3d at 746 (internal quotation marks and citation omitted); *see also* 15 U.S.C. § 78u-4(b)(2)(A).

Applying the PSLRA's heightened particularity requirement and the standards of *Twombly* and *Iqbal*, and accepting all well-pleaded facts as true and viewing them in the light most favorable to Plaintiffs, the Court finds that Plaintiffs have adequately specified at least some allegedly misleading statements or omissions. The Court further finds that though Plaintiffs have pleaded the requisite strong inference of scienter for surviving a motion to dismiss, the Court anticipates that it will revisit this issue at a later phase in the litigation after discovery takes place. Accordingly, dismissal is not warranted at this time and the Court **DENIES** Defendants' Motion to Dismiss the Amended Class Action Complaint [ECF No. 63].

**SO ORDERED.**

SIGNED September 13, 2022.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**