**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

-------------------------------------------------------------------------------------------------------------

LUIS TORRES, ALLIA DEANGELIS,
DARRICK INMAN, Individually and On
Behalf of All Others Similarly Situated,

          Plaintiffs,

     v.

BERRY CORPORATION, ARTHUR T.
SMITH, CARY BAETZ, GARY A. GROVE,
BRENT S. BUCKLEY, KAJ VAZALES, and
EUGENE J. VOILAND,

          Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

CASE NO.: 3:20-CV-3464-S

JUDGE KAREN G. SCHOLER

**ORAL ARGUMENT REQUESTED**

-------------------------------------------------------------------------------------------------------------

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION**
**FOR RECONSIDERATION AND/OR CLARIFICATION**

 

BAKER & HOSTETLER LLP
2850 North Harwood Street,
Suite 1100
Dallas, TX 75201
Phone: 214-210-1200
Fax: 214-210-1201

*Attorneys for Defendants*

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ....................................................................................................................1

ARGUMENT ..........................................................................................................................2

     I.      The Court Should Reconsider Its September 13 Order Because the Amended Complaint Fails to Satisfy the Applicable Heightened Pleading Standards. ...........2

           A.     Congress Chose to Subject Securities Class Action Complaints to a More Rigorous Review in Order to Protect the Public Markets From Over-Reaching Plaintiffs. ............................................................................2

           B.     The Amended Complaint Fails to Meet These Heightened Pleading Standards with Respect to Any Challenged Statement..............................4

     II.     Alternatively, the Court Should Clarify Which, If Any, of the Challenged Statements Are Sufficiently Alleged to Have Been Materially False or Misleading and Made with Scienter. .......................................................................6

           A.     Discovery Can Only Proceed With Respect to those Challenged Statements and Defendants As to Which the Pleadings Are Sufficient.......7

           B.     Class Certification Requires Plaintiffs to Show a Price Impact from the Challenged Statements at Issue............................................................8

CONCLUSION......................................................................................................................10

120969.000001 4884-9206-4564.1

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Austin v. Kroger Texas, L.P.*,
  864 F.3d 326 (5th Cir. 2017) ..................................................................................2

*Cabral v. Brennan*,
  853 F.3d 763 (5th Cir. 2017) ..................................................................................2

*In re Clorox Co. Sec. Litig.*,
  238 F. Supp. 2d 1139 (N.D. Cal. 2002), *aff'd sub nom. Emps. Teamsters Loc.
  Nos. 175 & 505 Pension Tr. Fund v. Clorox Co.*, 353 F.3d 1125 (9th Cir.
  2004) ........................................................................................................................7

*Davis v. United States Marshals Serv.*,
  849 F. App'x 80 (5th Cir. 2021) ..............................................................................7

*Employees' Ret. Sys. v. Whole Foods Mkt., Inc.*,
  905 F.3d 892 (5th Cir. 2018) ..................................................................................4

*Goldman Sachs Grp., Inc. v. Arkansas Tchr. Ret. Sys.*,
141 S. Ct. 1951 (2021)...............................................................................................9

*Halliburton Co. v. Erica P. John Fund, Inc.*,
  573 U.S. 258 (2014)..............................................................................................8, 9

*Hernandez v. Duncanville Sch. Dist.*,
  No. 04-cv-2028, 2006 WL 1140665 (N.D. Tex. Apr. 27, 2006) .............................7

*Ind. Elec. Workers' Pension Tr. Fund IBEW v. Shaw Grp., Inc.*,
  537 F.3d 527 (5th Cir. 2008) ............................................................................ 2-3

*Jacobowitz v. Range Res. Corp.*,
  No. 21-cv-0751, 2022 WL 976003 (N.D. Tex. Mar. 31, 2022)...............................4

*In re Lloyd's Reg. N. Am., Inc.*,
  780 F.3d 283 (5th Cir. 2015) ..................................................................................4

*Lormand v. US Unwired, Inc.*,
  565 F.3d 228 (5th Cir. 2009) ..................................................................................4

