# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

---------------------------------------------------------------------------------------------------------------------

LUIS TORRES, ALLIA DEANGELIS,
DARRICK INMAN, Individually and On
Behalf of All Others Similarly Situated,

   Plaintiffs,

  v.

BERRY CORPORATION, ARTHUR T.
SMITH, CARY BAETZ, GARY A. GROVE,
BRENT S. BUCKLEY, KAJ VAZALES, and
EUGENE J. VOILAND,

   Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

CASE NO.: 3:20-CV-3464-S

JUDGE KAREN G. SCHOLER

---------------------------------------------------------------------------------------------------------------------

## DEFENDANTS BERRY CORPORATION, ARTHUR T. SMITH, CARY BAETZ, GARY A. GROVE, BRENT S. BUCKLEY, KAJ VAZALES, AND EUGENE J. VOILAND'S <u>ANSWER TO THE AMENDED CLASS ACTION COMPLAINT</u>

Defendants Berry Corporation ("Berry"), Arthur T. Smith ("Smith"), Cary Baetz ("Baetz"), Gary A. Grove ("Grove"), Brent S. Buckley ("Buckley"), Kaj Vazales ("Vazales"), and Eugene J. Voiland ("Voiland") (collectively the "Defendants"), by and through their undersigned counsel, hereby answer to the Amended Class Action Complaint ("Complaint"; Dkt. #59) filed by Lead Plaintiffs Luis Torres and Allia DeAngelis ("Lead Plaintiffs") and additional plaintiff Darrick Inman (collectively the "Plaintiffs").[1]

Numbered paragraphs below correspond to the like-numbered paragraphs in the Complaint. Except as specifically admitted, Defendants deny the allegations in the Complaint, including without limitation the headings, subheadings, and footnotes contained within the Complaint; specifically deny any liability to Plaintiffs and any members of the putative class that Plaintiffs purport to represent; and deny that any of the claims asserted against Defendants may properly be maintained as a class action.

Defendants further respond to the specific allegations in the Complaint as follows:

1.      Defendants admit that Paragraph 1 purports to describe Plaintiffs' claims. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 1.

2.      Defendants admit that the allegations in Paragraph 2 appear to characterize statements contained in publicly available documents, which speak for themselves.  Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 2.

---

[1] None of the responses or defenses contained herein shall be deemed a waiver of Defendants' rights, objections, or defenses in connection with their pending Motion for Reconsideration and/or Clarification (Dkt. #87, 88).

3.      Defendants admit that Berry conducted an initial public offering on July 26, 2018. To the extent the allegations in Paragraph 3 of the Complaint state legal conclusions, no response is required or appropriate. To the extent the allegations in Paragraph 3 rely on factual assertions made by Confidential Witnesses ("CWs"), Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 3.

4.      Defendants admit that Plaintiffs reference and selectively quote from a May 2019 Investor Day Conference transcript and Berry's 2019 Form 10-K, which speak for themselves. Defendants respectfully refer the Court to the May 2019 Investor Day Conference transcript and Berry's 2019 Form 10-K referenced in Paragraph 4 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 4. Further, to the extent the allegations in Paragraph 4 of the Complaint state legal conclusions, no response is required or appropriate. To the extent the allegations in Paragraph 4 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 4.

5.      Defendants admit that Plaintiffs reference and selectively quote from an April 2020 press release, which speaks for itself.  Defendants respectfully refer the Court to the April 2020 press release referenced in Paragraph 5 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 5. To the extent the allegations in Paragraph 5 of the Complaint state legal conclusions, no response is required or appropriate. To the extent the allegations in Paragraph 5 rely on factual assertions made by CWs, Defendants lack knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 5.

6.      To the extent the allegations in Paragraph 6 of the Complaint state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny such allegations contained in Paragraph 6. To the extent the allegations in Paragraph 6 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and, on that basis, deny them. To the extent any further response is required, Defendants deny the allegations in Paragraph 6.

7.      Defendants admit that Plaintiffs reference and selectively quote from an April 1, 2020 press release, which speaks for itself.  Defendants respectfully refer the Court to the April 1, 2020 press release referenced in Paragraph 7 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 7. Further, to the extent the allegations in Paragraph 7 of the Complaint state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny such allegations contained in Paragraph 7. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 7.

8.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and, on that basis, deny them.

9.      Defendants admit that Plaintiffs reference and selectively quote from an August 4, 2020 press release, which speaks for itself.  Defendants respectfully refer the Court to the August

4, 2020 press release referenced in Paragraph 9 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 9.

10.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and, on that basis, deny them.

11.     Defendants admit that Plaintiffs reference and selectively quote from a November 3, 2020 press release, which speaks for itself.  Defendants respectfully refer the Court to the November 3, 2020 press release referenced in Paragraph 11 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 11. To the extent the allegations in Paragraph 11 state other factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations in Paragraph 11, and, on that basis, deny them.

