## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

|  |  |
|---|---|
| LUIS TORRES, ALLIA DEANGELIS, DARRICK INMAN, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) Case No. 3:20-CV-3464-S ) ) |
| Plaintiffs, | ) **PLAINTIFFS' MEMORANDUM IN** ) **OPPOSITION TO DEFENDANTS'** ) **MOTION FOR RECONSIDERATION/** |
| v. | ) **CLARIFICATION** ) ) JUDGE KAREN G. SCHOLER |
| BERRY CORPORATION, ARTHUR T. SMITH, CARY BAETZ, GARY A. GROVE, BRENT S. BUCKLEY, KAJ VAZALES, and EUGENE J. VOILAND, | ) ) ) ) ) ) |
| Defendants. | ) ) ) |

## TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS.................................................................................................... i

TABLE OF AUTHORITIES ........................................................................................... ii

INTRODUCTION ...........................................................................................................1

LEGAL STANDARD...................................................................................................... 4

ARGUMENT ...................................................................................................................5

I.    The PSLRA Does Not Require the Court to Provide the Detailed Explanation
      Defendants Demand...............................................................................................5

II.   The Court Should Ignore Defendants' Rehashed Arguments.................................7

III.  Defendants' New Arguments About the Burdens of Discovery Cannot Justify
      Reconsideration or Clarification ............................................................................7

IV.   Defendants' Burdens of Production and Persuasion at Class Certification Cannot Justify
      Reconsideration or Clarification ............................................................................8

CONCLUSION................................................................................................................9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ark. Teacher Ret. Sys. v. Goldman Sachs Grp., Inc.*,
11 F.4th 138 (2d Cir. 2021) ...................................................................................................8

*Bachow v. Swank Energy Income Advisers, LP*,
No. 3-09-cv-0262-K, 2010 U.S. Dist. LEXIS 1504 (N.D. Tex. Jan. 6, 2010)..........................3

*Bian v. Clinton*,
Civil Action No. 3:08-CV-1651-L, 2009 U.S. Dist. LEXIS 45729
(N.D. Tex. June 1, 2009).....................................................................................................4, 7

*Brown v. Pozo*,
No. 1:18-CV-194-SA-DAS, 2019 U.S. Dist. LEXIS 46677
(N.D. Miss. Mar. 21, 2019)..................................................................................................5, 7

*Conn. Retirement Plans and Trust Funds v. Amgen Inc.*,
660 F.3d 1170 (9th Cir. 2011) ...............................................................................................8

*Crutchfield v. Match Grp., Inc.*,
No. 3:19-CV-2356-S, 2021 U.S. Dist. LEXIS 224412 (N.D. Tex. Nov. 19, 2021) ..............1, 2

*Crutchfield v. Match Grp., Inc.*, 529 F. Supp. 3d 570, 579 (N.D. Tex. 2021)................................6

*Encompass Office Sols., Inc. v. La. Health Serv. & Indem. Co.*,
No. 3:11-cv-01471-M, 2017 U.S. Dist. LEXIS 206064 (N.D. Tex. June 26, 2017) .................7

*Emples.' Ret. Sys. of Haw. v. Whole Foods Mkt., Inc.*,
905 F.3d 892 (5th Cir. 2018) .................................................................................................6

*Erica P. John Fund, Inc. v. Halliburton Co.*,
309 F.R.D. 251 (N.D. Tex. 2015) ..........................................................................................9

*eTool Dev., Inc. v. Nat'l Semiconductor Corp.*,
881 F. Supp. 2d 745 (E.D. Tex. 2012)....................................................................................4

*Fenner v. Belo*,
513 F. Supp. 2d 733 (N.D. Tex. 2007) ...................................................................................2

*Ga. Firefighters' Pension Fund v. Anadarko Petroleum Corp.*,
514 F. Supp. 3d 942 (S.D. Tex. 2021) ....................................................................................2

*Gleason v. Markel Am. Ins. Co.*,
774 F. App'x 203 (5th Cir. 2019) ..........................................................................................7

*Goldman Sachs Grp., Inc. v. Ark. Teacher Ret. Sys.*,
  141 S. Ct. 1951 (2021)........................................................................................................9

*Holzwasser v. Staktek Holdings, Inc.*,
  No. A-05-CA-239-LY, 2006 U.S. Dist. LEXIS 100346 (W.D. Tex. Mar. 30, 2006) ..............2

*In re Groupon, Inc. Sec. Litig.*,
  No. 12 CV 2450, 2013 U.S. Dist. LEXIS 135191 (N.D. Ill. Sep. 18, 2013) ...........................2

