**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

---------------------------------------------------------

LUIS TORRES, ALLIA DEANGELIS,
DARRICK INMAN, Individually and On
Behalf of All Others Similarly Situated,

         Plaintiffs,

    v.

BERRY CORPORATION, ARTHUR T.
SMITH, CARY BAETZ, GARY A. GROVE,
BRENT S. BUCKLEY, KAJ VAZALES, and
EUGENE J. VOILAND,

        Defendants.

---------------------------------------------------------

CASE NO.: 3:20-CV-3464-S

JUDGE KAREN G. SCHOLER

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION**
**FOR RECONSIDERATION AND/OR CLARIFICATION**

BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Tel. 212-589-4200
Fax. 212-589-4201

*Attorneys for Defendants*

In light of the guidance provided by the Court at the October 13, 2022 hearing, Defendants file this reply to (1) direct the Court to authority supporting the proposition that a statement-by-statement analysis is required under the Reform Act and that it is appropriate for the Court's decision on the motion to dismiss to reflect this analysis, and (2) briefly explain why it is important for the parties to get clarification as to which statements the Court found were sufficiently pleaded under the Reform Act's heightened pleadings standards and which were not. *See* Sept. 13, 2022 Order at 2 (noting that the Amended Complaint "adequately specified at least some allegedly misleading statements or omissions").

## I.      Binding Precedent Requiring a Statement-By-Statement Analysis[1]

First, Defendants note that Plaintiffs' suggestion that this case should be decided like a usual Rule 12(b)(6) motion—"drawing all reasonable inferences" in Plaintiffs' favor, and allowing the case to move forward if reasonable minds could disagree—is incorrect. Opposition at 3. The Reform Act sets a far more demanding pleading standard: Plaintiffs' claims can survive only to the extent they allege particularized facts showing that each statement was false or misleading, and the Court must consider reasonable inferences both for and against Plaintiffs in assessing scienter. Mot. for Reconsideration, at 1, 2-6. The result here might be different if the motion to dismiss were governed by the usual Rule 8 and Rule 12(b)(6) standards (and *Iqbal* and *Twombly* cases decided based on same), or even just Rule 9(b) (as would be the case in common law fraud actions), but it is not. Rather, the Reform Act requires plaintiffs to "specify <u>each</u> statement alleged to have been

---

[1] Contrary to Plaintiffs' assertions, reconsideration of interlocutory orders (including denial of a motion to dismiss) falls under Rule 54(b), not Rule 59(e). *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017); *Open Source Grp. LLC v. Patel*, No. 3:13-cv-3755, 2015 WL 11120540, at *2 (N.D. Tex. May 28, 2015). Indeed, reviewing Defendants' Motion under Rule 59(e) would constitute reversible abuse of discretion. *Austin*, 864 F.3d at 336. Moreover, Defendants' arguments are neither "rehash[ments]" of prior arguments nor are they "new" as to make them inappropriate on reconsideration; rather, Defendants' arguments are reactive to the errors in the September 13 Order, which, respectfully, should be remedied on reconsideration.

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION                          Page 1
FOR RECONSIDERATION AND/OR CLARIFICATION

misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief . . . state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1)(B) (emphasis added). The Reform Act also sets a heightened pleading standard for scienter: plaintiffs must, "with respect to each act or omission . . . state with particularity facts giving rise to a strong inference" of scienter. *Id.* § 78u-4(b)(2)(A) (emphasis added). Because Congress has required securities class action plaintiffs to meet these heightened pleading requirements for each statement, it follows that courts are obligated to review the pleadings in the same way, i.e. on a statement-by-statement basis.

Defendants contend that the following cases illustrate this point:

***Lormand v. US Unwired, Inc.*, 565 F.3d 228, 245 (5th Cir. 2009).** This decision requires that a district court deciding a motion to dismiss a securities class action analyze each allegedly false or misleading statement separately with respect to falsity, and prohibits "blanket" conclusions regarding the same. In *Lormand v. US Unwired, Inc.,* the Court agreed with the plaintiff's position that the Reform Act requires a statement-by-statement analysis. Specifically, the Fifth Circuit rejected the district court's "blanket" finding that the Reform Act's safe harbor applied to alleged misstatements in that case. 565 F.3d 228, 245 (5th Cir. 2009). The Fifth Circuit reasoned: "The district court [] erroneously neglected to address how each excluded statement (or portions of those statements) is specifically and meaningfully protected by the safe harbor. Each statement that benefits from the safe harbor must be addressed individually." *Id.* (emphasis added). The individualized analysis required to determine whether forward-looking statements are misleading applies to other types of alleged misstatements, as reflected in the provisions of the Reform Act, discussed above. And solely because some of the alleged misstatements in a complaint may be found to be sufficiently pleaded for purposes of a motion to dismiss, does not mean that all the

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION                    Page 2
FOR RECONSIDERATION AND/OR CLARIFICATION

other alleged misstatements should survive as well.

