# United States District Court
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

|  |  |  |
|---|---|---|
| LUIS TORRES, ALLIA DEANGELIS, DARRICK INMAN, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| v. | § § | CASE NO. 3:20-CV-3464-S |
| BERRY CORPORATION, ARTHUR T. SMITH, CARY BAETZ, GARY A. GROVE, BRENT S. BUCKLEY, KAJ VAZALES, and EUGENE J. VOILAND | § § § § § | |

## ORDER

This Order addresses Defendants' Motion for Reconsideration and/or Clarification, filed September 20, 2022 [ECF No. 87]. Defendants move the Court to reconsider its Order [ECF No. 83] denying their Motion to Dismiss Plaintiffs' Amended Class Action Complaint [ECF No. 63]. Based on its review of the parties' briefing and the application of governing legal authorities, the Court **DENIES** Defendants' Motion.

A motion for reconsideration "calls into question the correctness of a judgment." *Templet v. Hydro Chem., Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). The Fifth Circuit has held that a motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 478-79 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Rather, it "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). A motion for reconsideration may

also allow a party to bring an intervening change in the controlling law to the Court's attention. *See Schiller v. Physicians Resource Grp., Inc.*, 343 F.3d 563, 567-68 (5th Cir. 2003).

In their Motion for Reconsideration and/or Clarification, Defendants argue that the Court's Order denying their Motion to Dismiss should individually evaluate each challenged statement in light of the PSLRA's heightened pleading requirements. Defendants rehash their Motion to Dismiss arguments, claiming that Plaintiffs have not sufficiently alleged falsity or scienter. The only binding authority they offer in support of their arguments is easily distinguishable. *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 245 (5th Cir. 2009) (reversing a district court's *dismissal* of securities fraud claims under the PSLRA safe harbor provision); *see also In re Lloyd's Reg. N. Am., Inc.*, 780 F.3d 283, 291 (5th Cir. 2015) (reversing a district court's denial of a motion to dismiss for *forum non conveniens* where the court offered no written or oral explanation whatsoever). As such, Defendants have failed to show that the Order contains any manifest errors of law. Moreover, Defendants raise no errors of fact, newly discovered evidence, or changes in controlling law. Thus, Defendants' Motion for Reconsideration and/or Clarification is denied.

**SO ORDERED.**

SIGNED November 9, 2022.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**