# EXHIBIT 3

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |
|---|---|
| LUIS TORRES, ALLIA DEANGELIS, DARRICK INMAN, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiffs, | CASE NO. 3:20-cv-3464-S |
| v. | JUDGE KAREN G. SCHOLER |
| BERRY CORPORATION, ARTHUR T. SMITH, CARY BAETZ, GARY A. GROVE, BRENT S. BUCKLEY, KAJ VAZALES, and EUGENE J. VOILAND, | |
| Defendants. | |

## STIPULATED AGREEMENT AND [PROPOSED] ORDER UNDER FED. R. EVID. 502(d)

WHEREAS during the course of this litigation, the parties may be subject to discovery requests and/or proceedings which seek or necessitate the disclosure of electronically stored information ("ESI") and other documents; and

WHEREAS, the parties wish to expedite and facilitate the production of ESI and documents, and to protect against waiver of the attorney-client privilege, the work-product doctrine and any other relevant privileges or immunities; and

WHEREAS, the parties jointly request that the Court issue an Order pursuant to Federal Rule of Evidence 502(d) to facilitate production and use of ESI and documents in this litigation and to protect the parties against waiver of any applicable privileges, immunities, or protections attaching to ESI or documents;

IT IS HEREBY STIPULATED AND AGREED AND ORDERED as follows:

1.    Pursuant to this Stipulation, the disclosure or production of ESI or documents by a producing party that are subject to attorney-client privilege or the work-product doctrine ("Protected Information") to the receiving party, as well as any clawback, shall not operate as a waiver of any privileges and/or work product protections associated with the Protected Information as to the receiving party or any third parties, in this pending litigation or in any other federal or state proceeding, consistent with Rule 502(d) of the Federal Rules of Evidence. For the avoidance of any doubt, the provisions of Fed. R. Evid 502(b) are inapplicable to any disclosure of Protected Information under this Order until 90 days after the close of discovery. Any inadvertent disclosure of Protected Information that occurs 90 days after the close of discovery shall be controlled by the provisions of Fed. R. Evid 502(b).

2.    In the event that either party discloses or produces Protected Information, the following shall apply:

(a)    If the producing party discovers that it has produced Protected Information at any time within 90 days after the close of discovery, it shall notify the receiving party in writing within 7 days of the discovery and identify all such Protected Information. Upon notice of a claim of disclosure, the receiving party shall, within 7 days, return, destroy, sequester, or delete all copies of the Protected Information and provide written confirmation to the producing party that the destruction or sequestration has been completed. Unless otherwise approved by an Order of the Court, the receiving party shall not use, disclose, or disseminate such information in any way (including, but not limited to, using the Protected Information at depositions or trial), and must take reasonable steps to retrieve the Protected Information if it was disseminated by the receiving party prior to such notification.

(b)    Documents previously used affirmatively or cited by the producing party, such as in briefs, depositions, or in open Court, shall not be eligible for clawback. For avoidance of doubt, Documents cited or presented by the producing party in connection with seeking a

2

clawback of said Protected Information shall remain eligible for clawback consistent with this Stipulation.

(c)    Within 7 days of the discovery of the disclosure of any Protected Information, the producing party shall produce a privilege log with respect to the Protected Information. Within 7 days after receiving the producing party's privilege log, a receiving party may notify the producing party in writing of an objection to a claim of privilege or work-product protection with respect to the Protected Information. Within 7 days of the receipt of such notification, the producing party and the receiving party shall meet and confer in an effort to resolve any disagreement concerning the producing party's privilege or work-product claim.

(d)    A receiving party's return, sequestering or destruction of such Protected Information as provided herein will not act as a waiver of the receiving party's right to move for the production of the returned, sequestered or destroyed documents, data and/or information on the grounds that the documents, data and/or information are not in fact subject to a viable claim of attorney-client privilege or the work product doctrine;

(e)    If, for any reason, the parties do not resolve their disagreement after conducting the meet and confer, the receiving party may request a conference with the Court or move the Court for an order compelling production of the Protected Information. While this Order is in effect, any motion shall not assert as a ground for entering an order that the document was produced. Either party may submit Protected Information to the Court under seal for a determination of whether the claim of attorney-client privilege or the work product doctrine applies. The producing party shall preserve the Protected Information until such claim is resolved.

(f)    The producing party bears the burden of establishing the privileged or protected nature of any Protected Information.

(g)    In the event any prior order or agreement between the parties and/or between the parties and a non-party concerning the disclosure of privileged and/or work product protected materials conflicts with any of the provisions of this Order, the provisions of this Order shall control.

3.    Recall of Protected Information. Any party who has received a notification of disclosure of Protected Information from a producing party shall follow the procedure in Appendix A.

4.    This Order is limited to the disclosure of Protected Information that occurs within 90 days after the date that discovery closes. Nothing in this Order shall prevent or affect the right of any party to submit any Protected Information not clawed back in accordance with this Order to the Court as evidence or to use any Protected Information not clawed back in accordance with this Order at trial; however, the Parties will approach the Court and/or seek to resolve how to establish appropriate procedures for handling Protected Information during the course of trial.

5.    This Stipulation and Order may be executed in counterparts which together shall constitute one document. Any Party added by name to this case after the "so ordering" of this Stipulation and Order shall be bound by it without having to execute it.

