UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUIS TORRES, ALLIA DEANGELIS, DARRICK INMAN, Individually and On Behalf of All Others Similarly Situated, | § § § § § § § | |
| v. | § § § § | CASE NO. 3:20-CV-3464-S |
| BERRY CORPORATION, ARTHUR T. SMITH, CARY BAETZ, GARY A. GROVE, BRENT S. BUCKLEY, KAJ VAZALES, and EUGENE J. VOILAND | § § § § § | |

## STIPULATION AND PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF DISCOVERY MATERIAL

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY STIPULATED AND AGREED, by and among Lead Plaintiffs Luis Torres and Allia DeAngelis, and additional Plaintiff Darrick Inman (collectively the "Plaintiffs"), and Defendants Berry Corporation, Arthur T. Smith, Cary Baetz, Gary A. Grove, Brent S. Buckley, Kaj Vazales, and Eugene Voiland (collectively the "Defendants") (each a "Party," and collectively, the "Parties"), by and through their undersigned counsel that:

### I.    Definitions

A.    "Discovery Material" means all documents, items or other information, regardless of medium or manner generated, stored, or maintained, that are produced or generated in disclosures or responses to discovery in the above-captioned action (the "Action"). Discovery Material may include, but is not limited to, deposition testimony and transcripts, answers to

1

interrogatories, documents and tangible things produced by a Party or non-party, and responses to requests for admission.

B.      "Confidential" means, with respect to Discovery Material, that the Designating Party believes in good faith that such Discovery Material contains: (1) non-public information that may reveal a trade secret or other confidential research, development, or commercial information, as those terms are used in Fed. R. Civ. P. 26(c)(1)(G); (2) information that is subject to a confidentiality obligation to a third party; (3) personally identifiable information ("PII"), including an individual's name, address, phone number, email address, date of birth, driver's license or other government identification number; and (4) financial account or banking information regardless of whether PII is included.

C.      "Highly Confidential" means extremely sensitive Confidential information, such as highly sensitive proprietary business information, a trade secret, or other sensitive commercial, personal, or secret financial or competitive information, the disclosure of which could result in serious harm that cannot be avoided by less restrictive means than designation as Highly Confidential.

D.      "Confidential Discovery Material" means any Discovery Material designated as "Confidential" or "Highly Confidential."

E.      "Parties" collectively shall mean all named parties to any action in these Proceedings, including any party added or joined to any complaint in these Proceedings, as well as named parties to actions that may be consolidated into or coordinated with the above-captioned Action.

F.      "Designating Party" means the Party or third party that designates Discovery Material as Confidential Discovery Material in this Action.

G.     "Producing Party" means the Party or third party that produces Discovery Material in this Action.

H.     "Receiving Party" means a Party that receives Discovery Material from a Producing Party in this Action.

## II.     Designating Confidential Discovery Material

A.     Any Producing Party may designate Discovery Material as Confidential Discovery Material, and such material shall be treated in accordance with the provisions of this order.

B.     Confidential Discovery Material shall be prominently marked and stamped with "Confidential" or "Highly Confidential" as follows:

1.     Transcripts: in the case of deposition or other pretrial testimony, a Party seeking to designate any portion of the testimony as Confidential Discovery Material shall either: (i) make a statement on the record at the time of the disclosure; or (ii) send, within fourteen (14) days after such Party's receipt of the final transcript of the testimony, a written notice to counsel for all Parties to this litigation indicating the page and line number(s) of the testimony to which the "Confidential" or "Highly Confidential" designation applies. In both of the foregoing instances, the Designating Party shall direct the court reporter to affix the legend "Confidential" or "Highly Confidential" to the first page and all designated portions of the transcript. The Parties shall treat deposition testimony as Highly Confidential during the fourteen (14) days following the Parties' receipt of the final transcript.

2.     Interrogatories: in the case of interrogatory responses, the Producing Party shall (i) state in the main body of responses that the interrogatory at issue requests Confidential or Highly Confidential information, (ii) set forth the response to the interrogatory at issue in an addendum

attached to the main body of responses and (iii) affix the legend "Confidential" or "Highly Confidential" to each page of that addendum.

