UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

---

-------------------------------------------------------

LUIS TORRES, ALLIA DEANGELIS,
DARRICK INMAN, Individually and On
Behalf of All Others Similarly Situated,

         Plaintiffs,

     v.

BERRY CORPORATION, ARTHUR T.
SMITH, CARY BAETZ, GARY A. GROVE,
BRENT S. BUCKLEY, KAJ VAZALES, and
EUGENE J. VOILAND,

         Defendants.

:
:
:
:
:
:
: CASE NO.: 3:20-CV-3464-S
:
: JUDGE KAREN G. SCHOLER
:
:
:
:
:
:
:
:
:

---

**DEFENDANTS' MOTION FOR EVIDENTIARY HEARING
ON LEAD PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND
APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL**

Defendants hereby respectfully move for an evidentiary hearing on Lead Plaintiffs' Motion

for Class Certification and Appointment of Class Representatives and Class Counsel (the

"Motion") (Dkt. No. 110).  Defendants believe that an evidentiary hearing, including testimony by

the parties' respective economic experts and an opportunity for the Court to pose questions to the

experts and counsel, would be of assistance to the Court in ruling on the Motion.

Though an evidentiary hearing is not expressly required by the Fed. R. Civ. P. 23, "the

Fifth Circuit has indicated that 'if there is any doubt as to the propriety of a class action, a

preliminary evidentiary hearing on maintainability is essential.'" *Dallas Cnty., Tex. v.*

*MERSCORP, Inc.*, No. 3:11-CV-02733-O, 2012 WL 6208385, at \*10 (N.D. Tex. Dec. 13, 2012)

(citing *Camperv. Calumet Petrochemicals, Inc.*, 584 F.2d 70, 72 (5th Cir. 1978)). Further, the Fifth

Circuit has "stated on numerous occasions that the district court should ordinarily conduct an evidentiary hearing" on the question of class certification and decide the issues without an evidentiary hearing "[o]nly in cases free from doubt, where 'clear grounds exist for denial of class certification.'" *Merrill v. S. Methodist Univ.*, 806 F.2d 600, 608 (5th Cir. 1986) (citing *King v. Gulf Oil Co.*, 581 F.2d 1184, 1186 (5th Cir. 1981)); *MERSCORP., Inc.*, 2012 WL 6208385, at *10-11. To the extent the Court believes clear grounds exist for denial of class certification here, then the Court may deny class certification without a hearing. However, to the extent the Court has not yet reached that conclusion, an evidentiary hearing—including testimony from the parties' experts as well as oral argument from counsel—is critical for at least the following reasons.

*First,* both the Motion and Defendants' Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel ("Defendants' Opposition") (Dkt. No. 120), and Plaintiffs' Reply in support of the Motion (Dkt. No. 126), rely heavily on the parties' proffered expert testimony. At this time, neither expert has sat for deposition or had their testimony tested in any other way. Because of this, Defendants believe an evidentiary hearing would assist the Court in deciding the Motion by affording an opportunity to hear testimony directly from the parties' respective experts—after their depositions—and by allowing the parties (and the Court) a chance to question the experts.

*Second,* the Motion, Defendants' Opposition, and Plaintiffs' Reply, involve a number of important legal issues related to Rule 23(a) and (b)'s requirements: among others, (i) (lack of) Section 11 standing, and its implications for jurisdiction, typicality, adequacy of representation, and predominance; (ii) (lack of) "front-end" and "back-end" price impact, (iii) the class-wide applicability of Plaintiffs' proposed damages model and whether it matches their liability theory; and (iv) whether the three proposed class representatives can adequately represent the interests of

the proposed classes. An evidentiary hearing would give the Court the benefit of oral argument on these significant issues and provide it an opportunity to pose questions to counsel on any matters that might assist the Court with its ruling on the Motion. *See, e.g., Krim v. pcOrder.com, Inc.*, 210 F.R.D. 581 (2002) (holding hearing on, among other things, the Section 11 standing, typicality, and adequacy of proposed class representatives); *In re Kosmos Energy Ltd. Sec. Litig.*, 299 F.R.D. 133, 149 (N.D. Tex. 2014) (holding hearing on class certification motion); *In re BP p.l.c. Sec. Litig.*, No. 10-md-2185 (S.D. Tex.) (same); *Ogden v. AmeriCredit Corp.*, 225 F.R.D. 529, 536 (N.D. Tex. 2005) (same).

Accordingly, Defendants respectfully submit that an evidentiary hearing would be beneficial for the foregoing reasons, and request that the Court schedule a hearing at the earliest convenient time after the parties have had reasonable time to depose each other's expert witness, thirty (30) to sixty (60) days after the Court grants this motion.

Dated: May 31, 2023

Respectfully submitted,

*/s/ Douglas W. Greene*
**BAKER & HOSTETLER LLP**

C. Shawn Cleveland (Texas No. 24012433)
Tamara D. Baggett (Texas No. 24058573)
2850 North Harwood Street, Suite 1100
Dallas, TX 75201
Phone: 214-210-1200
Fax: 214-210-1201
scleveland@bakerlaw.com
tbaggett@bakerlaw.com

Douglas W. Greene (*Pro Hac Vice*)
Zachary R. Taylor (*Pro Hac Vice*)
45 Rockefeller Plaza
New York, NY 10111-0100
Phone: 212-589-4200

Fax: 212-589-4201
dgreene@bakerlaw.com
ztaylor@bakerlaw.com

Genevieve G. York-Erwin (*Pro Hac Vice*)
999 Third Avenue, Suite 3900
Seattle, WA 98 104-4040
gyorkerwin@bakerlaw.com
Phone: 206-332-7079
Fax: 206-624-73 17

*Attorneys for Defendants*

## CERTIFICATE OF CONFERENCE

Prior to this filing, on May 30 and 31, 2023, Defendants sent emails to counsel for Plaintiffs to determine whether they would oppose this motion. Counsel for Plaintiffs responded to the May 30 and 31, 2023 emails on May 31, 2023, and indicated that they intend to oppose this motion.

<u>**CERTIFICATE OF SERVICE**</u>

I certify that this brief was electronically filed with the Clerk of the Court using the

CM/ECF system, which will send email notification of this filing to all attorneys of record.

<u>*/s/ Tamara D. Baggett*</u>
Tamara D. Baggett