# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| LUIS TORRES, ALLIA DEANGELIS, DARRICK INMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>BERRY CORPORATION, ARTHUR T. SMITH, CARY BAETZ, GARY A. GROVE, BRENT S. BUCKLEY, KAJ VAZALES, and EUGENE J. VOILAND,<br><br>　　　　　　　　　　Defendants. | Case No. 3:20-CV-3464-S<br><br>**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR EVIDENTIARY HEARING ON CLASS CERTIFICATION**<br><br>JUDGE KAREN G. SCHOLER |

Plaintiffs' Motion for Class Certification is fully-briefed and ready for decision. Each side has thoroughly addressed its legal positions and the evidence it believes the Court should consider. Each has provided extensive expert reports setting forth "a complete statement of all opinions … and the basis and reasons for them," as well as "the facts or data considered by the [expert] in forming them," and other evidence. *See* Fed. R. Civ. P. 26(a)(2)(B). Now, to prevent the Court from ruling and to seek an opportunity to inject new arguments and evidence that should have been raised months ago, Defendants seek an evidentiary hearing. For the reasons discussed below, Plaintiffs believe that the Court should not allow such delay.

Defendants concede that Rule 23 of the Federal Rules of Civil Procedure does not require evidentiary hearings, but incorrectly assert that such hearings are standard practice and deemed "essential" in this Circuit. ECF No. 135 at 2. Fifth Circuit law, however, holds the opposite. "[A] district court is not obliged to conduct an evidentiary hearing" at class certification, and one only becomes essential where there are "serious" evidentiary questions about commonality or another Rule 23 element. *Bradford v. Sears, Roebuck & Co.*, 673 F.2d 792, 795-96 (5th Cir. 1982). Indeed, less than a month ago, the Fifth Circuit affirmed an order granting class certification where the record below reveals no evidentiary hearing was held. *See Angell v. GEICO Advantage Ins. Co.*, No. 22-20093, 2023 U.S. App. LEXIS 11725, at *1 (5th Cir. May 12, 2023); *see also Fener v. Belo Corp.*, 560 F. Supp. 2d 502, 503 n.1 (N.D. Tex. 2008) (explaining that evidentiary hearings are not necessary to decide motions for class certification in securities cases); *Bunton v. Logisticare Sols., LLC*, No. A-19-CV-00372-LY-SH, 2020 U.S. Dist. LEXIS 11579, at *3 n.3 (W.D. Tex. Jan.

1

22, 2020) (granting certification and observing that courts are not "obliged" to hold an evidentiary hearing).[1]

Nor is it the usual practice to conduct such evidentiary hearings as Defendants erroneously suggest. Courts in this Circuit frequently grant certification in securities fraud class actions without an evidentiary hearing. *See, e.g.*, *In re Anadarko Petroleum Corp. Sec. Litig.*, No. 4:20-cv-00576, ECF No. 141 (S.D. Tex. Sep. 28, 2022) (granting certification with no hearing at all); *Prause v. TechnipFMC, plc et al*, No. 4:17-cv-02368, ECF No. 96 (S.D. Tex. Mar. 9, 2020) (granting certification after oral argument only); *In re EZCORP, Inc. Securities Litigation*, No. 1:15-cv-00608, ECF No. 120 (W.D. Tex. Feb. 19, 2019) (same); *In re: Cobalt Int'l Energy, Inc. Sec. Litig.*, No. 4:14-cv-03428, ECF No. 244 (S.D. Tex. June 15, 2017) (same); *Kohut v. KBR et al*, No. 4:14-cv-01287, ECF No. 114 (S.D. Tex. Jul. 8, 2016) (same); *Marcus v. J.C. Penney Company, Inc. et al*, No. 6:13-cv-00736, ECF No. 152 (E.D. Tex. Mar. 8, 2017) (same).

