**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

---------------------------------------------------------

LUIS TORRES, ALLIA DEANGELIS, : 
DARRICK INMAN, Individually and On : 
Behalf of All Others Similarly Situated, : 
: 
Plaintiffs, : 
: CASE NO.: 3:20-CV-3464-S
v. : 
: JUDGE KAREN G. SCHOLER
BERRY CORPORATION, ARTHUR T. : 
SMITH, CARY BAETZ, GARY A. GROVE, : 
BRENT S. BUCKLEY, KAJ VAZALES, and : 
EUGENE J. VOILAND, : 
: 
Defendants. : 

---------------------------------------------------------

### REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR EVIDENTIARY HEARING ON LEAD PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Tel. 212-589-4200
Fax. 212-589-4201

*Attorneys for Defendants*

Defendants' motion for an evidentiary hearing is eminently reasonable and strongly supported by Fifth Circuit doctrine and Supreme Court guidance.[1] Given the nature and number of the issues to be determined at class certification in this case—and the significance of class certification in general—an evidentiary hearing would assist the Court in conducting Rule 23's required "rigorous" analysis before it determines whether this case can or cannot proceed as a class action. *See Comcast Corp. v. Behrend*, 569 U.S. 27, 33-35 (2013); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-52 (2011). Defendants' request is also well-grounded in the law. The Fifth Circuit has "stated on numerous occasions that the district court should ordinarily conduct an evidentiary hearing on this question [of class certification]." *Merrill v. S. Methodist Univ.*, 806 F.2d 600, 608 (5th Cir. 1986) (collecting cases); *see also Dallas Cnty., Tex. v. MERSCORP, Inc.*, No. 3:11-CV-02733-O, 2012 WL 6208385, at *10 (N.D. Tex. Dec. 13, 2012) (similar); *David v. Signal Int'l, LLC*, No. CV 08-1220, 2010 WL 11541682, at *3 (E.D. La. July 9, 2010) (relying on *Merrill* in rejecting argument "that an evidentiary hearing is not necessary").

Faced with this well-established Fifth Circuit guidance, Plaintiffs seek to dissuade the Court from looking under the hood before certifying a class primarily by arguing that an evidentiary hearing is not *required*.[2] This is true in some circumstances: if the Court finds that "clear grounds exist for denial of class certification," then it may "escape" its "obligation" to hold an evidentiary hearing. *Merrill*, 806 F.2d at 608; *MERSCORP*, 2012 WL 6208385, at *10 ("Where it is clear that a class action cannot be maintained, the trial court may decide the issue without conducting an evidentiary hearing."). However, "[t]he Fifth Circuit has typically found error in cases where the trial court failed to hold an evidentiary hearing on the issue of class certification

---

[1] Defendants' Motion for Evidentiary Hearing ("Mot."; Dkt. No. 135).
[2] *See* Pls' Opp. to Defs' Motion for Evidentiary Hearing ("Pls' Opp."; Dkt. No. 137), at 1.

when issues of fact existed as to whether the elements of Rule 23 were satisfied." *MERSCORP*, 2012 WL 6208385, at *11; *see also Signal*, 2010 WL 11541682, at *3 ("Any factual uncertainties trigger the necessity for a[n evidentiary] hearing.").

Here, the parties' experts offer competing opinions on several factual issues, including (i) which of the stock price declines following the three alleged corrective disclosures were statistically significant; and (ii) whether any of those declines can be attributed to news about production targets and/or production as Plaintiffs claim. While the Court could *deny* class certification without deciding those factual issues (e.g., by finding as a matter of law that the mismatch between the challenged statements and alleged corrective disclosures shows lack of price impact under *Goldman*, or that the proposed damages model violates *Comcast*), the Court cannot grant certification without deciding these factual disputes in Plaintiffs' favor.

In these circumstances, where issues of fact may exist as to whether certain Rule 23 requirements are satisfied, Fifth Circuit precedent requires the Court to hold an evidentiary hearing before granting class certification. And even if there were no issues of fact, Defendants respectfully submit that oral argument from the parties, and testimony from their experts, will help the Court evaluate the legal and expert issues before it. Accordingly, for the reasons set forth here and in Defendants' opening brief, the Court should grant Defendants' Motion for an Evidentiary Hearing.

