# Exhibit I.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| LUIS TORRES, ALLIA DEANGELIS, DARRICK INMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BERRY CORPORATION, ARTHUR T. SMITH, CARY BAETZ, GARY A. GROVE, BRENT S. BUCKLEY, KAJ VAZALES, and EUGENE J. VOILAND,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 3:20-cv-03464-S<br><br>JUDGE KAREN G. SCHOLER |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation"), dated September 18, 2023, is made and entered into by and between Lead Plaintiffs Luis Torres and Allia DeAngelis, and additional Plaintiff Darrick Inman (collectively, the "Plaintiffs"), on behalf of themselves and all other members of the Class (defined herein),[1] on the one hand, and Berry Corporation ("Berry" or the "Company"), Arthur T. Smith, Cary Baetz, Gary A. Grove, Brent S. Buckley, Kaj Vazales, and Eugene J. Voiland (collectively, "Defendants", and together with the Plaintiffs, the "Parties"), on the other hand, by and through their respective counsel, and embodies the terms and conditions of the settlement of the above-captioned action (the "Action").

---

[1] All words or terms used herein with initial capitalization, but not immediately defined, shall have the meanings ascribed to them in Section 1 hereof titled "Definitions."

7

**WHEREAS:**

### A.    The Action

On November 20, 2020, plaintiff Luis Torres filed a putative securities class action in the United States District Court for the Northern District of Texas captioned *Torres v. Berry Corporation, et al.*, No. 3:20-cv-03464-S on behalf of all Persons and entities who purchased or otherwise acquired: (a) Berry common stock pursuant and/or traceable to the Company's initial public offering conducted on or about July 26, 2018 (the "IPO"); or (b) Berry securities between July 26, 2018 and November 3, 2020, both dates inclusive. ECF No. 1.

On August 18, 2021, the Court appointed Luis Torres and Allia DeAngelis to serve as Co-Lead Plaintiffs and appointed Pomerantz LLP and The Rosen Law Firm, P.A. as Co-Lead Counsel. ECF No. 45.

On November 1, 2021, Plaintiffs filed the Amended Class Action Complaint ("Complaint") (ECF No. 59) alleging violations of Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act"), Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, against Defendants, on behalf of all persons and entities that (1) purchased or otherwise acquired Berry's common stock pursuant or traceable to Berry's Registration Statement issued in connection with its July 26, 2018 Initial Public Offering; and/or (2) purchased or otherwise acquired Berry's common stock between July 26, 2018 and November 3, 2020, both dates inclusive (the "Class Period").

Defendants filed a motion to dismiss the Complaint and a request for judicial notice and incorporation by reference on January 24, 2022 (ECF Nos. 63-64).

On September 13, 2022, the Court denied Defendants' request for judicial notice and incorporation by reference and Defendants' motion to dismiss.  ECF Nos. 82-83.

Defendants filed a motion for reconsideration and/or clarification on September 20, 2022 (ECF Nos. 87-88) and answered the Complaint on September 27, 2022 (ECF No. 91).

The Court denied Defendants' motion for reconsideration and/or clarification on November 9, 2022.  ECF No. 107.

On February 13, 2023, Plaintiffs filed a motion for class certification (ECF Nos. 110-12), which Defendants opposed on April 14, 2023 (ECF Nos. 120-23).  On May 26, 2023, Plaintiffs filed a reply in further support of their motion.  ECF Nos. 126-27.

On May 31, 2023, Defendants filed a motion for evidentiary hearing on Plaintiffs' motion for class certification.  ECF No. 135.  Plaintiffs opposed the motion on June 2, 2023 (ECF No. 137), and Defendants filed a reply in further support on June 16, 2023 (ECF No. 138).  On June 27, 2023, the Court granted Defendants motion and set an evidentiary hearing for August 23, 2023.  ECF No. 139.

### B.    The Settlement

On May 30, 2023, the Parties attended a full-day virtual mediation session with Jed D. Melnick, Esq. of JAMS (the "Mediator"), a well-respected and highly experienced mediator. Prior to the mediation session, the Parties provided each other and the Mediator with  detailed mediation statements.  Plaintiffs and Defendants ended the May 30, 2023 mediation without reaching a resolution to the Action.  The Parties continued negotiations over the next two months and agreed to a mediator's proposal to resolve the Claims in the Action on July 19, 2023.

On August 2, 2023, the Parties notified the Court that they had agreed in principle to resolve all Claims in this Action and requested a stay of all deadlines.  ECF No. 144.  Pursuant

to the Parties' joint motion, the Court ordered the Plaintiffs to file settlement papers on or before September 18, 2023.  ECF Nos. 146-147.

### C.  Defendants' Denial of Wrongdoing and Liability

Defendants have denied and continue to deny any wrongdoing or that they have committed any act or omission giving rise to any liability or violation of law, including the United States securities laws.  Defendants have denied and continue to deny all charges of wrongdoing or liability against them arising out of the conduct, statements, acts or omissions alleged, or that could have been alleged in the Action, including each and every one of the Claims alleged by Plaintiffs in the Action on behalf of the Class, including all Claims in the Amended Class Action Complaint.  Defendants also have denied, and continue to deny, *inter alia*, the allegations that Plaintiffs or Class Members have been damaged or were otherwise harmed by the conduct alleged in this Action or that could have been alleged in this Action.  Defendants have asserted, and continue to assert, that, at all times, they acted in good faith and in a manner they reasonably believed to be in accordance with all applicable rules, regulations, and laws, and further maintain that they have meritorious defenses.  Nonetheless, Defendants have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation solely to avoid the further expense, inconvenience, and burden of this Action, the distraction and diversion of personnel and resources, and to obtain the conclusive and complete dismissal or release of this Action and the Released Plaintiff Claims.

The Stipulation, whether or not consummated, any proceedings relating to any settlement, or any of the terms of any settlement, whether or not consummated, shall in no event be construed as, or deemed to be evidence of, an admission or concession on the part of the Defendants, or any of them, with respect to any fact or matter alleged in the Action, or any claim of fault or

liability or wrongdoing or damage whatsoever, or any infirmity in any claim or defense that has been or could have been asserted in this Action.

