48

# Exhibit A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| LUIS TORRES, ALLIA DEANGELIS, DARRICK INMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>                         Plaintiffs,<br><br>          v.<br><br>BERRY CORPORATION, ARTHUR T. SMITH, CARY BAETZ, GARY A. GROVE, BRENT S. BUCKLEY, KAJ VAZALES, and EUGENE J. VOILAND,<br><br>                        Defendants. | Case No. 3:20-cv-03464-S<br><br>JUDGE KAREN G. SCHOLER |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

WHEREAS, Lead Plaintiffs Luis Torres and Allia DeAngelis, and additional Plaintiff Darrick Inman (collectively, "Plaintiffs"), on behalf of themselves and all other members of the Class (defined herein), on the one hand, and Berry Corporation ("Berry"), Arthur T. Smith, Cary Baetz, Gary A. Grove, Brent S. Buckley, Kaj Vazales, and Eugene J. Voiland (collectively, "Defendants," and together with the Plaintiffs, the "Parties"), have entered into the Stipulation and Agreement of Settlement, dated September 18, 2023 (the "Stipulation") in the above-captioned litigation (the "Action"), which is subject to review under Federal Rule of Civil Procedure 23 and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the Claims alleged in the Amended Class Action Complaint, filed on November 1, 2021, on the merits and with prejudice (the "Settlement"); and the Court having read and considered the Stipulation and the exhibits thereto and submissions made relating thereto, and

49

finding that substantial and sufficient grounds exist for entering this order, and the Parties to the Stipulation having consented to the entry of this order;

THEREFORE, IT IS HEREBY ORDERED, this ___ day of _____, 202__ that:

1.    Capitalized terms not defined herein have the same meanings defined in the Stipulation.

2.    Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies, for the purposes of Settlement only, the Class consisting of all persons and entities that (1) purchased or otherwise acquired Berry's common stock pursuant or traceable to Berry's Registration Statement issued in connection with its July 26, 2018 Initial Public Offering; and/or (2) purchased or otherwise acquired Berry's common stock between July 26, 2018 and November 3, 2020, both dates inclusive. Excluded are Defendants herein, current and former officers and directors of the Company, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

3.    The Court finds and preliminarily concludes that the prerequisites of class action certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied for the Class defined herein, in that:

(a)    the members of the Class are so numerous that joinder of all Class Members is impracticable;

(b)    there are questions of law and fact common to the Class Members;

(c)    Plaintiffs' Claims are typical of the Class, and Plaintiffs are not subject to any atypical defenses;

(d)    Plaintiffs and Co-Lead Counsel have fairly and adequately represented and protected the interests of the Class;

50

(e)    the questions of law and fact common to Class Members predominate over any individual questions; and

(f)    a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the Claims of Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the Claims of many of the Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Class Members in individually controlling the litigation of their Claims.

4.    Pursuant to Federal Rule of Civil Procedure 23, preliminarily and for the purposes of this Settlement only, Plaintiffs are certified as the class representatives on behalf of the Class ("Class Representatives"), and Co-Lead Counsel are hereby appointed as counsel for the Class ("Class Counsel").

5.    The Court has reviewed the Stipulation and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), taking into account that: (1) Plaintiffs and Co-Lead Counsel have adequately represented the Class; (2) the proposal was negotiated at arm's length; (3) the relief provided for the Class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Class; (iii) the terms of the proposed award of attorneys' fees and expenses; and (iv) agreements identified pursuant to Federal Rule of Civil Procedure 23(e)(3); and (4) the proposal treats Class Members equitably relative to each other, subject to further consideration at the Settlement Hearing described below.

6.    The Court hereby preliminarily approves the Settlement, subject to further consideration at a hearing (the "Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23, which is hereby scheduled to be held before the Court, either in person or telephonically at the Court's discretion, on _____, 202__, at __:____ _.m. for the following purposes:

(a)    to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(b)    to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether all Released Plaintiff Claims as against the Released Defendant Parties and all Released Defendant Claims as against the Released Plaintiff Parties shall be settled and released;

(c)    to determine, for purposes of the Settlement only, whether the Class should be finally certified; whether Plaintiffs should be finally certified as representatives of the Class; whether Co-Lead Counsel should be finally appointed as counsel for the Class;

(d)    to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e)    to consider Co-Lead Counsel's application for an award of attorneys' fees and expenses (which may include an application for an Award to Plaintiffs); and

(f)    to rule upon such other matters as the Court may deem appropriate.

7.    The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Class of any kind.  The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees or expenses.  The Court may also adjourn the Settlement Hearing, decide to hold the hearing telephonically, or modify any of the dates herein, without

52

further individual notice to members of the Class.  Any such changes shall be posted on the Settlement Website.

8.      The Court approves the form, substance and requirements of the (i) Notice of Pendency of Class Action and Proposed Class Action Settlement (the "Long Notice"), (ii) Proof of Claim and Release form; (iii) Summary Notice of Pendency of Class Action and Proposed Class Action Settlement (the "Summary Notice"), and (iv) the short form postcard notice (the "Postcard Notice"), all of which are attached as Exhibits A-1, A-2, A-3 and A-4, respectively, to the Stipulation.

9.      The Court approves the retention of A.B. Data, Ltd. as the Claims Administrator.

10.      As provided in the Stipulation, prior to or following the Effective Date, Co-Lead Counsel may pay the Claims Administrator a portion of the reasonable fees and costs associated with giving notice to the Class and the review of Claims and administration of the Settlement out of the Settlement Fund not to exceed $250,000 without further approval from the Defendants and without further order of the Court.

