# Exhibit A-1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| LUIS TORRES, ALLIA DEANGELIS, DARRICK INMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BERRY CORPORATION, ARTHUR T. SMITH, CARY BAETZ, GARY A. GROVE, BRENT S. BUCKLEY, KAJ VAZALES, and EUGENE J. VOILAND,<br><br>Defendants. | Case No. 3:20-cv-03464-S<br><br>JUDGE KAREN G. SCHOLER |

**NOTICE OF PENDENCY OF CLASS ACTION**
**AND PROPOSED CLASS ACTION SETTLEMENT**

**If you (1) purchased or otherwise acquired Berry Corporation's ("Berry" or the "Company") common stock pursuant and/or traceable to Berry's Registration Statement issued in connection with its July 26, 2018 initial public offering; and/or (2) purchased or otherwise acquired Berry's common stock between July 26, 2018 and November 3, 2020, both dates inclusive (the "Class Period"), and were damaged thereby (the "Class"), you may be entitled to a payment from a class action settlement.**

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

**IF YOU ARE A SETTLEMENT CLASS MEMBER, YOUR LEGAL RIGHTS WILL BE AFFECTED BY THIS SETTLEMENT WHETHER YOU ACT OR DO NOT ACT. PLEASE READ THIS NOTICE CAREFULLY.**

- **Purpose of Notice:** The purpose of this Notice[1] is to inform you of the pendency of this securities class action (the "Action"), the proposed settlement of the Action (the "Settlement"), and a hearing to be held by the Court to consider: (i) whether the Settlement should be approved; (ii) whether the proposed plan for allocating the proceeds of the Settlement (the "Plan of Allocation") should be approved; and (iii) whether Co-Lead

---

[1] All capitalized terms not otherwise defined in this notice shall have the same meaning provided in the Stipulation and Agreement of Settlement, dated September 18, 2023 (the "Stipulation").

62

Counsel's application for attorneys' fees and expenses, and reimbursement awards to the class representatives should be approved.  This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement, wish to object, or wish to be excluded from the Class.

- **Summary of Claims Resolved:**  The Settlement resolves claims by the Court-appointed Lead Plaintiffs Luis Torres and Allia DeAngelis, and additional Plaintiff Darrick Inman (collectively, "Plaintiffs"), that have been asserted on behalf of themselves and the Class against Berry, Arthur T. Smith, Cary Baetz, Gary A. Grove, Brent S. Buckley, Kaj Vazales, and Eugene J. Voiland (collectively, "Defendants", and together with the Plaintiffs, the "Parties") for alleged violations of the federal securities laws by allegedly making misrepresentations and/or omissions of material fact in various filings with the U.S. Securities and Exchange Commission and in other public statements made to investors concerning Berry's risk of permitting delays on the Company.  It releases the Released Defendant Parties (defined below) from liability.

- **Statement of Class Recovery:**  Subject to Court approval, Plaintiffs, on behalf of the Class, have agreed to settle the Action in exchange for a payment of $2,500,000 (the "Settlement Amount"), which will be deposited into an Escrow Account and may earn interest (the "Settlement Fund").  The Net Settlement Fund (as defined below) will be distributed to Class Members according to the Court-approved Plan of Allocation.  The proposed Plan of Allocation is set forth on pages 12-16 below.

- **Estimate of Average Recovery Per Share:**  Plaintiffs estimate there were approximately 35.8 million shares of Berry common stock traded during the Class Period that may have been impacted.  Pursuant to the Plan of Allocation (*see* pages 12-16 below), if all affected Berry shares elect to participate in the Settlement, the average recovery per share could be approximately $0.07, before deduction of any fees, expenses, costs, and awards described herein. **Class Members should note, however, that the foregoing average recovery per eligible share is only an estimate.**  Some Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their Berry common stock, the total number of valid Claim Forms submitted, and the value of those claims.  Distributions to Class Members will be made based on the Plan of Allocation set forth herein (*see* pages 12-16 below) or such other plan of allocation as may be ordered by the Court.

- **Statement of Potential Outcome of Case If the Action Continued to Be Litigated:**  The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Plaintiffs were to prevail on each claim asserted against the Defendants.

- **Reasons for Settlement:**  Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Class without the risk or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action and the

likely appeals that would follow a trial.  This process could be expected to last several years.  The Settlement was entered into after extended mediation sessions before a neutral third party.  Without admitting any wrongdoing or liability on their part whatsoever, Defendants are willing to settle to avoid the cost, delay, and risk of continuing the Action provided that all of the claims of the Class are settled and compromised.

