# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LUIS TORRES, ALLIA DEANGLIS, DARRICK INMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>                          Plaintiffs,<br><br>              v.<br><br>BERRY CORPORATION, ARTHUR T. SMITH, CARY BAETZ, GARY A. GROVE, BRENT S. BUCKLEY, KAJ VAZALES, and EUGENE J. VOILAND,<br><br>                        Defendants. | **Civil Action No. 3:20-cv-03464-S**<br><br>**DECLARATION OF JACK EWASHKO ON BEHALF OF A.B. DATA, LTD. REGARDING NOTICE ADMINISTRATION** |

I, Jack Ewashko, declare as follows:

1.    I am a Senior Project Manager with A.B. Data, Ltd. ("A.B. Data"), whose Corporate Office is located in Milwaukee, Wisconsin. Pursuant to the Court's Preliminary Approval Order signed on October 18, 2023 and entered on October 19, 2023, A.B. Data was appointed as Claims Administrator in connection with the above-captioned action (the "Action")[1]. I am over 21 years of age and am not a party to the Action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

**DISSEMINATION OF POSTCARD NOTICE AND NOTICE PACKET**

2.    Pursuant to the Preliminary Approval Order, A.B. Data was responsible for disseminating notice of the Settlement. Specifically, A.B. Data is responsible for mailing the Postcard Notice to potential Settlement Class Members and mailing the Notice of Pendency of Class Action and Proposed Class Action Settlement (the "Notice") and Proof of Claim and Release

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement dated September 18, 2023 (the "Stipulation"). ECF No. 150-1.

Form (the "Claim Form" and, collectively with the Notice, the "Notice Packet") to nominees and potential Settlement Class Members, upon request. Copies of the Postcard Notice and Notice Packet are attached hereto as Exhibits A and B, respectively.

3.       On October 30, 2023, A.B. Data received a data file produced by Berry Corp.'s transfer agent containing the names and addresses of 279 potential Settlement Class Members. Upon receipt, the data was electronically processed by A.B. Data to ensure adequate address formatting and the elimination of duplicate names and addresses, resulting in 201 (the "Initial Mailing List") distinct records for mailing. A.B. Data standardized and updated the Initial Mailing List addresses using NCOALink®, a national database of address changes that is compiled by the United States Postal Service (the "USPS"), and on November 16, 2023, A.B. Data caused Postcard Notice to be sent by First-Class Mail to these 201 potential Settlement Class Members.

4.       As in most class actions of this nature, the large majority of potential Settlement Class Members are beneficial purchasers whose securities are held in "street name" – *i.e.*, the securities are purchased by brokerage firms, banks, institutions, and other third-party nominees in the names of the respective nominees, on behalf of the beneficial purchasers. A.B. Data maintains a proprietary database with names and addresses of the largest and most common banks, brokers, and other nominees (the "Record Holder Mailing Database"). A.B. Data's Record Holder Mailing Database is updated from time to time as new nominees are identified and others go out of business. At the time of the initial mailing, the Record Holder Mailing Database contained 4,967 mailing records. On November 16, 2023, A.B. Data caused the Notice Packet to be sent by First-Class Mail to the 4,967 addresses whose mailing records were contained in the Record Holder Mailing Database.

5.      Following the initial mailing, through January 3, 2024, A.B. Data has received an additional 2,393 unique names and addresses of potential Settlement Class Members from individuals or Nominees requesting that a Postcard Notice be mailed to such potential Settlement Class Members. Additionally, A.B. Data has received requests from Nominees for an additional 13,070 unaddressed Postcard Notices to forward directly to their customers. All such requests have been responded to in a timely manner, and A.B. Data will continue to disseminate Postcard Notices (and Notice Packets) upon receipt of any additional requests and/or upon receipt of updated addresses.

6.      As a result of the efforts described above, as of January 3, 2024, A.B. Data has mailed a total of 15,664 Postcard Notices and 4,967 Notice Packets to potential Settlement Class Members and Nominees. A.B. Data also conducted research through the National Change of Address database to find updated addresses and, as a result, 429 new addresses were found. A.B. Data re-mailed notices to the updated addresses identified through the advanced search.

## MEDIA NOTICE

7.      Pursuant to Paragraph 14 of the Preliminary Approval Order, A.B. Data was required to cause the Summary Notice to be published once in the national edition of *PR Newswire* within fourteen (14) calendar days after the Notice Date. On November 30, 2023, A.B. Data caused the Summary Notice to be disseminated over *PR Newswire*. A copy of the dissemination over *PR Newswire* is attached as Exhibit C.

## TELEPHONE HELPLINE

8.      On or about November 16, 2023, A.B. Data established and continues to maintain a case-specific, toll-free telephone helpline, 1-866-905-8124, with an interactive voice response system and live operators, to accommodate potential Settlement Class Members with questions

about the Action and the Settlement. The automated attendant answers the calls and presents callers with a series of choices to respond to basic questions. Callers requiring further help have had the option to be transferred to a live operator during business hours.

## WEBSITE

9.      On or about November 16, 2023, A.B. Data established and continues to maintain a website dedicated to the Settlement, www.BerryCorpSecuritiesLitigation.com, to assist potential Settlement Class Members. The website includes information regarding the Action and the proposed Settlement, including the exclusion, objection, and claim filing deadlines, and the date, time, and location of the Court's Settlement Hearing. Copies of the Notice, Claim Form, Stipulation of Settlement, and Preliminary Approval Order are posted on the website and are available for downloading.

## REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS

10.      The Postcard Notice informed potential Settlement Class Members that requests for exclusion from the Settlement Class must be received no later than January 7, 2024. The Postcard Notice also informs potential Settlement Class Members to review the detailed Notice information that was required to be included in each request for exclusion. As of the date of this Declaration, A.B. Data has received zero (0) requests for exclusion. A.B. Data will submit a supplemental declaration after the deadline addressing any requests for exclusion received.

11.      According to the Postcard Notice, Settlement Class Members seeking to object to the Settlement, proposed Plan of Allocation of the Net Settlement Fund, and/or Lead Counsel's Fee and Expense Application are required to submit their objection in writing such that the request is received by the Parties and filed with the Court no later than January 7, 2024.  As of the date of this Declaration, A.B. Data has not received any objections.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 3rd day of January, 2024.

Jack Ewashko

41

# EXHIBIT A

c/o A.B. Data, Ltd.
P.O. Box 173012
Milwaukee, WI 53217

[Postage Prepaid]

## *COURT-ORDERED LEGAL NOTICE*

**Important Notice about a Securities Class Action Settlement.**

**You may be entitled to a CASH payment. This Notice may affect your legal rights. Please read it carefully.**

*Torres v. Berry Corporation, et al*., Case No. 3:20-CV-03464-S

Name
Address
City, State
Zip

42

*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT. PLEASE VISIT WWW.BERRYCORPSECURITIESLITIGATION.COM FOR MORE INFORMATION.*

There has been a proposed Settlement of claims against Berry Corporation ("Berry") and certain of its senior officers and directors (collectively, the "Defendants"). The Settlement would resolve a lawsuit in which Plaintiffs allege that Defendants disseminated materially false and misleading information to the investing public in violation of the federal securities laws causing damages to Class Members. Defendants deny any wrongdoing.

You received this Notice because you or someone in your family may have purchased or otherwise acquired shares of Berry common stock between July 26, 2018, and November 3, 2020, both dates inclusive, and been damaged thereby. A Settlement Amount of $2,500,000 will be paid by or on behalf of Defendants. The Settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, reimbursement awards to Plaintiffs, notice and administration costs, and taxes, is to be divided among all Class Members who submit a valid Claim Form, in exchange for the settlement of this case and the Releases by Class Members of claims related to this case. **For all details of the Settlement, read the Stipulation and full Notice, available at www.berrycorpsecuritieslitigation.com**. You may request a copy of the full Notice and Claim Form by contacting the Claims Administrator in any of the following ways: (1) mail: Berry Corp. Securities Litigation, c/o A.B. Data, Ltd., P.O. Box 173012, Milwaukee, WI 53217; (2) call: toll-free, 1-866-905-8124; (3) email: info@berrycorpsecuritieslitigation.com; or (4) website: https://www.berrycorpsecuritieslitigation.com.

