# Exhibit B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| LUIS TORRES, ALLIA DEANGELIS, DARRICK INMAN, Individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　　　vs.<br><br>BERRY CORPORATION, ARTHUR T. SMITH, CARY BAETZ, GARY A. GROVE, BRENT S. BUCKLEY, KAJ VAZALES, and EUGENE J. VOILAND,<br><br>　　　　Defendants. | Case No.: 3:20-cv-03464-S<br><br>JUDGE KAREN G SCHOLER<br><br>CLASS ACTION |

**DECLARATION OF OMAR JAFRI IN SUPPORT OF MOTION FOR ATTORNEYS'**
**FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

I, OMAR JAFRI, declare as follows pursuant to 28 U.S.C. §1746:

1.　　I am a partner at the firm of Pomerantz LLP ("Pomerantz"), Lead Counsel in the above-captioned litigation.  I have overseen Pomerantz's prosecution of this Action, and have personal knowledge of the facts asserted herein.

2.　　A copy of Pomerantz's resume was previously filed with the Court and is available at ECF No. 112-3.

3.　　Pomerantz has actively engaged in the prosecution of the Action. Before reaching agreement in principle to settle this Action, Pomerantz had, among other things:  (i) reviewed and analyzed, *inter alia*, Berry's SEC filings, press releases, and conference call transcripts, analyst reports, and news articles concerning Berry; (ii) conducted numerous interviews with former employees of the Company; (iii) drafted the detailed Complaint; (iv) analyzed and addressed

1

Defendants' motion to dismiss arguments; (v) analyzed and addressed Defendants' arguments in opposition to class certification; (vi) reviewed and analyzed tens of thousands of documents produced by Defendants in response to 59 requests for production of documents; (vii) reviewed and analyzed Defendants' responses to interrogatories; (viii) defended and taken multiple depositions; (ix) consulted with experts on the industry, market efficiency, loss causation, and damages issues; (x) responded to Defendants' discovery requests and produced documents in response to those requests; (xi) drafted and exchanged a detailed mediation statement setting forth the facts and strengths of the Action and potential damages; and, (xii) engaged in a full-day virtual mediation session before the Mediator and participated in additional negotiations via telephone and email in regards to the terms of the Settlement.

4.    The chart below summarizes the hours, rate, and lodestar of each Pomerantz attorney who worked on this matter.

5.    The total number of hours spent on the litigation of the Action by my firm through today's date is 2007.42 The total lodestar amount for attorney and paralegal time based on the firm's current rates is $1,574,553.25.  A breakdown of the lodestar is set forth in the chart below:

**Total Hours and Lodestar**

| NAME AND STATUS | TOTAL HOURS | RATE | TOTAL LODESTAR |
|---|---|---|---|
| Joshua B. Silverman (P) | 76.00 | $1,100.00 | $83,600.00 |
| Alex Hood (P) | 16.70 | $975.00 | $16,282.50 |
| Omar Jafri (P) | 603.10 | $975.00 | $588,022.50 |
| Louis Ludwig (OC) | 1.20 | 825.00 | $990.00 |
| James LoPiano (A) | 1.52 | $550.00 | $836.00 |
| Brian O'Connell (A) | 1109.90 | $700.00 | $776,930.00 |
| Thomas Pryzyblowski, (A) | 21.30 | $600.00 | $12,780.00 |
| Christopher Tourek (A) | 8.90 | $700.00 | $6,230.00 |

2

| | | | |
|---|---|---|---|
| Genc Arifi (A) | 70.20 | $600.00 | $42,120 |
| Megan Scott (PA) | 84 | $500.00 | $42,000 |
| Jack Lo (PL) | 1.25 | $365.00 | $456.25 |
| Jessie Huang | 2.00 | $110.00 | $220.00 |
| Maria Mastrogiacomo | 11.35 | $360.00 | $4,086.00 |
| **Total:** | **2007.42** | | **$1,574,553.72** |

(P) – Partner; (OC) – Of Counsel  (A) – Associate; (PA) – Project Associate; (PL) – Paralegal

6.      Pomerantz incurred a total of $345,524.22 in unreimbursed expenses in connection with the prosecution of this litigation, including $4,000 in anticipated litigation expenses associated with the remaining activities in this Action.  They are broken down as follows:

| EXPENSE CATEGORY | AMOUNT |
|---|---|
| Expert Fees | $247,108.02 |
| Private Investigator Fees | $15,144.75 |
| Legal Research Fees | $11,020.17 |
| Court Filing, Court Reporter, and Transcript Fees | $1,148.00 |
| Deposition Fees | $19,095.89 |
| Discovery Database Fees | $26,828.99 |
| Mediation Fee | $9,320.90 |
| FedEx and Postage/Photocopy | $15.70 |
| Travel/Transportation/Hotels | $7,333.76 |
| Meal and Conferences | $450.64 |
| Overtime-Clerical | $409.37 |
| Press Releases and Newswires | $3,436.66 |
| Transcript Service Fee | $28.04 |
| Process Server | $150 |
| Travel- Local | $33.33 |
| **Total:** | $341,524.22 |

7.      The expenses incurred are reflected in the books and records contemporaneously prepared by the firm. These books and records are prepared from expense vouchers, invoices, and other billing records, and are an accurate record of the expenses incurred. I have reviewed the expenses for which reimbursement is sought and confirmed that they were reasonably necessary

3

for the effective and efficient prosecution and resolution of the litigation and reasonable in amount. The expenses are all of a type that would normally be charged to a fee-paying client in the private legal marketplace.

8.      Pomerantz's compensation for services rendered and out-of-pocket expenses incurred in this case was and is entirely contingent on the success of the prosecution of the Action, and on the Court's approval of the fee and expense application. None of the attorneys' fees and expenses submitted to this Court has been paid from any source or has been the subject of any prior request or prior award in any litigation or other proceeding.

I declare that the foregoing is true and correct.

Executed on January 5, 2024.

/s/Omar Jafri

Omar Jafri, Esq.