**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| LUIS TORRES, ALLIA DEANGELIS, DARRICK INMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>    v.<br><br>BERRY CORPORATION, ARTHUR T. SMITH, CARY BAETZ, GARY A. GROVE, BRENT S. BUCKLEY, KAJ VAZALES, and EUGENE J. VOILAND,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:20-cv-03464-S<br>)<br>) JUDGE KAREN G. SCHOLER<br>)<br>) <u>CLASS ACTION</u><br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS'
(1) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
AND PLAN OF ALLOCATION, AND (2) MOTION FOR AWARD OF
ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND
<u>REIMBURSEMENT AWARD FOR PLAINTIFFS</u>**

Lead Plaintiffs Luis Torres and Allia DeAngelis, and additional Plaintiff Darrick Inman (collectively, "Plaintiffs"), on behalf of themselves and all other members of the proposed Settlement Class, and Co-Lead Counsel respectfully submit this memorandum of law in further support of their (1) Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF Nos. 152, 155, the "Final Approval Motion"), and (2) Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Reimbursement Award to Plaintiffs (ECF Nos. 152-53, the "Fee Motion") (collectively, the "Motions").[1]

## I.    PRELIMINARY STATEMENT

Final approval is warranted where, as here, a settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).  The proposed Settlement provides for a $2,500,000 cash payment for the benefit of the Class, and as discussed in detail in the Final Approval Motion, results from well-informed, arm's-length negotiations and is fair, reasonable, and adequate in light of the attendant risks of continued litigation.  The proposed Settlement, representing between 8% to 10% of the estimated damages, is an excellent result for the Class.

The reaction of the Class confirms that the Settlement is an excellent result.  Following the Court-approved notice program, the Claims Administrator, A.B. Data has mailed 17,301 copies of the Postcard Notice to potential Class Members.  *See* Supplemental Ewashko Decl. at ¶¶ 3-4.  The

---

[1]  All capitalized terms not defined herein shall have the same meaning as set forth in the Stipulation and Agreement of Settlement dated September 18, 2023 (ECF No. 150-1) (the "Stipulation"), the Final Approval Motion, the Fee Motion, or the Joint Declaration of Omar Jafri and Phillip Kim in Support thereof (ECF No. 154-1) (the "Joint Declaration" or "Joint Decl."). Unless otherwise noted, all emphasis is added, and all internal quotations and citations are omitted. All references to "Supplemental Ewashko Decl." are to the Supplemental Declaration of Jack Ewashko on Behalf of A.B. Data, Ltd. ("A.B. Data") Regarding Notice Administration, dated January 24, 2024, attached as Exhibit A to the Appendix in support of this reply.  The Appendix in Support of Final Approval filed on January 5, 2024 is referred to herein as "January 5, 2024 Appendix."

deadline to object or request exclusion has passed and not a single Class Member has objected to any aspect of the Settlement, the proposed Plan of Allocation, or Co-Lead Counsel's fee and expense application and request for reimbursement awards to Plaintiffs. *Id.* at ¶ 9. In addition, there have been no exclusion requests by any Class Member. *Id.* at ¶ 8.

Accordingly, Plaintiffs and Co-Lead Counsel respectfully submit that the reaction of the Class further demonstrates the fairness, adequacy, and reasonableness of the Settlement, Plan of Allocation, and Co-Lead Counsel's request for attorneys' fees, expenses and reimbursement awards to Plaintiffs, supporting approval of the Motions.[2]

## II. THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS FINAL APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION, AND THE REQUESTED FEES AND EXPENSES

### A. The Court-Approved Notice Program

In compliance with the Court's Preliminary Approval Order (ECF No. 151), as of January 24, 2024, 17,301 copies of the Postcard Notice and 4,967 Notice Packets have been mailed to potential Class Members and Nominees. *See* ECF No. 154-2 at ¶ 6; Supplemental Ewashko Decl. at ¶¶ 3-4. A.B. Data has also maintained a Settlement website where downloadable versions of the Notice and Claim Form are available, as well as a toll-free telephone number, and published the Summary Notice over *PR Newswire*. *See* ECF No. 154-2 at ¶¶ 7-9; Supplemental Ewashko Decl. at ¶¶ 3-6. As more fully described in the Final Approval Motion, the Notice provided all the required and necessary information to permit Class Members to make a fully informed decision regarding the Settlement, the Plan of Allocation, and Co-Lead Counsel's fee and expenses request. ECF No. 155 at pp. 20-22. This included apprising Settlement Class members of their right to

---

[2] Attached to the Appendix as Exhibit B is the proposed Order and Final Judgment which was negotiated by the Parties and was an exhibit to the Stipulation.

object and right to exclude themselves from the Class by January 7, 2024. *Id.*; *see also* ECF No. 154-2, January 5, 2024 Appendix at 45-58.

