# United States District Court
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| LUIS TORRES, ALLIA DEANGELIS, and DARRICK INMAN, Individually and On Behalf of All Others Similarly Situated<br><br>v.<br><br>BERRY CORPORATION, ARTHUR T. SMITH, CARY BAETZ, GARY A. GROVE, BRENT S. BUCKLEY, KAJ VAZALES, and EUGENE VOILAND | CIVIL ACTION NO. 3:20-CV-3464-S |

### FINAL ORDER AND JUDGMENT

WHEREAS, this matter came before the Court for hearing on the 6th day of February, 2024, pursuant to the Preliminary Approval Order entered on October 19, 2023, and on the Motion for Final Approval of Class Action Settlement as set forth in the Stipulation and Agreement of Settlement (the "Stipulation"); and

WHEREAS, the Court has heard all persons properly appearing and requesting to be heard, read and considered the motions and supporting papers, and found good cause appearing;

It appearing in the record that the Postcard Notice substantially in the form approved by the Court in the Court's Preliminary Approval Order, was mailed to all reasonably identifiable Class Members and the Long Notice was posted to the Settlement Website, both in accordance with the Preliminary Approval Order and the specifications of the Court; and

It appearing in the record that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was transmitted electronically in compliance with the Court's Preliminary Approval Order;

1

**NOW, THEREFORE, IT HEREBY IS ORDERED, ADJUDGED AND DECREED:**

1. This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on September 18, 2023; and (ii) the Notice, which was filed with the Court on September 18, 2023. Capitalized terms not defined in this Judgment shall have the same meaning set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Class Members.

3. The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), the Class of: all persons and entities that: (1) purchased or otherwise acquired Berry's common stock pursuant or traceable to Berry's Registration Statement issued in connection with its July 26, 2018 Initial Public Offering; and/or (2) purchased or otherwise acquired Berry's common stock between July 26, 2018 and November 3, 2020, both dates inclusive. Excluded are Defendants herein, current and former officers and directors of the Company, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

4. Pursuant to Federal Rule of Civil Procedure 23, and for the purposes of Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies Plaintiffs as Class Representatives for the Class; and finally appoints the law firms of Pomerantz LLP and The Rosen Law Firm, P.A. as Class Counsel for the Class.

5. In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Class of the Settlement and their terms and conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, Section

21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and all other applicable laws and rules; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all Persons and entities entitled to such notice. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, to the extent applicable to the Action, were fully discharged. Thus, it is hereby determined that all Class Members are bound by this Final Order and Judgment.

6. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. There have been zero objections to the Settlement.

7. Pursuant to Federal Rule of Civil Procedure 23(e)(2), this Court hereby approves the Settlement and finds that in light of the benefits to the Class, the complexity and expense of further litigation, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (1) the Class Representatives and Class Counsel have adequately represented the Class; (2) the Settlement was negotiated at arm's length; (3) the relief provided for the Class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Class; (iii) the terms of the proposed award of attorneys' fees and expenses; and (iv) agreements identified pursuant to Federal Rule of Civil Procedure 23(e)(3); and (4) the proposal treats Class Members equitably relative to each other. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

8. The Amended Class Action Complaint is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

9. The Court finds that during the course of the Action, Plaintiffs and the Defendants and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10. Upon the Effective Date, Plaintiffs, and each and every other Class Member, onbehalf of themselves and each of their and each of their respective past or present trustees, officers, directors, partners, employees, affiliates, contractors, principals, agents, attorneys, predecessors, successors, assigns, insurers, reinsurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members, in their capacities as such, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Plaintiff Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiff Claims against any and all of the Released Defendant Parties.

11. Upon the Effective Date, the Defendants, on behalf of themselves and each of theirpast, present, or future direct or indirect subsidiaries, parents affiliates, principals, joint ventures, any other corporate entities, successors and predecessors, assigns, officers, directors, shareholders, trustees, partners, agents, fiduciaries, contractors, employees, attorneys, insurers and reinsurers, auditors, advisors, financial advisors, investment banks, underwriters, accountants; the spouses, members of the families, representatives, and heirs of the individual defendants, as well

as any trust of which any individual defendant is the settlor or which is for the benefit of any of their immediate family members; any firm, trust, corporation, or entity in which any Defendant has a controlling interest; and any of the legal representatives, heirs, successors in interest or assigns of Defendants, in their capacities as such, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

12. Each Class Member, whether or not such Class Member executes and delivers a Claim Form, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

13. This Final Order and Judgment and the Stipulation, whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

a) do not constitute, and shall not be offered or received against or to theprejudice of any of the Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or the other Released Defendant Parties with respect to the truth of any allegation by Plaintiffs and the Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation,

5

including but not limited to the Released Plaintiff Claims, or of any liability, damages, negligence, fault or wrongdoing of any of the Defendants or any person or entity whatsoever;

b) do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants or the Released Defendant Parties, or against or to the prejudice of any of the Plaintiffs or the Released Plaintiff Parties, or any other member of the Class as evidence of any infirmity in the claims of Plaintiffs, or the other members of the Class;

c) do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants, any of the Plaintiffs, any other member of the Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Released Defendant Parties, and of the Plaintiffs or the Released Plaintiff Parties, other members of the Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

d) do not constitute, and shall not be construed against any of the Defendants, Released Defendant Parties, Plaintiffs, or Released Plaintiff Parties, or any other member of the Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs, or any other member of the Class that

6

any of their claims are without merit or infirm or that damages recoverable under the Amended Class Action Complaint would not have exceeded the Settlement Amount.

14. Notwithstanding the foregoing, any of the Parties may file or refer to this Final Order and Judgment, the Stipulation, and/or any Proof of Claim: (i) to effectuate the liability protections granted hereunder, including without limitation to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or similar defense or counterclaim; (ii) to enforce any applicable insurance policies and any agreements related thereto; or (iii) to enforce the terms of the Stipulation and/or this Final Order and Judgment.

15. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. The Parties are hereby directed to consummate the Stipulation and to perform its terms.

19. Co-Lead Counsel are awarded attorneys' fees in the amount of $833,333.33, and expenses in the amount of $365,621.35, such amounts to be paid from the Settlement Fund within

ten (10) days of the entry of this Order. In the event that this Judgment does not become Final, and any portion of the award for attorneys' fees and expenses has already been paid from the Settlement Fund, Co-Lead Counsel shall within thirty (30) calendar days of entry of the order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated, refund the amount of attorneys' fee and expenses paid to Co-Lead Counsel.

20. Plaintiffs are each awarded the sum of $10,000, as reasonable costs and expenses directly relating to the representation of the Class as provided in 15 U.S.C. § 78u-4(a)(4), such amounts to be paid from the Settlement Fund upon the Effective Date of the Settlement.

21. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members.

22. Without affecting the finality of this Final Order and Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.

23. There is no just reason for delay in the entry of this Final Order and Judgment and immediate entry by the Clerk of the Court is expressly directed.

**SO ORDERED.**

SIGNED February 16, 2024.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**