**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| LUIS TORRES, ALLIA DEANGELIS, DARRICK INMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>            Plaintiffs,<br><br>        v.<br><br>BERRY CORPORATION, ARTHUR T. SMITH, CARY BAETZ, GARY A. GROVE, BRENT S. BUCKLEY, KAJ VAZALES, and EUGENE J. VOILAND,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:20-cv-03464-S<br>)<br>) JUDGE KAREN GREN SCHOLER<br>)<br>) <u>CLASS ACTION</u><br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF PLAINTIFFS'**
**UNOPPOSED MOTION FOR DISTRIBUTION OF SETTLEMENT FUND**

Lead Plaintiffs Luis Torres and Allia DeAngelis, and additional Plaintiff Darrick Inman ("Plaintiffs"), on behalf of themselves and all others similarly situated, respectfully move the Court to issue an Order that authorizes distribution of the Net Settlement Fund[1] in the form proposed and submitted herewith as Appendix Exhibit 1, at pages 9-12.

Based on the Claims Administrator's analysis of the Proofs of Claim submitted in this Action, 2,952 claimants have submitted valid and properly documented claims ("Authorized Claimants"), of which 2,600 were timely submitted. Plaintiffs now seek to distribute the Net Settlement Fund to the Authorized Claimants on a *pro rata* basis.

---

[1] All capitalized terms have the same meaning as those defined in the Stipulation of Settlement filed at ECF No. 150-1.

For the reasons set forth in detail below, this proposed distribution is appropriate and Plaintiffs respectfully submit that it should be approved.

## I.    Claims Administration

On February 5, 2024 the Court held a Final Approval Hearing to consider the proposed Settlement. By Judgment and Order of Final Approval dated February 16, 2024 ("Final Order"), the Court approved the Parties' $2,500,000 settlement as fair, reasonable, and adequate. ECF No. 159.

Under the terms of the Settlement Stipulation, the Settlement Fund was established for the settlement of the claims asserted against Defendants. All Settlement Class Members wishing to participate in the Settlement were required to submit Proofs of Claim, postmarked no later than March 15, 2024, together with adequate supporting documentation for the transactions and holdings reported therein. *See* Appendix Exhibit 2, Declaration of Jack Ewashko on Behalf of A.B. Data, Ltd. in Support of Plaintiffs' Motion for Distribution of Settlement Fund ("Ewashko Declaration"), at ¶ 5 (Appendix at page 16). As a result of a very effective notice program, A.B. Data, Ltd. ("A.B. Data")– the Court-appointed Claims Administrator – received 7,990 Proofs of Claim as of August 20, 2024. *Id*. As demonstrated by the Ewashko Declaration, A.B. Data reviewed all submitted claims and, to the extent that a claim was deficient in any regard, A.B. Data notified the claimant of the deficiency and advised the claimant as to the possible ways to cure the deficiency. *Id.* at ¶¶ 6, 19-27, Appendix at pages 16, 20-23. Attached as Exhibit C to the Ewashko Declaration is an example of the notice of rejection letter used to notify claimants of the rejection of their claims in part or whole. *See* Appendix at pages 58-60.

As a result of the claims handling process explained above, A.B. Data determined that 5,038 claims are ineligible to receive a distribution. Of those ineligible claims, (a) 552 had no

purchases of Berry common stock during the Class Period; (b) 4,382 did not result in a Recognized Claim (i.e., a validly documented claim for which the trades resulted in a Recognized Loss) under the Court-approved Plan of Allocation; (c) 87 were replaced claims (meaning that the claims were replaced after the filer received a deficiency notice); (d) 13 were duplicates; and (e) 2 were withdrawn. *Id.* at ¶ 35, Appendix at pages 26-27.

A.B. Data has accepted 2,952 Claims (*i.e.*, 2,600 timely submitted and valid Claims and 352 late but otherwise eligible Claims), representing a total Recognized Loss amount of $29,085,206.28. *Id.* at ¶¶ 33-34, Appendix at page 26. The total Recognized Loss amount for the 352 late but otherwise eligible Claims is $ 1,611,153.35, or 5.54% of the total Recognized Loss amount. *Id.* at ¶ 28, Appendix at page 23. Plaintiffs' Counsel informs the Court that no delay has resulted from the acceptance of these late Claims. Moreover, Plaintiffs' Counsel believes that, when the equities are balanced, it would be unfair to prevent an otherwise valid claim from participating in the Net Settlement Fund solely because it was submitted after the cut-off date, but while the claims were still being processed. Accordingly, Plaintiffs' Counsel respectfully requests the Court to approve the administrative determination not to reject claims submitted after the March 15, 2024 submission deadline because of untimeliness.

However, there must be a final cut-off date after which no more claims can be accepted in order that there may be a fair and proportional distribution of the Net Settlement Fund. Acceptance of any claim received after preparation of this Motion would necessarily require a delay in the distribution. Accordingly, it is also respectfully requested that this Court enter an Order directing that no claim received after August 20, 2024 be accepted for any reason whatsoever. *See id.* at ¶ 29, Appendix at pages 23-24. For these reasons, Plaintiffs respectfully request the Court to approve the administrative determinations accepting and rejecting claims as set forth herein.

## II.    <u>**Distribution of Net Settlement Fund**</u>

Plaintiffs also respectfully request that the Court enter an order directing and authorizing the initial distribution of the balance of the Settlement Fund plus interest accrued thereon (after deduction of fees and expenses previously awarded and requested herein and any taxes owing) to the Settlement Class Members whose 2,952 claims have been accepted as set forth on the list of accepted claims submitted with the Ewashko Declaration, in proportion to their Recognized Loss as shown therein. *See id*. at ¶ 36 & Exhibits F and G thereto, Appendix at pages 27, 65 and 85. As indicated in the Ewashko Declaration, the total Recognized Losses of all 2,952 eligible claims computed in accordance with the Plan of Allocation set forth in the Notice are $29,085,206.28. *Id*. at ¶¶ 33-34, Appendix at page 26.