*Melder v. Morris*,
  27 F.3d 1097 (5th Cir. 1994) ..................................................................................1

120969.000001 4884-9206-4564.1

*Mun. Emps.' Ret. Sys. of Mich. v. Pier 1 Imports, Inc.*,
   935 F.3d 424 (5th Cir. 2019) ...................................................................................3

*Omnicare, Inc. v. Laborers Dist. Council Const. Industry Pension Fund*,
   575 U.S. 175 (2015)...............................................................................................4

*Roland v. Green*,
   675 F.3d 503 (5th Cir. 2012), *aff'd sub nom. Chadbourne & Parke LLP v.
   Troice*, 571 U.S. 377 (2014) ..................................................................................3

*Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*,
   365 F.3d 353 (5th Cir. 2004) ...............................................................................4, 6

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
   551 U.S. 308 (2007)................................................................................................3

*Williams-Boldware v. Denton Cnty., Tex.*,
   741 F.3d 635 (5th Cir. 2014) ..................................................................................7

**Statutes**

15 U.S.C. § 78u-4(b)..................................................................................................3

**Other Authorities**

Fed. R. Civ. P. 9(b) .................................................................................................1, 2

Fed. R. Civ. P. 23......................................................................................................8

Fed. R. Civ. P. 26......................................................................................................7

Fed. R. Civ. P. 54(b) ...............................................................................................1, 2

**INTRODUCTION**

On September 13, 2022, the Court issued a brief Order (Dkt. #83; the "September 13 Order") denying the Defendants' Motion to Dismiss the Amended Class Action Complaint (Dkt. #63; the "Motion to Dismiss"), finding that Plaintiffs "have adequately specified at least some allegedly misleading statements or omissions" and "have pleaded the requisite strong inference of scienter for surviving a motion to dismiss." September 13 Order, at 2.

As detailed below, the Private Securities Litigation Reform Act of 1995 (the "Reform Act") requires courts to carefully evaluate *individually* each challenged statement alleged to have violated the Securities Exchange Act of 1934 (the "'34 Act"), and to dismiss any statements as to which Plaintiffs have not sufficiently alleged both (1) particularized facts showing why the statement was false or misleading at the time, and (2) a strong inference that the statement was made with intent to defraud investors.[1] These stringent requirements serve at least two related and important purposes: (i) to protect public companies (and their shareholders) from the costs of frivolous and vexatious litigation by weeding out meritless lawsuits early, and (ii) to ensure that when securities claims are allowed to move beyond the motion to dismiss, the scope of the case (and discovery) has been narrowed to only those challenged statements the court has specifically found meet the heightened pleading standards.

Pursuant to Federal Rule of Civil Procedure 54(b), Defendants respectfully submit that the Court should reconsider its September 13 Order in light of this Congressional mandate. On its face, the Amended Complaint ("AC") fails to plead particularized facts sufficient to show that any

---

[1] Where, as here, claims under the Securities Act of 1933 (the "'33 Act") sound in fraud, they too are subject to the heightened pleading standards of Rule 9(b), which requires plaintiffs to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). *See, e.g., Melder v. Morris*, 27 F.3d 1097, 1100 n.6 (5th Cir. 1994) (applying Rule 9(b) to '33 Act claims "grounded in fraud").

challenged statement was false or misleading when made, or, with respect to '34 Act statements, that it was made with the requisite scienter—these deficiencies warrant reconsideration and require dismissal. But at a minimum, Defendants would respectfully ask the Court to conduct the statement-by-statement analysis the securities statutes require, and clarify which of the many statements challenged in the AC are adequately alleged to have been materially false or misleading.

## ARGUMENT

### I. The Court Should Reconsider Its September 13 Order Because the Amended Complaint Fails to Satisfy the Applicable Heightened Pleading Standards.

Under Federal Rule of Civil Procedure 54(b), parties may "seek reconsideration of interlocutory orders and . . . the district court [may] 'revise[ ] at any time' 'any order or other decision ... [that] does not end the action.'" *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting Fed. R. Civ. P. 54(b)). In so doing, "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Cabral v. Brennan*, 853 F.3d 763, 766 n.3 (5th Cir. 2017).