12.     Defendants deny the allegations in Paragraph 12 of the Complaint.

13.     Defendants admit that Paragraph 13 purports to describe Plaintiffs' claims. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 13.

14.     To the extent the allegations in Paragraph 14 of the Complaint state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 14, except admit that this Court has jurisdiction over claims properly asserted under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Sections 11 and 15 of the Securities Act of 1933 ("Securities Act") pursuant to 28 U.S.C. § 1331, Section 27 of the Exchange Act (15 U.S.C. § 78aa), and Section 22 of the Securities Act (15 U.S.C. § 77v).

15.     To the extent the allegations in Paragraph 15 of the Complaint state legal conclusions, no response is required or appropriate. To the extent that a response is required,

DEFENDANTS BERRY CORPORATION, ARTHUR T. SMITH, CARY BAETZ, GARY                    PAGE 5
A. GROVE, BRENT S. BUCKLEY, KAJ VAZALES, AND EUGENE J. VOILAND'S
ANSWER TO THE AMENDED CLASS ACTION COMPLAINT

Defendants deny the allegations contained in Paragraph 15, except admit that venue in this District is proper and that Berry's principal place of business is located in Dallas, Texas.

16.    To the extent the allegations in Paragraph 16 of the Complaint state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 16.

17.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and, on that basis, deny them.

18.    Defendants admit to the description of Defendant Berry contained in Paragraph 18 of the Complaint.

19.    Defendants admit that Defendant Smith signed the Registration Statement for Berry's initial public offering ("IPO"), but deny that the Registration Statement was misleading; Defendants also admit that other allegations in Paragraph 19 appear to characterize statements contained in publicly available documents, which speak for themselves. To the extent the allegations in Paragraph 19 of the Complaint state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny such allegations contained in Paragraph 19. Except as expressly admitted, Defendants deny the allegations in Paragraph 19.

20.    Defendants admit that Defendant Smith signed the Registration Statement for Berry's IPO as "attorney-in-fact" for Defendant Baetz, but deny that the Registration Statement was misleading; Defendants also admit that other allegations in Paragraph 20 appear to characterize statements contained in publicly available documents, which speak for themselves. To the extent the allegations in Paragraph 20 of the Complaint state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny such

allegations contained in Paragraph 20. Except as expressly admitted, Defendants deny the allegations in Paragraph 20.

21.    Defendants admit that allegations in Paragraph 21 appear to characterize statements contained in publicly available documents, which speak for themselves. To the extent the allegations in Paragraph 21 of the Complaint state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny such allegations contained in Paragraph 21. Except as expressly admitted, Defendants deny the allegations in Paragraph 21.

22.    Defendants admit that Defendant Smith signed the Registration Statement for Berry's IPO as "attorney-in-fact" for Defendant Buckley, but deny that the Registration Statement was misleading; Defendants also admit that other allegations in Paragraph 22 appear to characterize statements contained in publicly available documents, which speak for themselves. To the extent the allegations in Paragraph 22 of the Complaint state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny such allegations contained in Paragraph 22. Except as expressly admitted, Defendants deny the allegations in Paragraph 22.

23.    Defendants admit that Defendant Smith signed the Registration Statement for Berry's IPO as "attorney-in-fact" for Defendant Voiland, but deny that the Registration Statement was misleading; Defendants also admit that other allegations in Paragraph 23 appear to characterize statements contained in publicly available documents, which speak for themselves. To the extent the allegations in Paragraph 23 of the Complaint state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny such allegations contained in Paragraph 23. Except as expressly admitted, Defendants deny the allegations in Paragraph 23.

24.     Defendants admit that Defendant Smith signed the Registration Statement for Berry's IPO as "attorney-in-fact" for Defendant Vazales, but deny that the Registration Statement was misleading; Defendants also admit that other allegations in Paragraph 24 appear to characterize statements contained in publicly available documents, which speak for themselves. To the extent the allegations in Paragraph 24 of the Complaint state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny such allegations contained in Paragraph 24. Except as expressly admitted, Defendants deny the allegations in Paragraph 24.

25.     Defendants admit that Plaintiffs purport to refer to Defendants Smith, Baetz, Grove, Buckley, Voiland, and Vazales collectively as the "Individual Defendants" in the Complaint.

26.     To the extent the allegations in Paragraph 26 of the Complaint state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 26.

27.     Defendants admit that the allegations in Paragraph 27 appear to characterize statements contained in publicly available documents, which speak for themselves.  Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 27.

28.     Defendants admit that the allegations in Paragraph 28 appear to characterize statements contained in publicly available documents, which speak for themselves.  Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 28.

29.     Defendants admit that the allegations in Paragraph 29 appear to characterize statements contained in publicly available documents, which speak for themselves.  Except to the

extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 29.

30.    Defendants admit that Plaintiffs reference and selectively quote from Berry's 2018 Form 10-K, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 30. Defendants respectfully refer the Court to the 2018 Form 10-K referenced in Paragraph 30 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 30.