*In re Juno Therapeutics, Inc.*,
  No. C16-1069RSM, 2017 U.S. Dist. LEXIS 91608 (W.D. Wash. June 14, 2017) ..................2

*In re Landry's Seafood Rest., Inc.*,
  No. H-99-1948, 2001 U.S. Dist. LEXIS 26592 (S.D. Tex. Feb. 19, 2001) ..............................2

*In re Lloyd's Register N. Am., Inc.,*
  780 F.3d 283 (5th Cir. 2015) ..................................................................................................5

*In re Salomon Analyst Metromedia Litigation*,
  544 F.3d 474 (2nd Cir. 2008)..................................................................................................8

*Jacoby v. Trek Bicycle Corp.*,
  No. 2:11-cv-124-TJW, 2011 U.S. Dist. LEXIS 82597 (E.D. Tex. July 28, 2011) ...................3

*Kunzweiler v. Zero.net, Inc.*,
  No. 3:00-cv-2553-P, 2002 U.S. Dist. LEXIS 12080 (N.D. Tex. July 3, 2002) ........................3

*Lormand v. US Unwired, Inc.*,
  565 F.3d 228 (5th Cir. 2009) ..................................................................................................6

*Mealy v. City/Parish of E. Baton Rouge*,
  716 F. App'x 377 (5th Cir. 2018) ............................................................................................3

*Roche v. Evaporated Milk Ass'n*,
  319 U.S. 21 (1943)..................................................................................................................5

*Rotstain v. Trustmark Nat'l Bank*,
  Civil Action No. 3:09-CV-2384-N, 2016 U.S. Dist. LEXIS 189127
  (N.D. Tex. July 27, 2016) ........................................................................................................4

*RYH Props. v. West*,
  No. 5:08-CV-172 DF, 2010 U.S. Dist. LEXIS 160902 (E.D. Tex. May 27, 2010)..........4, 5, 7

*RYH Props., LLC v. West*,
  No. 5:08-CV-172 DF, U.S. Dist. LEXIS 142349, at *34 (E.D. Tex. Aug. 3, 2009) ............6, 7

*Schaeffer v. Nabriva Therapeutics, PLC, et al.*,
  19 Civ. 4183, ECF No. 49 (S.D.N.Y. June 23, 2020)..............................................................3

*Southland Sec. Corp. v. INSpire Ins. Sols. Inc.*,
    365 F.3d 353 (5th Cir. 2004) ...................................................................................6

*Thomas v. St. Joseph Health Sys.*,
    No. 5:20-CV-028-H, 2022 U.S. Dist. LEXIS 168392 (N.D. Tex. Sep. 19, 2022) ....................4

*Town of Davie Police Pension Plan v. Pier 1 Imps., Inc.*,
    325 F. Supp. 3d 728 (N.D. Tex. 2018) .....................................................................6

*WI-Lan, Inc. v. Acer, Inc.*,
    No. 2:07-CV-473-TJW-CE, 2010 U.S. Dist. LEXIS 138111 (E.D. Tex. Dec. 30, 2010)........4

**Rules**

Fed. R. Civ. P. 12(b)(6)............................................................................................ 3

Fed. R. Civ. P. 59(e) ...............................................................................................4

**Statutes**

Private Securities Litigation Reform Act........................................................ 1, 5, 6, 7, 8

**INTRODUCTION**

Lead Plaintiffs Luis Torres and Allia DeAngelis and additional Plaintiff Darrick Inman (collectively "Plaintiffs") respectfully submit this Memorandum in Opposition to Defendants' Motion for Reconsideration/Clarification of the Court's Order (hereafter the "Order") that denied Defendants' Motion to Dismiss the Amended Class Action Complaint ("Amended Complaint"). On September 13, 2022, the Order denied Defendants' Motion to Dismiss the Amended Complaint without dismissing any statement from the case.  The Order did not dismiss any claim, or find any pleading deficiency.

To the contrary, the Order found that Plaintiffs "adequately specified at least some allegedly misleading statements or omissions," and further found that the Amended Complaint pled a strong inference of scienter to survive dismissal.  ECF No. 83 at 2.  The Order also noted that the Court would "revisit this issue at a later phase in the litigation after discovery takes place." *Id.*   Unsatisfied with the result, on September 20, 2022, Defendants moved for reconsideration or clarification and filed an accompanying memorandum of law.  ECF Nos. 87, 88 (The memorandum is hereafter referred to as the "Motion for Reconsideration").  Defendants do not cite the correct standard by which their Motion for Reconsideration should be evaluated, and fail to meet that standard because the Order does not contain any errors of law or fact.  The Motion for Reconsideration should be denied on this ground alone.