*In re Lloyd's Reg. N. Am., Inc.*, **780 F.3d 283, 291 (5th Cir. 2015).** Given the specific directive under the Reform Act that a plaintiff must meet its burden as to each statement, *In re Lloyd's* supports that a written explanation related to each statement is necessary. In *In re Lloyd's*, the Fifth Circuit concluded that the district court abused its discretion in denying a motion to dismiss. 780 F.3d 283, 290-91 (5th Cir. 2015) ("It is an abuse of discretion for a district court to grant or deny a motion to dismiss without written or oral explanation[.]"). The Fifth Circuit reasoned that parties and reviewing courts must have a way of understanding how the court reached its conclusion. *Id.* at 291 ("Denying dismissal without explanation and without any visible weighing of the factors of [forum non conveniens] takes the decision entirely outside the scope of judicial discretion, giving the parties no way of understanding how the court reached its conclusion[.]").[2] Here, where each alleged misstatement must be found sufficiently pleaded with respect to falsity and scienter, an explanation as to which statements are sufficiently pleaded and which are not (and why) is appropriate.

Defendants respectfully contend that the above binding authorities require the Court to analyze each alleged misstatement individually to determine whether each is sufficiently pleaded to have been false and made with scienter under the applicable heightened pleading standards, and to provide a thorough explanation of that analysis in a written opinion—even if in a typical case, the Court might do otherwise.[3]

---

[2] *See also In re Capstead Mortg. Corp. Sec. Litig.*, 258 F. Supp. 2d 533, 557 n.8 (N.D. Tex. 2003) (noting that denying a motion to dismiss without explanation "is inconsistent with the court's duty to fully and fairly discharge its obligations").

[3] The cases Plaintiffs rely upon for the argument that the Court need not analyze each alleged misstatement for falsity and scienter do not support their position. *Ga. Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 514 F. Supp. 3d 942, 947-49 (S.D. Tex. 2021) (two-page recitation of facts supporting denial of the motion to dismiss and detailed analyses of statements by category); *Holzwasser v. Staktek Holdings, Inc.*, No. A-05-CA-239-LY, 2006 U.S. Dist. LEXIS 100346, at *6-14 (W.D. Tex. Mar. 30, 2006) (providing detailed analysis of alleged failure to disclose chip shortage harm and alleged misrepresentation of revenue projection); *In re Landry's Seafood Rest., Inc.*, No. H-99-

## II.      At a Minimum, the Parties Need Clarification[4]

Even if the Court concludes it does not need to reconsider its order, Defendants respectfully ask that the Court at least clarify which, if any, of the challenged statements were *not* sufficiently pleaded to be false and made with scienter under the applicable heightened pleading standards. The September 13 Order stated that "at least some" of the alleged misstatements are actionable, which strongly implies that "at least some" are not. Order at 1. If that is in fact the case, it is crucial that the parties understand which statements were sufficiently pleaded to be false or misleading and which were not (and are therefore dismissed); if, on the other hand, the Court found after individualized analysis that falsity and scienter were sufficiently pleaded with respect to every one of the challenged statements, then the parties need to know that too. For discovery to be properly defined, the parties must know which statements survived and which did not. This is also critical to the class certification analysis, which will inevitably require both parties[5] to argue about the price impact (or lack thereof) of each challenged statement that remains in the case. It is in both the Court's and the parties' interests to have clarity on this point: it will head off overbroad discovery from the beginning, help avoid unnecessary discovery disputes, and facilitate efficient analysis and resolution of Plaintiffs' motion for class certification. Defendants respectfully ask the Court to give the parties this important guidance early in the case.

---

1948, 2001 U.S. Dist. LEXIS 26592, at *25-51, 87-96 (S.D. Tex. Feb. 19, 2001) (containing 26-page fact recitation and providing detailed analysis of, in addition to other issues, (1) statements that the court found were not protected by the bespeaks doctrine or statutory safe haven and (2) satisfaction of heightened scienter pleading standard).

[4] "A court may modify or clarify [an order] 'as justice requires.'" *APL Logistics Americas, Ltd. v. TTE Tech., Inc.*, No. 3:10-CV-02234-P, 2013 WL 12124588, at *2 (N.D. Tex. Mar. 5, 2013) (granting motion for clarification). Clarification is warranted where, as here, it would help direct the contours of the litigation going forward. *Id.*

[5] This is true regardless of who bears the initial burden on showing price impact. *Contra* Opp. 8-9. Price impact matters *only* for statements that have survived a motion to dismiss (i.e., those sufficiently pleaded under the Reform Act and Rule 9(b)).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court reconsider its September 13, 2022 Order and dismiss the Amended Complaint with prejudice. In the alternative Defendants ask that the Court clarify the September 13, 2022 Order.

Dated: October 18, 2022

Respectfully submitted,

 */s/ Tamara D. Baggett*
**BAKER & HOSTETLER LLP**

C. Shawn Cleveland (Texas No. 24012433)
Tamara D. Baggett (Texas No. 24058573)
2850 North Harwood Street, Suite 1100
Dallas, TX 75201
Phone: 214-210-1200
Fax: 214-210-1201
scleveland@bakerlaw.com
tbaggett@bakerlaw.com

Douglas W. Greene (*Pro Hac Vice*)
Zachary R. Taylor (*Pro Hac Vice*)
45 Rockefeller Plaza
New York, NY 10111-0100
Phone: 212-589-4200
Fax: 212-589-4201
dgreene@bakerlaw.com
ztaylor@bakerlaw.com

Genevieve G. York-Erwin (*Pro Hac Vice*)
999 Third Avenue, Suite 3900
Seattle, WA 98 104-4040
gyorkerwin@bakerlaw.com
Phone: 206-332-7079
Fax: 206-624-73 17

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I certify that this brief was electronically filed with the Clerk of the Court using the

CM/ECF system, which will send email notification of this filing to all attorneys of record.


_/s/ Tamara D. Baggett_
Tamara D. Baggett