STIPULATED TO:

| **POMERANTZ LLP** | **BAKER HOSTETLER LLP** |
|---|---|
| */s/ Brian P. O'Connell* | */s/ Douglas W. Greene* |
| Joshua B. Silverman (*Pro Hac Vice*) | Douglas W. Greene (*Pro Hac Vice*) |
| Omar Jafri (*Pro Hac Vice*) | Erica Barrow (*Pro Hac Vice*) |
| Brian P. O'Connell (*Pro Hac Vice*) | Zachary Taylor (*Pro Hac Vice*) |
| 10 South La Salle Street, Suite 3505 | 45 Rockefeller Plaza |
| Chicago, Illinois 60603 | New York, NY 10111 |
| Tel: (312) 377-1181 | Tel: (212) 589-4200 |
| Fax: (312) 377-1184 | Fax: (212) 589-4201 |
| jbsilverman@pomlaw.com | dgreene@bakerlaw.com |
| ojafri@pomlaw.com | ebarrow@bakerlaw.com |
| boconnell@pomlaw.com | ztaylor@bakerlaw.com |

**THE ROSEN LAW FIRM, P.A.**

*/s/ Phillip Kim*
Phillip Kim (*Pro Hac Vice*)
Ha Sung (Scott) Kim (*Pro Hac Vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
pkim@rosenlegal.com
skim@rosenlegal.com

*Lead Counsel for Plaintiffs*

**GRAVES LAW OFFICE**
Curtis C. Graves
12700 Park Central Drive, Suite 520
Dallas, Texas 75251
Tel: (214) 321-6940
Fax: (866) 770-6949
curtis@cgraveslaw.com

**THE BRISCOE LAW FIRM, PLLC**
Willie C. Briscoe
12700 Park Central Drive, Suite 520
Dallas, Texas 75251
Tel: (972) 521-6868
Fax: (346) 214-7463
wbriscoe@thebriscoelawfirm.com

*Liaison Counsel for Plaintiffs*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Eitan Kimelman
60 E 42nd Street, Suite 4600, New York, New York 10165
Phone: 212-697-6484
Fax:    212-697-7296
Email: eitank@bgandg.com

**LEVI & KORSINSKY, LLP**
Daniel Tepper (*pro hac vice forthcoming*)
55 Broadway, 10th Floor
New York, NY 10006
Tel.: (212) 363-7500
Fax: (212) 363-7171
dtepper@zlk.com

**BRAGAR EAGEL & SQUIRE, P.C.**
Marion C. Passmore
580 California Street, Suite 1200
San Francisco, California 94104

C. Shawn Cleveland (Texas No. 24012433)
Tamara D. Baggett (Texas No. 24058573)
2850 North Harwood Street, Suite 1100
Dallas, TX 75201
Tel: (214) 210-1200
Fax: (214) 210-1201
scleveland@bakerlaw.com
tbaggett@bakerlaw.com

Genevieve G. York-Erwin (*Pro Hac Vice*)
999 Third Avenue, Suite 3900
Seattle, WA 98 104-4040
gyorkerwin@bakerlaw.com
Tel: (206) 332-7079
Fax: (206) 624-7317

*Counsel for Defendants*

5

Telephone: (415) 568-3599
Facsimile: (212) 214-0506
Email: passmore@bespc.com

***Additional Counsel for Plaintiffs***


Dated: _____ _____, 2023

SO ORDERED.


_____
Hon. Judge Karen G. Scholer
United States District Judge

6

**APPENDIX A – CLAWBACK PROCEDURES**

Any party who has received a notification of disclosure of Protected Information from a Producing Party pursuant to the Protective Order shall follow the following procedure to ensure all copies of Protected Information are appropriately removed from the Receiving Party's system:

i.      Locate each recalled document in the document review/production database and delete or sequester the record from the database;

ii.     If there is a native file link to the recalled document, remove or sequester the native file from the network path;

iii.    If the database has an image load file, locate the document image(s) loaded into the viewing software and delete or sequester the image file(s) corresponding to the recalled documents;

iv.     Apply the same process to any additional copies of the document or database, where possible;

v.      Locate and destroy or sequester all other copies of the document, whether in electronic or hardcopy form. To the extent that copies of the document are contained on write-protected media, such as CDs or DVDs, these media shall be destroyed and rendered unusable or sequestered, with the exception of production media received from the recalling party, which shall be treated as described herein;

vi.     If the document was produced in a write-protected format, the party seeking to recall the document shall, at its election, either (i) provide a replacement copy of the relevant production from which the document has been removed, in which case the Receiving Party shall destroy and render unusable the original production media; or (ii) allow the Receiving Party to

7

retain the original production media, in which case the Receiving Party shall take steps to ensure that the recalled document will not be used; and

vii.        Confirm that the recall of Protected Information under this procedure is complete by way of letter or email to the Party seeking to recall Protected Information.

Nothing in this Appendix shall prevent either party from moving the Court for the production of the returned, sequestered or destroyed documents, data and/or information on the grounds that the documents, data and/or information are not in fact subject to a viable claim of attorney-client privilege or the work product doctrine, and/or from filing the Protected Information under seal in connection with such motion. Upon the Parties reaching agreement or resolution that the Protected Information has properly been clawed back, or the Court's Order sustaining a privilege claim as to Protected Information, the specific Protected Information shall no longer be sequestered and shall be permanently deleted.