3.      Discovery Materials: in the case of Discovery Materials produced electronically, the Producing Party shall affix the legend "Confidential" or "Highly Confidential" to each page or unit of material (or, in the case of native files, to a slip sheet image file with the corresponding Bates number). For Discovery Materials produced in hard copy, the Producing Party shall affix the legend "Confidential" or "Highly Confidential" to each page so designated.

4.      If timely corrected, an inadvertent failure to designate Confidential Discovery Material does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulation and Order.  No Party shall be found to have violated this Stipulation and Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential or Highly Confidential, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential or Highly Confidential. Designation by either Party of information or documents under the terms of this Order, or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets.

## III.    Use of Discovery Material

A.      Discovery Material, information derived from Discovery Material, and any other documents or materials reflecting or disclosing Discovery Material may only be used in this Action and shall not be used for any other purpose.

B.    Discovery Material that has been designated as "Confidential" may be disclosed only in accordance with the provisions of this Stipulation and Order, and only to:

1. The Court and Court personnel, as appropriate;

2. Actual witnesses or deponents in this Action and their counsel during the course of a deposition, hearing or at trial;

3. Each Party and its employees, officers, directors, representatives, members, and affiliates, provided that such persons are assisting the Party with, or otherwise involved in, this litigation;

4. Each person identified in the Discovery Material designated as "Confidential" that is reasonably and in good faith believed likely to have knowledge of the subject matter of the Discovery Material designated as "Confidential";

5. Court reporters or videographers employed in connection with this Action;

6. Professional jury or trial consultants, mock jurors, and professional vendors, employed in connection with this litigation;

7. Counsel for the Parties, including in-house and outside counsel, legal assistants, and other staff;

8. Any mediator(s) or settlement officer, and their supporting personnel mutually agreed upon by any of the parties engaged in settlement discussions;

9. Experts, including necessary staff, retained by a Party or its counsel in connection with this litigation; and

10. Any other person only upon order of the Court or with the written agreement of the Parties.

C.    Discovery Material that has been designated as "Highly Confidential" may be disclosed only in accordance with the provisions of this Stipulation and Order, and only to:

1. The Court and Court personnel, as appropriate;

2. Actual deponents or witnesses in this Action and their counsel during the course of a deposition, hearing or at trial;

3. Each Party and its employees, officers, directors, representatives, members, and affiliates, provided that such persons are assisting the Party with, or otherwise involved in, this litigation;

4. Court reporters, videographers and/or third party vendors with secure data protocols, employed in connection with this Action;

5. Professional jury or trial consultants, mock jurors, and professional vendors, employed in connection with this litigation;

6. Counsel for the Parties, including in-house and outside counsel, legal assistants, and other staff;

7. Any mediator(s) or settlement officer, and their supporting personnel mutually agreed upon by any of the parties engaged in settlement discussions; and

8. Experts, including necessary staff, retained by a Party or its counsel in connection with this litigation.

9. Any other person only upon order of the Court or with the written agreement of the Parties.

D.    Any person given access to Confidential Discovery Material, information derived therefrom or any other documents or materials reflecting or disclosing any Confidential Discovery Material shall be advised that it is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed by any person other than pursuant to its terms.

E.    Persons listed in Section III.B.2, 6, and 8-9 and Section III.C.2, 5, and 7-8 shall execute a copy of the Certification attached to this Stipulation and Order before being provided with access to Confidential Discovery Material or information derived from Confidential Discovery Material.

F.    A Party or third party seeking to present Confidential Discovery Materials to the Court, whether in a filing, at a hearing, or otherwise, shall redact those documents or make a good faith effort to have them filed under seal in accordance with the Court's Local Civil Rules.

G.    Any Party may challenge, at any time, the designation of Discovery Material as Confidential Discovery Material by providing written notice to the Designating Party identifying the Discovery Material it challenges and the basis for the challenge.

H.     Within seven (7) days of receiving such notice, the Designating Party shall meet and confer with the challenging Party in good faith to resolve this dispute. If the challenge cannot be resolved on an informal basis, either the Receiving Party or the Designating Party may apply to the Court for an appropriate ruling within (7) days of the Parties reaching an impasse. The Designating Party has the burden to show good cause for the "Confidential" or "Highly Confidential" designation. Should any such application be filed, the application shall be filed with the Court under seal.  Pending the resolution of any such dispute, the Parties shall continue to treat the materials as "Confidential" or "Highly Confidential" (as the case may be).