The same is true in securities cases across federal jurisdictions. *See, e.g.*, *Set Capital LLC v. Credit Suisse Grp. AG*, 18 Civ. 2268 (AT), 2023 U.S. Dist. LEXIS 44762, at *38 (S.D.N.Y. Mar. 16, 2023) (granting class certification without an evidentiary hearing); *Bond v. Clover Health Invs., Corp.*, No. 3:21-cv-00096, 2023 U.S. Dist. LEXIS 24749, at *43-44 (M.D. Tenn. Feb. 14, 2023) (same); *Malriat v. QuantumScape Corp.*, No. 3:21-cv-00058-WHO, 2022 U.S. Dist. LEXIS 232497, at *44 (N.D. Cal. Dec. 19, 2022) (same). It is also the case with respect to other class

---

[1] There is unanimity amongst the federal courts on this issue. *See, e.g.*, *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier, Inc.*, 546 F.3d 196, 201 n.7 (2d Cir. 2008) (holding that district courts have "ample discretion" on whether to hold an evidentiary hearing in a securities case); *Simer v. Rios*, 661 F.2d 655, 671 n.27 (7th Cir. 1981) (holding that federal courts are not required to conduct evidentiary hearings, and rejecting similar mischaracterizations of Fifth Circuit law); *see also Kurihara v. Best Buy Co.*, No. C 06-01884 MHP, 2007 U.S. Dist. LEXIS 64224, at *12-13 (N.D. Cal. Aug. 29, 2007) (collecting cases, and observing that evidentiary hearings are not required, and courts should not weigh conflicting expert evidence at class certification).

actions in this Circuit. *See, e.g.*, *Martinez et al v. Anderson County, Texas et al,* No. 6:22-cv-00171, ECF No. 92 (E.D. Tex. Mar. 28, 2023) (granting partial certification with only oral argument); *Neese et al v. Becerra et al*, No. 2:21-cv-00163, ECF No. 65 (N.D. Tex. Oct 14, 2022) (granting certification on the papers).[2]

The two reasons that Defendants proffer also militate against an evidentiary hearing in this case. *See* ECF No. 135 at 2. First, Defendants submit that although the Court has before it the full reports from Plaintiffs' expert, Dr. Matthew D. Cain, and Defendants' expert, Ms. Lucy Allen, the Court should nonetheless hold an evidentiary hearing because "neither expert has sat for a deposition or had their testimony tested in any other way," ECF No. 135 at 2. But Defendants made a strategic choice during briefing not to depose Dr. Cain, or to test his opinions at the class certification stage with a motion to exclude. It is unfair to now ask the Court to clear time in its busy schedule to conduct the "test" that Defendants earlier chose to forego. As the Fifth Circuit has made clear, the failure to develop evidence in a timely manner is a sufficient reason to deny an evidentiary hearing. *See*, *e.g.*, *Merrill v. S. Methodist Univ.*, 806 F.2d 600, 608-09 (5th Cir. 1986) (holding that hearing was properly denied, *inter alia*, because the party failed to develop evidence before briefing on class certification was complete); *Bell v. Ascendant Sols., Inc.*, 422 F.3d 307, 316 (5th Cir. 2005) (holding that parties should not be allowed "second bites at the class

---

[2] Defendants urge the Court to hold a hearing if it considers granting the motion, but not hold one if it considers denying certification. ECF No. 135 at 2. This heads I win, tails you lose argument has been repeatedly rejected by the Fifth Circuit. *See, e.g.*, *Falcon v. Gen. Tel. Co. of Sw.*, 626 F.2d 369, 374 (5th Cir. 1980), *vacated on other grounds by Gen. Tel. Co. of Sw. v. Falcon*, 450 U.S. 1036 (1981) (holding that no hearing is required on class certification unless denial would substantially affect the rights of the Class); *Shepard v. Beaird-Poulan, Inc.*, 617 F.2d 87, 89 (5th Cir. 1980) (similar). Defendants' reliance on *Dall. Cty. v. Merscorp, Inc.* is misplaced. Civil Action No. 3:11-cv-02733-O, 2012 U.S. Dist. LEXIS 176533, at *37-38 (N.D. Tex. Dec. 13, 2012). *Merscorp* merely stated that denying certification without a hearing can be harmless unless there are serious issues of fact concerning Rule 23 elements. *Id.* Here, Defendants concede the issues presented are predominantly "legal" in nature, and all their challenges to certification rest on pure issues of law. ECF No. 135 at 2.

certification apple" when they fail to develop evidence at the time of briefing like Defendants here failed to present persuasive evidence of a total absence of price impact).