**I.      An Evidentiary Hearing Would Assist the Court in Conducting the Required "Rigorous" Analysis to Determine Whether Plaintiffs Have Satisfied Rule 23's Requirements.**

In their Opposition, Plaintiffs generically argue that Rule 23 "does not require evidentiary hearings" and that they are not "standard practice" in this Circuit. Pls' Opp. at 1-3. Nowhere in their Opposition do Plaintiffs even attempt to argue that an evidentiary hearing in this case would not be beneficial to the Court in determining whether to certify the putative class. Nor could they—

the parties' briefing and three expert reports involve a number of important factual, economic, and legal issues crucial to the consideration of Rule 23's requirements in this case, including (i) (lack of) Section 11 standing, and its implications for jurisdiction, typicality, adequacy of representation, and predominance; (ii) (lack of) "front-end" and "back-end" price impact, (iii) the class-wide applicability of Plaintiffs' proposed damages model and whether it matches their liability theory; and (iv) whether the three proposed class representatives can adequately represent the interests of the proposed classes. Mot. at 2-3. An evidentiary hearing would enable the Court to hear from and question the experts on factual and economic issues, and to question counsel on the legal ramifications of those issues, among other things.[3]

In any event, Plaintiffs' argument concerning the practice of courts in this Circuit falls flat. While it is true that Rule 23 does not require an evidentiary hearing, Plaintiffs ignore the unequivocal statements from the Fifth Circuit expressly directing district courts to hold them if issues of fact exist as to whether any of the requirements of Rule 23 are satisfied. *Merrill*, 806 F.2d at 608 (collecting cases); *MERSCORP*, 2012 WL 6208385, at *10 ("[t]hough an evidentiary hearing is not expressly required by [Rule 23], the Fifth Circuit has indicated that 'if there is any doubt as to the propriety of a class action, a preliminary evidentiary hearing on maintainability is essential'") (quoting *Camper v. Calument Petrochemicals, Inc.*, 583 F.2d 70, 72 (5th Cir. 1978)).

Plaintiffs cite one case to the contrary, and that reliance is severely misplaced. Pls' Opp. at 1. In *Bradford v. Sears Roebuck & Co.*, 673 F.2d 792 (5th Cir. 1982), the Fifth Circuit vacated the district court's certification of a class without first conducting an evidentiary hearing, and explained that:

"[W]hen a serious question of . . . any [] essential element [of class certification] is

---

[3] Plaintiffs' disingenuous characterization of Defendants' Motion as seeking an opportunity for their expert to "testify about legal conclusions" should be rejected. Pls' Opp. at 4.

raised, a hearing usually is necessary. . . . A preliminary hearing may avoid a precipitous certification, later vacated as improvident, with the unfortunate and intervening attendant costs for both sides. As we explained in our en banc decision in *Satterwhite v. City of Greenville*, 578 F.2d 987, 998 (5th Cir. 1978) . . . . ***if there is any doubt with respect to the propriety of a class action, a preliminary evidentiary hearing is essential*.'"**

*Bradford*, 673 F.2d at 795-96 (emphasis added). *Bradford* only strengthens Defendants' Motion.

Plaintiffs try to characterize Defendants' argument for an evidentiary hearing as a "heads I win, tails you lose argument," insofar as Defendants purportedly "urge the Court to hold a hearing if it considers granting the motion, but not hold one if it considers denying certification." Pls' Opp. at 3 n.3. Plaintiffs misrepresent Defendants' Motion—Defendants simply rely on clear Fifth Circuit precedent strongly encouraging district courts to hold evidentiary hearings in the event issues of fact exist as to whether Rule 23's requirements are satisfied, and enabling them to deny certification without a hearing "where clear grounds exist for denial." *Merrill*, 806 F.2d at 608.