### D. Plaintiffs' Claims and Benefits of Settlement

In connection with this Action, Plaintiffs, through Co-Lead Counsel and Additional Plaintiffs' Counsel, conducted a thorough investigation relating to the Claims, defenses, and underlying events and transactions that are the subject of the Action. This process included reviewing and analyzing: (i) documents filed publicly by the Company with the SEC; (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning the Company; (iii) research reports issued by financial analysts concerning the Company; (iv) other publicly available information and data concerning the Company; (v) interviews conducted with former employees of Berry; (vi) tens of thousands of documents produced by Defendants in response to 59 requests for production of documents; (vii) Defendants' responses to interrogatories; and, (viii) the applicable law governing the Claims and potential defenses. Plaintiffs' Counsel also defended and took multiple depositions. Plaintiffs' Counsel also consulted with experts on the industry, market efficiency, loss causation, and damages issues.

Plaintiffs believe that the Claims asserted in the Action have merit and that the information developed to date supports the Claims asserted. Plaintiffs, however, recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and appeals. Plaintiffs have also taken into account the uncertain outcome and the risk of any litigation. In particular, Plaintiffs have considered the inherent problems of proof and possible defenses to the federal securities law violations asserted in the Action, including the defenses that have been or could be asserted by Defendants during

11

litigation, motions for summary judgment, and trial. Plaintiffs have therefore determined that the Settlement set forth in this Stipulation is fair, adequate, and reasonable, and in the best interests of the Class.

**NOW, THEREFORE**, without any concession by Plaintiffs that the Action lacks merit, and without any concession by the Defendants of any liability or wrongdoing or lack of merit of their defenses, it is hereby **STIPULATED AND AGREED**, by and among Plaintiffs (individually and on behalf of all members of the Class) and the Defendants, through their respective attorneys, subject to approval by the Court pursuant to Federal Rule of Civil Procedure 23(e), that, in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Action and the Released Claims as against all Released Parties shall be fully, finally, and forever compromised, settled and released, and the Action shall be dismissed with prejudice and without costs, upon and subject to the terms and conditions of this Stipulation, as follows:

1.     **Definitions**

As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the meanings specified below:

**1.1**     "Action" means *Torres v. Berry Corporation, et al.*, Civil Action No. 3:20-cv-03464-S, pending in the United States District Court for the Northern District of Texas.

**1.2**     "Additional Plaintiffs' Counsel" means the law firms of Bragar Eagel & Squire, P.C., Bronstein, Gewirtz & Grossman, LLC, and Levi & Korsinsky, LLP.

**1.3**     "Authorized Claimant" means a Class Member who submits a valid Proof of Claim and Release form to the Claims Administrator that is accepted for payment.

**1.4**     "Award to Plaintiffs" means the requested award to Plaintiffs to compensate them for their time and contributions to the Action, and for their reasonable costs

12

and expenses (including lost wages) pursuant to 15 U.S.C. § 78u-4(a)(4) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), directly related to Plaintiffs' representation of the Class in the Action.

1.5     "Claimant" means any Class Member who files a Proof of Claim in such form and manner, and within such time, as set forth in this Stipulation, or as the Court shall prescribe.

1.6     "Claim" or "Claims" with respect to this Action only means any and all manner of claims, debts, demands, controversies, obligations, losses, costs, interest, penalties, fines, dues, charges, fees, expenses, rights, grievances, duties, judgments, sums of money, suits, contracts, agreements, promises, accounts, damages, actions, potential claims, counterclaims, cross-claims, causes of action and liabilities, of any kind or nature or description whatsoever, whether based in statute, law or equity, contract, tort or any other grounds or authority or otherwise (including, but not limited to, any claims for damages, whether compensatory, special, incidental, consequential, punitive, exemplary, or otherwise, injunctive relief, declaratory relief, recession or recessionary damages, interest, attorneys' fees, expert or consulting fees, costs, or expenses), asserted or unasserted, express or implied, direct or derivative, foreseen or unforeseen, suspected or unsuspected, matured or unmatured, fixed, contingent or vested, liquidated or unliquidated, accrued or unaccrued, known or unknown, arising under federal, state, common, administrative, or foreign law, or any other law, rule, or regulation.

1.7     "Claims Administrator" means the firm to be retained by Co-Lead Counsel, subject to Court approval, to provide all notices approved by the Court to Class Members, to process Proofs of Claim, and to administer the Settlement.

13

**1.8**    "Class" means all Persons and entities that: (1) purchased or otherwise acquired Berry's common stock pursuant or traceable to Berry's Registration Statement issued in connection with its July 26, 2018 Initial Public Offering; and/or (2) purchased or otherwise acquired Berry's common stock between July 26, 2018 and November 3, 2020, both dates inclusive.  Excluded are Defendants herein, current and former officers and directors of the Company, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.  Also excluded from the Class will be any Person who or which timely and validly seeks exclusion from the Class.

**1.9**    "Class Member" means a member of the Class.

**1.10**    "Co-Lead Counsel" means the law firms of Pomerantz LLP and The Rosen Law Firm, P.A.

**1.11**    "Court" means the United States District Court for the Northern District of Texas.

**1.12**    "Defendants" means Berry, Arthur T. Smith, Cary Baetz, Gary A. Grove, Brent S. Buckley, Kaj Vazales, and Eugene J. Voiland.

**1.13**    "Defendants' Counsel" means the law firm of Baker & Hostetler LLP.

**1.14**    "Effective Date" means the date upon which the Settlement shall have become effective, as set forth in ¶11.1 below.

**1.15**    "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent.  The Escrow Account shall be managed by the Escrow Agent, subject to Co-Lead Counsel's supervision, for the benefit of Plaintiffs and the Class in accordance with the terms of the Stipulation and any order of the Court.

14

**1.16**    "Escrow Agent" means Huntington National Bank or its appointed agents.

**1.17**    "Fee and Expense Application" means Co-Lead Counsel's application, on behalf of all Plaintiffs' Counsel, for an award of attorneys' fees and payment of litigation expenses incurred in prosecuting the case, including any Award to Plaintiffs.