11.      Within  ten (10) calendar days after the Court's entry of this Preliminary Approval Order, Berry shall provide or cause to be provided to Co-Lead Counsel or the Claims Administrator, in electronic format, such as Excel (at no cost to the Settlement Fund, Co-Lead Counsel, or the Claims Administrator), shareholder lists of purchasers of record, as well as any additionally known purchasers, during the Class Period (consisting of names and addresses, as well as e-mail addresses if available).

12.      The Claims Administrator shall cause the Postcard Notice, substantially in the form annexed to the Stipulation as Exhibit A-4, to be mailed via first-class mail within twenty-eight (28)

53

calendar days after entry of this Preliminary Approval Order ("Notice Date"), to all Class Members who can be identified through reasonable investigation.

13.     The Claims Administrator shall cause the Long Notice and the Claim Form, substantially in the forms annexed to the Stipulation as Exhibits A-1 and A-2, to be posted on the Claims Administrator's website within twenty-eight (28) calendar days after entry of this Preliminary Approval Order.

14.     The Summary Notice shall be transmitted over a recognized wire service (*e.g.*, *GlobeNewsire*, *PR Newswire*), substantially in the form annexed to the Stipulation as Exhibit A-3, within fourteen (14) calendar days after the Notice Date.

15.     The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other Persons and entities that purchased or acquired Berry common stock during the Class Period as record owners but not as beneficial owners. Such nominees shall either: (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices from the Claims Administrator forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Postcard Notice promptly to such identified beneficial owners. Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available. Nominees who elect to send the Postcard Notice to their beneficial owners shall also send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action. Upon full and

54

timely compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.

16.     Co-Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Postcard Notice, posting of the Long Notice and Claim Form, and publication of the Summary Notice.

17.     The form and content of the notice program described herein, and the methods set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons and entities entitled thereto.

18.     In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a)     A properly executed Claim Form, substantially in the form annexed to the Stipulation as Exhibit A-2, must be submitted to the Claims Administrator, at the address indicated in the Notice, postmarked on or before 120 calendar days after the Notice Date.  Such deadline may be further extended by Court order or by Co-Lead Counsel in their discretion.  Each Claim Form shall be deemed to have been submitted (i) when electronically received via the electronic Claims submission process on the Claims Administrator's website with the claimant receiving an electronic confirmation of submission; or (ii) when postmarked (if properly addressed and mailed

55

by first-class or overnight mail, postage prepaid). Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Postcard Notice. Any Class Member who does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by Paragraph 6 of this order.

(b)     The Claim Form submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Co-Lead Counsel; (iii) if the Person executing the Claim Form is acting in a representative capacity, a certification of her current authority to act on behalf of the claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     As part of the Claim Form, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

19.     Any Class Member may enter an appearance in this Action, at his, her, or its own expense, individually or through counsel of his, her or its own choice. If any Class Member does not enter an appearance, he, she, or it will be represented by Co-Lead Counsel.

56

20.     Class Members shall be bound by all orders, determinations and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Class in a timely and proper manner, as hereinafter provided.  A putative Class Member wishing to make such an exclusion shall mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is received no later than thirty (30) calendar days prior to the Settlement Hearing.  Such request for exclusion shall: (i) indicate the name, address and telephone number of the Person or entity seeking exclusion; (ii) state that the Class Member(s) "request to be excluded from the Class in *Torres v. Berry Corporation, et al.*, No. 3:20-cv-03464-S (N.D. Tex.)"; (iii) indicate the number of shares of Berry common stock purchased, acquired, and sold, as well as the dates and prices of such purchases, acquisitions, and sales; and (iv) be signed by the Person or entity requesting exclusion.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

21.     Class Members requesting exclusion from the Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

22.     The Court will consider any Class Member's objection to the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees or expenses only if such Class Member has served by hand or by mail his, her, or its written objection and supporting papers, such that they are received on or before thirty (30) calendar days before the Settlement Hearing, upon Co-Lead Counsel: Omar Jafri, Pomerantz LLP, Ten South La Salle Street, Suite 3505, Chicago, Illinois 60603, and Phillip Kim, The Rosen Law Firm, P.A., 275 Madison Avenue, 40th Floor, New York, New York 10016; and Defendants' Counsel: Douglas W. Greene, Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, New York 10111-0100; and has filed, either by

mail or in Person, said objections and supporting papers with the Clerk, United States District Court, Northern District of Texas, 1100 Commerce Street, Room 1452, Dallas, Texas 75242.

23.     Any objections, filings and other submissions by the objecting Class Member: (a) must state the name, address, and telephone number of the Person or entity objecting and must be signed by the objector; (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Class, including the number of shares of Berry common stock that the objecting Class Member purchased/acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

24.     Any Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.  Attendance at the hearing is not necessary, however, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the hearing.

25.    Class Members do not need to appear at the hearing or take any other action to indicate their approval.

26.    Pending final determination of whether the Settlement should be approved, Plaintiffs, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Plaintiff Claims against the Released Defendant Parties.

27.    All papers in support of the Settlement, Plan of Allocation, and Co-Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty (30) calendar days prior to the date set herein for the Settlement Hearing.  If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

28.    No Person who is not a Class Member or Co-Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

29.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation or further order of the Court.

30.    Neither the Defendants nor their counsel shall have any responsibility for or involvement in the Plan of Allocation or any application for attorney's fees or expenses submitted by Co-Lead Counsel or Plaintiffs, and such matters shall be considered separately from the fairness, reasonableness and adequacy of the Settlement.

31.    If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly

59

provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any Person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of July 19, 2023.

32.    The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

**SO ORDERED.**

DATED this _____ day of _____, 2023

_____
Honorable Judge Karen G. Scholer
United States District Judge