- **Attorneys' Fees and Costs:**  Co-Lead Counsel have not received any payment for their services in conducting this litigation on behalf of Plaintiffs and the members of the Class, nor have they been reimbursed for their out-of-pocket expenditures.  If the Settlement is approved by the Court, Co-Lead Counsel will apply to the Court for attorneys' fees not to exceed 33 and 1/3% of the Settlement Amount, and reimbursement of litigation expenses not to exceed $370,000.  If the amount requested by counsel is approved by the Court, the average cost of fees would be approximately $.03 per share.  In addition, an award for the time and expenses incurred by the Plaintiffs will be requested, not to exceed $10,000 each.

- **Identification of Attorneys' Representatives:**  Requests for further information regarding the Action, this Notice or the Settlement, can be directed to Co-Lead Counsel: Omar Jafri, Pomerantz LLP, Ten South La Salle Street, Suite 3505, Chicago, Illinois 60603, (312) 377-1181, and Phillip Kim, The Rosen Law Firm, P.A., 275 Madison Avenue, 40th Floor, New York, New York 10016, (212) 686-1060.  **Please Do Not Contact the Court or the Defendants with Questions About the Settlement.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 202__** | The ***only*** way to get a payment.  *See* Question 7 below for details. |
| **EXCLUDE YOURSELF FROM THE CLASS BY _____, 202__** | Get no payment.  This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against the Defendants or the other Released Defendant Parties concerning the Released Plaintiff Claims.  *See* Question 10 below for details. |
| **OBJECT BY _____, 202__** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, or the attorneys' fee and expense application.  If you object, you will still be a member of the Class.  *See* Question 15 below for details. |
| **GO TO A HEARING ON _____, 202__ AND FILE A NOTICE OF INTENTION TO APPEAR BY _____, 202__** | Ask to speak in Court at the Settlement Hearing about the Settlement.  *See* Question 18 below for details. |
| **DO NOTHING** | Get no payment AND give up your rights to bring your own individual action. |

64

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to all Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved.  Please be patient.

## BASIC INFORMATION

### 1.    Why did I get this Notice?

You or someone in your family, or an investment account for which you serve as a custodian, might have purchased or otherwise acquired shares of Berry common stock pursuant and/or traceable to Berry's Registration Statement issued in connection with its July 26, 2018 initial public offering ("IPO"); and/or purchased or otherwise acquired Berry's common stock during the Class Period, between July 26, 2018 and November 3, 2020, both dates inclusive, and might be a Class Member.  This Notice explains the Action, the Settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.  Receipt of this Notice does not necessarily mean that you are a Class Member or that you will be entitled to receive a payment.  **If you wish to be eligible for a payment, you must submit the Claim Form that is available on the Settlement website at www.berrycorpsecuritieslitigation.com.** *See* Question 7 below.

The Court directed that this Notice be made publicly available on this website to inform Class Members of the terms of the proposed Settlement and about all of their options, before the Court decides whether to approve the Settlement at the upcoming hearing to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, Co-Lead Counsel's application for attorneys' fees and expenses, and reimbursement awards for Plaintiffs (the "Settlement Hearing").

The Court in charge of the Action is the United States District Court for the Northern District of Texas, and the case is captioned *Torres v. Berry Corporation, et al.*, No. 3:20-cv-03464-S.  The Action is assigned to the Honorable Karen G. Scholer, United States District Judge.

### 2.    What is this case about and what has happened so far?

On November 1, 2021, Plaintiffs filed the Amended Class Action Complaint ("Complaint") alleging violations of Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act"), Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, against Defendants, on behalf of themselves and the Class.  Berry is an energy company that focuses on the development and production of conventional oil reserves.  The

65

Company went public pursuant to the IPO on July 26, 2018. According to Plaintiffs' Complaint,[2] throughout the Class Period, Defendants minimized the risk of permitting delays, claiming that such risks were mitigated by their supposed-advance planning, that they had increased "efficiency and speed" in navigating the permitting process, as well as their "bullpen of high-quality opportunities," and repeatedly denied the existence of a "permitting problem," or otherwise minimized its severity as "a tiny issue."

Plaintiffs allege that, unbeknownst to investors, even before the Registration Statement was filed, the Company had identified the failure to secure timely permits to develop and drill oil as a major threat to its business, and had already failed to receive the necessary permits. Plaintiffs also assert that these problems only intensified as the Class Period progressed. The Complaint relies on detailed Confidential Witness accounts to support both the severity of the permitting issues that was caused by the Defendants' own actions and Defendants' awareness of the concealed risks.

Plaintiffs claim that artificial inflation in Berry's stock price began to be removed by a series of partial disclosures on April 1, 2020, August 4, 2020, and November 3, 2020, that caused the Company's stock price to repeatedly decline when Defendants revised production targets downwards and reduced capital expenditures.