**To qualify for payment, you must submit a valid Claim Form to the Claims Administrator.** The Claim Form can be found on the website. **Claim Forms must be submitted online or postmarked by March 15, 2024**. If you do not want to be legally bound by the Settlement, you must exclude yourself by January 7, 2024, or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you want to object to the Settlement, you may file an objection by January 7, 2024. The detailed Notice explains how to submit a Claim Form, exclude yourself, or object. Your share of the Settlement proceeds will depend on the number of valid Claims submitted, and the number, size, and timing of your transactions in Berry common stock. If every eligible Settlement Class Member submits a valid Claim Form, the average recovery will be $0.07 per eligible share before expenses and other Court-ordered deductions. Your award will be determined by the formula detailed in the Long-Form Notice found on the Settlement Website.

The Court will hold a hearing in this case on February 6, 2024, to consider whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to 33⅓% of the Settlement Fund in attorneys' fees, plus actual expenses up to $370,000 for litigating the case and negotiating the Settlement, which may include a request for reimbursement of Plaintiffs' time, costs, and expenses related to their representation of the Class. Estimates of the average cost per affected share of Berry common stock, if the Court approves Co-Lead Counsel's fee and expense application, is $0.03 per share of common stock. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free (1-866-905-8124) or visit the website www.berrycorpsecuritieslitigation.com, and read the detailed Notice.

43

44

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

LUIS TORRES, ALLIA DEANGELIS,
DARRICK INMAN, Individually and On Behalf
of All Others Similarly Situated,

                Plaintiffs,

          v.

BERRY CORPORATION, ARTHUR T.
SMITH, CARY BAETZ, GARY A. GROVE,
BRENT S. BUCKLEY, KAJ VAZALES, and
EUGENE J. VOILAND,

                Defendants.

Case No. 3:20-cv-03464-S

JUDGE KAREN G. SCHOLER

**NOTICE OF PENDENCY OF CLASS ACTION**
**AND PROPOSED CLASS ACTION SETTLEMENT**

**If you (1) purchased or otherwise acquired Berry Corporation's ("Berry" or the "Company") common stock pursuant and/or traceable to Berry's Registration Statement issued in connection with its July 26, 2018, initial public offering; and/or (2) purchased or otherwise acquired Berry's common stock between July 26, 2018, and November 3, 2020, both dates inclusive (the "Class Period"), and were damaged thereby (the "Class"), you may be entitled to a payment from a class action settlement.**

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**IF YOU ARE A CLASS MEMBER, YOUR LEGAL RIGHTS WILL BE AFFECTED BY THIS SETTLEMENT WHETHER YOU ACT OR DO NOT ACT.  PLEASE READ THIS NOTICE CAREFULLY.**

- **Purpose of Notice:**  The purpose of this Notice[1] is to inform you of the pendency of this securities class action (the "Action"), the proposed settlement of the Action (the "Settlement"), and a hearing to be held by the Court to consider: (i) whether the Settlement should be approved; (ii) whether the proposed plan for allocating the proceeds of the Settlement (the "Plan of Allocation") should be approved; and (iii) whether Co-Lead Counsel's application for attorneys' fees and expenses, and reimbursement awards to the class representatives, should be approved.  This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement, wish to object, or wish to be excluded from the Class.

- **Summary of Claims Resolved:**  The Settlement resolves claims by the Court-appointed Lead Plaintiffs Luis Torres and Allia DeAngelis, and additional Plaintiff Darrick Inman (collectively, "Plaintiffs"), that have been asserted on behalf of themselves and the Class against Berry, Arthur T. Smith, Cary Baetz,

---

[1] All capitalized terms not otherwise defined in this Notice shall have the same meaning provided in the Stipulation and Agreement of Settlement, dated September 18, 2023 (the "Stipulation").

45

Gary A. Grove, Brent S. Buckley, Kaj Vazales, and Eugene J. Voiland (collectively, "Defendants", and together with the Plaintiffs, the "Parties") for alleged violations of the federal securities laws by allegedly making misrepresentations and/or omissions of material fact in various filings with the U.S. Securities and Exchange Commission and in other public statements made to investors concerning Berry's risk of permitting delays on the Company.  It releases the Released Defendant Parties (defined below) from liability.

- **Statement of Class Recovery:**  Subject to Court approval, Plaintiffs, on behalf of the Class, have agreed to settle the Action in exchange for a payment of $2,500,000 (the "Settlement Amount"), which will be deposited into an Escrow Account and may earn interest (the "Settlement Fund").  The Net Settlement Fund (as defined below) will be distributed to Class Members according to the Court-approved Plan of Allocation.  The proposed Plan of Allocation is set forth on pages 10-14 below.

- **Estimate of Average Recovery Per Share:**  Plaintiffs estimate there were approximately 35.8 million shares of Berry common stock traded during the Class Period that may have been impacted.  Pursuant to the Plan of Allocation (*see* pages 10-14 below), if all affected Berry shares elect to participate in the Settlement, the average recovery per share could be approximately $0.07, before deduction of any fees, expenses, costs, and awards described herein. **Class Members should note, however, that the foregoing average recovery per eligible share is only an estimate.**  Some Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their Berry common stock, the total number of valid Claim Forms submitted, and the value of those claims.  Distributions to Class Members will be made based on the Plan of Allocation set forth herein (*see* pages 10-14 below) or such other plan of allocation as may be ordered by the Court.

- **Statement of Potential Outcome of Case If the Action Continued to Be Litigated:**  The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Plaintiffs were to prevail on each claim asserted against the Defendants.

- **Reasons for Settlement:**  Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Class without the risk or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial.  This process could be expected to last several years.  The Settlement was entered into after extended mediation sessions before a neutral third party.  Without admitting any wrongdoing or liability on their part whatsoever, Defendants are willing to settle to avoid the cost, delay, and risk of continuing the Action provided that all of the claims of the Class are settled and compromised.

- **Attorneys' Fees and Costs:**  Co-Lead Counsel have not received any payment for their services in conducting this litigation on behalf of Plaintiffs and the members of the Class, nor have they been reimbursed for their out-of-pocket expenditures.  If the Settlement is approved by the Court, Co-Lead Counsel will apply to the Court for attorneys' fees not to exceed 33 and 1/3% of the Settlement Amount, and reimbursement of litigation expenses not to exceed $370,000.  If the amount requested by counsel is approved by the Court, the average cost of fees would be approximately $.03 per share.  In addition, an award for the time and expenses incurred by the Plaintiffs will be requested, not to exceed $10,000 each.

- **Identification of Attorneys' Representatives:**  Requests for further information regarding the Action, this Notice, or the Settlement can be directed to Co-Lead Counsel: Omar Jafri, Pomerantz LLP, Ten South La Salle Street, Suite 3505, Chicago, Illinois 60603, (312) 377-1181, and Phillip Kim, The Rosen Law

Firm, P.A., 275 Madison Avenue, 40th Floor, New York, New York 10016, (212) 686-1060.  **Please Do Not Contact the Court or the Defendants with Questions About the Settlement.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY MARCH 15, 2024** | The *only* way to get a payment.  *See* Question 7 below for details. |
| **EXCLUDE YOURSELF FROM THE CLASS BY JANUARY 7, 2024** | Get no payment.  This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against the Defendants or the other Released Defendant Parties concerning the Released Plaintiff Claims.  *See* Question 10 below for details. |
| **OBJECT BY JANUARY 7, 2024** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, or the attorneys' fee and expense application.  If you object, you will still be a member of the Class.  *See* Question 14 below for details. |
| **GO TO A HEARING ON FEBRUARY 6, 2024, AND FILE A NOTICE OF INTENTION TO APPEAR BY JANUARY 7, 2024** | Ask to speak in Court at the Settlement Hearing about the Settlement.  *See* Question 15 below for details. |
| **DO NOTHING** | Get no payment AND give up your rights to bring your own individual action. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.  Payments will be made to all Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved.  Please be patient.