On January 5, 2024, Plaintiffs and Co-Lead Counsel filed their opening papers in support of the Settlement, Plan of Allocation, and fee and expenses request. The Motions described Plaintiffs' and Plaintiffs' Counsel's views of the Settlement, work performed in this litigation, and demonstrated why approval of the Motions is warranted, among other things. The Motions are supported by declarations of Plaintiffs, Plaintiffs' Counsel, and A.B. Data. *See* ECF Nos. 154-1 to 154-9. These papers are available on the public docket (ECF Nos. 152-55) and on the Settlement website.

### B.    The Class's Favorable Reaction Supports Approval of the Settlement and Plan of Allocation

Following the extensive notice program, **_no_** Class Member objected to any aspect of the Settlement. *See* Supplemental Ewashko Decl. at ¶ 9. This favorable reaction by the Class, with no class member objecting, "supports the 'adequacy of the settlement.'" *Celeste v. Intrusion Inc.*, No. 4:21-CV-307-SDJ, 2022 U.S. Dist. LEXIS 226841, at *22 (E.D. Tex. Dec. 16, 2022) (quoting *Erica P. John Fund, Inc. v. Halliburton Co.*, C.A. No. 3:02-cv-1152-M, 2018 U.S. Dist. LEXIS 69143, at *22 (N.D. Tex. Apr. 25, 2018)). *See also Maher v. Zapata Corp.*, 714 F.2d 436, 456 (5th Cir. 1983) ("Other factors favoring approval of the settlement here are the minimal nature of shareholder objection"); *Melby v. America's MHT, Inc.*, C.A. No. 3:17-cv-155-M, 2018 U.S. Dist. LEXIS 233989, at *33 (N.D. Tex. June 22, 2018) ("one indication of the fairness of a settlement is the lack of or small number of objections"); *In re Oil Spill*, 295 F.R.D. 112, 150 (E.D. La. 2013) (same); *Buettgen v. Harless*, C.A. No. 3:09-cv-00791-K, 2013 U.S. Dist. LEXIS 193649, at *30 (N.D. Tex. Nov. 13, 2013) (observing that where there were two objections the "reaction of the Class to settlement has been supportive"); *Billitteri v. Sec. Am., Inc.*, No. 3:09-cv-01568-F, 2011

3

U.S. Dist. LEXIS 92713, at *57 (N.D. Tex. Aug. 4, 2011) (favorable that "a very small number of objections have been received"). Similarly, the lack of any objections to the Plan of Allocation supports its approval. *See, e.g.*, *Marcus v. J.C. Penny Co.*, C.A. No. 6:13-CV-736, 2017 U.S. Dist. LEXIS 214427, at *16 (E.D. Tex. Dec. 18, 2017) (approving plan of allocation as reasonable, noting that "[n]o objections have been filed by any class members to the plan of allocation"); *Schwartz v. TXU Corp.*, No. 3:02-CV-2243-K, 2005 U.S. Dist. LEXIS 27077, at *79-80 (N.D. Tex. Nov. 8, 2005) (in finding Plan of Allocation "fair, reasonable and adequate" stating that "[m]ost importantly, there has only been one objection to [it]").

Likewise, the fact that there have been __no__ exclusion requests (*see* Supplemental Ewashko Decl. at ¶ 8) supports a finding that the Settlement is fair and reasonable. *See Matson v. NIBCO Inc.*, No. 5-19-CV-00717-RBF, 2021 U.S. Dist. LEXIS 201909, at *6, *35 & n.23 (W.D. Tex. Oct. 20, 2021) (where 30 of more than 8,000 class members opted-out, reaction of class "favors approval") (collecting cases); *Billitteri*, 2011 U.S. Dist. LEXIS 92713, at *57 (where 30 of the 2,000 class members opted out, that "extremely small number of opt-outs suggests a favorable opinion by the absent class members").

### C.     The Reaction of the Class Strongly Supports Approval of the Fee Motion

The Notice informed Class Members that Co-Lead Counsel intended to apply for an award of attorneys' fees of no more than 33 and 1/3% of the Settlement Fund and for reimbursement of expenses of no more than $370,000 plus interest. *See* ECF No. 154-2, January 5, 2024 Appendix at page 46. The Notice also informed Class Members that they had a right to object to the request for attorneys' fees and expenses by the January 7, 2024, deadline. *Id.* at page 47.