Should the Court concur with A.B. Data's administrative determinations about the claims recommended for acceptance and rejection, Plaintiffs' Counsel recommends the following distribution plan:

a) Per the Plan of Allocation, each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants, including the 352 late-but-otherwise-eligible claims if those claims are deemed valid by the Court. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $20.00;

b) To encourage Authorized Claimants to cash their distribution checks promptly, and to avoid or reduce future expenses related to unpaid distribution checks, all checks should bear a notation "DEPOSIT PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT NEGOTIATED WITHIN 120 DAYS OF

DISTRIBUTION." Similarly, all other checks issued in connection with subsequent distributions shall bear the same notation;

c)   If any funds remain in the Net Settlement Fund because of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund at least nine (9) months after the initial distribution of such funds will be used in the following fashion, if economically feasible: (i) first, to pay any additional settlement administration expenses and (ii) second, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $20.00, after payment of the estimated expenses to be incurred in administering the Net Settlement Fund and in making this second distribution. These redistributions shall be repeated, if economically feasible, until Plaintiffs' Counsel, in consultation with A.B. Data, determines that such further distributions are no longer economically feasible;

d)   Authorized Claimants who do not cash their distribution checks within the time allotted will irrevocably forfeit all recovery from the Settlement unless good cause is shown. The funds allocated to all such checks will be available for re-distribution to other Authorized Claimants in subsequent distributions if such distributions are determined to be economically feasible;

e)   At such time as Plaintiffs' Counsel, in consultation with A.B. Data, determines that further distribution of the funds remaining in the Net Settlement Fund to Authorized

Claimants is not cost-effective, any funds that remain after payment of any unpaid administration fees or expenses, taxes and tax preparation costs, and escrow fees, will be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Plaintiffs' Counsel and approved by the Court. *See* Ewashko Declaration at ¶ 37, Appendix at pages 27-28.

## III.   Release of Claims

To ensure the full and final distribution of the Net Settlement Fund, it is necessary to bar any further claims against the Net Settlement Fund beyond the amounts allocated to Authorized Claimants, and to provide that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, be released and discharged from any and all claims arising out of such involvement. Accordingly, Plaintiffs respectfully request that the Court release and discharge all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund from any and all claims arising out of such involvement, and bar all Settlement Class Members, whether or not they receive payment from the Net Settlement Fund, from making any further claims against the Net Settlement Fund, Plaintiffs, their counsel, Defendants, their counsel, the Claims Administrator, the Escrow Agent or any other person involved in the administration or taxation of the Settlement Fund or Net Settlement Fund, beyond the amounts allocated to such Settlement Class Member by this Court's Orders. *See In re Forterra Inc. Sec. Litig.*, No. 3:18-CV-01957-X, 2021 WL 3464255, at *2 (N.D. Tex. Aug. 4, 2021)

(approving the release in a securities fraud settlement); *In re SolarWinds Corporation Securities Litigation,* No. 1:21-cv-00138, ECF No. 114 (W.D. Tex. June 24, 2024) (same).

## **CONCLUSION**

For all of these reasons, Plaintiffs respectfully request that this Court grant their Unopposed Motion for Distribution of Settlement Fund.

Dated: August 30, 2024

*/s/ Brian P. O'Connell*

**POMERANTZ LLP**
Joshua B. Silverman
Omar Jafri
Brian P. O'Connell
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Tel:    (312) 377-1181
Fax:    (312) 377-1184
E-mail: jbsilverman@pomlaw.com
         ojafri@pomlaw.com
         boconnell@pomlaw.com

**THE ROSEN LAW FIRM, P.A.**

*/s/ Phillip Kim*
Phillip Kim
Ha Sung (Scott) Kim
275 Madison Avenue, 40th Floor
New York, NY 10016
Phone: (212) 686-1060
Fax:    (212) 202-3827
Email: pkim@rosenlegal.com
         skim@rosenlegal.com

*Lead Counsel for Plaintiffs*

**GRAVES LAW OFFICE**
Curtis C. Graves
12700 Park Central Drive
Suite 520
Dallas, Texas 75251
Telephone: (214) 321-6940

Facsimile: (866) 770-6949
curtis@cgraveslaw.com

**THE BRISCOE LAW FIRM, PLLC**
Willie C. Briscoe
Texas Bar No.: 24001788
12700 Park Central Drive, Suite 520
Dallas, Texas 75251
Telephone: 972-521-6868
Facsimile: 346-214-7463
wbriscoe@thebriscoelawfirm.com

*Liaison Counsel for Plaintiffs*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Eitan Kimelman
60 E 42nd Street, Suite 4600,
New York, New York 10165
Phone: 212-697-6484
Fax:    212-697-7296
Email: eitank@bgandg.com

**LEVI & KORSINSKY, LLP**
Daniel Tepper (*pro hac vice forthcoming*)
55 Broadway, 10th Floor
New York, NY 10006
Tel.: (212) 363-7500
Fax: (212) 363-7171
dtepper@zlk.com

**BRAGAR EAGEL & SQUIRE, P.C.**
Marion C. Passmore
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 568-3599
Facsimile: (212) 214-0506
Email: passmore@bespc.com

*Additional Counsel for Plaintiffs*

- 8 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on August 30, 2024, I served a copy of the foregoing to counsel of record for Defendants using the CM/ECF system, which will send email notification of this filing to all attorneys of record.

Executed on August 30, 2024.


/s/ *Brian P. O'Connell*
Brian P. O'Connell