Here, reconsideration of the September 13 Order is warranted in order to conduct the statement-by-statement analysis required by the federal securities laws when deciding motions to dismiss securities class actions, and because any such analysis compels the conclusion that Plaintiffs have not met the Reform Act and Rule 9(b)'s stringent pleading requirements for any of the challenged statements.

### A. Congress Chose to Subject Securities Class Action Complaints to a More Rigorous Review in Order to Protect the Public Markets From Over-Reaching Plaintiffs.

The Reform Act "set high standards for pursuing federal securities fraud suits in order to check 'frivolous, lawyer-driven litigation, while preserving investors' ability to recover on meritorious claims.'" *Ind. Elec. Workers' Pension Tr. Fund IBEW v. Shaw Grp., Inc.*, 537 F.3d 527, 532 (5th Cir.

2008) (quoting *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 309 (2007)). As the Fifth

Circuit has explained:

> [The Reform Act's] provisions limit recoverable damages and attorney's fees, provide a 'safe harbor' for forward-looking statements, impose new restrictions on the selection of (and compensation awarded to) lead plaintiffs, mandate imposition of sanctions for frivolous litigation, and authorize a stay of discovery pending resolution of any motion to dismiss. These reforms were enacted to combat the 'rampant' 'nuisance filings, targeting of deep-pocket defendants, vexatious discovery requests,' and manipulation of clients by class counsel in securities litigation. ***Perhaps the most consequential reform, however, was that the [Reform Act] 'impose[d] heightened pleading requirements in actions brought pursuant to § 10(b) [of the '34 Act] and Rule 10b–5.'***

*Roland v. Green*, 675 F.3d 503, 507 (5th Cir. 2012) (emphasis added), *aff'd sub nom. Chadbourne*

*& Parke LLP v. Troice*, 571 U.S. 377 (2014). Specifically, the Reform Act requires plaintiffs to

"specify *each statement* alleged to have been misleading, the reason or reasons why the statement

is misleading, and, if an allegation regarding the statement or omission is made on information and

belief . . . state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-

4(b)(1)(B) (emphasis added). It also requires that plaintiffs, "with respect to *each act or omission . .*

*.* state with particularity facts giving rise to a strong inference" of scienter—that a particular defendant

made a specific allegedly false or misleading statement intentionally or with severe recklessness. *Id.* §

78u-4(b)(2)(A) (emphasis added); *Mun. Emps.' Ret. Sys. of Mich. v. Pier 1 Imports, Inc.*, 935 F.3d 424,

429-30 (5th Cir. 2019). And the Reform Act specifically directs that "**the court *shall***, on the motion

of any defendant, **dismiss** the complaint if [these heightened pleading standards] are not met." 15

U.S.C. § 78u-4(b)(3)(A) (emphasis added).

Thus, in order to comply with this mandate, a court deciding a motion to dismiss a securities

class action complaint must engage in a rigorous, statement-by-statement analysis to determine

whether the plaintiff has adequately alleged particularized facts sufficient to show that each individual

challenged statement was false or misleading when made and (with respect to '34 Act claims) was made with the requisite scienter. *See, e.g., Employees' Ret. Sys. v. Whole Foods Mkt., Inc.*, 905 F.3d 892 (5th Cir. 2018) (analyzing each statement separately and affirming dismissal); *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353 (5th Cir. 2004) (analyzing each statement separately with respect to each defendant, and affirming dismissal of all but a couple statements); *cf. Lormand v. US Unwired, Inc.*, 565 F.3d 228, 245 (5th Cir. 2009) ("Each statement that benefits from the [Reform Act's] safe harbor must be addressed individually."); *In re Lloyd's Reg. N. Am., Inc.*, 780 F.3d 283, 290-91 (5th Cir. 2015) (granting petition for writ of mandamus because "[d]enying dismissal [for *forum non conveniens*] without explanation and without any visible weighing of the [relevant] factors . . . takes the decision entirely outside the scope of judicial discretion, giving the parties and reviewing courts no way of understanding how the court reached its conclusion and providing no assurance that it was the result of conscientious legal analysis.").