31.    Defendants admit that Plaintiffs reference and selectively quote from Berry's 2019 Form 10-K and 2020 Form 10-K, which speak for themselves. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 31. Defendants respectfully refer the Court to the 2019 Form 10-K and 2020 Form 10-K referenced in Paragraph 31 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 31.

32.    Defendants admit that the allegations in Paragraph 32 appear to characterize statements contained in publicly available documents, which speak for themselves.  Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 32.

33.    Defendants admit that the allegations in Paragraph 33 appear to characterize statements contained in publicly available documents, which speak for themselves.  Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 33.

34.    Defendants admit that the allegations in Paragraph 34 appear to characterize statements contained in publicly available documents, which speak for themselves.  Except to the

extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 34.

35.    Defendants admit that the allegations in Paragraph 35 appear to characterize statements contained in publicly available documents, which speak for themselves.  Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 35.

36.    Defendants admit that Plaintiffs reference and selectively quote from a May 16, 2019 Investor Day Conference transcript, which speaks for itself. Defendants respectfully refer the Court to the May 16, 2019 Investor Day Conference transcript referenced in Paragraph 36 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 36. Except to the extent expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and, on that basis, deny them.

37.    Defendants admit that Plaintiffs reference and selectively quote from a May 16, 2019 Investor Day Conference transcript, which speaks for itself. Defendants respectfully refer the Court to the May 16, 2019 Investor Day Conference transcript referenced in Paragraph 37 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 37. To the extent the allegations in Paragraph 37 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations in Paragraph 37, and, on that basis, deny them. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 37.

38.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and, on that basis, deny them.

39.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and, on that basis, deny them.

40.     Defendants admit that the allegations in Paragraph 40 appear to characterize statements contained in publicly available documents, which speak for themselves.  Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 40.

41.     To the extent the allegations in Paragraph 41 rely on factual assertions made by CWs and third parties, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 41 of the Complaint.

42.     To the extent the allegations in Paragraph 42 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 42 of the Complaint.

43.     Defendants admit that Plaintiffs reference and selectively quote from an April 1, 2020 press release, which speaks for itself.  Defendants respectfully refer the Court to the April 1, 2020 press release referenced in Paragraph 43 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 43. To the extent the allegations in Paragraph 43 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43, and, on that basis, deny them. Except to the extent expressly admitted or otherwise stated herein, Defendants deny the allegations in Paragraph 43.

DEFENDANTS BERRY CORPORATION, ARTHUR T. SMITH, CARY BAETZ, GARY A. GROVE, BRENT S. BUCKLEY, KAJ VAZALES, AND EUGENE J. VOILAND'S ANSWER TO THE AMENDED CLASS ACTION COMPLAINT

PAGE 11

44.    To the extent the allegations in Paragraph 44 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 44 of the Complaint.

45.    To the extent the allegations in Paragraph 45 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 45 of the Complaint.

46.    To the extent the allegations in Paragraph 46 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 46 of the Complaint.

47.    To the extent the allegations in Paragraph 47 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 47 of the Complaint.

48.    To the extent the allegations in Paragraph 48 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 48 of the Complaint.

49.    To the extent the allegations in Paragraph 49 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 49, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 49 of the Complaint.

50. To the extent the allegations in Paragraph 50 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 50 of the Complaint.

51. To the extent the allegations in Paragraph 51 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 51 of the Complaint.

52. To the extent the allegations in Paragraph 52 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 52 of the Complaint.

53. To the extent the allegations in Paragraph 53 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 53 of the Complaint.

54. To the extent the allegations in Paragraph 54 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 54 of the Complaint.

55.     To the extent the allegations in Paragraph 55 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 55 of the Complaint.

56.     To the extent the allegations in Paragraph 56 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 56 of the Complaint.

57.     To the extent the allegations in Paragraph 57 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 57 of the Complaint.

58.     To the extent the allegations in Paragraph 58 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 58 of the Complaint.

59.     To the extent the allegations in Paragraph 59 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 59 of the Complaint.

60.     To the extent the allegations in Paragraph 60 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 60, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 60 of the Complaint.

61.     To the extent the allegations in Paragraph 61 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 61 of the Complaint.

62.     To the extent the allegations in Paragraph 62 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 62 of the Complaint.

63.     To the extent the allegations in Paragraph 63 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 63 of the Complaint.

64.     To the extent the allegations in Paragraph 64 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 64 of the Complaint.

65.     To the extent the allegations in Paragraph 65 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 65 of the Complaint.

66.     To the extent the allegations in Paragraph 66 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 66 of the Complaint.

67.     To the extent the allegations in Paragraph 67 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 67 of the Complaint.

68.     To the extent the allegations in Paragraph 68 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 68 of the Complaint.

69.     To the extent the allegations in Paragraph 69 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 69 of the Complaint.

70.     To the extent the allegations in Paragraph 70 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 70 of the Complaint.