Even if the Court considered Defendants' Motion for Reconsideration, their arguments rest on a defective premise: that the Private Securities Litigation Reform Act ("PSLRA") requires the Court to provide litigants with a "statement-by-statement" and "defendant-by-defendant" explanation when denying a motion to dismiss.  Motion for Reconsideration at 2-3, 5.  This is wrong, and has no basis in either the text of the PSLRA or applicable caselaw.   The Order here is indistinguishable from the one that the Court entered in *Crutchfield v. Match Grp., Inc.*, No.

3:19-CV-2356-S, 2021 U.S. Dist. LEXIS 224412, at *1-3 (N.D. Tex. Nov. 19, 2021). There, the Court entered a similar order and directed the parties to proceed to discovery. The same should occur here, without the delay caused by unnecessary motion practice.

The Order in this Action is also consistent with the decisions of other courts in this District and the Circuit generally. For example, in *Fenner v. Belo*, Judge Fitzwater similarly ruled that:

> Defendants have failed to present arguments that, if accepted by the court, would result in dismissal of plaintiffs' entire complaint. ***Without suggesting that each predicate statement or omission on which plaintiffs rely is sufficient to obtain relief, the court holds that the complaint sufficiently alleges at least some statements or omissions that support a claim under § 10(b) of the Exchange Act and Rule 10b-5. Accordingly, the court declines to grant defendants' motions on this basis, leaving for consideration on motion for summary judgment the question whether particular alleged misrepresentations or omissions are actionable***.

513 F. Supp. 2d 733, 746 (N.D. Tex. 2007) (emphasis added). Other courts in this Circuit have also repeatedly denied motions to dismiss in securities cases without conducting a "statement-by-statement" or "defendant-by-defendant" analysis. *See Ga. Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 514 F. Supp. 3d 942, 951-53 (S.D. Tex. 2021) (denying motion to dismiss without conducting a "statement-by-statement" and "defendant-by-defendant" analysis); *Holzwasser v. Staktek Holdings, Inc.*, No. A-05-CA-239-LY, 2006 U.S. Dist. LEXIS 100346, at *7-12 (W.D. Tex. Mar. 30, 2006) (similar); *In re Landry's Seafood Rest., Inc.*, No. H-99-1948, 2001 U.S. Dist. LEXIS 26592, at *87-96 (S.D. Tex. Feb. 19, 2001) (similar).

Courts outside the Circuit have also denied motions to dismiss in full without examining every statement pled as false. *See e.g.*, *In re Juno Therapeutics, Inc.*, No. C16-1069RSM, 2017 U.S. Dist. LEXIS 91608, at *17-18 (W.D. Wash. June 14, 2017); *In re Groupon, Inc. Sec. Litig.*, No. 12 CV 2450, 2013 U.S. Dist. LEXIS 135191, at *4-11 (N.D. Ill. Sep. 18, 2013). Indeed, courts have summarily found that a complaint met pleading requirements in response to a show cause

2

order, and ruled that any motion to dismiss would be denied if filed without further analysis. *See Schaeffer v. Nabriva Therapeutics, PLC, et al.*, 19 Civ. 4183, ECF No. 49 at 1 (S.D.N.Y. June 23, 2020).

The Court's approach here is not only consistent with other securities decisions but is sound given the substantive rules of law that Defendants disregard. Even in a securities fraud case, "a dismissal pursuant to Rule 12(b)(6) is difficult to obtain since such a claim revolves around fact-specific inquiries." *Bachow v. Swank Energy Income Advisers, LP*, No. 3-09-cv-0262-K, 2010 U.S. Dist. LEXIS 1504, at *6 (N.D. Tex. Jan. 6, 2010). Because determinations about whether a defendant made misrepresentations require "delicate assessments of the inferences a reasonable shareholder would draw from a given set of facts, it is generally a question of fact for the jury." *Kunzweiler v. Zero.net, Inc.*, No. 3:00-cv-2553-P, 2002 U.S. Dist. LEXIS 12080, at *33-34 (N.D. Tex. July 3, 2002) (quotations omitted). "Thus, the matter must go to the jury unless the Court, drawing all reasonable inferences in favor of the plaintiff, determines that reasonable minds could not differ on the question of whether the statements alleged in the complaint were misleading in light of the circumstances under which they were made." *Id.* at *34. Given these well-settled rules of law, the Court's decision to revisit the issues at a later stage of the proceedings after discovery is correct. Order at 2.