I.     If the Designating Party fails to make a motion or application for continuing the Confidential designation within thirty (30) days of the parties' reaching an impasse pursuant to the procedures set forth in Paragraph III.G-H, the Discovery Material at issue shall be deemed non-confidential and no longer subject to the protections of this Stipulation and Order.

J.     Any person receiving Confidential Discovery Material shall exercise reasonable care to prevent any disclosure of such Confidential Discovery Material other than pursuant to the provisions of this Stipulation and Order.

K.     Confidential Discovery Material which is disclosed in contravention of the provisions of this Stipulation and Order (through inadvertence or otherwise) shall continue to be protected by these provisions. Upon learning of the disclosure of Confidential Discovery Material in contravention of the provisions of this Stipulation and Order, the person that made the disclosure shall promptly: (i) give written notice of the disclosure to the Producing Party, which shall include a specific description of the improperly disclosed Confidential Discovery Material; (ii) give written notice to the recipient of the improperly disclosed Confidential Discovery Material (the "Improper Recipient"); (iii) provide the Improper Recipient with a copy of this Stipulation and Order and

request that the Improper Recipient sign a copy of the attached Certification; (iv) give written notice to the Producing Party of the Improper Recipient's response to this request; (v) make reasonable good faith efforts to retrieve the improperly disclosed Confidential Discovery Material and all copies; and (vi) give written notice to the Producing Party of the result of such efforts. The Producing Party's rights and remedies with respect to any such improper disclosure are hereby reserved.

L.   If any person having received Confidential Discovery Material (the "Recipient"): (a) is subpoenaed in another action, (b) is served with a discovery demand in another action, (c) is served with any other legal process by a non-party to this litigation, or (d) otherwise receives a request from a non-party to this litigation, seeking Confidential Discovery Material, the Recipient shall, unless prohibited by law, provide written notice within three (3) business days of receipt of such subpoena, demand, legal process or request, to the Producing Party's counsel, who may seek a protective order or otherwise seek to preclude disclosure of the Confidential Discovery Material. Should the person seeking access to the Confidential Discovery Material take any action against the Recipient to enforce such subpoena, demand, other legal process or request, the Recipient shall respond by setting forth the existence of this Stipulation and Order. Nothing herein shall be construed as requiring the Recipient or anyone else covered by this Stipulation and Order to challenge or appeal any order requiring production of Confidential Discovery Material, to become subject to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court

## IV.   Protected Material

A.   A separate stipulation shall govern the protocols and procedures for the inadvertent disclosure of any information subject to a claim of attorney-client privilege, attorney work product,

8

and/or any other applicable privilege ("Protected Information") only if the Parties can reach an agreement. If no agreement is reached and a Producing Party seeks to invoke protections that are broader than those afforded by Rule 502(b) of the Federal Rules of Evidence, then the Producing Party should seek resolution from the Court.

## V.   Duties Upon Termination

A.      Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of this litigation, including all appeals, all persons having received Discovery Material shall, upon written request by the Producing Party, make a good faith, commercially reasonable effort to either: (a) return such Discovery Material and copies thereof (including summaries and excerpts) to counsel for the Producing Party; or (b) destroy such Discovery Material and certify that fact to the Producing Party. Outside counsel for the Parties to this litigation shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including work product containing or incorporating Discovery Material), provided that such outside counsel, and employees of such outside counsel, shall not disclose such court papers, deposition and trial transcripts, or attorney work product to any person except pursuant to court order or agreement with the Producing Party. All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

B.      This Stipulation and Order shall continue to be binding after the conclusion of the litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a Receiving Party may seek the permission of the Producing Party or further order of this Court with respect to dissolution or modification of this Stipulation. The provisions of this Stipulation and Order shall, absent prior written consent of the Parties, continue to be binding after the conclusion of this Action.