Next, Defendants assert that the Court should hold an evidentiary hearing to hear from experts because the Motion concerns "a number of important legal issues," ECF No. at 2. But no expert is competent to testify about legal conclusions. *See, e.g.*, *Graham v. Lewis*, Civil Action No. 3:21-CV-1274-D, 2023 U.S. Dist. LEXIS 52502, at *4-5 (N.D. Tex. Mar. 28, 2023). The Court construes the law.

Finally, as explained in detail in Plaintiffs' Reply brief, virtually all of Defendants' arguments concern the merits, not Rule 23 requirements. ECF No. 126. The Fifth Circuit has repeatedly warned that "[c]lass certification hearings should not be mini-trials on the merits of the class or individual claims." *Unger v. Amedisys Inc.*, 401 F.3d 316, 321 (5th Cir. 2005) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974)); *accord Cornejo v. Big Lots Stores, Inc.*, No. 2:22-cv-01247-MCE-DB, 2023 U.S. Dist. LEXIS 94612, at *3 (E.D. Cal. May 30, 2023) ("Class certification should not become a 'mini-trial.'"). A mini-trial on the merits is precisely what Defendants request the Court to conduct given their actual arguments in opposition to the Motion for Class Certification.

For the foregoing reasons, Plaintiffs respectfully submit that an evidentiary hearing is not necessary and should not be used as a ploy to delay this Court's determination of the fully-briefed Motion for Class Certification, which is already supported by a developed evidentiary record. The Court does not need to hear from any expert to decide the issues of law raised by Defendants, and already has before it a full accounting of each expert's opinions and the bases for those opinions. Should the Court nevertheless choose to hold a hearing, Plaintiffs respectfully request that it be held as soon as possible based on the Court's convenience and the availability of both experts

4

(either remotely or in person), and without additional delay to accommodate discovery that Defendants declined to conduct during briefing.

Dated:  June 2, 2023

<div style="margin-left: 50%;">

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Omar Jafri*

Joshua B. Silverman
Omar Jafri
Brian P. O'Connell
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:  (312) 377-1181
Facsimile:   (312) 377-1184
Email:  jbsilverman@pomlaw.com
        ojafri@pomlaw.com
        boconnell@pomlaw.com

**THE ROSEN LAW FIRM, P.A.**

*/s/ Phillip Kim*
Phillip Kim
Scott Kim
275 Madison Avenue, 40th Floor
New York, NY 10116
Phone:  (212) 686-1060
Fax:     (212) 202-3827
Email:  pkim@rosenlegal.com
        skim@rosenlegal.com

**Bronstein, Gewirtz & Grossman, LLC**

Eitan Kimelman
60 E 42nd Street, Suite 4600, New York,
New York 10165
Phone: 212-697-6484
Fax:     212-697-7296
Email: eitank@bgandg.com

***Lead Counsel for Plaintiffs***

</div>

**GRAVES LAW OFFICE**
Curtis C. Graves
12700 Park Central Drive
Suite 520
Dallas, Texas 75251
Telephone: (214) 321-6940
Facsimile: (866) 770-6949
curtis@cgraveslaw.com

**THE BRISCOE LAW FIRM, PLLC**
Willie C. Briscoe
Texas Bar No.: 24001788
12700 Park Central Drive, Suite 520
Dallas, Texas 75251
Telephone: 972-521-6868
Facsimile: 346-214-7463
wbriscoe@thebriscoelawfirm.com

*Liaison Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of June 2023, a true and correct copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Omar Jafri*
Omar Jafri