The strong preference for an evidentiary hearing is entirely consistent with the concerns surrounding abuse of the class action mechanism, and the Supreme Court's and Fifth Circuit's imposition of strict requirements on plaintiffs seeking class certification. As the court in *In re Kosmos Energy Ltd. Sec. Litig.*, 299 F.R.D. 133 (N.D. Tex. 2014) explained at length:

> As recounted by numerous commentators, after an onslaught of high-stakes class-action suits accompanied by huge monetary awards in the federal courts in the 1980s and 1990s, the class action as a procedural device began to fall into "disfavor" with the courts and certain sectors of the public. . . .
>
> [T]he Supreme Court and several circuit courts, including the Fifth, have developed a body of "rigorous federal case law" interpreting Rule 23's requirements as imposing stringent standards on plaintiffs seeking class certification. This rigorous review process not only prohibits the former practice by courts of accepting the plaintiff's pleadings as "true" for purposes of the certification analysis, but also requires them to produce actual evidence that they are entitled to class status.
>
> The development toward the more rigorous approach in the Fifth Circuit can be traced to the 1996 case of *Castano v. Am. Tobacco Co.* In *Castano*, the Fifth Circuit reversed a district court's order granting class certification, finding the court had

misinterpreted prior authority as barring courts from looking beyond the pleadings in deciding whether the class should be certified. Instead, the Circuit explained, "[g]oing beyond the pleadings is necessary, as a court must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues." This, in turn, the court elaborated, requires courts to examine the parties' claims as well as their evidence and to "find"—not just presume—that enough facts support class certification. . . .

The culmination of the movement by courts—away from a presumptively pro-plaintiff view to the more restrictive approach today—was most recently summed up by the Supreme Court in its 2013 opinion, *Comcast v. Behrend*. In *Comcast*, the Supreme Court, re-stated—its now firmly entrenched view—that a plaintiff seeking class certification "must affirmatively demonstrate his compliance" with Rule 23[.]

*In re Kosmos Energy Ltd. Sec. Litig.*, 299 F.R.D. at 137–39.

Given this guidance, and contrary to Plaintiffs' assertions, it is unsurprising that courts in this Circuit routinely hold hearings on class certification motions, including in securities class actions.[4] *See* Mot. at 3 (collecting cases); *see also Ticknor v. Rouse's Enterprises*, L.L.C., 592 F. App'x 276, 277 (5th Cir. 2014) (affirming denial of class certification where district court held evidentiary hearing); *Ramirez v. Exxon Mobil Corp., et al.*, No 3:16-cv-3111 (N.D. Tex.) (Dkt. Nos. 117, 176) (granting motion for evidentiary hearing in securities class action and holding

---

[4] Plaintiffs cite one instance where a court granted class certification in a securities class action without any hearing, and a handful of cases where courts purportedly held "oral argument only." Pls' Opp. at 2. This argument is unpersuasive in light of the clear Fifth Court precedent cited above. In any event, in *In re Anadarko*, former Judge Gilmore *did* order a hearing on class certification before she retired from the bench, and Judge Eskridge has indicated that he will schedule a hearing on the motion for reconsideration of his order granting certification. No. 4:20-cv-00576, ECF No. 141 (S.D. Tex.) Dkt. No. 78, Dkt. No. 194-1, Hr'g Tr. 55:23-25. Regarding the other cases that held hearings, it is not clear whether they solely involved legal argument from counsel, as plaintiffs suggest, or were also evidentiary in nature. *See, e.g., Prause v. TechnipFMC, plc et al.*, No. 4:17-cv-02368 (S.D. Tex) (Dkt. No. 96), at 11 (holding hearing on adequacy of the class representative and evaluating that issue based on "evidence presented in the Motion and during the September 13, 2019 [class certification] hearing"); *Marcus v. J.C. Penney Company, Inc. et al.*, No. 6:13-cv-00736 (E.D. Tex.) (Dkt. No. 142) (transcript of hearing which included lengthy video segments of expert depositions on issues of price impact). In any event, even if the Court were to find an *evidentiary* hearing unnecessary, the Court should still afford the parties oral argument on Plaintiffs' Motion for Class Certification. *See, e.g., Marcus*, No. 6:13-cv-00736 (E.D. Tex.) (Dkt. No. 142).

evidentiary hearing on price impact).