**1.18**    "Final," with respect to a court order, means the latest of: (i) if there is an appeal from a court order, the date of final affirmance on appeal and the expiration of the time for any further judicial review whether by appeal, reconsideration or a petition for a *writ of certiorari* and, if *certiorari* is granted, the date of final affirmance of the order following review pursuant to the grant; or (ii) the date of final dismissal of any appeal from the order or the final dismissal of any proceeding on *certiorari* to review the order; or (iii) the expiration of the time to file a notice of any appeal or petition for *certiorari* from the order (or, if the date for taking an appeal or seeking review of the order shall be extended beyond this time by order of the issuing court, by operation of law or otherwise, or if such extension is requested, the date of expiration of any extension if any appeal or review is not sought), without any such filing or noticing being made.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to the Plan of Allocation of the Net Settlement Fund, or to the Court's award of attorneys' fees or expenses and Award to Plaintiffs, shall not in any way delay or affect the time set forth above for the Judgment to become Final or otherwise preclude the Judgment from becoming Final.

**1.19**    "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

**1.20**    "Lead Plaintiffs" means Luis Torres and Allia DeAngelis.

**1.21**    "Liaison Counsel" means the law firms of Graves Law Office and The Briscoe Law Firm, PLLC.

15

**1.22** "Mediator" means Jed D. Melnick, Esq. of JAMS.

**1.23** "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; (iii) any attorneys' fees and expenses awarded by the Court; (iv) any Award to Plaintiffs; and (v) any other fees and expenses awarded by the Court.

**1.24** "Notice" means collectively, the Notice of Pendency of Class Action and Proposed Class Action Settlement (the "Long Notice"), the Summary Notice of Pendency of Class Action and Proposed Class Action Settlement (the "Summary Notice"), and the short form postcard notice (the "Postcard Notice"), substantially in the form attached hereto as Exhibits A-1, A-3, and A-4 which are to be posted on the Settlement Website and/or mailed or e-mailed to Class Members.

**1.25** "Notice and Administration Costs" means all costs, fees, and expenses that are incurred by the Claims Administrator and/or Co-Lead Counsel in connection with providing Notice to the Class and administering the Settlement, including but not limited to: (i) disseminating the Notice to the Class; (ii) receiving and reviewing Claims; (iii) applying the Plan of Allocation; (iv) communicating with Persons regarding the proposed Settlement and Claims administration process; (v) distributing the proceeds of the Settlement; and (vi) establishing and maintaining the Escrow Account.

**1.26** "Opt-Out" means any one of, and "Opt-Outs" means all of, any Persons who otherwise would be Class Members and have timely and validly requested exclusion from the Class in accordance with the provisions of the Preliminary Approval Order and Notice given pursuant thereto.

16

**1.27** "Parties" means Lead Plaintiffs Luis Torres and Allia DeAngelis, additional Plaintiff Darrick Inman, and Defendants Berry, Arthur T. Smith, Cary Baetz, Gary A. Grove, Brent S. Buckley, Kaj Vazales, and Eugene J. Voiland.

**1.28** "Person(s)" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

**1.29** "Plaintiffs" means Lead Plaintiffs Luis Torres and Allia DeAngelis and additional Plaintiff Darrick Inman.

**1.30** "Plaintiffs' Counsel" means Co-Lead Counsel, Liaison Counsel, and Additional Plaintiffs' Counsel.

**1.31** "Plan of Allocation" means a formula for allocating the Settlement Fund to Authorized Claimants after payment of Notice and Administrative Costs, Taxes and Tax Expenses, and such attorneys' fees, costs, and expenses, and Award to Plaintiffs as may be awarded by the Court. Any Plan of Allocation is not a condition to the effectiveness of this Stipulation, and the Released Parties shall have no responsibility or liability with respect thereto.

**1.32** "Preliminary Approval Order" means the proposed Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, which, subject to the approval of the Court, shall be substantially in the form attached hereto as Exhibit A.

17

**1.33**    "Proof of Claim" or "Claim Form" means the Proof of Claim and Release form for submitting a claim, which, subject to approval of the Court, shall be substantially in the form attached as Exhibit A-2 hereto.

**1.34**    "Released Claims" or "Releases" means the Released Defendant Claims and the Released Plaintiff Claims.

**1.35**    "Released Defendant Parties" means Defendants, Defendants' Counsel, and each of their respective past, present, or future direct or indirect subsidiaries, parents affiliates, principals, joint ventures, any other corporate entities, successors and predecessors, assigns, officers, directors, shareholders, trustees, partners, agents, fiduciaries, contractors, employees, attorneys, insurers and reinsurers, auditors, advisors, financial advisors, investment banks, underwriters, accountants; the spouses, members of the families, representatives, and heirs of the individual defendants, as well as any trust of which any individual defendant is the settlor or which is for the benefit of any of their immediate family members; any firm, trust, corporation, or entity in which any Defendant has a controlling interest; and any of the legal representatives, heirs, successors in interest or assigns of Defendants.

**1.36**    "Released Defendant Claims" means all Claims and causes of action of every nature and description, including both known Claims and Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, that Defendants could have asserted against any of the Released Plaintiff Parties that arise out of the institution, prosecution, or settlement of the Claims in the Action, except for Claims relating to the enforcement of the Settlement or any Claims against any Person who submits a request for exclusion that is accepted by the Court.