Defendants filed a motion to dismiss the Complaint on January 24, 2022. On September 13, 2022, the Court denied Defendants' motion to dismiss. Defendants filed a motion for reconsideration and/or clarification on September 20, 2022, and answered the Complaint on September 27, 2022. Plaintiffs opposed the motion for reconsideration and/or clarification on October 4, 2022, and Defendants filed a reply in support of their motion on October 18, 2022. The Court denied Defendants' motion for reconsideration and/or clarification on November 9, 2022.

On February 13, 2023, Plaintiffs filed a motion for class certification, which Defendants opposed on April 14, 2023. On May 26, 2023, Plaintiffs filed a reply in further support of their motion.

While the Action was pending, the Parties also engaged in significant discovery. For example, Co-Lead Counsel and Additional Counsel reviewed tens of thousands of documents produced by Defendants in response to 59 requests for production of documents, defended Plaintiffs' depositions, and took multiple depositions of Berry's employees. Plaintiffs' Counsel also consulted with experts on the industry, market efficiency, loss causation, and damages.

On May 30, 2023, the Parties attended a full-day mediation session with Jed D. Melnick, Esq. of JAMS, a well-respected and highly experienced mediator. Plaintiffs and Defendants ended the May 30, 2023 mediation without reaching a resolution to the Action. However, the Parties continued negotiations over the next two months and agreed to a mediator's proposal to resolve the claims in the Action on July 19, 2023. On August 2, 2023, the Parties notified the Court that

---

[2] The summary of Plaintiffs' claims is based on the allegations contained in Plaintiffs' Complaint filed on November 1, 2021. Defendants have not admitted any of the allegations and generally deny that they engaged in any wrongdoing or violated any laws.

66

they had agreed in principle to resolve all issues and claims in the Action and requested a stay of all deadlines.

**3.    Why is there a Settlement?**

Plaintiffs and Co-Lead Counsel believe that the claims asserted in the Action have merit, however, Plaintiffs and Co-Lead Counsel recognize the expense and length of continued proceedings necessary to pursue the claims through trial and appeals, as well as the difficulties in establishing liability and damages. Plaintiffs and Co-Lead Counsel also recognize that Defendants have numerous defenses that could preclude a recovery. For example, Defendants have asserted that the allegedly materially false and misleading statements and omissions were not made with scienter. Even if such hurdles to establishing liability were overcome, Defendants would assert that the statements at issue did not cause a loss and would vigorously contest the existence and amount of any damages that could be attributed to the allegedly false statements. The Settlement provides a guaranteed and immediate cash recovery to the Class. In light of the risks, Plaintiffs and Co-Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class.

The Defendants have denied and continue to deny any allegations of wrongdoing contained in the Complaint and further deny that they did anything wrong, that Plaintiffs or the Class suffered damages or that the price of Berry common stock was artificially inflated by reasons of alleged misrepresentations, nondisclosures, or otherwise. The Settlement should not be seen as an admission or concession on the part of the Defendants. The Defendants have considered the burden, expense, uncertainty, distraction, and risks inherent in any litigation and have concluded that it is desirable to settle upon the terms and conditions set forth in the Stipulation.

**4.    How do I know if I am part of the Settlement?**

Everyone who fits the following description is a Class Member and subject to the Settlement unless they are an excluded person (*see* Question 5 below) or take steps to exclude themselves from the Class (*see* Question 10 below): all investors who purchased or otherwise acquired: (1) Berry common stock pursuant and/or traceable to Berry's Registration Statement issued in connection with its July 26, 2018 IPO; and/or (2) purchased or otherwise acquired Berry's common stock between July 26, 2018 and November 3, 2020, both dates inclusive, and were damaged thereby.

Receipt of this Notice does not mean that you are a Class Member. The Parties do not have access to your transactions in Berry common stock. Please check your records or contact your broker to see if you are a member of the Class. If one of your mutual funds purchased Berry common stock during the Class Period, that alone does not make you a Class Member. You are a Class Member only if you individually purchased or otherwise acquired common stock of Berry during the Class Period.

**5.    Are there exceptions to be included in the Class?**

Yes. There are some individuals and entities who or which are excluded from the Class by definition. Excluded from the Class are Defendants herein, current and former officers and directors of the Company, members of their immediate families and their legal representatives,

67

heirs, successors or assigns and any entity in which Defendants have or had a controlling interest. Also excluded from the Class will be any Person who or which timely and validly seeks exclusion from the Class in accordance with the procedures described in Question 10 below or whose request is otherwise allowed by the Court.