## BASIC INFORMATION

1. **Why did I get this Postcard Notice?**

You or someone in your family, or an investment account for which you serve as a custodian, might have purchased or otherwise acquired shares of Berry common stock pursuant and/or traceable to Berry's Registration Statement issued in connection with its July 26, 2018, initial public offering ("IPO"); and/or purchased or otherwise acquired Berry's common stock during the Class Period, between July 26, 2018, and November 3, 2020, both dates inclusive, and might be a Class Member.  This Notice explains the Action, the Settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.  Receipt of this Notice or Notice Postcard does not necessarily mean that you are a Class Member or that you will be entitled to receive a payment.  **If you wish to be eligible for a payment, you must submit the Claim Form that is available on the Settlement website at www.berrycorpsecuritieslitigation.com.** *See* Question 7 below.

The Court directed that this Notice be made publicly available on the website to inform Class Members of the terms of the proposed Settlement and about all of their options, before the Court decides whether to approve the Settlement at the upcoming hearing to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, Co-Lead Counsel's application for attorneys' fees and expenses, and reimbursement awards for Plaintiffs (the "Settlement Hearing").

Questions? Visit www.berrycorpsecuritieslitigation.com or call toll-free (1-866-905-8124).

47
Page 3 of 14

The Court in charge of the Action is the United States District Court for the Northern District of Texas, and the case is captioned *Torres v. Berry Corporation, et al.*, No. 3:20-cv-03464-S.  The Action is assigned to the Honorable Karen G. Scholer, United States District Judge.

## 2.    What is this case about and what has happened so far?

On November 1, 2021, Plaintiffs filed the Amended Class Action Complaint ("Complaint") alleging violations of Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act"), Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, against Defendants, on behalf of themselves and the Class.  Berry is an energy company that focuses on the development and production of conventional oil reserves.  The Company went public pursuant to the IPO on July 26, 2018.  According to Plaintiffs' Complaint,[2] throughout the Class Period, Defendants minimized the risk of permitting delays, claiming that such risks were mitigated by their supposed-advance planning, that they had increased "efficiency and speed" in navigating the permitting process, as well as their "bullpen of high-quality opportunities," and repeatedly denied the existence of a "permitting problem," or otherwise minimized its severity as "a tiny issue."

Plaintiffs allege that, unbeknownst to investors, even before the Registration Statement was filed, the Company had identified the failure to secure timely permits to develop and drill oil as a major threat to its business, and had already failed to receive the necessary permits.  Plaintiffs also assert that these problems only intensified as the Class Period progressed.  The Complaint relies on detailed Confidential Witness accounts to support both the severity of the permitting issues that was caused by the Defendants' own actions and Defendants' awareness of the concealed risks.

Plaintiffs claim that artificial inflation in Berry's stock price began to be removed by a series of partial disclosures on April 1, 2020, August 4, 2020, and November 3, 2020, that caused the Company's stock price to repeatedly decline when Defendants revised production targets downwards and reduced capital expenditures.

Defendants filed a motion to dismiss the Complaint on January 24, 2022.  On September 13, 2022, the Court denied Defendants' motion to dismiss.  Defendants filed a motion for reconsideration and/or clarification on September 20, 2022, and answered the Complaint on September 27, 2022.  Plaintiffs opposed the motion for reconsideration and/or clarification on October 4, 2022, and Defendants filed a reply in support of their motion on October 18, 2022.  The Court denied Defendants' motion for reconsideration and/or clarification on November 9, 2022.

On February 13, 2023, Plaintiffs filed a motion for class certification, which Defendants opposed on April 14, 2023.  On May 26, 2023, Plaintiffs filed a reply in further support of their motion.

While the Action was pending, the Parties also engaged in significant discovery.  For example, Co-Lead Counsel and Additional Counsel reviewed tens of thousands of documents produced by Defendants in response to 59 requests for production of documents, defended Plaintiffs' depositions, and took multiple depositions of Berry's employees.  Plaintiffs' Counsel also consulted with experts on the industry, market efficiency, loss causation, and damages.

On May 30, 2023, the Parties attended a full-day mediation session with Jed D. Melnick, Esq. of JAMS, a well-respected and highly experienced mediator.  Plaintiffs and Defendants ended the May 30, 2023, mediation without reaching a resolution to the Action.  However, the Parties continued negotiations over the next two months and agreed to a mediator's proposal to resolve the claims in the Action on July 19, 2023.  On August 2, 2023, the

---

[2] The summary of Plaintiffs' claims is based on the allegations contained in Plaintiffs' Complaint filed on November 1, 2021.  Defendants have not admitted any of the allegations and generally deny that they engaged in any wrongdoing or violated any laws.

Questions? Visit www.berrycorpsecuritieslitigation.com or call toll-free (1-866-905-8124).    Page 4 of 14

48

Parties notified the Court that they had agreed in principle to resolve all issues and claims in the Action and requested a stay of all deadlines.

**3.      Why is there a Settlement?**

Plaintiffs and Co-Lead Counsel believe that the claims asserted in the Action have merit, however, Plaintiffs and Co-Lead Counsel recognize the expense and length of continued proceedings necessary to pursue the claims through trial and appeals, as well as the difficulties in establishing liability and damages.  Plaintiffs and Co-Lead Counsel also recognize that Defendants have numerous defenses that could preclude a recovery.  For example, Defendants have asserted that the allegedly materially false and misleading statements and omissions were not made with scienter.  Even if such hurdles to establishing liability were overcome, Defendants would assert that the statements at issue did not cause a loss and would vigorously contest the existence and amount of any damages that could be attributed to the allegedly false statements.  The Settlement provides a guaranteed and immediate cash recovery to the Class.  In light of the risks, Plaintiffs and Co-Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class.

The Defendants have denied and continue to deny any allegations of wrongdoing contained in the Complaint and further deny that they did anything wrong, that Plaintiffs or the Class suffered damages, or that the price of Berry common stock was artificially inflated by reasons of alleged misrepresentations, nondisclosures, or otherwise.  The Settlement should not be seen as an admission or concession on the part of the Defendants.  The Defendants have considered the burden, expense, uncertainty, distraction, and risks inherent in any litigation and have concluded that it is desirable to settle upon the terms and conditions set forth in the Stipulation.

**4.      How do I know if I am part of the Settlement?**

Everyone who fits the following description is a Class Member and subject to the Settlement unless they are an excluded person (*see* Question 5 below) or take steps to exclude themselves from the Class (*see* Question 10 below): all investors who purchased or otherwise acquired: (1) Berry common stock pursuant and/or traceable to Berry's Registration Statement issued in connection with its July 26, 2018, IPO; and/or (2) purchased or otherwise acquired Berry's common stock between July 26, 2018, and November 3, 2020, both dates inclusive, and were damaged thereby.

Receipt of this Notice or Postcard Notice does not mean that you are a Class Member.  The Parties do not have access to your transactions in Berry common stock.  Please check your records or contact your broker to see if you are a member of the Class.  If one of your mutual funds purchased Berry common stock during the Class Period, that alone does not make you a Class Member.  You are a Class Member only if you individually purchased or otherwise acquired common stock of Berry during the Class Period.