Co-Lead Counsel filed the Fee Motion on January 5, 2024, seeking attorneys' fees of $833,333.33 (33 and 1/3% of the Settlement Fund, well within the range of fees routinely awarded), reimbursement of $365,621.35 of expenses, and reimbursement awards for Plaintiffs of

4

$10,000 each ($30,000 total).  ECF Nos. 152-53.  As detailed in the Fee Motion, the factors considered by Fifth Circuit in approving fee awards, as laid out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), fully support the requested fee award; the fee award requested is consistent with awards in comparable securities class actions and the Fifth Circuit; and the lodestar "cross-check" supports the reasonableness of the one-third fee request with a "negative" multiplier of 0.2546.  ECF No. 153 at 7-19.

**_Not a single objection_** to Co-Lead Counsel's request for attorneys' fees and expenses or the Plaintiffs' awards has been received.  *See* Supplemental Ewashko Decl. at ¶ 9.  The lack of any objections strongly supports a finding that the attorneys' fees, expenses, and Plaintiffs' awards are fair and reasonable, weighing in favor of approval.  *See, e.g.*, *Celeste*, 2022 U.S. Dist. LEXIS 226841, at *31 ("lack of any objection to the request" supports reasonableness); *Bethea v. Sprint Communcn's Co. L.P.*, C.A. No. 3:21-cv-322-CWR-FKB, 2013 U.S. Dist. LEXIS 7696, at *16 (S.D. Miss. Jan. 18, 2013) ("The absence of objection by class members to Settlement Class Counsel's fee-and-expense request further supports finding it reasonable."); *Vaccaro v. New Source Energy Partners L.P.*, No. 15 CV 8954 (KMW), 2017 U.S. Dist. LEXIS 205785, at *22 (S.D.N.Y. Dec. 14, 2017) ("The fact that no class members have explicitly objected to these attorneys' fees supports their award.").  The lack of objections here supports granting the Fee Motion.

## III.    CONCLUSION

For the reasons set forth herein, and in the Motions and related supporting documents, Plaintiffs and Co-Lead Counsel respectfully submit that the Settlement presents a favorable result for the Class; the proposed Plan of Allocation is fair and equitable; and the requested fees, expenses, and Plaintiffs' awards are fair and reasonable.  Therefore, Plaintiffs and Co-Lead

Counsel respectfully request that the Court enter the accompanying order, finally approving the Settlement and finding the Plan of Allocation fair and reasonable, and granting the award of requested attorneys' fees, expenses, and Plaintiffs' reimbursement award payments.

DATED: January 30, 2024                         Respectfully Submitted,


**POMERANTZ LLP**

*/s/ Omar Jafri*
Joshua B. Silverman (*Pro Hac Vice*)
Omar Jafri (*Pro Hac Vice*)
Brian P. O'Connell (*Pro Hac Vice*)
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Tel:    (312) 377-1181
Fax:    (312) 377-1184
E-mail: jbsilverman@pomlaw.com
        ojafri@pomlaw.com
        boconnell@pomlaw.com


**THE ROSEN LAW FIRM, P.A.**

/s/ *Phillip Kim*
Phillip Kim (*Pro Hac Vice*)
Ha Sung (Scott) Kim (*Pro Hac Vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Phone: (212) 686-1060
Fax:    (212) 202-3827
Email: pkim@rosenlegal.com
        skim@rosenlegal.com


*Lead Counsel for Plaintiffs*

**GRAVES LAW OFFICE**
Curtis C. Graves
12700 Park Central Drive
Suite 520
Dallas, Texas 75251
Telephone: (214) 321-6940
Facsimile: (866) 770-6949
curtis@cgraveslaw.com

6

**THE BRISCOE LAW FIRM, PLLC**
Willie C. Briscoe
Texas Bar No. 24001788
12700 Park Central Drive, Suite 520
Dallas, Texas 75251
Telephone: 972-521-6868
Facsimile: 346-214-7463
wbriscoe@thebriscoelawfirm.com

*Liaison Counsel for Plaintiffs*

**BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC**
Eitan Kimelman
60 E 42nd Street, Suite 4600
New York, New York 10165
Phone: 212-697-6484
Fax:    212-697-7296
Email: eitank@bgandg.com

**LEVI & KORSINSKY, LLP**
Daniel Tepper
55 Broadway, 10th Floor
New York, NY 10006
Tel.: (212) 363-7500
Fax: (212) 363-7171
dtepper@zlk.com

**BRAGAR EAGEL & SQUIRE, P.C.**
Marion C. Passmore  (*Pro Hac Vice*)
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 568-3599
Facsimile: (212) 214-0506
Email: passmore@bespc.com

*Additional Counsel for Plaintiffs*

7

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 30, 2024, I served a copy of Plaintiffs' Reply In Further Support of their (1) Motion for Final Approval of Class Action Settlement and Plan of Allocation, and (2) Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Reimbursement Award for Plaintiffs to counsel of record for Defendants using the CM/ECF system, which will send email notification of this filing to all attorneys of record.

Executed on January 30, 2024

*/s/ Omar Jafri*

8