## B. The Amended Complaint Fails to Meet These Heightened Pleading Standards with Respect to Any Challenged Statement.

When properly subjected to this rigorous analysis, the Amended Complaint simply does not pass muster. As detailed at length in the Defendants' Motion to Dismiss, Plaintiffs have not sufficiently alleged either (1) particularized facts indicating that each challenged statement was false or misleading when it was made, or (2), with respect to their '34 Act claims, a strong inference that any particular defendant made each statement with the requisite scienter.

*__Falsity.__*  In order to plead that a specific statement was false or misleading, a plaintiff must allege particularized facts demonstrating either that the statement was untrue at the time or that it was misleading when viewed in its full context. *See, e.g., Jacobowitz v. Range Res. Corp.*, No. 21-cv-0751, 2022 WL 976003, at *4 (N.D. Tex. Mar. 31, 2022); *see also Omnicare, Inc. v. Laborers Dist. Council Const. Industry Pension Fund*, 575 U.S. 175, 194 (2015). Here, Plaintiffs challenge

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION                                          Page 4
FOR RECONSIDERATION AND/OR CLARIFICATION
120969.000001 4884-9206-4564.1

numerous statements Defendants made during the alleged class period explaining the Company's then-current operational and financial positions, discussing its successes and challenges navigating various permitting processes, and sharing their hopes and expectations for the Company moving forward, as well as warning investors about the many uncertainties inherent in Berry's business, including from operating in a highly regulated industry. In each case, Plaintiffs assert that the statement was false or misleading for essentially the same reason—because Confidential Witnesses ("CW") claim Berry had "problems with securing timely permits" and that these "negatively impacted the Company's production levels and targets." AC ¶ 41. But, as detailed in the Motion to Dismiss, this generalized assertion (and the CW allegations to similar effect) cannot do the hard work of showing that a *particular* statement was false or misleading at a particular time. None of the challenged statements represented that Berry's permitting process was perfect or that Berry experienced no challenges obtaining permits; rather, each spoke to different details of Berry's business at a particular moment in time, including acknowledging, on several occasions, challenges and imperfections in Berry's permitting process. *See* Memorandum in Support of Defendants' Motion to Dismiss (Dkt. #64; "D. Br.") at 16-20. Even crediting the CWs' allegations, they show only that, consistent with Berry's disclosures, Defendants were actively managing permitting issues and internally discussing desired improvements. No factual pleadings suggest the Defendants knew or believed any undisclosed permitting issues were likely to prevent Berry from meeting its targets (as it had done successfully since the IPO), or that any permitting issues *did* in fact prevent Berry from achieving its targets. As explained at length in the Motion to Dismiss, the CW allegations on which Plaintiffs so heavily rely simply cannot demonstrate with the requisite particularity how any *specific* challenged statement was false or misleading when properly analyzed in context. *Id.* at 13-20.

**<u>Scienter.</u>** The same is true with respect to scienter: under the statement-by-statement, defendant-by-defendant analysis mandated by the Reform Act, the AC does not plead a strong

inference of scienter as to any of the challenged statements. *See INSpire*, 365 F.3d at 383. Not a single Defendant is alleged to have had any motive; to the contrary, as net acquirers of Berry shares during the alleged class period, each had a significant financial disincentive against committing the purported fraud. Moreover, the AC reflects that the Defendants repeatedly discussed Berry's permitting issues and associated risks with investors—an approach completely at odds with the posited fraud. *See* D. Br. 20-22. Against these indications of good faith, Plaintiffs offer only vague CW allegations to the effect that one or more of the Defendants knew about "pervasive permitting problems at Berry." AC ¶ 108. As detailed in the Motion to Dismiss, none of these allegations comes close to raising a strong inference that any particular Defendant made any specific challenged statement with the intent to defraud investors. D. Br. at 22-23.