71.     Defendants admit that Plaintiffs reference and selectively quote from the Registration Statement for Berry's IPO, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 71. Defendants respectfully refer the Court

to the Registration Statement for Berry's IPO referenced in Paragraph 71 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 71.

72.     Defendants deny the allegations in Paragraph 72 of the Complaint.

73.     Defendants admit that Plaintiffs reference and selectively quote from the Registration Statement for Berry's IPO, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 73. Defendants respectfully refer the Court to the Registration Statement for Berry's IPO referenced in Paragraph 73 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 73.

74.     Defendants deny the allegations in Paragraph 74 of the Complaint.

75.     Defendants deny the allegations in Paragraph 75 of the Complaint.

76.     To the extent the allegations in Paragraph 76 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 76.

77.     To the extent the allegations in Paragraph 77 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 77.

78.     To the extent the allegations in Paragraph 78 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 78.

79.     To the extent the allegations in Paragraph 79 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 79.

80.     Defendants deny the allegations in Paragraph 80 of the Complaint.

81.     Defendants deny the allegations in Paragraph 81 of the Complaint.

82.     Defendants admit that Paragraph 82 purports to describe Plaintiffs' claims. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 82.

83.     To the extent the allegations in Paragraph 83 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 83.

84.     Defendants admit that Plaintiffs reference and selectively quote from an August 23, 2018 conference call transcript, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 84. Defendants respectfully refer the Court to the August 23, 2018 conference call transcript referenced in Paragraph 84 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 84.

85.     Defendants deny the allegations in Paragraph 85 of the Complaint.

86.     Defendants admit that Plaintiffs reference and selectively quote from a November 8, 2018 conference call transcript, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 86. Defendants respectfully refer the Court to the November 8, 2018 conference call transcript referenced in Paragraph 86 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 86.

87.     Defendants deny the allegations in Paragraph 87 of the Complaint.

88.     Defendants admit that Plaintiffs reference and selectively quote from a November 8, 2018 conference call transcript, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 88. Defendants respectfully refer the Court to the November 8, 2018 conference call transcript referenced in Paragraph 88 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 88.

89.    Defendants deny the allegations in Paragraph 89 of the Complaint.

90.    Defendants admit that Plaintiffs reference and selectively quote from a March 7, 2019 conference call transcript, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 90. Defendants respectfully refer the Court to the March 7, 2019 conference call transcript referenced in Paragraph 90 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 90.

91.    Defendants deny the allegations in Paragraph 91 of the Complaint.

92.    Defendants admit that Plaintiffs reference and selectively quote from a May 16, 2019 Investor Day Conference transcript, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 92. Defendants respectfully refer the Court to the May 16, 2019 Investor Day Conference transcript referenced in Paragraph 92 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 92.

93.    Defendants deny the allegations in Paragraph 93 of the Complaint.

94.    Defendants admit that Plaintiffs reference and selectively quote from a May 16, 2019 Investor Day Conference transcript, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 94. Defendants respectfully refer the Court to the May 16, 2019 Investor Day Conference transcript referenced in Paragraph 94 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 94.

95.    Defendants deny the allegations in Paragraph 95 of the Complaint.

96.    Defendants admit that Plaintiffs reference and selectively quote from a November 7, 2019 conference call transcript, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 96. Defendants respectfully refer the Court to the

November 7, 2019 conference call transcript referenced in Paragraph 96 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 96.

97.    Defendants deny the allegations in Paragraph 97 of the Complaint.

98.    Defendants admit that Plaintiffs reference and selectively quote from a February 27, 2020 conference call transcript, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 98. Defendants respectfully refer the Court to the February 27, 2020 conference call transcript referenced in Paragraph 98 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 98.

99.    Defendants deny the allegations in Paragraph 99 of the Complaint.

100.    Defendants admit that Plaintiffs reference and selectively quote from a May 2020 conference call transcript, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 100. Defendants respectfully refer the Court to the May 8, 2020 conference call transcript referenced in Paragraph 100 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 100.

101.    Defendants deny the allegations in Paragraph 101 of the Complaint.

102.    Defendants admit that Plaintiffs reference and selectively quote from a May 2020 conference call transcript, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 102. Defendants respectfully refer the Court to the May 8, 2020 conference call transcript referenced in Paragraph 102 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 102.

103.    Defendants deny the allegations in Paragraph 103 of the Complaint.

104.    Defendants admit that Plaintiffs reference and selectively quote from an August 5, 2020 conference call transcript, which speaks for itself. Except to the extent expressly admitted,

Defendants deny the allegations in Paragraph 104. Defendants respectfully refer the Court to the August 5, 2020 conference call transcript referenced in Paragraph 104 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 104.

105. Defendants deny the allegations in Paragraph 105 of the Complaint.

106. Defendants admit that Plaintiffs reference and selectively quote from an August 5, 2020 conference call transcript, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 106. Defendants respectfully refer the Court to the August 5, 2020 conference call transcript referenced in Paragraph 106 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 106.

107. Defendants deny the allegations in Paragraph 107 of the Complaint.

108. To the extent the allegations in Paragraph 108 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 108 of the Complaint.