In addition, the denial of a motion to dismiss is a non-appealable order, and the Court has both the power and the wide discretion to craft its orders as it deems fit. *See Mealy v. City/Parish of E. Baton Rouge*, 716 F. App'x 377, 379 (5th Cir. 2018) (holding that the Circuit generally has no jurisdiction to hear appeals from orders that deny motions to dismiss). Nothing in the securities statutes or the case law requires the Court to say more than what was stated in the Order, and the

3

Order contains no error—obvious or otherwise—of fact or law.  The Motion for Reconsideration should be denied.

## LEGAL STANDARD

In evaluating motions to reconsider orders that deny dismissal, courts in this Circuit routinely invoke the rigorous standards applied to motions to alter judgments under Rule 59(e) of the Federal Rules of Civil Procedure.  *See, e.g., Jacoby v. Trek Bicycle Corp.*, No. 2:11-cv-124-TJW, 2011 U.S. Dist. LEXIS 82597, at *4 (E.D. Tex. July 28, 2011); *eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 881 F. Supp. 2d 745, 749-50 (E.D. Tex. 2012).  Reconsideration is an "extraordinary remedy that should be used sparingly."  *Bian v. Clinton*, Civil Action No. 3:08-CV-1651-L, 2009 U.S. Dist. LEXIS 45729, at *5 (N.D. Tex. June 1, 2009) (internal quotations omitted); *see also Thomas v. St. Joseph Health Sys.*, No. 5:20-CV-028-H, 2022 U.S. Dist. LEXIS 168392, at *10-11 (N.D. Tex. Sep. 19, 2022) (noting that even assuming courts have wide latitude to reconsider their own orders, as a practical matter, orders are reconsidered only when there is a clear error of law or to prevent manifest injustice).

To prevail on a motion for reconsideration, a party must demonstrate either (1) an intervening change in controlling law, or (2) newly discovered evidence that was not previously available, or (3) the dire need to correct a clear error of law or to prevent manifest injustice.  *Rotstain v. Trustmark Nat'l Bank*, Civil Action No. 3:09-CV-2384-N, 2016 U.S. Dist. LEXIS 189127, at *25 (N.D. Tex. July 27, 2016) (internal citations omitted).  The standard for so-called motions for "clarification" is the same.  *See, e.g.*, *WI-Lan, Inc. v. Acer, Inc.*, No. 2:07-CV-473-TJW-CE, 2010 U.S. Dist. LEXIS 138111, at *22-23 (E.D. Tex. Dec. 30, 2010).

A party cannot use a motion for reconsideration to rehash evidence, legal theories or other arguments that could have been raised before a court's order was entered.  *See, e.g.*, *Bian*, 2009 U.S. Dist. LEXIS 45729, at *5-6; *Ryh Props. v. West*, No. 5:08-CV-172 DF, 2010 U.S. Dist.

4

LEXIS 160902, at *4-6 (E.D. Tex. May 27, 2010) (similar); *see also Brown v. Pozo*, No. 1:18-CV-194-SA-DAS, 2019 U.S. Dist. LEXIS 46677, at *5 (N.D. Miss. Mar. 21, 2019) ("Underlying a motion for reconsideration is the caveat that, where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.") (internal citations and quotation marks omitted).

Defendants cannot meet this stringent standard. Indeed, they do not even acknowledge its existence, and instead misuse their Motion for Reconsideration as a vehicle to repeat rejected arguments and raise unfounded new arguments that should have been raised, if at all, in their motion to dismiss. Motion for Reconsideration at 2, 4-9.

## ARGUMENT

### I.      The PSLRA Does Not Require the Court to Provide the Detailed Explanation Defendants Demand

Unable to identify any error in the Court's Order, Defendants instead argue that the PSLRA prohibits courts from sustaining a securities fraud complaint without cataloging each statement and describing why each is adequately pled. Motion for Reconsideration at 2. The PSLRA contains no language to this effect, and Defendants cite no authority to support their imagined requirement.