## VI.   Modification

A.   This Stipulation and Order may be altered or modified only by written agreement among all of the Parties or by order of the Court upon motion by any Party. A Party seeking to modify, extend or terminate shall notify opposing counsel, and counsel shall meet and confer concerning the proposed modification, extension or termination within ten (10) business days of any request for same.  If the Parties cannot reach agreement after meeting and conferring in good faith, the Party seeking such modification, extension or termination shall within ten (10) business days of the expiration of the meet and confer period, as extended if applicable, file a motion with the Court to resolve the dispute. Nothing in this section shall limit the right of any Party or non-party to seek relief from, or modification of, this Stipulation or any of its provisions by properly noticed motion to the Court or to challenge any designations of confidentiality as appropriate under applicable law.

## VII.   Miscellaneous

A.   This Stipulation and Order may be executed in counterparts which together shall constitute one document. Any Party added by name to this case after the "so ordering" of this Stipulation and Order shall be bound by it without having to execute it.

[Continued on Next Page]

STIPULATED TO:

**POMERANTZ LLP**
*/s/ Omar Jafri*
Joshua B. Silverman
Omar Jafri
Brian P. O'Connell
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: jbsilverman@pomlaw.com
ojafri@pomlaw.com
boconnell@pomlaw.com

**THE ROSEN LAW FIRM, P.A.**
*/s/ Scott Kim*
Phillip Kim
Ha Sung (Scott) Kim
275 Madison Avenue, 40th Floor
New York, NY 10116
Phone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
skim@rosenlegal.com

**Bronstein, Gewirtz & Grossman, LLC**
Eitan Kimelman
60 E 42nd Street, Suite 4600, New York,
New York 10165
Phone: 212-697-6484
Fax: 212-697-7296
Email: eitank@bgandg.com

*Lead Counsel for Plaintiffs*

**GRAVES LAW OFFICE**
Curtis C. Graves
12700 Park Central Drive
Suite 520
Dallas, Texas 75251
Telephone: (214) 321-6940
Facsimile: (866) 770-6949
curtis@cgraveslaw.com

**BAKER HOSTETLER LLP**

*Douglas W. Greene*
C. Shawn Cleveland (Texas No. 24012433)
Tamara D. Baggett (Texas No. 24058573)
2850 North Harwood Street, Suite 1100
Dallas, TX 75201
Phone: 214-210-1200
Fax: 214-210-1201
scleveland@bakerlaw.com
tbaggett@bakerlaw.com

Douglas W. Greene (*Pro Hac Vice*)
Erica Barrow (*Pro Hac Vice* Pending)
Zachary R. Taylor (*Pro Hac Vice*)
45 Rockefeller Plaza
New York, NY 10111-0100
Phone: 212-589-4200
Fax: 212-589-4201
dgreene@bakerlaw.com
ztaylor@bakerlaw.com

Genevieve G. York-Erwin (*Pro Hac Vice*)
999 Third Avenue, Suite 3900
Seattle, WA 98 104-4040
gyorkerwin@bakerlaw.com
Phone: 206-332-7079
Fax: 206-624-7317

*Attorneys for Defendants*

*Counsel for Defendants*

11

**THE BRISCOE LAW FIRM, PLLC**
Willie C. Briscoe
Texas Bar No.: 24001788
12700 Park Central Drive, Suite 520
Dallas, Texas 75251
Telephone: 972-521-6868
Facsimile: 346-214-7463
wbriscoe@thebriscoelawfirm.com

*Liaison Counsel for Plaintiffs*


**SO ORDERED.**

SIGNED February 28, 2023.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**

12

## CERTIFICATION

I _____, a resident of _____ hereby certify that I

have read the attached Stipulation and Order that was entered by the United States District Court

for the Northern District of Texas, Dallas Division, in the case of *Torres et al. v. Berry Corporation

et al.,* Case No. 3:20-CV-3464-S. I hereby agree to be bound by the terms of the Stipulation and

Order.

For purposes of enforcing the Stipulation and Order, I hereby agree to be subject to the

jurisdiction of the United States District Court for the Northern District of Texas, Dallas Division.

I understand that violation of the Stipulation and Order is punishable by contempt of Court.

Signature: _____        Dated: _____

13