## II.    The Court is Obligated to Consider Defendants' Arguments in Opposition to Class Certification Even Though There May Be Overlap with the Merits.

Plaintiffs assert that an evidentiary hearing would be improper because "virtually all of Defendants' arguments concern the merits, not Rule 23's requirements." Pls' Opp. at 4. Once again, Plaintiffs' argument is at odds with established Supreme Court and Fifth Circuit precedent.

The Supreme Court and Fifth Circuit have long recognized that Rule 23's required "rigorous analysis" will "entail some overlap with the merits of the plaintiff's underlying claim" and that such overlap "cannot be helped." *Wal-Mart*, 564 U.S. at 351; *Goldman Sachs Grp., Inc. v. Arkansas Tchr. Ret. Sys.*, 141 S. Ct. 1951, 1961 (2021); *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982). Indeed, "'the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" *Wal-Mart*, 564 U.S. at 351. Accordingly, the overlap between class certification issues and the merits cannot constitute a valid reason to deny an evidentiary hearing on class certification. "[O]verlap with the merits 'should not be talismanically invoked to artificially limit a trial court's examination of the factors necessary to a reasoned determination of whether a plaintiff has met her burden of establishing each of the Rule 23 class action requirements.'" *Funeral Consumers All., Inc. v. Serv. Corp. Int'l*, 695 F.3d 330, 346 (5th Cir. 2012) (citing *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 744, n.17 (5th Cir. 1996)). A district court "must give full and independent weight to each Rule 23 requirement, regardless of whether that requirement overlaps with the merits." *Id.*

In their Class Certification Reply,[5] Plaintiffs assert that Defendants' price impact and traceability arguments are improper merits arguments. Pls' Opp. at 4; Pls' Class Cert. Reply at 1,

---

[5] Pls' Reply Mem. in Support of Pls' Mot. for Class Cert. ("Pls' Class Cert. Reply"; Dkt. No. 126).

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION                    Page 6
FOR EVIDENTIARY HEARING

4-6, 12-13. Not so, and the Supreme Court has explicitly rejected this type of argument.

With regard to price impact, the Supreme Court has directed courts to "take into account *all* record evidence relevant to price impact, regardless of whether that evidence overlaps with . . . any other merits issue." *Goldman*, 141 S. Ct. at 1961 & n.2. In reaching its decision, the Supreme Court relied on the Seventh Circuit opinion in *In re Allstate Corp. Sec. Litig.*, 966 F.3d 595 (7th Cir. 2020) which explained that courts must consider evidence that rebuts price impact even if that same evidence may also be determinative of loss causation:

> [A] district court must be willing to consider evidence offered by the defense to show that the alleged misrepresentations did not actually affect the price of the securities. *Halliburton II* requires that. And yes, the same evidence is likely to have obvious implications for the off-limits merits issues of materiality and loss causation. *Halliburton II* teaches, however, that a district court may not use the overlap to refuse to consider the evidence. The court must still consider the evidence as relevant to price impact.

*In re Allstate Corp. Sec. Litig.*, 966 F.3d at 608.

In their Class Certification Reply, Plaintiffs argue that the alleged corrective disclosures had a price impact on Berry's stock price, but assert that the evidence Defendants present to rebut that price impact constitutes an improper attack on loss causation (namely the mismatch between the challenged statements and the alleged corrective disclosures). Pls' Class Cert. Reply at 1, 4-6. This is a classic "sword-and-shield" argument of the type soundly rejected by the Supreme Court in *Halliburton II* and *Goldman*. Indeed, *Goldman* unequivocally directs district courts to examine "the mismatch between the contents of the misrepresentation and the corrective disclosure" in evaluating "back-end" price impact at class certification. *Goldman,* 141 S. Ct. at 1961; Defs' Opp. to Pls' Mot. for Class Cert. ("Opp. to Class Cert."; Dkt. No. 120), at 16-19.