18

**1.37** "Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties.

**1.38** "Released Plaintiff Claims" means any and all Claims and causes of action of every nature and description, including both known Claims and Unknown Claims (defined below), contingent or absolute, mature or not mature, discoverable or undiscoverable, liquidated or not liquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common or foreign law, or any other law, rule, or regulation, that Plaintiffs or any other Class Member: (i) asserted in the Action against any of the Released Defendant Parties; or (ii) could have asserted in the Action or any forum, domestic or foreign, against any of the Released Defendant Parties that arise out of, are based upon, or relate to, directly or indirectly, in whole or in part, (1) the allegations, transactions, facts, statements, disclosures, matters or occurrences, representations or omissions, actions or inaction, or conduct involved, set forth, or referred to in the Action and the purchase or acquisition of Berry's publicly traded common stock during the Class Period and/or pursuant and/or traceable to Berry's Registration Statement issued in connection with its July 26, 2018 IPO; or (2) Defendants' and/or their attorneys' defense or settlement of the Action and/or Claims alleged therein; or both. Released Plaintiff Claims do not include: (i) Claims relating to the enforcement of the Settlement; (ii) any Claims for breach of fiduciary duty actually asserted on behalf of the Company in the actions captioned *Karp v. Smith, et al.*, 1:23-cv-00069-(MN) (D. Del.) and *Assad v. Smith, et al.*, 3:22-cv-2365-S (N.D. Tex.) as of the date of the filing of this Stipulation with the Court; and (iii) any Claims of Persons who submit a request for exclusion that is accepted by the Court.

**1.39** "Released Plaintiff Parties" means each and every Class Member, Plaintiffs, Plaintiffs' Counsel, and each of their respective past or present trustees, officers,

19

directors, partners, employees, affiliates, contractors, principals, agents, attorneys, predecessors, successors, assigns, insurers, reinsurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members.  Released Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Class.

**1.40** "Settlement" means the resolution of the Action in accordance with the terms and provisions of this Stipulation.

**1.41** "Settlement Amount" means the total principal amount of two million, five hundred thousand U.S. dollars ($2,500,000.00) in cash.

**1.42** "Settlement Fund" means the Settlement Amount and any interest earned thereon.

**1.43** "Settlement Hearing" means the hearing to be held by the Court to determine whether the proposed Settlement is fair, reasonable, and adequate and should be approved pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**1.44** "Settlement Website" means the website created specifically for the Settlement on which the Notice and Claim Form, as well as other information related to the Action and the Settlement, will be posted.

**1.45** "Taxes" means all federal, state, or local taxes of any kind on any income earned by the Settlement Fund and the expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties and the reasonable expenses of tax attorneys and accountants).

20

**1.46** "Tax Expenses" means the expenses and costs incurred by Co-Lead Counsel in connection with determining the amount of, and paying, any Taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) tax returns for the Settlement Fund).

**1.47** "Unknown Claims" means any and all Released Plaintiff Claims that Plaintiffs or any other Class Member do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendant Claims that any Defendant does not know or suspect to exist in his or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Class. With respect to any and all Released Plaintiff Claims and Released Defendant Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs and the Defendants shall expressly, and each other Class Member shall be deemed to have, and by operation of the Judgment shall be deemed to have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiffs, other Class Members, or the Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be

21

true with respect to the subject matter of the Released Plaintiff Claims and the Released Defendant Claims, but Plaintiffs and the Defendants shall expressly, fully, finally, and forever settle and release, and each Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Plaintiff Claims and Released Defendant Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Plaintiffs and the Defendants acknowledge, and other Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiff Claims and Released Defendant Claims was separately bargained for and was a material element of the Settlement.

### 2.   The Settlement Consideration

**2.1**   In consideration of the full and final release, settlement and discharge of all Released Claims against the Released Parties, Defendants shall pay, or cause to be paid, the Settlement Amount into the Escrow Account within twenty-one (21) calendar days after the Court's entry of the Preliminary Approval Order. Co-Lead Counsel shall provide to Defendants' Counsel the information necessary to effectuate a transfer of funds to the Escrow Account, including but not limited to, wire transfer instructions, payment address, and a complete and executed Form W-9 for the Settlement Fund that reflects a valid tax identification.

**2.2**   Defendants' Counsel shall have no responsibility for, interest in, or involvement with respect to: (i) any determination by Co-Lead Counsel or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration,

22

Case 3:20-cv-03464-S Document 150-1 Filed 09/18/23 Page 18 of 42 PageID 4633

calculation, or payment of any Claims asserted against the Settlement Fund; (v) the Fee and Expense Application; or (vi) the payment or withholding of any Taxes, expenses, or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

**2.3** Other than the obligation of the Defendants to cause the payment of the Settlement Amount pursuant to ¶2.1, the Defendants and their insurers shall have no obligation to make any other payments into the Escrow Account or to any Class Member or Plaintiffs' Counsel in settlement of this Action or pursuant to this Stipulation, including, without limitation, any responsibility or liability related to any fees, Taxes, investment decisions, maintenance, supervision or distribution of any portion of the Settlement Amount.

**3. Scope and Effect of Settlement Releases**

**3.1** The obligations incurred pursuant to this Stipulation are: (i) subject to approval by the Court and the Judgment reflecting such approval becoming final; and (ii) in full and final disposition of the Action with respect to the Released Parties and any and all Released Plaintiff Claims and Released Defendant Claims.

**3.2** Solely for the purposes of this Settlement, the Defendants agree not to contest that the Class satisfies all requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3), such that this Action is properly maintained as a class action.

**3.3** By operation of the Judgment, as of the Effective Date, Plaintiffs and each and every other Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Released Plaintiff Claims against each and

23

every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiff Claims against any and all of the Released Defendant Parties, whether or not such Class Member executes and delivers the Proof of Claim Form, and whether or not such Class Member shares or seeks to share in the Settlement Fund, except with respect to claims to enforce any of the terms of this Stipulation.

      **3.4**     By operation of the Judgment, as of the Effective Date, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendant Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendant Claims against any and all of the Released Plaintiff Parties.

      **4.**     **Use of Settlement Fund**

      **4.1**     The Settlement Fund shall be used: (i) to pay any Taxes and Tax Expenses; (ii) to pay Notice and Administration Costs; (iii) to pay any attorneys' fees and expenses awarded by the Court; (iv) to pay any Award to Plaintiffs; (v) to pay any other fees and expenses awarded by the Court; and (vi) to pay the Claims of Authorized Claimants.