### THE SETTLEMENT BENEFITS

**6.      What does the Settlement provide?**

In exchange for the Settlement and the release of the Released Plaintiff Claims against the Released Defendant Parties, the Defendants have agreed to pay $2,500,000 in cash, which may accrue interest, to be distributed, after deduction of Court-awarded attorneys' fees and litigation expenses, Notice and Administration Costs, Taxes and Tax Expenses, reimbursement awards to the class representatives, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), among all Class Members who submit valid Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

**7.      How can I receive a payment?**

To qualify for a payment, you must submit a timely and valid Claim Form.  You can obtain a    Claim    Form    from    the    website    dedicated    to    the    Settlement: www.berrycorpsecuritieslitigation.com, or by calling the Claims Administrator toll-free at 1-866-905-8124.  Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it electronically through www.berrycorpsecuritieslitigation.com to the Claims Administrator so that it is **postmarked or received no later than                                    , 202__.**

**8.      When will I receive my payment?**

The Court will hold a Settlement Hearing on _____, 202___ to decide, among other things, whether to finally approve the Settlement.  Even if the Court approves the Settlement, there may be appeals which can take time to resolve, perhaps more than a year.  It also takes a long time for all of the Claim Forms to be accurately reviewed and processed.  Please be patient.

**9.      What am I giving up to receive a payment or stay in the Class?**

If you are a member of the Class, unless you exclude yourself, you will remain in the Class, and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Plaintiff Claims" against the "Released Defendant Parties."  Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the Released Plaintiff Claims.  It also means that all of the Court's orders will apply to you and legally bind you and you will release your claims against the Defendants.

**"Released Plaintiff Claims"** means any and all claims and causes of action of every nature and description, including both known claims and Unknown Claims (defined below), contingent or absolute, mature or not mature, discoverable or undiscoverable, liquidated or not liquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether

68

arising under federal, state, common or foreign law, or any other law, rule, or regulation, that Plaintiffs or any other Class Member: (i) asserted in the Action against any of the Released Defendant Parties; or (ii) could have asserted in the Action or any forum, domestic or foreign, against any of the Released Defendant Parties that arise out of, are based upon, or relate to, directly or indirectly, in whole or in part, (1) the allegations, transactions, facts, statements, disclosures, matters or occurrences, representations or omissions, actions or inaction, or conduct involved, set forth, or referred to in the Action and the purchase or acquisition of Berry's publicly traded common stock during the Class Period and/or pursuant and/or traceable to Berry's Registration Statement issued in connection with its July 26, 2018 IPO; or (2) Defendants' and/or their attorneys' defense or settlement of the Action and/or claims alleged therein; or both.  Released Plaintiff Claims do not include: (i) claims relating to the enforcement of the Settlement; (ii) any claims for breach of fiduciary duty actually asserted on behalf of the Company in the actions captioned *Karp v. Smith, et al.*, 1:23-cv-00069-(MN) (D. Del.) and *Assad v. Smith, et al.*, 3:22-cv-2365-S (N.D. Tex.) as of the date of the filing of this Stipulation with the Court; and (iii) any claims of Persons who submit a request for exclusion that is accepted by the Court.

**"Released Defendant Parties"** means Defendants, Defendants' Counsel, and each of their respective past, present, or future direct or indirect subsidiaries, parents affiliates, principals, joint ventures, any other corporate entities, successors and predecessors, assigns, officers, directors, shareholders, trustees, partners, agents, fiduciaries, contractors, employees, attorneys, insurers and reinsurers, auditors, advisors, financial advisors, investment banks, underwriters, accountants; the spouses, members of the families, representatives, and heirs of the individual defendants, as well as any trust of which any individual defendant is the settlor or which is for the benefit of any of their immediate family members; any firm, trust, corporation, or entity in which any Defendant has a controlling interest; and any of the legal representatives, heirs, successors in interest or assigns of Defendants.

**"Unknown Claims"** means any and all Released Plaintiff Claims that Plaintiffs or any other Class Member do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendant Claims that any Defendant does not know or suspect to exist in his or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Class.  With respect to any and all Released Plaintiff Claims and Released Defendant Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs and the Defendants shall expressly, and each other Class Member shall be deemed to have, and by operation of the Judgment shall be deemed to have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiffs, other Class Members, or the Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiff Claims and the Released Defendant Claims, but Plaintiffs and the Defendants shall expressly, fully, finally, and forever settle and release, and each Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Plaintiff Claims and Released Defendant Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Plaintiffs and the Defendants acknowledge, and other Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiff Claims and Released Defendant Claims was separately bargained for and was a material element of the Settlement.