**5.      Are there exceptions to being included in the Class?**

Yes.  There are some individuals and entities who or which are excluded from the Class by definition. Excluded from the Class are Defendants herein, current and former officers and directors of the Company, members of their immediate families and their legal representatives, heirs, successors, or assigns and any entity in which Defendants have or had a controlling interest.  Also excluded from the Class will be any Person who or which timely and validly seeks exclusion from the Class in accordance with the procedures described in Question 10 below or whose request is otherwise allowed by the Court.

**THE SETTLEMENT BENEFITS**

**6.      What does the Settlement provide?**

Questions? Visit www.berrycorpsecuritieslitigation.com or call toll-free (1-866-905-8124).

49
Page 5 of 14

In exchange for the Settlement and the release of the Released Plaintiff Claims against the Released Defendant Parties, the Defendants have agreed to pay $2,500,000 in cash, which may accrue interest, to be distributed, after deduction of Court-awarded attorneys' fees and litigation expenses, Notice and Administration Costs, Taxes and Tax Expenses, reimbursement awards to the class representatives, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), among all Class Members who submit valid Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

**7.      How can I receive a payment?**

To qualify for a payment, you must submit a timely and valid Claim Form.  You can obtain a Claim Form from the website dedicated to the Settlement: www.berrycorpsecuritieslitigation.com, or by calling the Claims Administrator toll-free at 1-866-905-8124.  Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it electronically through www.berrycorpsecuritieslitigation.com to the Claims Administrator so that it is **postmarked or received no later than March 15**, 2024.

**8.      When will I receive my payment?**

The Court will hold a Settlement Hearing on **February 6, 2024**, to decide, among other things, whether to finally approve the Settlement.  Even if the Court approves the Settlement, there may be appeals which can take time to resolve, perhaps more than a year.  It also takes a long time for all of the Claim Forms to be accurately reviewed and processed.  Please be patient.

**9.      What am I giving up to receive a payment or stay in the Class?**

If you are a member of the Class, unless you exclude yourself, you will remain in the Class, and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Plaintiff Claims" against the "Released Defendant Parties."  Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the Released Plaintiff Claims.  It also means that all of the Court's orders will apply to you and legally bind you and you will release your claims against the Defendants.

**"Released Plaintiff Claims"** means any and all claims and causes of action of every nature and description, including both known claims and Unknown Claims (defined below), contingent or absolute, mature or not mature, discoverable or undiscoverable, liquidated or not liquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, or any other law, rule, or regulation, that Plaintiffs or any other Class Member: (i) asserted in the Action against any of the Released Defendant Parties; or (ii) could have asserted in the Action or any forum, domestic or foreign, against any of the Released Defendant Parties that arise out of, are based upon, or relate to, directly or indirectly, in whole or in part, (1) the allegations, transactions, facts, statements, disclosures, matters or occurrences, representations or omissions, actions or inaction, or conduct involved, set forth, or referred to in the Action and the purchase or acquisition of Berry's publicly traded common stock during the Class Period and/or pursuant and/or traceable to Berry's Registration Statement issued in connection with its July 26, 2018, IPO; or (2) Defendants' and/or their attorneys' defense or settlement of the Action and/or claims alleged therein; or both. Released Plaintiff Claims do not include: (i) claims relating to the enforcement of the Settlement; (ii) any claims for breach of fiduciary duty actually asserted on behalf of the Company in the actions captioned *Karp v. Smith, et al.*, 1:23-cv-00069-(MN) (D. Del.) and *Assad v. Smith, et al.*, 3:22-cv-2365-S (N.D. Tex.) as of the date of the filing of this Stipulation with the Court; and (iii) any claims of Persons who submit a request for exclusion that is accepted by the Court.

**"Released Defendant Parties"** means Defendants, Defendants' Counsel, and each of their respective past, present, or future direct or indirect subsidiaries, parents, affiliates, principals, joint ventures, any other corporate entities, successors and predecessors, assigns, officers, directors, shareholders, trustees, partners,

Questions? Visit www.berrycorpsecuritieslitigation.com or call toll-free (1-866-905-8124).

50
Page 6 of 14

agents, fiduciaries, contractors, employees, attorneys, insurers and reinsurers, auditors, advisors, financial advisors, investment banks, underwriters, accountants; the spouses, members of the families, representatives, and heirs of the individual defendants, as well as any trust of which any individual defendant is the settlor or which is for the benefit of any of their immediate family members; any firm, trust, corporation, or entity in which any Defendant has a controlling interest; and any of the legal representatives, heirs, successors in interest, or assigns of Defendants.

**"Unknown Claims"** means any and all Released Plaintiff Claims that Plaintiffs or any other Class Member do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendant Claims that any Defendant does not know or suspect to exist in his or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Class. With respect to any and all Released Plaintiff Claims and Released Defendant Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs and the Defendants shall expressly, and each other Class Member shall be deemed to have, and by operation of the Judgment shall be deemed to have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiffs, other Class Members, or the Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiff Claims and the Released Defendant Claims, but Plaintiffs and the Defendants shall expressly, fully, finally, and forever settle and release, and each Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Plaintiff Claims and Released Defendant Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Plaintiffs and the Defendants acknowledge, and other Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiff Claims and Released Defendant Claims was separately bargained for and was a material element of the Settlement.

The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal. If you remain a member of the Class, all of the Court's orders, whether favorable or unfavorable, will apply to you and legally bind you. Upon the Effective Date, the Defendants will also provide a release of any claims against Plaintiffs and the Class arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

## 10.    How do I exclude myself from the Class?

To exclude yourself from the Class, you must mail a signed letter stating that you "request to be excluded from the Class in *Torres v. Berry Corporation, et al.*, No. 3:20-cv-03464-S (N.D. Tex.)." You cannot exclude yourself by telephone or email. Each request for exclusion must also: (i) state the name, address, and telephone number of the person or entity requesting exclusion; (ii) state the number of shares of Berry common stock purchased, acquired, and/or sold during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale; and (iii) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion must be mailed, so that it is **received no later than January 7, 2024,** to:

**Berry Corp Securities Litigation**
**EXCLUSIONS**
C/O A.B. Data, Ltd.
P.O. Box 173001
Milwaukee, WI 53217

**Your exclusion request must comply with these requirements in order to be valid, unless it is otherwise accepted by the Court.**

If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund.  Also, you cannot object to the Settlement because you will not be a Class Member.  However, if you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) the Defendants and the other Released Defendant Parties in the future, assuming your claims are timely.  If you have a pending lawsuit against any of the Released Defendant Parties **please speak to your lawyer in the case immediately**.

**11.    If I do not exclude myself, can I sue the Defendants and the other Released Defendant Parties for the same thing later?**

No.  Unless you properly exclude yourself, you will give up any rights to sue the Defendants and the other Released Defendant Parties for any and all Released Plaintiff Claims.

## THE LAWYERS REPRESENTING YOU

**12.    Do I have a lawyer in this case?**

The Court appointed the law firms of Pomerantz LLP and The Rosen Law Firm, P.A. to represent all Class Members.  These lawyers are called "Co-Lead Counsel."  You will not be separately charged for these lawyers.  The Court will determine the amount of Plaintiffs' Counsel's fees and expenses, which will be paid from the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**13.    How will the lawyers be paid?**

Plaintiffs' Counsel have not received any payment for their services in pursuing the claims against Defendants on behalf of the Class, nor have they been paid for their litigation expenses.  Co-Lead Counsel will ask the Court to award Plaintiffs' Counsel attorneys' fees of no more than one-third (33 and 1/3%) of the Settlement Fund, which will include any accrued interest.  Co-Lead Counsel will also seek payment of litigation expenses incurred by Plaintiffs' Counsel in the prosecution of the Action of no more than $370,000 plus accrued interest, which may include an application on behalf of Plaintiffs for reimbursement from the Settlement Fund for and of Plaintiffs' reasonable time, costs, and expenses directly relating to their representation of the Class.

## OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

**14.    How do I tell the Court that I do not like something about the proposed Settlement?**

If you are a Class Member, you may object to the Settlement or any of its terms, the proposed Plan of Allocation, or Co-Lead Counsel's application for attorneys' fees and expenses.  To object, you must send a signed letter stating that you object to the proposed Settlement, the proposed Plan of Allocation, or Co-Lead Counsel's application for attorneys' fees and expenses in "*Torres v. Berry Corporation, et al.*, No. 3:20-cv-03464-S (N.D. Tex.)."  The objection must: (a) state the name, address, and telephone number of the person or entity objecting

Questions? Visit www.berrycorpsecuritieslitigation.com or call toll-free (1-866-905-8124).

52
Page 8 of 14

and must be signed by the objector; (b) contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) include documents sufficient to prove membership in the Class, including the number of shares of Berry common stock that the objecting Class Member purchased/acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale.  Unless otherwise ordered by the Court, any Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, or Co-Lead Counsel's application for attorneys' fees and expenses. Your objection must be filed with the Court at the address below, either by mail or in person, **no later than January 7**, **2024, and** be mailed or delivered to each of the following counsel so that it is **received no later than January 7, 2024**:

| **Court** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>Northern District of Texas<br>1100 Commerce St.<br>Room 1452<br>Dallas, TX 75242 | Pomerantz LLP<br>Omar Jafri<br>Ten South La Salle St.<br>Suite 3505<br>Chicago, IL 60603 | Baker & Hostetler LLP<br>Douglas W. Greene<br>45 Rockefeller Plaza<br>New York, NY 10111 |
| | *-and-* | |
| | The Rosen Law Firm, P.A.<br>Phillip Kim<br>275 Madison Ave., 40th Fl.<br>New York, NY 10016 | |

**THE SETTLEMENT HEARING**

**15.     When and where will the Court decide whether to approve the proposed Settlement?**

The Court will hold the Settlement Hearing on **February 6, 2024, at 1:30 p.m.**, either telephonically and/or in Courtroom 1632 of the United States District Court, Northern District of Texas, 1100 Commerce Street, Dallas, Texas 75242.  At this hearing, the Court will consider, whether: (i) the Settlement is fair, reasonable, and adequate, and should be finally approved; (ii) the Plan of Allocation has a rational basis and should be approved; and (iii) Co-Lead Counsel's application for attorneys' fees and expenses and Plaintiffs' reimbursement awards are reasonable and should be approved.

You should be aware that the Court may change the date and time of the Settlement Hearing, or hold the hearing telephonically, without another notice being sent to Class Members.  If you want to attend the hearing, you should periodically check the settlement website at www.berrycorpsecuritieslitigation.com, or periodically check the Court's docket for the Action for updates about the Settlement Hearing through PACER, at https://www.pacer.gov.

**16.     Do I have to come to the Settlement Hearing?**

No.  Co-Lead Counsel will answer any questions the Court may have.  But, you are welcome to attend at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it.  You may have your own lawyer attend (at your own expense), but it is not required. If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 17 below **no later than January 7, 2024**.

**17.    May I speak at the Settlement Hearing?**

You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must include with your objection (*see* Question 14), **no later than January 7, 2024**, a statement that you, or your attorney, intend to appear in "*Torres v. Berry Corporation, et al.*, No. 3:20-cv-03464-S (N.D. Tex.)."  Persons who intend to present evidence at the Settlement Hearing must also include in their objections the identities of any witnesses they may wish to call to testify and any exhibits they intend to introduce into evidence at the hearing.  You may not speak at the Settlement Hearing if you exclude yourself or if you have not provided written notice in accordance with the procedures described in this Question 17 and Question 14 above.

**IF YOU DO NOTHING**

**18.    What happens if I do nothing at all?**

If you do nothing and you are a member of the Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against the Defendants and the other Released Defendant Parties concerning the Released Plaintiff Claims.  To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 7 above).  To start, continue, or be part of any other lawsuit against the Defendants and the other Released Defendant Parties concerning the Released Plaintiff Claims in this case, to the extent it is otherwise permissible to do so, you must exclude yourself from the Settlement Class (*see* Question 10 above).

**GETTING MORE INFORMATION**

**19.    Are there more details about the Settlement?**

This Notice summarizes the proposed Settlement.  More details can be found on the website dedicated to the Settlement, www.berrycorpsecuritieslitigation.com, or by calling the Claims Administrator toll-free at 1-866-905-8124, emailing the Claims Administrator at info@berrycorpsecuritieslitigation.com, or writing to the Claims Administrator at Berry Corp Securities Litigation, C/O A.B. Data, Ltd., P.O. Box 173012, Milwaukee, WI 53217.

**Please do not contact the Court or the Defendants with questions about the Settlement.**

**PLAN OF ALLOCATION OF NET SETTLEMENT FUND**

**20.    How will my claim be calculated?**

If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants—*i.e.*, Class Members who timely submit valid Claim Forms that are accepted for payment by the Court—in accordance with this proposed Plan of Allocation or such other plan of allocation as the Court may approve.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Loss."  The Recognized Loss formula is not intended to be an estimate of the amount of what a Class Member lost or might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement.  The Recognized Loss formula is simply the basis upon which the Net Settlement Fund will be proportionately distributed on a *pro rata* basis.

The estimated alleged artificial inflation in the price of Berry common stock during the Class Period is reflected in Table 1 below.  The computation of the estimated alleged artificial inflation in the price of Berry common stock during the Class Period is based on certain misrepresentations alleged by Plaintiffs and the price

change in Berry common stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiffs.

Federal securities laws allow investors to recover for losses caused by disclosures which corrected Defendants' previous misleading statements or omissions. Thus, in order to have been damaged by the alleged violations of the federal securities laws, a share purchased or otherwise acquired during the Class Period must have been held during a period of time in which its price declined due to the disclosure of information which corrected an allegedly misleading statement or omission. Plaintiffs and Co-Lead Counsel have determined that such price declines occurred on the following dates: April 1, 2020, August 5, 2020, and November 4, 2020 (the "Corrective Disclosure Dates"). Accordingly, if a share was sold before April 1, 2020 (the earliest Corrective Disclosure Date), the Recognized Loss for that share is $0.00, and any loss suffered is not compensable under the federal securities laws. Likewise, if a share was both purchased/acquired and subsequently sold between two consecutive Corrective Disclosure Dates, the Recognized Loss for that share is $0.00.

| Table 1 | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation** |
| July 26, 2018 | March 31, 2020 | $0.86 |
| April 1, 2020 | August 4, 2020 | $0.64 |
| August 5, 2020 | November 3, 2020 | $0.19 |
| November 4, 2020 | Thereafter | $0.00 |

Shares of Berry common stock purchased or otherwise acquired in the Company's July 2018 IPO are eligible for a claim under both the Securities Act and the Exchange Act. The Recognized Loss for shares purchased in the IPO shall be the maximum of: (i) the Recognized Loss amount calculated under the Exchange Act as described below in "Calculating Recognized Loss Per Share Under the Exchange Act"; or (ii) the Recognized Loss amount calculated under the Securities Act as described below in "Calculating Recognized Loss Per Share Under the Securities Act." The Securities Act provides for an affirmative defense of negative causation which prevents recovery for losses that Defendants prove are not attributable to misrepresentations and/or omissions alleged by Plaintiffs in the IPO Registration Statement. Thus, the Recognized Loss calculation under the Securities Act assumes that the Company-specific declines in the price of the shares on the Corrective Disclosure Dates are the only compensable losses.