A careful statement-by-statement analysis of the Amended Complaint clearly demonstrates the insufficiency of Plaintiffs' pleadings for both falsity and scienter. Defendants respectfully request that the Court reconsider its September 13 Order accordingly.

## II.    Alternatively, the Court Should Clarify Which, If Any, of the Challenged Statements Are Sufficiently Alleged to Have Been Materially False or Misleading and Made with Scienter.

At a minimum, Defendants respectfully ask the Court to conduct the statement-by-statement analysis mandated by the securities statutes, and clarify which, if any, of the statements challenged in the Amended Complaint have met the heightened pleading requirements for falsity and scienter. This is crucial to efficient litigation of the case moving forward for at least two reasons: (1) it defines the proper scope of discovery, and (2) it has important implications for class certification.

### A. Discovery Can Only Proceed With Respect to those Challenged Statements and Defendants As to Which the Pleadings Are Sufficient.

Discovery under Federal Rule of Civil Procedure 26 is generally limited to matters relevant to the portions of claims or defenses that have survived a motion to dismiss. *See* Fed. R. Civ. P. 26(b)(1); *Williams-Boldware v. Denton Cnty., Tex.*, 741 F.3d 635, 644 (5th Cir. 2014) (affirming district court's denial of discovery on dismissed claims); *Davis v. United States Marshals Serv.*, 849 F. App'x 80, 86-87 (5th Cir. 2021) (affirming district court's denial of discovery from defendants dismissed from case); *Hernandez v. Duncanville Sch. Dist.*, No. 04-cv-2028, 2006 WL 1140665, at *21 (N.D. Tex. Apr. 27, 2006) (motion to compel denied as "improperly seeking discovery related to claims that had already been dismissed"). This limitation is particularly important in the securities class action context, where Congress enacted the Reform Act specifically to curb abusive discovery:

> Congress concluded that Plaintiffs were using the threat of extensive discovery to force settlements on meritless claims, and sought to create a higher pleading bar in order to protect companies from the threat of pointless, expensive discovery. This purpose would be entirely thwarted if a plaintiff could obtain discovery on a litany of meritless assertions simply by attaching them to one narrow colorable allegation.

*In re Clorox Co. Sec. Litig.*, 238 F. Supp. 2d 1139, 1143 (N.D. Cal. 2002) ("This Court did not dismiss any portion of Plaintiffs' TAC. Nevertheless, it unequivocally held that only two allegations provided any basis for a colorable claim. Plaintiffs earned the right to proceed with discovery on those statements, but did not earn the right to proceed on all the other twice-dismissed allegations contained in the TAC."), *aff'd sub nom. Emps. Teamsters Loc. Nos. 175 & 505 Pension Tr. Fund v. Clorox Co.*, 353 F.3d 1125 (9th Cir. 2004). By prescribing a heightened pleading standard and automatically staying discovery until the motion to dismiss process has been resolved, Congress sought to limit discovery to only those allegations and claims a court has analyzed and deemed sufficiently strong to proceed.

Accordingly, it is critically important for the Parties in this action to understand precisely which, if any, of the statements challenged in the AC have met the heightened pleading standards governing securities class actions—and which did not—before the Parties can commence discovery. Only matters pertaining to statements sufficiently alleged to have been false or misleading (and made with the requisite intent) are proper subjects of discovery requests; likewise, only the mindsets of Defendants who are sufficiently alleged to have made at least one false or misleading statement with scienter are relevant to Plaintiffs' claims moving forward. As but one example, if the Court were to conclude that the pre-July 26, 2018 factual allegations are insufficient to show that the Registration Statement for the initial public offering was false or misleading or omitted anything in violation of Item 303 or 105, not only would this require dismissal of all '33 Act claims (and shorten the '34 Act class period), it would also significantly reduce or eliminate the need for discovery regarding the pre-IPO time period. Each sufficiently pleaded statement affects which documents, topics, and time periods are relevant for discovery (and increases the associated costs), just as each insufficiently pleaded statement potentially reduces the proper scope of that inquiry. The Parties cannot commence discovery until they understand which statements remain at issue.