109. To the extent the allegations in Paragraph 109 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 109 of the Complaint.

110. To the extent the allegations in Paragraph 110 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 110 of the Complaint.

DEFENDANTS BERRY CORPORATION, ARTHUR T. SMITH, CARY BAETZ, GARY A. GROVE, BRENT S. BUCKLEY, KAJ VAZALES, AND EUGENE J. VOILAND'S ANSWER TO THE AMENDED CLASS ACTION COMPLAINT

PAGE 21

111. To the extent the allegations in Paragraph 111 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 111 of the Complaint.

112. To the extent the allegations in Paragraph 112 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 112 of the Complaint.

113. To the extent the allegations in Paragraph 113 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 113 of the Complaint.

114. To the extent the allegations in Paragraph 114 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 114 of the Complaint.

115. To the extent the allegations in Paragraph 115 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 115 of the Complaint.

116. To the extent the allegations in Paragraph 116 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 116, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 116 of the Complaint.

117.    To the extent the allegations in Paragraph 117 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 117 of the Complaint.

118.    To the extent the allegations in Paragraph 118 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 118 of the Complaint.

119.    To the extent the allegations in Paragraph 119 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 119 of the Complaint.

120.    To the extent the allegations in Paragraph 120 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120, and, on that basis, deny them. Except as otherwise stated herein, Defendants deny the allegations in Paragraph 120 of the Complaint.

121.    Defendants admit that Plaintiffs reference and selectively quote from Berry's 2020 Form 10-K, filed with the SEC on February 24, 2021, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 121. Defendants respectfully refer the Court to the 2020 Form 10-K referenced in Paragraph 121 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 121.

122.    Defendants admit that Plaintiffs reference and selectively quote from Berry's 2020 Form 10-K, filed with the SEC on February 24, 2021, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 122. Defendants respectfully refer the Court to the 2020 Form 10-K referenced in Paragraph 122 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 122.

123.    Defendants admit that Plaintiffs reference and selectively quote from Berry's 2020 Form 10-K, filed with the SEC on February 24, 2021, which speaks for itself. Defendants respectfully refer the Court to the 2020 Form 10-K referenced in Paragraph 123 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 123. Further, to the extent the allegations in Paragraph 123 rely on factual assertions made by CWs, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123, and, on that basis, deny them. Except to the extent expressly admitted or otherwise stated herein, Defendants deny the allegations in Paragraph 123.

124.    Defendants admit that Plaintiffs reference and selectively quote from an April 1, 2020 press release, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 124. Defendants respectfully refer the Court to the April 1, 2020 press release referenced in Paragraph 124 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 124.

125.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 and, on that basis, deny them.

126.    Defendants admit that Plaintiffs reference and selectively quote from an August 4, 2020 press release, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 126. Defendants respectfully refer the Court to the August 4,

2020 press release referenced in Paragraph 126 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 126.

127.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127 and, on that basis, deny them.

128.    Defendants admit that Plaintiffs reference and selectively quote from a November 3, 2020 press release, which speaks for itself. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 128. Defendants respectfully refer the Court to the November 3, 2020 press release referenced in Paragraph 128 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 128.

129.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 and, on that basis, deny them.

130.    Defendants admit that Paragraph 130 purports to describe Plaintiffs' claims. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 130.

131.    To the extent the allegations in Paragraph 131 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny such allegations in Paragraph 131. To the extent the allegations in Paragraph 131 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 and, on that basis, deny them.

132.    To the extent the allegations in Paragraph 132 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 132.

DEFENDANTS BERRY CORPORATION, ARTHUR T. SMITH, CARY BAETZ, GARY A. GROVE, BRENT S. BUCKLEY, KAJ VAZALES, AND EUGENE J. VOILAND'S ANSWER TO THE AMENDED CLASS ACTION COMPLAINT

PAGE 25

133.    To the extent the allegations in Paragraph 133 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 133.

134.    To the extent the allegations in Paragraph 134 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 134.

135.    To the extent the allegations in Paragraph 135 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 135.

136.    To the extent the allegations in Paragraph 136 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 136.

137.    To the extent the allegations in Paragraph 137 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 137.

138.    To the extent the allegations in Paragraph 138 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 138.

139.    Defendants repeat and reallege each and every response set forth in the foregoing paragraphs as if fully set forth herein. To the extent that further response is required, Defendants deny the allegations in Paragraph 139.

140.    To the extent the allegations in Paragraph 140 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny knowledge or

DEFENDANTS BERRY CORPORATION, ARTHUR T. SMITH, CARY BAETZ, GARY A. GROVE, BRENT S. BUCKLEY, KAJ VAZALES, AND EUGENE J. VOILAND'S ANSWER TO THE AMENDED CLASS ACTION COMPLAINT

PAGE 26

information sufficient to form a belief as to the truth of the allegations in Paragraph 140 and, on that basis, deny them.