Defendants' reliance on *In re Lloyd's Register N. Am., Inc.* is utterly misplaced. 780 F.3d 283, 290-91 (5th Cir. 2015). Unlike the district court in *Lloyd's*, the Court here did not fail to provide any written or oral explanation for its ruling. *Id.* On the contrary, the Court provided ample and sufficient explanation for its ruling. *See supra* at 1-2. And, *Lloyd's* reaffirmed that the costs of litigation and trial are not sufficient to appeal the denial of a motion to dismiss. *Compare id.* at 288 (citing *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 29-30 (1943)) *with* Motion for Reconsideration at 7-9 (complaining about the contours and the costs of discovery and the burdens

5

of class certification to seek clarification of the Order). Thus, if anything, *Lloyd's* demonstrates that Defendants have no right to relief.

Similarly inapt is Defendants' reliance on the Fifth Circuit's decisions in *Emples.' Ret. Sys. of Haw. v. Whole Foods Mkt., Inc.*, 905 F.3d 892, 897 (5th Cir. 2018) and *Southland Sec. Corp. v. INSpire Ins. Sols. Inc.*, 365 F.3d 353, 359-60 (5th Cir. 2004). These decisions affirmed the dismissal of a securities fraud complaint either in full or for all but a handful of statements. They do not hold or state that a court must examine every statement pled to be false when it **denies** a motion to dismiss. There is also a very good reason why courts examine each statement pled to be false when a motion to dismiss is granted in full. Even one false or misleading statement made with scienter is sufficient to impose liability for securities fraud. *See INSpire Ins. Sols. Inc.*, 365 F.3d at 385 (reversing dismissal because statements made on one occasion were adequately pled to be false when made even though all the other statements were not actionable). These concerns do not apply to the non-appealable denial of a motion to dismiss when the Order explicitly ruled that it would revisit certain issues after discovery. ECF No. 83 at 2. The Court, of course, understands this principle well, which is why its opinions granting motions to dismiss in securities fraud cases are extremely thorough and detailed. *See, e.g.*, *Town of Davie Police Pension Plan v. Pier 1 Imps., Inc.*, 325 F. Supp. 3d 728, 739 (N.D. Tex. 2018); *Crutchfield v. Match Grp., Inc.*, 529 F. Supp. 3d 570, 579 (N.D. Tex. 2021).

*Lormand v. US Unwired, Inc.*, 565 F.3d 228, 245 (5th Cir. 2009) does not help Defendants either. Motion for Reconsideration at 4. There, the Fifth Circuit correctly held that a lower court cannot apply the PSLRA's safe harbor in a blanket manner and must analyze each statement individually to determine whether it falls within its scope. *Lormand*, 565 F.3d at 245. But that is because the safe harbor is an affirmative defense that Defendants must invoke and prove at trial

and is otherwise rarely appropriate as a basis for dismissal. *See RYH Props., LLC v. West*, No. 5:08-CV-172 DF, 2009 U.S. Dist. LEXIS 142349, at *34 (E.D. Tex. Aug. 3, 2009) (ruling that burden to demonstrate applicability of the PSLRA's safe harbor principally falls on the defendants). In this case, Defendants never invoked the safe harbor in their Motion to Dismiss, and the Amended Complaint does not challenge any forward-looking statements or predictions.

Unable to show a clear error of law, Defendants insinuate that Congressional intent or imagined policy concerns require the Court to issue "a rigorous, statement-by-statement analysis." Motion for Reconsideration at 3. This is empty rhetoric. No authority supports Defendants' proposition, and the Order here is indistinguishable from many others both within and outside this Circuit. *See supra* at 2-3.

## II.    The Court Should Ignore Defendants' Rehashed Arguments

Violating precedent constraining repetition in motions for reconsideration, Defendants repeat the same exact arguments that they raised in their Motion to Dismiss. Motion for Reconsideration at 4-6 (acknowledging these same arguments were "detailed in the Motion to Dismiss."). This improper repetition warrants no response. *See, e.g.*, *Bian*, 2009 U.S. Dist. LEXIS 45729, at *5-6 (observing that motions for reconsideration cannot be misused to repeat the same arguments); *West*, 2010 U.S. Dist. LEXIS 160902, at *4-6 (same); *Brown*, 2019 U.S. Dist. LEXIS 46677, at *5 (same).

## III.    Defendants' New Arguments About the Burdens of Discovery Cannot Justify Reconsideration or Clarification

Defendants did not request the Court to provide a statement-by-statement explanation when they moved to dismiss the Amended Complaint for the purposes of defining the contours of discovery in this Action. The Court should not consider this new argument now. *Gleason v. Markel Am. Ins. Co.*, 774 F. App'x 203, 205 (5th Cir. 2019) (affirming the refusal to entertain new

7

arguments raised in a motion for reconsideration); *Encompass Office Sols., Inc. v. La. Health Serv. & Indem. Co.*, No. 3:11-cv-01471-M, 2017 U.S. Dist. LEXIS 206064, at *13-14 (N.D. Tex. June 26, 2017) (rejecting new arguments raised in a motion for reconsideration as improper). Defendants are fully capable of responding to discovery in the normal course, and of raising any discovery issue in a manner consistent with the Federal Rules of Civil Procedure and this Court's rules of practice.