Plaintiffs also mischaracterize Defendants' Section 11 traceability arguments as improper merits arguments. Pls' Class Cert. Reply at 12-13. Again, Plaintiffs' assertions are contrary to

well-established law. Defendants argue that Plaintiffs have failed to establish the proposed class representatives' standing to assert their Section 11 claim (and cannot do so), and that this failure precludes certification of a '33 Act Class. Opp. to Class Cert. at 7-11. Questions of a proposed class representative's standing are crucial to deciding class certification. As this Court has clearly stated: "A plaintiff must personally have standing to bring a cause of action on behalf of a class he or she allegedly represents. 'Standing is an inherent prerequisite to the class certification inquiry,' such that '[i]f the litigant fails to establish standing, he or she may not seek relief on behalf of himself or herself or any other members of the class.'" *Brawley v. Bath & Body Works, LLC*, No. 3:18-CV-02098-S, 2019 WL 7945655, at *5 (N.D. Tex. Sept. 25, 2019) (internal citations omitted). And, as explained in Defendants' Class Cert. Opposition, similar standing issues make it impossible to show predominance as to the Section 11 claim. Opp. to Class Cert. at 11-12; *see also Slack Techs., LLC v. Pirani*, 143 S. Ct. 1433 (2023) (attached hereto as Appendix 1).

### III. Defendants Did Not Forego the Opportunity to Depose Dr. Cain, and a Hearing Would Not Cause Any Delay.

Finally, in relation to Defendants' request for reasonable time for the Parties to depose each other's expert witness in advance of the hearing, Plaintiffs accuse Defendants of having made a "strategic choice" not to depose Dr. Cain during briefing, and claim that failure to do so is reason enough to deny this Motion. Pls' Opp. at 3. Plaintiffs misrepresent the Parties' communications.

In support of their Motion for Class Certification, Plaintiffs submitted Dr. Cain's expert report, which primarily focused on the issue of market efficiency. Expert Report of Matthew D. Cain, Ph.D ("Cain Report"; Dkt. No. 112-2). Dr. Cain did not opine in any meaningful sense on Section 11 traceability, the price impact of the challenged statements or corrective disclosures, or the predominance of class-wide damages. The Cain Report contains no mention of Section 11 traceability, no mention of Plaintiffs' materialization-of-the-risk theory or its implications for price

impact or damages, and nothing more than a generic description of how damages in Section 11 and Section 10(b) cases can often be calculated on a class-wide basis.

Regardless, Defendants noticed Dr. Cain's deposition for a date preceding the deadline to file their Opposition to Class Certification. *See* Mar. 7, 2023 Email from Zachary R. Taylor (attached hereto as Appendix 2). Without any legal basis or rationale, Plaintiffs unilaterally determined that Dr. Cain would only sit for one deposition in this case. *See* Mar. 8, 2023 Email from Brian O'Connell (attached hereto as Appendix 3) ("If you want to depose [Dr. Cain] now, that will be his only deposition in this matter—there will not be subsequent depositions of Dr. Cain later in the case."). Given the Cain Report's focus on market efficiency—which Defendants did not challenge in their Opposition—Defendants chose not to depose Dr. Cain at that time or engage in needless motion practice, while expressly reserving the right to depose Dr. Cain at a later date in connection with class certification (and, potentially, for a second time, if he later submits a report on damages). *See* Mar. 20, 2023 Email from Zachary R. Taylor (Appendix 3).

In reply to Defendants' Opposition and Ms. Allen's report, Dr. Cain—for the first time—substantively opined on the issues of, among other things, Section 11 traceability, price impact, and predominance of class-wide damages. Expert Reply Report of Matthew D. Cain, Ph.D, ("Cain Reply Report"; Dkt. No. 134). The Cain Reply Report contains new arguments and theories not included in his original report, which is grounds enough for Defendants to take his deposition now.[6] *See, e.g., Cmty. Ass'n Underwriters of Am., Inc. v. Rauscher Horticultural, LLC*, 2022 WL