      **4.2**     The Net Settlement Fund shall be distributed to Authorized Claimants as provided in ¶¶7.3-7.7 herein.  The Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held in the Escrow Account, and all earnings thereon, shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court

24

until such time as the funds shall have been disbursed or returned, pursuant to the terms of this Stipulation, or further order of the Court.

**4.3**    The Escrow Agent shall invest funds in the Escrow Account in instruments backed by the full faith and credit of the United States Government (or a mutual fund invested solely in such instruments), or deposit some or all of the funds in non-interest-bearing transaction account(s) that are fully insured by the Federal Deposit Insurance Corporation ("FDIC") in amounts that are up to the limit of FDIC insurance.  Defendants and Defendants' Counsel shall have no responsibility for or involvement in any investment decisions executed by the Escrow Agent.  All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.

**4.4**    The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or at the direction of Co-Lead Counsel.

**4.5**    Prior to or following the Effective Date of the Settlement, Co-Lead Counsel may pay from the Settlement Fund, without further approval from the Court, Notice and Administration Costs actually incurred and paid or payable up to $250,000.  If the Settlement is terminated pursuant to the terms of this Stipulation, the Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Released Defendant Parties or any other Person or entity who or which paid any portion of the Settlement Amount.

**5.    Taxes**

**5.1**    After the Settlement Amount has been paid into the Escrow Account, the Parties agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1.  All provisions of this Stipulation shall be interpreted in a manner

25

that is consistent with the Settlement Amount being a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1.  In addition, Co-Lead Counsel or their designee shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this ¶5.1, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date.  Such election shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of Co-Lead Counsel or their designee to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to timely occur.  Consistent with the foregoing:

(a)     For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. § 1.468B promulgated thereunder, the "administrator" shall be the Escrow Agent or its successors, who shall timely and properly file, or cause to be filed, all federal, state, or local tax returns and information returns (together, "Tax Returns") necessary or advisable with respect to the earnings on the funds deposited in the Escrow Account (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)).  Such Tax Returns (as well as the election described above) shall be consistent with this subparagraph and in all events shall reflect that all Taxes (including any estimated Taxes, earnings, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of such funds as provided in subparagraph (c) of this ¶5.1.

(b)     All Taxes shall be paid out of the Settlement Fund.  In all events, the Defendants and Defendants' Counsel shall have no liability or responsibility whatsoever for the Taxes or the filing of any Tax Return or other document with the Internal Revenue Service or

26

any other state or local taxing authority.  Defendants shall have no liability or responsibility for the Taxes of the Escrow Account with respect to the Settlement Amount nor the filing of any Tax Returns or other documents with the Internal Revenue Service or any other taxing authority.

**(c)**    Taxes with respect to the Settlement Amount and the Escrow Account shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid, or caused to be paid, by the Escrow Agent out of the Settlement Fund without prior order from the Court or approval by Defendants.  The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)).  The Parties agree to cooperate with each other, and their tax attorneys and accountants to the extent reasonably necessary, to carry out the provisions of this ¶5.1.  Defendants and Defendants' Counsel shall have no liability or responsibility whatsoever if it is later determined that the Settlement Fund is a not a "qualified settlement fund."

**5.2**    The Settlement is not a Claims-made settlement.  Upon the occurrence of the Effective Date, no Defendant, other Released Defendant Parties, or any other Person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims (as defined in the Plan of Allocation contained in the Notice) of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

27

**6.    Preliminary Approval Order**

**6.1**    By no later than September 18, 2023,  Plaintiffs will move for preliminary approval of the Settlement and the scheduling of a hearing for consideration of, *inter alia*, Final approval of the Settlement, the Plan of Allocation and the Fee and Expense Application. Defendants agree not to oppose the motion for preliminary approval.  Concurrently with the motion for preliminary approval, Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A which shall contain the Notice exhibits substantially in the form set forth in Exhibit A-1 (Long Notice), Exhibit A-2 (Proof of Claim), Exhibit A-3 (Summary Notice), and Exhibit A-4 (Postcard Notice).

**7.    Notice, Settlement Administration, and Distribution of the Settlement Fund**

**7.1**    Except as otherwise provided herein, the Settlement Fund shall be held in the Escrow Account until the Effective Date.

**7.2**    The Claims Administrator, subject to such supervision and direction of Co-Lead Counsel or the Court as may be necessary or as circumstances may require, shall administer the Settlement in accordance with the terms of this Stipulation, the Court-approved Plan of Allocation, and subject to the jurisdiction of the Court.  Defendants and Defendants' Counsel shall have no responsibility for (except as stated in ¶¶2.1, 7.8 hereof), or involvement with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability to the Class in connection with such administration.

**7.3**    The Settlement Fund shall be applied as follows:

(a)    To pay the Taxes and Tax Expenses described in ¶5.1 above;

(b)    To pay Notice and Administrative Costs;

28

**(c)**    To pay Plaintiffs' Counsel attorneys' fees and litigation expenses with accrued interest, as well as to pay any Award to Plaintiffs for reimbursement of their time and expenses, to the extent allowed by the Court, detailed in ¶8.1 below; and

**(d)**    To distribute the balance of the Settlement Fund, that is the Settlement Fund less the items set forth in ¶7.3(a), (b), and (c) hereof (*i.e.*, the Net Settlement Fund), plus all accrued interest, to the Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

**7.4**    The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized loss, as defined in the Plan of Allocation included in the Notice, or in such other plan of allocation as the Court may approve.

**7.5**    Defendants have no role in the development of, and will take no position with respect to, the Plan of Allocation. Any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Plan of Allocation is not a necessary term of this Stipulation and it is not a condition of this Stipulation that any particular plan of allocation be approved by the Court. Defendants and Defendants' Counsel shall have no responsibility or liability for reviewing or challenging Claims, the Plan of Allocation, or the distribution of the Net Settlement Fund.

**7.6**    Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court

as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants.

7.7     If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible and economical after payment of Notice and Administration Costs, Taxes, and attorneys' fees and expenses, if any, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion.  Additional re-distributions may occur thereafter if Co-Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the redistribution of funds remaining in the Net Settlement Fund is no longer cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Plaintiffs and Co-Lead Counsel and approved by the Court.