The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal. If you remain a member of the Class, all of the Court's orders, whether favorable or unfavorable, will apply to you and legally bind you. Upon the Effective Date, the Defendants will also provide a release of any claims against Plaintiffs and the Class arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

### 10.    How do I exclude myself from the Class?

To exclude yourself from the Class, you must mail a signed letter stating that you "request to be excluded from the Class in *Torres v. Berry Corporation, et al.*, No. 3:20-cv-03464-S (N.D. Tex.)." You cannot exclude yourself by telephone or e-mail. Each request for exclusion must also: (i) state the name, address, and telephone number of the person or entity requesting exclusion; (ii) state the number of shares of Berry common stock purchased, acquired, and/or sold during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale; and (iii) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion must be mailed, so that it is **received no later than                   , 202   ,** to:

**Berry Corp Securities Litigation**
**EXCLUSIONS**
C/O A.B. Data, Ltd.
P.O. Box 173001
Milwaukee, WI 53217

**Your exclusion request must comply with these requirements in order to be valid, unless it is otherwise accepted by the Court.**

If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund. Also, you cannot object to the Settlement because you will not be a Class Member. However, if you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) the Defendants and the other Released Defendant Parties in the future, assuming your claims are timely. If you have a pending lawsuit against any of the Released Defendant Parties **please speak to your lawyer in the case immediately**.

70

**11.     If I do not exclude myself, can I sue the Defendants and the other Released Defendant Parties for the same thing later?**

No.    Unless you properly exclude yourself, you will give up any rights to sue the Defendants and the other Released Defendant Parties for any and all Released Plaintiff Claims.

## THE LAWYERS REPRESENTING YOU

**12.     Do I have a lawyer in this case?**

The Court appointed the law firms of Pomerantz LLP and The Rosen Law Firm, P.A. to represent all Class Members.  These lawyers are called "Co-Lead Counsel."  You will not be separately charged for these lawyers.  The Court will determine the amount of Plaintiffs' Counsel's fees and expenses, which will be paid from the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**13.     How will the lawyers be paid?**

Plaintiffs' Counsel have not received any payment for their services in pursuing the claims against Defendants on behalf of the Class, nor have they been paid for their litigation expenses. Co-Lead Counsel will ask the Court to award Plaintiffs' Counsel attorneys' fees of no more than one-third (33 and 1/3%) of the Settlement Fund, which will include any accrued interest.  Co-Lead Counsel will also seek payment of litigation expenses incurred by Plaintiffs' Counsel in the prosecution of the Action of no more than $370,000 plus accrued interest, which may include an application on behalf of Plaintiffs for reimbursement from the Settlement Fund for and of Plaintiffs' reasonable time, costs and expenses directly relating to their representation of the Class.

## OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

**14.     How do I tell the Court that I do not like something about the proposed Settlement?**

If you are a Class Member, you may object to the Settlement or any of its terms, the proposed Plan of Allocation, or Co-Lead Counsel's application for attorneys' fees and expenses. To object, you must send a signed letter stating that you object to the proposed Settlement, the proposed Plan of Allocation, or Co-Lead Counsel's application for attorneys' fees and expenses in "*Torres v. Berry Corporation, et al.*, No. 3:20-cv-03464-S (N.D. Tex.)."  The objection must: (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) include documents sufficient to prove membership in the Class, including the number of shares of Berry common stock that the objecting Class Member purchased/acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale.  Unless otherwise ordered by the Court, any Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, or Co-Lead Counsel's application for attorneys' fees and expenses.  Your objection must be filed with the Court at the address below, either by mail or in

71

person, **no later than** _____, **202__** **and** be mailed or delivered to each of the following counsel so that it is **received no later than** _____, **202__**:

| **Court** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>Northern District of Texas<br>1100 Commerce St.,<br>Room 1452<br>Dallas, TX 75242 | Pomerantz LLP<br>Omar Jafri<br>Ten South La Salle St.,<br>Suite 3505<br>Chicago, IL 60603 | Baker & Hostetler LLP<br>Douglas W. Greene<br>45 Rockefeller Plaza<br>New York, NY 10111 |

*-and-*

The Rosen Law Firm, P.A.
Phillip Kim
275 Madison Ave., 40th Fl.
New York, NY 10016

**THE SETTLEMENT HEARING**

**15.    When and where will the Court decide whether to approve the proposed Settlement?**

The Court will hold the Settlement Hearing on _____, **202__** at ____ **.m.**, either telephonically and/or in Courtroom 1632 of the United States District Court, Northern District of Texas, 1100 Commerce Street, Dallas, Texas 75242.  At this hearing, the Court will consider, whether: (i) the Settlement is fair, reasonable, and adequate, and should be finally approved; (ii) the Plan of Allocation has a rational basis and should be approved; and (iii) Co-Lead Counsel's application for attorneys' fees and expenses and Plaintiffs' reimbursement awards are reasonable and should be approved.