Berry common stock acquired directly from an underwriter or its agent in the Company's IPO shall be treated as a purchase of shares at a price of $14.00 per share (*i.e.*, the IPO offering price) with per-share price inflation of $0.86. Any Recognized Loss arising from a purchase/acquisition of Berry common stock in the IPO shall be computed as provided for other purchases of Berry common stock under the Plan of Allocation.

The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss under the Exchange Act. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on a share purchased/acquired during the Class Period and held as of the close of the 90-day period subsequent to the Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for the shares and the average closing price of the shares during the 90-Day Lookback Period. The Recognized Loss on a share purchased/acquired during the Class Period and sold during the 90-day Lookback Period cannot exceed the difference between the purchase price paid for the shares and the rolling average closing price of the share during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

In the calculations below, all purchase and sale prices shall exclude any fees, taxes, and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero. Any transactions in shares executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

Questions? Visit www.berrycorpsecuritieslitigation.com or call toll-free (1-866-905-8124).

55
Page 11 of 14

## Calculating Recognized Loss Per Share Under the Exchange Act

The Recognized Loss per share under the Exchange Act shall be calculated as follows:

I.    For each share that was sold before April 1, 2020, the Recognized Loss per share is $0.00.

II.   For each share that was sold during the period April 1, 2020, through November 3, 2020, both dates inclusive, the Recognized Loss per share is the amount of per-share price inflation on the date of purchase/acquisition as appears in Table 1 above, *minus* the amount of per-share price inflation on the date of sale as appears in Table 1 above.

III.  For each share that was sold during the period November 4, 2020, through February 1, 2021, both dates inclusive (*i.e.*, sold during the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*:

   A.   The amount of per-share price inflation on the date of purchase/acquisition as appears in Table 1 above; or

   B.   The purchase/acquisition price per share *minus* the "90-day lookback value" on the date of sale provided in Table 2 below.

IV.   For each share still held as of the close of trading on February 1, 2021, the Recognized Loss per share is *the lesser of*:

   A.   The amount of per-share price inflation on the date of purchase/acquisition as appears in Table 1 above; or

   B.   The purchase/acquisition price per share *minus* the average closing price for shares during the 90-Day Lookback Period, which is $3.88.

| Table 2 | | | | | |
|---|---|---|---|---|---|
| **Sale / Disposition Date** | **90-Day Lookback Value** | **Sale / Disposition Date** | **90-Day Lookback Value** | **Sale / Disposition Date** | **90-Day Lookback Value** |
| 11/4/2020 | $2.69 | 12/3/2020 | $3.50 | 1/4/2021 | $3.65 |
| 11/5/2020 | $2.72 | 12/4/2020 | $3.52 | 1/5/2021 | $3.67 |
| 11/6/2020 | $2.70 | 12/7/2020 | $3.53 | 1/6/2021 | $3.68 |
| 11/9/2020 | $2.81 | 12/8/2020 | $3.55 | 1/7/2021 | $3.70 |
| 11/10/2020 | $2.92 | 12/9/2020 | $3.56 | 1/8/2021 | $3.71 |
| 11/11/2020 | $2.98 | 12/10/2020 | $3.57 | 1/11/2021 | $3.73 |
| 11/12/2020 | $3.00 | 12/11/2020 | $3.58 | 1/12/2021 | $3.75 |
| 11/13/2020 | $3.04 | 12/14/2020 | $3.59 | 1/13/2021 | $3.77 |
| 11/16/2020 | $3.09 | 12/15/2020 | $3.60 | 1/14/2021 | $3.79 |
| 11/17/2020 | $3.13 | 12/16/2020 | $3.61 | 1/15/2021 | $3.81 |
| 11/18/2020 | $3.15 | 12/17/2020 | $3.62 | 1/19/2021 | $3.83 |
| 11/19/2020 | $3.17 | 12/18/2020 | $3.63 | 1/20/2021 | $3.84 |
| 11/20/2020 | $3.19 | 12/21/2020 | $3.63 | 1/21/2021 | $3.85 |
| 11/23/2020 | $3.23 | 12/22/2020 | $3.63 | 1/22/2021 | $3.86 |
| 11/24/2020 | $3.30 | 12/23/2020 | $3.64 | 1/25/2021 | $3.87 |
| 11/25/2020 | $3.36 | 12/24/2020 | $3.65 | 1/26/2021 | $3.87 |
| 11/27/2020 | $3.41 | 12/28/2020 | $3.65 | 1/27/2021 | $3.88 |
| 11/30/2020 | $3.44 | 12/29/2020 | $3.65 | 1/28/2021 | $3.88 |
| 12/1/2020 | $3.45 | 12/30/2020 | $3.65 | 1/29/2021 | $3.88 |

| 12/2/2020 | $3.48 | 12/31/2020 | $3.66 | 2/1/2021 | $3.88 |
|---|---|---|---|---|---|

### Calculating Recognized Loss Per Share Under the Securities Act

The Recognized Loss per share under the Securities Act shall be calculated as follows:

I.      For each share that was sold before April 1, 2020, the Recognized Loss per share is $0.00.

II.     For each share that was sold during the period April 1, 2020, through November 3, 2020, both dates inclusive, the Recognized Loss per share is *the lesser of*:

  A.    The amount of per-share price inflation on the date of purchase/acquisition *minus* the amount of per-share price inflation on the date of sale as appears in Table 1 above; or

  B.    The purchase price per share (not to exceed the $14.00 IPO offer price) *minus* the sale price.

III.    For each share that was sold during the period November 4, 2020, through November 19, 2020, both dates inclusive, the Recognized Loss per share is *the lesser of*:

  A.    The amount of per-share price inflation on the date of purchase/acquisition as appears in Table 1 above; or

  B.    The purchase price (not to exceed the $14.00 IPO offer price) *minus* the sale price.

IV.     For each share that was still held as of November 20, 2020, the Recognized Loss per share is *the lesser of*:

  A.    The amount of per-share price inflation on the date of purchase/acquisition as appears in Table 1 above; or

  B.    The purchase price (not to exceed the $14.00 IPO offer price) *minus* $3.40.

### INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

A purchase or sale of Berry common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

Acquisition by Gift, Inheritance, or Operation of Law: If a Class Member acquired Berry common stock during the Class Period by way of gift, inheritance, or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that a share was originally purchased prior to commencement of the Class Period, the Recognized Loss for that acquisition shall be deemed to be zero ($0.00).

Notwithstanding any of the above, receipt of Berry common stock during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Berry common stock.

The first-in-first-out ("FIFO") basis will be applied to purchases and sales. Under FIFO, sales will be matched against purchases/acquisitions during the Class Period in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has an opening short position in Berry

common stock, the earliest Class Period purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

Option contracts are not securities eligible to participate in the Settlement. With respect to shares purchased or sold through the exercise of an option, the purchase/sale date of the shares shall be the exercise date of the option and the purchase/sale price of the shares shall be the exercise price of the option. Any Recognized Loss arising from purchases of shares acquired during the Class Period through the exercise of an option on Berry common stock[3] shall be computed as provided for other purchases of Berry common stock in the Plan of Allocation. Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants.

A Recognized Loss will be calculated as defined herein and cannot be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants (*see* the Plan of Allocation at pages 10-14 for additional details). No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $20.00.

Class Members who do not submit acceptable Proofs of Claim will not share in the Settlement proceeds. The Settlement and the Final Judgment and Order of Dismissal with Prejudice dismissing this Action will nevertheless bind Class Members who do not submit a request for exclusion and/or submit an acceptable Proof of Claim.

## SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

If you purchased or otherwise acquired Berry common stock during the Class Period for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE**, **YOU MUST EITHER**: (a) provide to the Claims Administrator the name and last known address of each such person or entity; or (b) request additional copies of the Postcard Notice from the Claims Administrator, which will be provided to you free of charge, and **WITHIN SEVEN (7) DAYS** of receipt, mail the Postcard Notice directly to all such persons or entities. If they are available, you must also provide the Claims Administrator with the emails of the beneficial owners. If you choose to follow procedure (b), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed and keep a record of the names and mailing addresses used. The Claims Administrator shall, if requested and if appropriate supporting documentation is provided, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners/purchasers, up to $0.05 plus postage at the current pre-sort rate used by the Claims Administrator per Postcard Notice; $0.05 per Postcard Notice transmitted by email; or $0.05 per name, mailing address, and email address provided to the Claims Administrator, which expenses would not have been incurred except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement. All communications concerning the foregoing should be addressed to the Claims Administrator by telephone at 1-866-905-8124, by email at info@berrycorpsecuritieslitigation.com, or through mail at Berry Corp Securities Litigation, C/O A.B. Data, Ltd., P.O. Box 173012, Milwaukee, WI 53217.

Dated: November 16, 2023                BY ORDER OF THE UNITED STATES
                                        DISTRICT COURT FOR THE
                                        NORTHERN DISTRICT OF TEXAS

---

[3] Including (1) purchases of Berry common stock as the result of the exercise of a call option, and (2) purchases of Berry common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

Questions? Visit www.berrycorpsecuritieslitigation.com or call toll-free (1-866-905-8124).

58
Page 14 of 14

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| LUIS TORRES, ALLIA DEANGELIS, DARRICK INMAN, Individually and On Behalf of All Others Similarly Situated, ) ) ) ) ) Plaintiffs, ) ) v. ) ) ) BERRY CORPORATION, ARTHUR T. ) SMITH, CARY BAETZ, GARY A. GROVE, ) BRENT S. BUCKLEY, KAJ VAZALES, and ) EUGENE J. VOILAND, ) ) Defendants. ) ) ) | Case No. 3:20-cv-03464-S JUDGE KAREN G. SCHOLER |

**PROOF OF CLAIM AND RELEASE**

**I.      GENERAL INSTRUCTIONS**

To recover as a member of the Class based on your claims in the action captioned *Torres v. Berry Corporation, et al.*, No. 3:20-cv-03464-S (N.D. Tex.) (the "Action"), you must complete and, on page 7 below, sign this Proof of Claim and Release form ("Claim Form").  If you fail to submit a timely and properly addressed (as explained herein) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

Submission of this Claim Form, however, does not guarantee that you will share in the proceeds of the Settlement of the Action.

**THIS      CLAIM      FORM      MUST      BE      SUBMITTED      ONLINE      AT WWW.BERRYCORPSECURITIESLITIGATION.COM NO LATER THAN MARCH 15, 2024, OR, IF MAILED, BE POSTMARKED NO LATER THAN MARCH 15, 2024, ADDRESSED AS FOLLOWS**:

**Berry Corp. Securities Litigation**
**C/O A.B. Data, Ltd.**
P.O. Box 173012
Milwaukee, WI 53217

59

If you are a member of the Class and you do not timely request exclusion in response to the Notice dated November 16, 2023, you are bound by the terms of any Judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

## II.    CLAIMANT IDENTIFICATION

1.    If you purchased or otherwise acquired Berry Corporation ("Berry") common stock between July 26, 2018, and November 3, 2020, both dates inclusive (the "Class Period"), and held the common stock in your name, you are the beneficial owner as well as the record owner. If, however, you purchased, otherwise acquired, or sold Berry common stock through a third party, such as a brokerage firm, you are the beneficial owner and the third party is the record owner.

2.    Use **Part A** of this form entitled "Claimant Information" to identify each beneficial owner of Berry common stock that forms the basis of this claim, as well as the owner of record if different. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS.

All joint owners must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or Taxpayer Identification) Number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.    IDENTIFICATION OF TRANSACTIONS

1.    Use **Part B** of this form entitled "Transactions in Berry Common Stock" to supply all required details of your transaction(s) in Berry common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2.        On the schedule, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Berry common stock, whether the transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.

3.        The date of covering a "short sale" is deemed to be the date of purchase of Berry common stock. The date of a "short sale" is deemed to be the date of sale of Berry common stock.

4.        Copies of broker confirmations or other documentation of your transactions must be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.  **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN BERRY COMMON STOCK.**

5.        NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  All claimants MUST submit a Claim Form whether or not they also submit information regarding their transactions and/or holdings in Berry common stock in electronic files.  If you wish to file your transactions in electronic files, contact the Claims Administrator toll-free at 1-866-905-8124 or by email at info@berrycorpsecuritieslitigation.com to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## PART A – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

Beneficial Owner's First Name          MI    Beneficial Owner's Last Name

Co-Beneficial Owner's First Name       MI    Co-Beneficial Owner's Last Name

Entity Name (if claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit, or box number)

City                                                                    State    ZIP/Postal Code

Foreign Country (only if not USA)   Foreign County (only if not USA)

Social Security Number          Taxpayer Identification Number

☐☐☐ – ☐☐ – ☐☐☐☐   **OR**   ☐☐ – ☐☐☐☐☐☐☐

Telephone Number (home)              Telephone Number (work)

☐☐☐ – ☐☐☐ – ☐☐☐☐          ☐☐☐ – ☐☐☐ – ☐☐☐☐

Email address

Account Number (if filing for multiple accounts, file a separate Claim Form for each account)

Claimant Account Type (check appropriate box):
☐    Individual (includes joint owner accounts)   ☐ Pension Plan      ☐ Trust
☐    Corporation                                  ☐ Estate
☐    IRA/401K                                      ☐ Other _____ (please specify)

**PART B: TRANSACTIONS IN BERRY COMMON STOCK**

Complete this Part B if, and only if, you purchased/acquired Berry common stock during the period between July 26, 2018, and November 3, 2020, both dates inclusive.  Please include proper documentation with your Claim Form as described in detail in Section III – Identification of Transactions, above.  Do not include information in this section regarding common stock other than Berry common stock.

| **IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐ |
| --- |

**1. PURCHASES/ACQUISITIONS FROM JULY 26, 2018, THROUGH FEBRUARY 1, 2021** – Separately list each and every purchase/acquisition of Berry common stock from after the opening of trading on July 26, 2018, through and including the close of trading on February 1, 2021.  (Must be documented.)

| Date of Purchase (List Chronologically) (MM/DD/YY) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding taxes, commissions, and fees) |
| --- | --- | --- | --- |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**2. SALES FROM JULY 26, 2018, THROUGH FEBRUARY 1, 2021** – Separately list each and every sale/disposition of Berry common stock from after the opening of trading on July 26, 2018, through and including the close of trading on February 1, 2021.  (Must be documented.)

| Date of Sale (List Chronologically) (MM/DD/YY) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
| --- | --- | --- | --- |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**3. ENDING HOLDINGS** – State the total number of shares of Berry common stock held as of the close of trading on February 1, 2021. If none, write "0" or "Zero." (Must be documented.)

_____

**IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

By signing and submitting this Claim Form, the claimant(s) or the person(s) acting on behalf of the claimant(s) certify(ies) that: I (We) submit this Claim Form under the terms of the Stipulation described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Northern District of Texas (the "Court") with respect to my (our) claim as a Class Member(s) and for purposes of enforcing the releases set forth herein.  I (We) further acknowledge that I (we) will be bound by the terms of any Judgment entered in connection with the Settlement in the Action, including the releases set forth therein.  I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in eligible Berry common stock, if required to do so.  I (We) have not submitted any other claim covering the same transactions in Berry common stock during the Class Period and know of no other person having done so on my (our) behalf.