### B. Class Certification Requires Plaintiffs to Show a Price Impact from the Challenged Statements at Issue.

Knowing specifically which challenged statements have survived the motion to dismiss is equally essential to class certification analysis.

"[P]laintiffs wishing to proceed through a class action must actually *prove*—not simply plead—that their proposed class satisfies each requirement of Rule 23[.]" *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 275 (2014) ("*Halliburton II*"). In securities class actions, "the crucial requirement for class certification will usually be the predominance requirement under

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION                    Page 8
FOR RECONSIDERATION AND/OR CLARIFICATION
120969.000001 4884-9206-4564.1

Rule 23(b)(3)," particularly as it relates to Section 10(b)'s reliance element. *Id.* at 276. A plaintiff may show reliance directly or, in certain circumstances, through a rebuttable presumption based on the "fraud-on-the-market" theory, which holds that "the market price of shares traded on well-developed markets reflects all publicly available information, and, hence, any material misrepresentations." *Id.* at 268. If a plaintiff can prove that the stock traded in an efficient market, then courts typically recognize a rebuttable presumption that investors relied on any material misrepresentations that impacted the price of that stock—a presumption that applies class-wide and supports a finding of predominance. *Goldman Sachs Grp., Inc. v. Arkansas Tchr. Ret. Sys.*, 141 S. Ct. 1951, 1958 (2021).

However, defendants may rebut this presumption at class certification through "[a]ny showing that severs the link between the alleged misrepresentation and either the price received (or paid) by the plaintiff, or his decision to trade at a fair market price[.]" *Halliburton II*, 573 U.S. at 269. Among other things, if the defendant can show that there was no "price impact" from a particular statement—that is, "that the misrepresentation *in fact* did not lead to a distortion of price"—then the presumption will be overcome, the plaintiff will not be able to show predominance, and the case will not be able to proceed as a class action. *Goldman*, 141 S. Ct. at 1962.

Thus, analyzing the price impact of *each specific challenged statement* that this Court finds to have met the stringent pleading requirements—and *only* those statements—will be critical to determining whether Plaintiffs can prove predominance and satisfy the requirements for class certification. The parties cannot usefully prepare to argue this point without understanding exactly which statements are at issue.

**CONCLUSION**

Defendants respectfully submit that it is incumbent on any court deciding a motion to dismiss a securities class action complaint to provide sufficient guidance to the parties such that they can evaluate the strength of any remaining claims, conduct discovery efficiently, and develop relevant and effective arguments for future proceedings in the action. Defendants politely ask that the Court reconsider its September 13 Order and provide that guidance here.


DATED:   September 20, 2022                    Respectfully submitted,

                                               **BAKER & HOSTETLER LLP**

                                               _/s/ Tamara D. Baggett_
                                               Tamara D. Baggett
                                               2850 North Harwood Street, Suite 1100
                                               Dallas, TX 75201
                                               Phone: 214-210-1200
                                               Fax: 214-210-1201
                                               tbaggett@bakerlaw.com

                                               Douglas W. Greene (_Pro Hac Vice_)
                                               45 Rockefeller Plaza
                                               New York, NY 10111-0100
                                               Phone: 212-589-4200
                                               Fax: 212-589-4201
                                               dgreene@bakerlaw.com

                                               Genevieve G. York-Erwin (_Pro Hac Vice_)
                                               999 Third Avenue, Suite 3900
                                               Seattle, WA 98 104-4040
                                               gyorkerwin@bakerlaw.com
                                               Phone: 206-332-7079
                                               Fax: 206-624-73 17

                                               _Attorneys for Defendants_

## **CERTIFICATE OF SERVICE**

I certify that this motion was electronically filed with the Clerk of the Court using the

CM/ECF system, which will send email notification of this filing to all attorneys of record.


*/s/ Tamara D. Baggett*
Tamara D. Baggett