141.    To the extent the allegations in Paragraph 141 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 141.

142.    To the extent the allegations in Paragraph 142 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 142.

143.    To the extent the allegations in Paragraph 143 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 143.

144.    To the extent the allegations in Paragraph 144 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 144.

145.    To the extent the allegations in Paragraph 145 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 145.

146.    To the extent the allegations in Paragraph 146 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 and, on that basis, deny them.

147.    To the extent the allegations in Paragraph 147 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 147.

148.    Defendants repeat and reallege each and every response set forth in the foregoing paragraphs as if fully set forth herein. To the extent that further response is required, Defendants deny the allegations in Paragraph 148.

149.    To the extent the allegations in Paragraph 149 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 149.

150.    To the extent the allegations in Paragraph 150 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 150.

151.    To the extent the allegations in Paragraph 151 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 151.

152.    To the extent the allegations in Paragraph 152 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 152.

153.    To the extent the allegations in Paragraph 153 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 153.

154. Defendants repeat and reallege each and every response set forth in the foregoing paragraphs as if fully set forth herein. To the extent that further response is required, Defendants deny the allegations in Paragraph 154.

155. Defendants admit that Paragraph 155 purports to describe Plaintiffs' claims. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 155.

156. To the extent the allegations in Paragraph 156 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 156.

157. To the extent the allegations in Paragraph 157 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 157.

158. To the extent the allegations in Paragraph 158 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 158.

159. To the extent the allegations in Paragraph 159 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 159.

160. To the extent the allegations in Paragraph 160 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 160.

161. To the extent the allegations in Paragraph 161 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 161.

162. To the extent the allegations in Paragraph 162 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 162.

163. To the extent the allegations in Paragraph 163 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 163.

164. To the extent the allegations in Paragraph 164 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 164.

165. Defendants repeat and reallege each and every response set forth in the foregoing paragraphs as if fully set forth herein. To the extent that further response is required, Defendants deny the allegations in Paragraph 165.

166. To the extent the allegations in Paragraph 166 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 166.

167. To the extent the allegations in Paragraph 167 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 167.

168. To the extent the allegations in Paragraph 168 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 168.

169.    To the extent the allegations in Paragraph 169 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 169.

170.    To the extent the allegations in Paragraph 170 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 170.

The remainder of the Complaint consists of: (i) Plaintiffs' introductory paragraph describing, among other things, the parties and Plaintiffs' purported "knowledge" and investigation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the introductory paragraph, and, on that basis, deny them. Except to the extent otherwise stated herein, Defendants deny the allegations in the introductory paragraph; (ii) Plaintiffs' prayer for relief to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief sought in the Complaint or to any relief whatsoever; and (iii) the Declaration of Brian P. O'Connell ("O'Connell Declaration") and the exhibits attached thereto. Defendants lack knowledge or information to form a belief as to the truth of the allegations in the O'Connell Declaration and the exhibits attached thereto, and, on that basis, deny them. Except to the extent otherwise stated herein, Defendants deny the allegations in the O'Connell Declaration and the exhibits attached thereto.

## DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Defendants, without waiver, limitation or prejudice, and without conceding that they bear the burden of proof or production, hereby assert the following defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because no statement allegedly made by Defendants contains any material misrepresentation or omission, considered either alone or in the context of the total mix of available information.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Defendants did not know of the alleged inaccuracy of any material misrepresentation or omission allegedly made by them, and they could not have become aware of any alleged inaccuracies in those statements through the exercise of reasonable care.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Defendants, after reasonable investigation, due diligence, and/or consultation with expert(s), had reasonable grounds to believe, and did believe, that statements allegedly made by them were true and contained all material facts necessary to make those statements not misleading.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Defendants acted at all times in good faith, with reasonable care, and with due diligence in carrying out their responsibilities and did not directly or indirectly control or induce any wrongful acts or omissions.

Case 3:20-cv-03464-S   Document 91   Filed 09/27/22   Page 33 of 44   PageID 2058

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Defendants acted at all times in good faith and without knowledge or intent to commit any violations of law.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because the class that Plaintiffs purport to represent, have not sufficiently alleged, and cannot prove, that Plaintiffs, or the class that Plaintiffs purport to represent, relied upon any material misrepresentation or omission allegedly made by Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, would have purchased Berry shares as they did, even with full knowledge of the facts Plaintiffs, and the class that Plaintiffs purport to represent, have now alleged were misrepresented or omitted by Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have not sufficiently alleged, and cannot prove, that Plaintiffs' alleged injuries or the injuries of the class that Plaintiffs purport to represent, were directly or proximately caused by any material misrepresentation or omission allegedly made by Defendants.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because they cannot show transaction or loss causation.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because other events or disclosures unrelated to Defendants' alleged material misrepresentations or omissions are responsible for any decline in Berry's share value alleged to form the basis of Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because any alleged damages that Plaintiffs, or the class that Plaintiffs purport to represent, suffered, were caused by independent, intervening, and/or superseding events beyond Defendants' conduct, control, policies, acts, or alleged material misrepresentations or omissions.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have not sufficiently alleged, and cannot prove, that Plaintiffs, or the class that Plaintiffs purport to represent, suffered any cognizable injury, and further, the damages alleged by Plaintiffs, and the class that Plaintiffs purport to represent, if any, are speculative, uncertain, and/or contingent in violation of applicable law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have failed

to take reasonable actions to mitigate damages, if any, allegedly suffered as a result of Defendants' alleged material misrepresentations or omissions.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part to the extent that Plaintiffs, or the class that Plaintiffs purport to represent, sold their Berry shares for a greater price than the price at which they purchased them, and therefore suffered no losses from their purchase of Berry shares.