Even if the Court considered Defendants' argument now, it rests on a faulty premise. Nothing in the PSLRA or the case law requires the Court to provide a statement-by-statement explanation to shape discovery. Instead, discovery is shaped under the traditional standards set forth in Federal Rule of Civil Procedure 26. Defendants cite no authority to support the novel standard they seek to impose on the Court, and all the cases cited in their brief involved the denial of discovery for *dismissed* claims or *dismissed* defendants. Motion for Reconsideration at 7-8. Here, the Order did not dismiss any named Defendant or even one statement alleged to be false.

## IV.    Defendants' Burdens of Production and Persuasion at Class Certification Cannot Justify Reconsideration or Clarification

Defendants also claim that the Court should provide a statement-by-statement explanation because doing so might help them argue the absence of price impact in response to Plaintiffs' anticipated motion for class certification. This argument has nothing to do with the Order. Plaintiffs have not moved for class certification yet, and price impact is an argument to be made at a later stage, with a developed record and the assistance of experts.

Even at class certification, Plaintiffs are only required to show that the Company's stock traded in an efficient market, and that Defendants' misrepresentations were public. *See, e.g.*, *Ark. Teacher Ret. Sys. v. Goldman Sachs Grp., Inc.*, 11 F.4th 138, 140 (2d Cir. 2021); *Conn. Retirement Plans and Trust Funds v. Amgen Inc.*, 660 F.3d 1170, 1177 (9th Cir. 2011); *In re Salomon Analyst*

8

*Metromedia Litigation*, 544 F.3d 474, 483-84 (2nd Cir. 2008).  Once this requirement is met, it is the Defendants who bear the burdens of production and persuasion to demonstrate an absence of price impact should they be able to come up with any credible and admissible expert testimony to support their contentions.  *See Goldman Sachs Grp., Inc. v. Ark. Teacher Ret. Sys.*, 141 S. Ct. 1951, 1963 (2021) (again reaffirming that a defendant bears the burden of persuasion to prove a lack of price impact); *see also Erica P. John Fund, Inc. v. Halliburton Co.*, 309 F.R.D. 251, 260 (N.D. Tex. 2015) (ruling that a defendant bears the burdens of both production and persuasion to show the lack of price impact at the class certification stage).

Defendants cannot shift their own burdens onto the Court, and they cite no authority that a court must examine every statement at the pleading stage because of how things may or may not play out at a later stage in the case.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court to deny Defendants' Motion for Reconsideration/Clarification of the Order.

Dated:  October 4, 2022

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Omar Jafri*

Joshua B. Silverman
Omar Jafri
Brian P. O'Connell
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:  (312) 377-1181
Facsimile:  (312) 377-1184
Email:  jbsilverman@pomlaw.com

9

ojafri@pomlaw.com
boconnell@pomlaw.com

**THE ROSEN LAW FIRM, P.A.**

*/s/ Ha Sung (Scott) Kim*

Phillip Kim
Ha Sung (Scott) Kim
275 Madison Avenue, 40th Floor
New York, NY 10016
Phone:  (212) 686-1060
Fax:     (212) 202-3827
Email:  pkim@rosenlegal.com
           skim@rosenlegal.com

**Bronstein, Gewirtz & Grossman, LLC**

Eitan Kimelman
60 E 42nd Street, Suite 4600, New York,
New York 10165
Phone: 212-697-6484
Fax:     212-697-7296
Email: eitank@bgandg.com

*Lead Counsel for Plaintiffs*

**GRAVES LAW OFFICE**
Curtis C. Graves
12700 Park Central Drive
Suite 520
Dallas, Texas 75251
Telephone: (214) 321-6940
Facsimile: (866) 770-6949
curtis@cgraveslaw.com

**THE BRISCOE LAW FIRM, PLLC**
Willie C. Briscoe
Texas Bar No.: 24001788
12700 Park Central Drive, Suite 520
Dallas, Texas 75251
Telephone: 972-521-6868
Facsimile: 346-214-7463
wbriscoe@thebriscoelawfirm.com

*Liaison Counsel for Plaintiffs*

10