---

[6] For instance, in connection with Section 11 traceability, Dr. Cain claims that "modern computers are capable of tracking and calculating share ownership," citing to an amicus brief filed in the recently decided case *Slack Techs., LLC v. Pirani*, 143 S. Ct. 1433 (2023), but fails to offer factual support for this assertion. Cain Reply Report ¶ 32. Beyond the fact that the Supreme Court appears to have rejected this assertion, Defendants have not had an opportunity to question Dr. Cain about this mysterious method. Dr. Cain also attempts to provide—for the first time—a detailed analysis on the statistical significance of Berry's stock price movements on the dates of the alleged

1793190, at *2 (W.D.N.Y. June 2, 2022) (allowing expert deposition after filing of two reports where the "first report differ[ed] from the second report" and noting that Rule 26(b)(4)(A) "does not limit the time-period within which to depose the expert regarding the report"); *In re Chicago Bridge & Iron Co. N.V. Sec. Litig.*, 2019 WL 6879321, at *1 (S.D.N.Y. Dec. 16, 2019) (allowing defendants to depose plaintiffs' expert after rebuttal report because "once the plaintiffs' expert reviews the [defendants' expert's] response, and learns the defendants' expert's views for the first time, her rebuttal will inevitably express new opinions").[7]

Regardless, Plaintiffs' line of argument here is nothing more than a distraction. The issue before the Court is whether an evidentiary hearing based on a complete evidentiary record (including expert depositions) would assist the Court in conducting the rigorous analysis required under Rule 23. Clearly it would. And holding such a hearing would only serve to expedite, not delay, the Court's ruling on class certification given the opportunity it grants the Court to fully test the evidence and legal theories in an in-person setting.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court schedule an evidentiary hearing on Plaintiffs' Motion for Class Certification at the earliest convenient time after the parties have had reasonable time to depose each other's expert witness, thirty (30) to sixty (60) days after the Court grants this motion.

---

corrective disclosures, and attempts to address Plaintiffs' materialization-of-the-risk theory and its interplay with damages. *Id.* at ¶¶ 8-30.

[7] *See also Hidalgo v. Cooley Godward Castro Huddleson & Tatum*, No. 02-cv-1709-L, 2004 WL 936859, at *2 (N.D. Tex. Apr. 1, 2004) ("[I]t is fundamentally unfair and unduly prejudicial not to allow Defendant to redepose [expert] on his 'new' opinions and conclusions which were not included in his original report[.]"); *Malibu Consulting Corp. v. Funair Corp.*, No. CIVA SA-06-CA-735 XR, 2008 WL 2781431, at *1 (W.D. Tex. Feb. 5, 2008) (allowing party to re-depose expert where the expert filed a "new report [that] fleshes out the conclusions of the first one . . . . [i]n order to ensure [] that Defendant is not prejudiced by anything contained in the new report").

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION                    Page 10
FOR EVIDENTIARY HEARING

Dated: June 16, 2023                              Respectfully submitted,


                                                   */s/ Douglas W. Greene*
                                                  **BAKER & HOSTETLER LLP**

                                                  Douglas W. Greene (*Pro Hac Vice*)
                                                  Zachary R. Taylor (*Pro Hac Vice*)
                                                  45 Rockefeller Plaza
                                                  New York, NY 10111-0100
                                                  Phone: 212-589-4200
                                                  dgreene@bakerlaw.com
                                                  ztaylor@bakerlaw.com

                                                  C. Shawn Cleveland (Texas No. 24012433)
                                                  Tamara D. Baggett (Texas No. 24058573)
                                                  2850 North Harwood Street, Suite 1100
                                                  Dallas, TX 75201
                                                  Phone: 214-210-1200
                                                  scleveland@bakerlaw.com
                                                  tbaggett@bakerlaw.com

                                                  Genevieve G. York-Erwin (Pro Hac Vice)
                                                  999 Third Avenue, Suite 3900
                                                  Seattle, WA 98 104-4040
                                                  Phone: 206-332-7079
                                                  gyorkerwin@bakerlaw.com

                                                  *Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I certify that this brief was electronically filed with the Clerk of the Court using the

CM/ECF system, which will send email notification of this filing to all attorneys of record.


<u>  /s/ Tamara D. Baggett           </u>
Tamara D. Baggett