7.8     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Co-Lead Counsel shall cause the Claims Administrator to mail the Postcard Notice to those members of the Class as may be identified through reasonable effort.  Co-Lead Counsel shall also cause the Claims Administrator to post the Long Notice and Claim Form on the Settlement Website as well as cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.  For the purposes of identifying and providing notice to the Settlement Class, within ten (10) calendar days after the Court's entry of the Preliminary Approval Order, Berry shall provide to Co-Lead Counsel or the Claims Administrator (at no cost to the Settlement Fund, Co-Lead

Counsel, or the Claims Administrator), in electronic format, such as Excel, shareholder lists of purchasers of record, as well as any additionally known purchasers, during the Class Period (consisting of names and addresses, as well as e-mail addresses if available).

**7.9** Any Class Member who fails to timely submit a valid Proof of Claim (substantially in the form of Exhibit A-2) will not be entitled to receive any of the proceeds from the Net Settlement Fund, except as otherwise ordered by the Court, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and all Releases provided for herein, and will be barred from bringing any action against the Released Defendant Parties concerning the Released Plaintiff Claims.

**7.10** Co-Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator. Co-Lead Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Co-Lead Counsel deem to be *de minimis* or formal or technical defects in any Proof of Claim submitted. Defendants and Defendants' Counsel shall have no liability, obligation or responsibility for the administration of the Settlement, the allocation of the Net Settlement Fund, or the reviewing or challenging of Claims. Co-Lead Counsel shall be solely responsible for designating the Claims Administrator, subject to approval by the Court.

**7.11** For purposes of determining the extent, if any, to which a Claimant shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

**(a)** Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit A-2, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are

31

designated therein, including proof of the Claimant's claimed loss, or such other documents or proof as the Claims Administrator or Co-Lead Counsel, in their discretion, may deem acceptable;

      **(b)**      All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Postcard Notice, Long Notice, Summary Notice, and Claim Form, unless such deadline is extended by Co-Lead Counsel in their discretion or by order of the Court.  Any Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless such late-filed Class Member's Claim Form is accepted by Order of the Court), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any of Released Defendant Parties with respect to any Released Plaintiff Claim.  A Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail or overnight U.S. mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

      **(c)**      Each Claim shall be submitted to and reviewed by the Claims Administrator, who shall determine in accordance with this Stipulation and the Plan of Allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

      **(d)**      Claims that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing to give the Claimant the chance to remedy any curable

32

deficiencies in the Claim Form submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

**(e)** If any Claimant whose Claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, or a lesser period of time if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Co-Lead Counsel shall thereafter present the request for review to the Court.

**7.12** Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim. In connection with processing the Claim Forms, no discovery shall be allowed to be directed to any of the Released Defendant Parties, and no discovery shall be allowed on the merits of the Action or the Settlement.

**7.13** Payment pursuant to the Stipulation and Court-approved Plan of Allocation shall be deemed final and conclusive against any and all Claimants. All Class Members whose Claims are not approved shall be barred from participating in distributions from the Net Settlement

Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the Releases provided for herein and therein, and will be barred from bringing any action against the Released Defendant Parties concerning the Released Plaintiff Claims.

7.14    All proceedings with respect to the administration, processing and determination of Claims described by this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment.

7.15    No Person shall have any claim of any kind against the Released Defendant Parties or Defendants' Counsel with respect to the matters set forth in this section (*i.e.*, ¶¶7.1-7.13) or any of its subsections, or otherwise related in any way to the administration of the Settlement, including without limitation the processing of Claims and distributions.

7.16    No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, or the Claims Administrator, or other agent designated by Co-Lead Counsel, based on the distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

8.    **Attorneys' Fees and Expenses**

8.1    Co-Lead Counsel, on behalf of Plaintiffs' Counsel, will apply to the Court for an award from the Settlement Fund of attorneys' fees and payment of litigation expenses incurred in prosecuting the Action, including any Award to Plaintiffs, plus interest on such amounts at the same rate and for the same periods as earned by the Settlement Fund.  Defendants shall take no position with respect to the Fee and Expense Application.

**8.2**     Any attorneys' fees and litigation expenses that are awarded by the Court shall be paid from the Escrow Account immediately upon entry of the Judgment, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Fee and Expense Application, the Settlement, or any part thereof, subject to Plaintiffs' Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or litigation expenses is reduced or reversed and such order reducing or reversing the award has become Final.  Plaintiffs' Counsel shall make the appropriate refund or repayment in full no later than thirty (30) calendar days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or litigation expenses has become Final.  Any refunds required pursuant to this paragraph shall be the joint and several obligation of Plaintiffs' Counsel that received fees or expenses to make appropriate refunds or repayments to the Settlement Fund.  Each Plaintiffs' Counsel firm receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that such Person and its partners, shareholders, and/or members are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

**8.3**     The procedure for, the allowance or disallowance of, and the amount of any attorneys' fees and/or litigation expenses are not conditions of the Settlement embodied herein, and shall be considered separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.  Neither Plaintiffs nor Plaintiffs' Counsel may

35

cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or litigation expenses, and any appeal from any order awarding attorneys' fees and/or litigation expenses or any reversal or modification of any such order shall not affect or delay the finality of the Judgment.

**8.4**    Defendants shall have no responsibility for, and no liability whatsoever with respect to, any allocation of any attorneys' fees or expenses among Plaintiffs' Counsel in the Action, or to any other Person who may assert some claim thereto, or any fee or expense awards the Court may make in the Action.

**8.5**    The attorneys' fees and litigation expenses that are awarded to Plaintiffs' Counsel pursuant to this Stipulation shall be payable solely from the Settlement Fund.  With the sole exception of Defendants' obligation to cause the Settlement Amount to be paid into the Escrow Account pursuant to ¶2.1 above, Defendants shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees and/or litigation expenses to Plaintiffs' Counsel pursuant to this Stipulation, or for any other attorneys' fees and/or litigation expenses incurred by or on behalf of any other Class Member in connection with this Action or the Settlement.