You should be aware that the Court may change the date and time of the Settlement Hearing, or hold the hearing telephonically, without another notice being sent to Class Members. If you want to attend the hearing, you should periodically check the settlement website at www.berrycorpsecuritieslitigation.com, or periodically check the Court's docket for the Action for updates about the Settlement Hearing through PACER, at https://www.pacer.gov.

**16.    Do I have to come to the Settlement Hearing?**

No.  Co-Lead Counsel will answer any questions the Court may have.  But, you are welcome to attend at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it.  You may have your own lawyer attend (at your own expense), but it is not required.  If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 17 below **no later than** _____, **202____**.

72

**17.    May I speak at the Settlement Hearing?**

You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must include with your objection (*see* Question 14), **no later than _____ __, 202__** a statement that you, or your attorney, intend to appear in "*Torres v. Berry Corporation, et al.*, No. 3:20-cv-03464-S (N.D. Tex.)."  Persons who intend to present evidence at the Settlement Hearing must also include in their objections the identities of any witnesses they may wish to call to testify and any exhibits they intend to introduce into evidence at the hearing.  You may not speak at the Settlement Hearing if you exclude yourself or if you have not provided written notice in accordance with the procedures described in this Question 17 and Question 14 above.

## IF YOU DO NOTHING

**18.    What happens if I do nothing at all?**

If you do nothing and you are a member of the Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against the Defendants and the other Released Defendant Parties concerning the Released Plaintiff Claims.  To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 7 above).  To start, continue or be part of any other lawsuit against the Defendants and the other Released Defendant Parties concerning the Released Plaintiff Claims in this case, to the extent it is otherwise permissible to do so, you must exclude yourself from the Settlement Class (*see* Question 10 above).

## GETTING MORE INFORMATION

**19.    Are there more details about the Settlement?**

This Notice summarizes the proposed Settlement.  More details can be found on the website dedicated to the Settlement, www.berrycorpsecuritieslitigation.com, calling the Claims Administrator toll free at 1-866-905-8124, emailing the Claims Administrator at info@berrycorpsecuritieslitigation.com or writing to the Claims Administrator at Berry Corp Securities Litigation, C/O A.B. Data, Ltd., P.O. Box 173012 Milwaukee, WI 53217.

**Please do not contact the Court or the Defendants with questions about the Settlement.**

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND

**20.    How will my claim be calculated?**

If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants—*i.e.*, Class Members who timely submit valid Claim Forms that are accepted for payment by the Court—in accordance with this proposed Plan of Allocation or such other plan of allocation as the Court may approve.

The Settlement Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Loss."  The

73

Recognized Loss formula is not intended to be an estimate of the amount of what a Settlement Class Member lost or might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is simply the basis upon which the Net Settlement Fund will be proportionately distributed on a *pro rata* basis.

The estimated alleged artificial inflation in the price of Berry common stock during the Class Period is reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the price of Berry common stock during the Class Period is based on certain misrepresentations alleged by Plaintiffs and the price change in Berry common stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiffs.

Federal securities laws allow investors to recover for losses caused by disclosures which corrected Defendants' previous misleading statements or omissions. Thus, in order to have been damaged by the alleged violations of the federal securities laws, a share purchased or otherwise acquired during the Class Period must have been held during a period of time in which its price declined due to the disclosure of information which corrected an allegedly misleading statement or omission. Plaintiffs and Co-Lead Counsel have determined that such price declines occurred on the following dates: April 1, 2020, August 5, 2020, and November 4, 2020 (the "Corrective Disclosure Dates"). Accordingly, if a share was sold before April 1, 2020 (the earliest Corrective Disclosure Date), the Recognized Loss for that share is $0.00, and any loss suffered is not compensable under the federal securities laws. Likewise, if a share was both purchased/acquired and subsequently sold between two consecutive Corrective Disclosure Dates, the Recognized Loss for that share is $0.00.

| Table 1 | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation** |
| July 26, 2018 | March 31, 2020 | $0.86 |
| April 1, 2020 | August 4, 2020 | $0.64 |
| August 5, 2020 | November 3, 2020 | $0.19 |
| November 4, 2020 | Thereafter | $0.00 |

Shares of Berry common stock purchased or otherwise acquired in the Company's July 2018 IPO are eligible for a claim under both the Securities Act and the Exchange Act. The Recognized Loss for shares purchased in the IPO shall be the maximum of: (i) the Recognized Loss amount calculated under the Exchange Act as described below in "Calculating Recognized Loss Per Share Under the Exchange Act"; or (ii) the Recognized Loss amount calculated under the Securities Act as described below in "Calculating Recognized Loss Per Share Under the Securities Act." The Securities Act provides for an affirmative defense of negative causation which prevents recovery for losses that Defendants prove are not attributable to misrepresentations and/or omissions alleged by Plaintiffs in the IPO Registration Statement. Thus, the Recognized Loss calculation under the Securities Act assumes that the Company-specific declines in the price of the shares on the Corrective Disclosure Dates are the only compensable losses.