**V.    RELEASES, WARRANTIES, AND CERTIFICATION**

1.    I (We) hereby warrant and represent that I am (we are) a Class Member as defined in the Notice, that I am (we are) not excluded from the Class, and that I am (we are) not one of the "Released Defendant Parties" as defined in the Notice.

2.    As a Class Member, I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge with prejudice the Released Plaintiff Claims as to each and all of the Released Defendant Parties (as these terms are defined in the Notice).  This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

Page 6 of 8

64

3.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

4.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions, and sales of Berry common stock that occurred during the Class Period and the number of common stock held by me (us), to the extent requested.

5.      I (We) certify that I am (we are) NOT subject to backup tax withholding.  (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Claim Form by the undersigned is true and correct.

Executed this _____ day of _____, in _____, _____
                          (Month / Year)            (City)        (State/Country)

_____          _____
Signature of Claimant                   Signature of Joint Claimant, if any

_____          _____
Print Name of Claimant                  Print Name of Joint Claimant, if any

_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor, or Administrator)

ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.

**REMINDER CHECKLIST:**

1.  Please sign this Claim Form.

2.  DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING DOCUMENTATION.

3.  Attach only copies of supporting documentation as these documents will not be returned to you.

4.  Keep a copy of your Proof of Claim for your records.

5.  If you desire an acknowledgment of receipt of your Claim Form, please send it by Certified Mail, Return Receipt Requested, or its equivalent. You will bear all risks of delay or non-delivery of your claim.

6.  If you move after submitting this Claim Form, please notify the Claims Administrator of the change in your address, otherwise you may not receive additional notices or payment.

# EXHIBIT C

67

# Pomerantz LLP and The Rosen Law Firm, P.A. Announce Notice of Pendency of Class Action For All Persons and Entities That Purchased or Otherwise Acquired Berry Corporation's Common Stock Pursuant and/or Traceable To Berry's Registration Statement Issued In Connection With Its July 26, 2018 Initial Public Offering; and/or Purchased or Otherwise Acquired Berry's Common Stock Between July 26, 2018 and November 3, 2020, Both Dates Inclusive

NEWS PROVIDED BY

**Pomerantz LLP and The Rosen Law Firm, P.A.** →

30 Nov, 2023, 10:00 ET

CHICAGO, Nov. 30, 2023 /PRNewswire/ --

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF TEXAS**

**DALLAS DIVISION**

68

LUIS TORRES, ALLIA DEANGELIS, DARRICK INMAN, Individually and On Behalf of All Others Similarly Situated,

        Plaintiffs,

        v.

BERRY CORPORATION, ARTHUR T. SMITH, CARY BAETZ, GARY A. GROVE, BRENT S. BUCKLEY, KAJ VAZALES, and EUGENE J. VOILAND,

        Defendants.

Case No. 3:20-cv-03464-S

JUDGE KAREN G. SCHOLER

## SUMMARY NOTICE OF PENDENCY OF

## <u>CLASS ACTION AND PROPOSED CLASS ACTION SETTLEMENT</u>

**To:** **ALL PERSONS AND ENTITIES THAT: (1) PURCHASED OR OTHERWISE ACQUIRED BERRY CORPORATION'S ("BERRY") COMMON STOCK PURSUANT AND/OR TRACEABLE TO BERRY'S REGISTRATION STATEMENT ISSUED IN CONNECTION WITH ITS JULY 26, 2018 INITIAL PUBLIC OFFERING; AND/OR (2) PURCHASED OR OTHERWISE ACQUIRED BERRY'S COMMON STOCK BETWEEN JULY 26, 2018 AND NOVEMBER 3, 2020, BOTH DATES INCLUSIVE (THE "CLASS PERIOD"), AND WHO WERE DAMAGED THEREBY (THE "CLASS")**

**EXCLUDED FROM THE CLASS ARE DEFENDANTS HEREIN, CURRENT AND FORMER OFFICERS AND DIRECTORS OF THE COMPANY, MEMBERS OF THEIR IMMEDIATE FAMILIES AND THEIR LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS OR ASSIGNS AND ANY ENTITY IN WHICH DEFENDANTS HAVE OR HAD A CONTROLLING INTEREST.**

## PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.
## YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION.

**YOU ARE HEREBY NOTIFIED**, pursuant to Federal Rule of Civil Procedure 23 and an Order of the United States District Court for the Northern District of Texas, that the Court-appointed Lead Plaintiffs Luis Torres and Allia DeAngelis, and additional Plaintiff Darrick Inman (collectively, "Plaintiffs"), on behalf of themselves and all other members of the Class, and Berry Corporation ("Berry"), Arthur T. Smith, Cary Baetz, Gary A. Grove, Brent S. Buckley, Kaj Vazales, and Eugene J. Voiland (collectively, "Defendants", and together with the Plaintiffs, the "Parties"), have reached a proposed settlement of the claims in the above-captioned class action (the "Action") in the amount of $2,500,000 (the "Settlement").

69

A hearing will be held before the Honorable Karen G. Scholer on February 6, 2024 at 1:30

p.m., in Courtroom 1632 of the United States District Court, Northern District of Texas, 1100

Commerce Street, Dallas, Texas 75242 (the "Settlement Hearing"), where the Court will consider

whether: (i) the Settlement is fair, reasonable, and adequate, and should be finally approved; (ii)

the Plan of Allocation is fair and reasonable, and should be approved; and (iii) Co-Lead

Counsel's application for attorneys' fees and expenses and Plaintiffs' reimbursement awards are

reasonable and should be approved.  The Court may change the date of the Settlement

Hearing, or hold it telephonically or via videoconference, without providing another notice.  You

do NOT need to attend the Settlement Hearing to receive a distribution from the Net

Settlement Fund.

**IF YOU ARE A MEMBER OF THE CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED**

**SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.**  A full Notice and

Claim Form can be obtained by visiting the website of the Claims Administrator,

www.berrycorpsecuritieslitigation.com, calling the Claims Administrator toll free at 1-866-905-

8124, emailing the Claims Administrator at info@berrycorpsecuritieslitigation.com, or writing to

the Claims Administrator at:

**Berry Corp Securities Litigation**

**C/O A.B. Data, Ltd.**

P.O. Box 173012

Milwaukee, WI 53217

Inquiries, other than requests for the Notice/Claim Form or for information about the status of a

claim, may also be made to Co-Lead Counsel:

| | |
|---|---|
| POMERANTZ LLP | THE ROSEN LAW FIRM, P.A. |
| Attn: Omar Jafri | Attn: Phillip Kim |
| Ten South La Salle Street | 275 Madison Avenue, 40th Floor |
| Chicago, IL 60603 | New York, NY 10016 |
| (312) 377-1181 | (212) 686-1060 |

If you are a Class Member, to be eligible to share in the distribution of the Net Settlement Fund,

you must submit a Claim Form ***postmarked or submitted online no later than March 15,***

***2024.***  If you are a Class Member and do not timely submit a valid Claim Form, you will not be

eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement.

If you are a Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice such that it is *received no later than January 7, 2024*.  If you properly exclude yourself from the Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Co-Lead Counsel's application for attorneys' fees and expenses, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Notice, such that they are *received no later than January 7, 2024*.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

DATED: November 16, 2023   BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

SOURCE Pomerantz LLP and The Rosen Law Firm, P.A.

71



## PRN Top Stories Newsletters

Sign up to get PRN's top stories and curated news delivered to your inbox weekly!

Enter Your Email

Select Country

Submit

By signing up you agree to receive content from us.
Our newsletters contain tracking pixels to help us deliver unique content based on each subscriber's engagement and interests. For more information on how we will use your data to ensure we send you relevant content please visit our PRN Consumer Newsletter Privacy Notice. You can withdraw your consent at any time in the footer of every email you'll receive.

72