### FIFTEENTH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by Plaintiffs, or the class that Plaintiffs purport to represent, should be offset in the amount of any tax benefits or other benefits received by Plaintiffs, or the class that Plaintiffs purport to represent, in connection with their ownership of Berry shares.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, knew or reasonably should have known of the alleged acts and omissions complained of.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have not sufficiently alleged, and cannot prove, a lack of awareness of the facts that form the basis of the alleged material misrepresentations and omissions.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because the alleged material misrepresentations or omissions were in fact known to and had entered the securities market through credible sources prior to Plaintiffs' purchase, or the purchases by the class that Plaintiffs purport to represent, of Berry shares.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part to the extent that Defendants' alleged material misrepresentations or omissions would not have been material to a reasonable investor.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part to the extent that Plaintiffs, and the class that Plaintiffs purport to represent, purchased stock pursuant to a pre-existing contract, instruction, or plan under 17 C.F.R. 240.10b5-1.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because individual issues including but not limited to those relating to causation, reliance, privity, timing, and knowledge predominate over those common to the putative class.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because this action may not be maintained as a class action under the Federal Rules of Civil Procedure.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs cannot fairly and adequately represent the class they purport to represent.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Without conceding liability, Plaintiffs' requests, and the requests of the class that Plaintiffs purport to represent, for equitable relief are improper because Plaintiffs, and the class that Plaintiffs purport to represent, have an adequate remedy at law.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Without conceding liability, Plaintiffs' requests, and the requests of the class that Plaintiffs purport to represent, for equitable relief are improper because Plaintiffs, and the class that Plaintiffs purport to represent, have not suffered injury or harm and will not suffer imminent and irreparable injury as a result of any action or conduct by Defendants.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Without conceding liability, Plaintiffs' requests, and the requests of the class that Plaintiffs purport to represent, for interest are improper because equity dictates against such an award, and further, any such award would be unjust, arbitrary, oppressive, and confiscatory.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred, in whole or in part, to the extent the damages sought exceed those permitted under the Private Securities Litigation Reform Act of 1995, the common law, or any other applicable statute, rule, or regulation.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs, and the class that Plaintiffs purport to represent, are precluded from recovering attorneys' fees, experts' fees, and/or costs under applicable provisions of law.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part by the equitable doctrines of laches, estoppel, unclean hands, and/or waiver.

**THIRTIETH AFFIRMATIVE DEFENSE**

Some of the alleged misrepresentations described in the Complaint are "forward-looking statements" that cannot be the basis for liability by virtue of Rule 175, 17 C.F.R. § 230.175 (promulgated pursuant to the Securities Act) and/or provisions of Section 27A of the Securities Act and/or Section 21E of the Exchange Act.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

To the extent the Complaint is based on any predictions, expressions of opinion, puffery, or forward-looking statements, Plaintiffs are barred from recovery in whole or in part by the safe harbor provisions of the Private Securities Litigations Reform Act of 1995 or the bespeaks caution doctrine.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

The claims of some or all of the Plaintiffs' putative class are barred based on the doctrine of assumption of risk.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because the Complaint and the purported causes of action contained therein fail, in whole or in part, to state a claim for which relief can be granted.

DEFENDANTS BERRY CORPORATION, ARTHUR T. SMITH, CARY BAETZ, GARY A. GROVE, BRENT S. BUCKLEY, KAJ VAZALES, AND EUGENE J. VOILAND'S ANSWER TO THE AMENDED CLASS ACTION COMPLAINT

PAGE 38

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because, to the extent their allegations sound in fraud, they are not pleaded with particularity, as required by statute, including but not limited to the Private Securities Litigation Reform Act of 1995, and the Federal Rules of Civil Procedure.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Defendants reasonably relied on the expertise and opinions of professional experts and had no reasonable ground to have known that there were inaccuracies in any alleged material misrepresentation or omission.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have not sufficiently alleged, and cannot prove, the essential elements of a claim under Section 10(b) of the Exchange Act: (1) a materially false or misleading statement, (2) by the defendant, (3) made in connection with the purchase or sale of a security, (4) and with scienter, (5) on which the investor reasonably relied, (6) that resulted in economic loss, and that was (7) proximately caused by the alleged misstatement or omission (i.e., loss causation).