**9.    Class Certification**

**9.1**    Solely for the purpose of the Settlement, the Parties hereby stipulate and agree to: (a) certification of the Action as a class action, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, consistent with the definition of the Class; (b) appointment of Plaintiffs as representatives for the Class; and (c) appointment of Co-Lead Counsel as Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.  Plaintiffs will move for entry of the Preliminary Approval Order, which will provisionally certify the Action to proceed as

36

a class action for settlement purposes only.  Plaintiffs will move for Final certification of the Class for settlement purposes only in connection with their motion for Final approval of the Settlement. Defendants expressly reserve the right to contest class certification in the event that the Effective Date does not occur.

**10.  Terms of the Judgment**

**10.1**  If the Settlement contemplated by this Stipulation is approved by the Court, Co-Lead Counsel and Defendants' Counsel shall jointly request that the Court enter a Judgment substantially in the form annexed hereto as Exhibit B.

**11.  Conditions of Settlement and Effect of Disapproval, Cancellation or Termination**

**11.1**  The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

**(a)**  the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶6.1 above;

**(b)**  the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶5.1 above;

**(c)**  Defendants have not exercised their option to terminate the Settlement pursuant to ¶¶11.3, 11.4, 11.5;

**(d)**  Plaintiffs have not exercised their option to terminate the Settlement pursuant to ¶¶11.3, 11.6;

**(e)**  the Court has approved the Settlement as described herein, following Notice to the Class and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment; and

**(f)**  the Judgment has become Final as defined in ¶1.18.

**11.2**     Upon the occurrence of all of the events referenced in ¶11.1 above, any and all remaining interest or right of Defendants or any other Released Defendant Parties in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

**11.3**     Defendants and Plaintiffs shall have the right to terminate the Settlement and this Stipulation by providing written notice (including email) of their election to do so ("Termination Notice"), through counsel, to all other parties hereto within fourteen (14) calendar days of: (i) the Court's Final refusal to enter the Preliminary Approval Order in any material respect; (ii) the Court's Final refusal to approve this Stipulation or any material part of it; (iii) the Court's Final refusal to enter the Judgment in any material respect; or (iv) the date upon which the Judgment is modified or reversed in any material respect by a Final order of the Court, the United States Court of Appeals, or the Supreme Court of the United States.  Plaintiffs shall not have the right to terminate the Settlement due to any decision, ruling, or order respecting the Fee and Expense Application or any Plan of Allocation.

**11.4**     In addition to the foregoing, Defendants shall also have the right to terminate the Settlement in the event the Opt-Out Threshold (defined below) has been reached.

**11.5**     Simultaneously herewith, Defendants' Counsel and Co-Lead Counsel are executing a Confidential Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement").  The Supplemental Agreement sets forth certain conditions under which Defendants shall have the sole option to terminate the Settlement and render this Stipulation null and void in the event that requests for exclusion from the Class exceed certain agreed-upon criteria (the "Opt-Out Threshold").  The Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed with the Court unless a dispute arises as to its

38

terms, or as otherwise ordered by the Court, nor shall the Supplemental Agreement otherwise be disclosed unless ordered by the Court.

**11.6**    In addition to all of the rights and remedies that Plaintiffs have under the terms of this Stipulation, Plaintiffs shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid in the time period provided for in ¶2.1 above, but only if (i) Co-Lead Counsel have notified Defendants' Counsel in writing of Co-Lead Counsel's intention to terminate the Settlement, and (ii) the entire Settlement Amount is not transferred to the Escrow Account within seven (7) calendar days after Co-Lead Counsel have provided such written notice.

**11.7**    In the absence of any of the events enumerated in ¶¶11.3-11.4 or ¶11.6,  no Party shall have the right to terminate the Settlement Agreement for any reason.  None of the Parties, or any of them, shall have any obligation whatsoever to proceed under any terms other than those provided for and agreed herein.  If any Party engages in a material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Stipulation, may terminate this Stipulation on notice to all the Parties.

**11.8**    If the Settlement outlined herein is not approved by the Court, or the Settlement is terminated for any reason pursuant to the terms of this Stipulation, or if the Effective Date fails to occur for any reason, both the Term Sheet and this Stipulation shall be a nullity, and none of their terms shall be effective or enforceable, and the Settlement Amount, including any accrued interest at the same rate as is earned by the Settlement Fund less Notice and Administration Costs, shall be returned to the Persons or entities paying the same in accordance with ¶8.2 herein. Additionally, the Parties shall revert to their litigation positions in the Action as of July 19, 2023,

39

and the fact and terms of the Settlement shall not be admissible in any trial or otherwise used against any Party.

## 12.    No Admission of Wrongdoing

12.1    Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Supplemental Agreement, the Term Sheet, the negotiations leading to the execution of this Stipulation or the Supplemental Agreement and Term Sheet, nor any proceedings taken pursuant to or in connection with this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendant Parties or in any way referred to for any other reason as against any of the Released Defendant Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; (b) shall be offered against any of the Released Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Plaintiff Parties that any of their Claims is without merit, that any of the Released Defendant Parties had meritorious defenses, or that damages recoverable under the Amended Class Action Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as

40

against any of the Released Plaintiff Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or (c) shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided*, *however*, that the Stipulation, Supplemental Agreement, or Judgment may be introduced in any proceeding, whether in Court or otherwise, as may be necessary to enforce the Settlement, Supplement Agreement or Judgment, or as otherwise required by law.

### 13.    Miscellaneous Provisions

13.1    All of the exhibits to the Stipulation, except any Plan of Allocation to the extent incorporated in those exhibits, and the Supplemental Agreement are material and integral parts hereof and are fully incorporated herein by this reference.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation prevail.