74

Berry common stock acquired directly from an underwriter or its agent in the Company's IPO shall be treated as a purchase of shares at a price of $14.00 per share (*i.e.*, the IPO offering price) with per-share price inflation of $0.86. Any Recognized Loss arising from a purchase/acquisition of Berry common stock in the IPO shall be computed as provided for other purchases of Berry common stock under the Plan of Allocation.

The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss under the Exchange Act. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on a share purchased/acquired during the Class Period and held as of the close of the 90-day period subsequent to the Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for the shares and the average closing price of the shares during the 90-Day Lookback Period. The Recognized Loss on a share purchased/acquired during the Class Period and sold during the 90-day Lookback Period cannot exceed the difference between the purchase price paid for the shares and the rolling average closing price of the share during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero. Any transactions in shares executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

### Calculating Recognized Loss Per Share Under the Exchange Act

The Recognized Loss per share under the Exchange Act shall be calculated as follows:

I.  For each share that was sold before to April 1, 2020, the Recognized Loss per share is $0.00.

II. For each share that was sold during the period April 1, 2020 through November 3, 2020, both dates inclusive, the Recognized Loss per share is the amount of per-share price inflation on the date of purchase/acquisition as appears in Table 1 above, *minus* the amount of per-share price inflation on the date of sale as appears in Table 1 above.

III. For each share that was sold during the period November 4, 2020 through February 1, 2021, both dates inclusive (*i.e.*, sold during the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*:

    A.  The amount of per-share price inflation on the date of purchase/acquisition as appears in Table 1 above; or

    B.  The purchase/acquisition price per share *minus* the "90-day lookback value" on the date of sale provided in Table 2 below.

IV. For each share still held as of the close of trading on February 1, 2021, the Recognized Loss per share is *the lesser of*:

    A.  The amount of per-share price inflation on the date of purchase/acquisition as appears in Table 1 above; or

75

B.  The purchase/acquisition price per share *minus* the average closing price for shares during the 90-Day Lookback Period, which is $3.88.

| Table 2 | | | | | |
|---|---|---|---|---|---|
| **Sale / Disposition Date** | **90-Day Lookback Value** | **Sale / Disposition Date** | **90-Day Lookback Value** | **Sale / Disposition Date** | **90-Day Lookback Value** |
| 11/4/2020 | $2.69 | 12/3/2020 | $3.50 | 1/4/2021 | $3.65 |
| 11/5/2020 | $2.72 | 12/4/2020 | $3.52 | 1/5/2021 | $3.67 |
| 11/6/2020 | $2.70 | 12/7/2020 | $3.53 | 1/6/2021 | $3.68 |
| 11/9/2020 | $2.81 | 12/8/2020 | $3.55 | 1/7/2021 | $3.70 |
| 11/10/2020 | $2.92 | 12/9/2020 | $3.56 | 1/8/2021 | $3.71 |
| 11/11/2020 | $2.98 | 12/10/2020 | $3.57 | 1/11/2021 | $3.73 |
| 11/12/2020 | $3.00 | 12/11/2020 | $3.58 | 1/12/2021 | $3.75 |
| 11/13/2020 | $3.04 | 12/14/2020 | $3.59 | 1/13/2021 | $3.77 |
| 11/16/2020 | $3.09 | 12/15/2020 | $3.60 | 1/14/2021 | $3.79 |
| 11/17/2020 | $3.13 | 12/16/2020 | $3.61 | 1/15/2021 | $3.81 |
| 11/18/2020 | $3.15 | 12/17/2020 | $3.62 | 1/19/2021 | $3.83 |
| 11/19/2020 | $3.17 | 12/18/2020 | $3.63 | 1/20/2021 | $3.84 |
| 11/20/2020 | $3.19 | 12/21/2020 | $3.63 | 1/21/2021 | $3.85 |
| 11/23/2020 | $3.23 | 12/22/2020 | $3.63 | 1/22/2021 | $3.86 |
| 11/24/2020 | $3.30 | 12/23/2020 | $3.64 | 1/25/2021 | $3.87 |
| 11/25/2020 | $3.36 | 12/24/2020 | $3.65 | 1/26/2021 | $3.87 |
| 11/27/2020 | $3.41 | 12/28/2020 | $3.65 | 1/27/2021 | $3.88 |
| 11/30/2020 | $3.44 | 12/29/2020 | $3.65 | 1/28/2021 | $3.88 |
| 12/1/2020 | $3.45 | 12/30/2020 | $3.65 | 1/29/2021 | $3.88 |
| 12/2/2020 | $3.48 | 12/31/2020 | $3.66 | 2/1/2021 | $3.88 |