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have not sufficiently alleged, and cannot prove, the essential elements of a claim under Section 20(a) of the Exchange Act: (1) a primary violation under Section 10(b), (2) power by the defendant to control

the specific transaction or activity upon which the primary violation is predicated, and (3) actual participation by the defendant (i.e., exercise of control) in the operations of the primary violator in general.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part based on the truth and sufficiency of all statements upon which the asserted claims are based.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Defendants had no duty of disclosure with respect to the alleged misrepresentations or omissions.

### FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part to the extent that they are based on alleged statements that are not attributable to Defendants.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part based on the *Sante Fe* doctrine, which bars Section 10(b) claims for allegations that "constitute no more than internal corporate mismanagement." *See Santa Fe Indus., Inc. v. Green*, 430 U.S. 462, 479 (1977).

### FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because the Complaint fails to allege facts demonstrating a strong inference of

scienter as required by the Private Securities Litigation Reform Act of 1995, and Plaintiffs'

inability to prove any such facts, with regard to each Defendant and as to each alleged

misrepresentation or omission.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred

in whole or in part because Defendants did not employ any device, scheme, or artifice to defraud

and did not engage in any act, practice, or course of conduct that operates or would operate as a

fraud or deceit in connection with the purchase or sale of securities.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred

in whole or in part because the Complaint fails to state a claim against Defendants based upon

"fraud-on-the-market" principles for any class members who did not trade shares between the time

the alleged misrepresentations or omissions were made and the time the purported "truth" was

revealed.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred

in whole or in part based on the "truth-on-the-market" doctrine because any alleged information

at issue was credibly made available to the market by other sources.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred

in whole or in part because the market for Berry's common stock was not efficient.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because there was no price impact to Berry's publicly traded common stock resulting from any alleged misrepresentation or omission.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to prosecute their Section 10(b) and Section 20(a) claims under the Exchange Act and their Section 11 and 15 claims under the Securities Act.

### FORTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part by their own actions, omissions, and/or negligence.

### FIFTIETH AFFIRMATIVE DEFENSE

The putative class period is overbroad and, therefore, the putative class cannot be certified under Rule 23 of the Federal Rules of Civil Procedure.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs cannot meet their burden of proving the essential elements of a claim under Section 11 of the Securities Act, because that claim sounds in fraud and must therefore meet standards of proof required under Rule 9 of the Federal Rules of Civil Procedure and *Melder v. Morris*, 27 F.3d 1097 (5th Cir. 1994) and because there was no: (1) purchase by Plaintiffs of a registered security, (2) participation by Defendants sufficient to give rise to liability, and (3) untrue statement of a material fact or omission of material fact required to be stated to make a statement not misleading.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs cannot meet their burden of proving the essential elements of a claim under Section 15 of the Securities Act, because that claim sounds in fraud and must therefore meet standards of proof required under Rule 9 of the Federal Rules of Civil Procedure and *Melder v. Morris*, 27 F.3d 1097 (5th Cir. 1994) and because there was no primary violation under Section 11 of the Securities Act.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class they purport to represent, are barred in whole or in part under the doctrine of "negative causation": the alleged misstatements and omissions Plaintiffs challenge did not actually cause Plaintiffs' losses.

## ADDITIONAL DEFENSES

Defendants presently have insufficient knowledge of information to determine whether they may have additional, as yet unstated defenses. Defendants have not knowingly and intentionally waived any applicable defenses and reserve the right to assert additional defenses as they become known to them through discovery in this matter. Defendants reserve the right to amend this Answer to add, delete, or modify defenses based upon legal theories that may be or will be divulged through clarification of Plaintiffs' Complaint, through discovery or through further legal analysis of Plaintiffs' position in this litigation.

DATED:   September 27, 2022            Respectfully submitted,

                                       **BAKER & HOSTETLER LLP**

                                       */s/ Tamara D. Baggett*
                                       Tamara D. Baggett
                                       2850 North Harwood Street, Suite 1100
                                       Dallas, TX 75201
                                       Phone: 214-210-1200
                                       Fax: 214-210-1201
                                       tbaggett@bakerlaw.com

                                       Douglas W. Greene (*Pro Hac Vice*)
                                       45 Rockefeller Plaza
                                       New York, NY 10111-0100
                                       Phone: 212-589-4200
                                       Fax: 212-589-4201
                                       dgreene@bakerlaw.com

                                       Genevieve G. York-Erwin (*Pro Hac Vice*)
                                       999 Third Avenue, Suite 3900
                                       Seattle, WA 98 104-4040
                                       gyorkerwin@bakerlaw.com
                                       Phone: 206-332-7079
                                       Fax: 206-624-7317

                                       *Attorneys for Defendants*


## CERTIFICATE OF SERVICE

I certify that this motion was electronically filed with the Clerk of the Court using the

CM/ECF system, which will send email notification of this filing to all attorneys of record.


                                        /s/ *Tamara D. Baggett*
                                       Tamara D. Baggett