13.2    The Parties intend the Settlement to be the full, final, and complete resolution of all Claims asserted or that could have been asserted by the Parties with respect to the Released Plaintiff Claims and Released Defendant Claims.  Accordingly, the Parties agree not to assert in any forum that the Action was brought, prosecuted, or defended in bad faith or without a reasonable basis.  The Parties and their respective counsel agree that each has complied fully with Federal Rule of Civil Procedure 11 in connection with the maintenance, prosecution, defense, and Settlement of the Action and shall not make any application for sanctions, pursuant to Rule 11 or other court rule or statute, with respect to any claim or defense in this Action.  The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length and in

41

good faith by the Parties and their respective counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

**13.3**    This Stipulation, along with its exhibits and the Supplemental Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by counsel for the Parties hereto, or their successors, that are materially and adversely affected by the modification, amendment, or waiver.

**13.4**    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

**13.5**    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and any expenses and implementing and enforcing the terms of this Stipulation.

**13.6**    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

**13.7**    This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among the Parties concerning the Settlement as against Defendants, and no representation, warranty, or inducement has been made by any Party concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.  The Parties acknowledge and agree that they are not relying on any representations or warranties not contained herein.  It is understood by the Parties that, except for the matters expressly represented herein, the facts or law relate to the Released Claims, and with respect to which this Stipulation is entered into, may turn out to be other than or different from the facts now known to each party or believed

42

by such party to be true; each party therefore expressly assumes the risk of the facts or law turning out to be so different, and agrees that this Stipulation shall be in all respects binding and not subject to termination by reason of any such different facts or law.

**13.8** Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

**13.9** Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

**13.10** Pursuant to the Class Action Fairness Act ("CAFA"), no later than ten (10) calendar days after the Stipulation is filed with the Court, Defendants, at their own cost, shall serve any required notice of the proposed Settlement upon those who are entitled to such notice pursuant to CAFA.

**13.11** All designations and agreements made, or orders entered during the course of the Action relating to the confidentiality of documents or information shall survive this Stipulation.

**13.12** This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signatures sent by facsimile or via e-mail in .pdf format shall be deemed originals.

**13.13** This Stipulation shall be binding when signed, but the Settlement shall be effective upon the entry of the Judgment and the payment in full of the Settlement Amount, subject only to the condition that the Effective Date will have occurred.

**13.14** This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties.

**13.15**  The construction, interpretation, operation, effect, and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the State of Texas without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

**13.16**  This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations among the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

**13.17**  All counsel and any other Person executing this Stipulation and any of the exhibits hereto, or any related Settlement document, warrant and represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

**13.18**  The Parties and their respective counsel agree to cooperate fully with one another in promptly applying for preliminary approval by the Court of the Settlement and for the scheduling of a hearing for consideration of Final approval of the Settlement and Co-Lead Counsel's Fee and Expense Application, and to agree promptly upon and execute all such other documentation as reasonably may be required to obtain Final approval by the Court of the Settlement.

**13.19**  If any disputes arise out of the finalization of the Settlement documentation or the Settlement itself prior to joint submission to the Court of the application for preliminary approval of the Settlement as set forth in ¶6.1 above, those disputes will be resolved by the

44

Mediator first by way of expedited telephonic mediation and, if unsuccessful, then by final, binding, non-appealable resolution by the Mediator.

**13.20**   Except as otherwise provided herein, the Parties shall bear their own costs.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of September 18, 2023.

**POMERANTZ LLP**

*Omar Jafri*
_____
Joshua B. Silverman (*Pro Hac Vice*)
Omar Jafri (*Pro Hac Vice*)
Brian P. O'Connell (*Pro Hac Vice*)
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Tel:   (312) 377-1181
Fax:   (312) 377-1184
E-mail: jbsilverman@pomlaw.com
       ojafri@pomlaw.com
       boconnell@pomlaw.com

**BAKER & HOSTETLER LLP**

*/s/ Douglas W. Greene*
_____
Douglas W. Greene (*Pro Hac Vice*)
Genevieve G. York-Erwin (*Pro Hac Vice*)
Zachary R. Taylor (*Pro Hac Vice*)
45 Rockefeller Plaza
New York, NY 10111-0100
Tel:  (212) 589-4200
E-mail: dgreene@bakerlaw.com
       gyorkerwin@bakerlaw.com
       ztaylor@bakerlaw.com

C. Shawn Cleveland (Texas No. 24012433)
Tamara D. Baggett (Texas No. 24058573)
2850 North Harwood Street, Suite 1100
Dallas, TX 75201
Tel:  (214) 210-1200
Email: scleveland@bakerlaw.com
tbaggett@bakerlaw.com

***Attorneys for Defendants***

**THE ROSEN LAW FIRM, P.A.**

*/s/ Phillip Kim*
Phillip Kim
Ha Sung (Scott) Kim
275 Madison Avenue, 40th Floor
New York, NY 10016
Phone: (212) 686-1060
Fax:   (212) 202-3827
Email: pkim@rosenlegal.com

39

45

skim@rosenlegal.com

*Lead Counsel for Plaintiffs*

**GRAVES LAW OFFICE**
Curtis C. Graves
12700 Park Central Drive
Suite 520
Dallas, Texas 75251
Telephone: (214) 321-6940
Facsimile: (866) 770-6949
curtis@cgraveslaw.com

**THE BRISCOE LAW FIRM, PLLC**
Willie C. Briscoe
Texas Bar No. 24001788
12700 Park Central Drive, Suite 520
Dallas, Texas 75251
Telephone: 972-521-6868
Facsimile: 346-214-7463
wbriscoe@thebriscoelawfirm.com

*Liaison Counsel for Plaintiffs*

**BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC**
Eitan Kimelman
60 E 42nd Street, Suite 4600
New York, New York 10165
Phone: 212-697-6484
Fax:    212-697-7296
Email: eitank@bgandg.com

**LEVI & KORSINSKY, LLP**
Daniel Tepper (pro hac vice forthcoming)
55 Broadway, 10th Floor
New York, NY 10006
Tel.: (212) 363-7500
Fax: (212) 363-7171
dtepper@zlk.com

**BRAGAR EAGEL & SQUIRE, P.C.**
Marion C. Passmore
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 568-3599

46

47

Facsimile: (212) 214-0506
Email: passmore@bespc.com

*Additional Counsel for Plaintiffs*

41

47