**Calculating Recognized Loss Per Share Under the Securities Act**

The Recognized Loss per share under the Securities Act shall be calculated as follows:

I.  For each share that was sold before April 1, 2020, the Recognized Loss per share is $0.00.

II.  For each share that was sold during the period April 1, 2020 through November 3, 2020, both dates inclusive, the Recognized Loss per share is *the lesser of*:

A.  The amount of per-share price inflation on the date of purchase/acquisition *minus* the amount of per-share price inflation on the date of sale as appears in Table 1 above; or

B.  The purchase price per share (not to exceed the $14.00 IPO offer price) *minus* the sale price.

76

III.    For each share that was sold during the period November 4, 2020 through November 19, 2020, both dates inclusive, the Recognized Loss per share is *the lesser of*:

        A.   The amount of per-share price inflation on the date of purchase/acquisition as appears in Table 1 above; or

        B.   The purchase price (not to exceed the $14.00 IPO offer price) *minus* the sale price.

IV.    For each share that was still held as of November 20, 2020, the Recognized Loss per share is *the lesser of*:

        A.   The amount of per-share price inflation on the date of purchase/acquisition as appears in Table 1 above; or

        B.   The purchase price (not to exceed the $14.00 IPO offer price) *minus* $3.40.

### INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

A purchase or sale of Berry common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

Acquisition by Gift, Inheritance, or Operation of Law: If a Settlement Class Member acquired Berry common stock during the Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that a share was originally purchased prior to commencement of the Class Period, the Recognized Loss for that acquisition shall be deemed to be zero ($0.00).

Notwithstanding any of the above, receipt of Berry common stock during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Berry common stock.

The first-in-first-out ("FIFO") basis will be applied to purchases and sales. Under FIFO, sales will be matched against purchases/acquisitions during the Class Period in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has an opening short position in Berry common stock, the earliest Class Period purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

Option contracts are not securities eligible to participate in the Settlement. With respect to shares purchased or sold through the exercise of an option, the purchase/sale date of the shares shall be the exercise date of the option and the purchase/sale price of the shares shall be the exercise price of the option. Any Recognized Loss arising from purchases of shares acquired during the

Class Period through the exercise of an option on Berry common stock[3] shall be computed as provided for other purchases of Berry common stock in the Plan of Allocation. Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants.

A Recognized Loss will be calculated as defined herein and cannot be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants (see the Plan of Allocation at pages12-16 for additional details). No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $20.00.

Settlement Class Members who do not submit acceptable Proofs of Claim will not share in the Settlement proceeds. The Settlement and the Final Judgment and Order of Dismissal with Prejudice dismissing this Action will nevertheless bind Settlement Class Members who do not submit a request for exclusion and/or submit an acceptable Proof of Claim.

### SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

If you purchased or otherwise acquired Berry common stock during the Class Period for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE**, **YOU MUST EITHER**: (a) provide to the Claims Administrator the name and last known address of each such person or entity; or (b) request additional copies of this Notice and the Claim Form from the Claims Administrator, which will be provided to you free of charge, and **WITHIN SEVEN (7) DAYS** of receipt, mail the Notice and Claim Form directly to all such persons or entities. If they are available, you must also provide the Claims Administrator with the e-mails of the beneficial owners. If you choose to follow procedure (b), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed and keep a record of the names and mailing addresses used. The Claims Administrator shall, if requested and if appropriate supporting documentation is provided, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners/purchasers, up to $0.05 plus postage at the current pre-sort rate used by the Claims Administrator per Notice and Proof of Claim; $0.05 per Notice and Claim Form transmitted by email; or $0.05 per name, mailing address, and email address provided to the Claims Administrator, which expenses would not have been incurred except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement. All communications concerning the foregoing should be addressed to the Claims Administrator by telephone at 1-866-905-8124, by email at info@berrycorpsecuritieslitigation.com, or through mail at Berry Corp Securities Litigation, C/O A.B. Data, Ltd., P.O. Box 173012, Milwaukee, WI 53217.

---

[3] Including (1) purchases of Berry common stock as the result of the exercise of a call option, and (2) purchases of Berry common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

Dated: _____, 202_                    BY ORDER OF THE UNITED STATES
                                                 DISTRICT COURT FOR THE
                                                 NORTHERN DISTRICT OF TEXAS

79