**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| LUIS TORRES, ALLIA DEANGELIS, DARRICK INMAN, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 3:20-cv-03464-S ) |
| | ) JUDGE KAREN GREN SCHOLER ) |
| BERRY CORPORATION, ARTHUR T. SMITH, CARY BAETZ, GARY A. GROVE, BRENT S. BUCKLEY, KAJ VAZALES, and EUGENE J. VOILAND, | ) CLASS ACTION ) ) ) |
| Defendants. | ) ) ) ) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR *CY PRES* DISTRIBUTION OF RESIDUAL SETTLEMENT FUNDS**

Lead Plaintiffs Luis Torres and Allia DeAngelis, and additional Plaintiff Darrick Inman ("Plaintiffs"), on behalf of themselves and all others similarly situated, hereby move the Court to authorize a *cy pres* distribution from the remaining settlement funds in the above captioned class action to the Dallas Volunteer Attorney Program of the Dallas Bar Association and Legal Aid of Northwest Texas ("DVAP").[1]

**I.      Background**

On October 19, 2023, the Court entered an order preliminarily approving the class action Settlement, certifying the Settlement Class, providing for Notice, and Scheduling the Final Approval Hearing. (ECF No. 151, "Preliminary Approval Order").  On February 16, 2024, the

---

[1] Plaintiffs attach as Exhibit 1 to the Declaration of Brian P. O'Connell a proposed order granting Plaintiffs' Motion for Cy Pres Distribution of Residual Settlement Funds.

Court entered the Final Order and Judgment Approving the Class Action Settlement (ECF No. 159, "Final Approval Order").  Then, on September 5, 2024, the Court entered an order Granting the Motion for Distribution of Settlement Fund. (ECF No. 163, "Distribution Order").  Once the Distribution Order was entered, the Settlement was fully distributed to all valid claimants.

The Court appointed Claims Administrator, A.B. Data, Ltd. ("A.B. Data"), has advised Lead Counsel that pursuant to the Distribution Order, $1,162,680.51 in Settlement checks have been cashed.  According to the accompanying Declaration of Jack Ewashko Concerning the Remaining Funds for *Cy Pres*, ("Ewashko Declaration", attached as Exhibit 2 to the Declaration of Brian P. O'Connell), the 120-day void check period expired on January 18, 2025.  Ewashko Declaration ¶5.  As of the date of the Ewashko Declaration's execution, the balance is just $2,529.70 from uncashed checks.  A.B. Data has determined that it is not economically feasible to perform a second distribution.  *Id.* at ¶5.

Pursuant to Paragraph 7.7 of the Stipulation, after all feasible distributions, "the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Plaintiffs and Co-Lead Counsel and approved by the Court."  ECF No. 150-1 ¶7.7.  The Distribution Order provides that if "further distribution of the funds remaining in the Net Settlement Fund to Authorized Claimants is not cost-effective ... Plaintiffs' Counsel shall propose a plan to the Court regarding the use of such funds for contribution to nonsectarian, not-for-profit organization(s)." Distribution Order ¶7.  Plaintiffs' Counsel, after consulting with the Claims Administrator, has determined that further distribution of the funds to Authorized Claimants is no longer cost-effective.

**II.    The Court Should Authorize Distribution of Funds Remaining in the Net Settlement Fund to DVAP**

Plaintiffs' Counsel request that the Court authorize distribution of the remaining funds in the amount of $2,529.70 plus interest accrued therein to DVAP, a non-sectarian, not-for-profit organization that benefits the public by representing low-income individuals who have been affected by fraudulent practices.

A *cy pres* distribution is appropriate "when it is not feasible to make further distributions to class members." *Klier v. Elf Atochem N. Am., Inc.*, 658 F.3d 468, 475 (5th Cir. 2011) (quoting Principles of the Law of Aggregate Litigation § 3.07 cmt. b (2010)); *see also* 4 NEWBERG ON CLASS ACTIONS § 12:32 (6th ed. 2024) ("Courts in every circuit, and appellate courts in most, have approved the use of *cy pres* for unclaimed class action awards."). It is "infeasible to make further distributions when (1) remaining class members cannot be identified or chose not to participate, (2) the claim amounts are too small to make individual distributions economically viable, and/or (3) the class members' damages claims are fully satisfied by the initial distribution." *Duncan v. JPMorgan Chase Bank, N.A.*, No. 14-912, 2016 WL 4419472, at *17 (W.D. Tex. May 24, 2016), *report and recommendation adopted by* No. SA-14-CA-912-FB, 2016 WL 4411551 (W.D. Tex. June 17, 2016).

A *cy pres* distribution should be "distributed for a purpose as near as possible to the legitimate objectives underlying the lawsuit, the interests of class members, and the interests of those similarly situated." *Klier*, 658 F.3d at 474 (quoting *In re Airline Ticket Comm'n Antitrust Litig.*, 307 F.3d 679, 682 (8th Cir. 2002)); *see also In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*, 851 F. Supp. 2d 1040, 1077 (S.D. Tex. 2012) (approving *cy pres* distribution where the recipient organizations "reasonably approximate the interests pursued by the class"). That is, "a *cy pres* distribution is designed to be a way for a court to put any unclaimed

settlement funds to their 'next best compensation use, *e.g*., for the aggregate, indirect, prospective benefit of the class.'" *Klier*, 658 F.3d at 474 (quoting *Masters v. Wilhelmina Model Agency, Inc*., 473 F.3d 423, 436 (2d Cir. 2007)).

Here, the underlying class action litigation involved claims of securities fraud under the Securities Exchange Act of 1934 and the Securities Act of 1933 (collectively, the "Securities Laws"). One purpose of the Securities Laws is to protect small individual investors, as well as the public at large, from false representations and omissions. As a class action, this litigation provided relief to class members who likely did not have the ability or resources to bring individual claims. The proposed recipients of the *cy pres* distribution similarly protect the public from false statements and omissions.

DVAP is a pro bono program dedicated to increasing and enhancing legal services to low-income clients through recruitment, training and support of volunteer attorneys. *See* https://dallasvolunteerattorneyprogram.org/about-us/; *see also In re Convex Computer Corp. Sec. Litig.*, No. 3:91-CV-1563-S, 2020 WL 1643393, at *2 (N.D. Tex. Mar. 31, 2020) (approving residual distribution to DVAP in securities action). DVAP, a joint program of the Dallas Bar Association and Legal Aid of Northwest Texas, provides advice and representation in a variety of cases, including, but not limited to, consumer cases. Accordingly, its services include representing low-income individuals who have been affected by fraudulent practices. This is consistent with one of the purposes of the Securities Laws—to protect small individual investors, as well as to protect the public at large, from false representations and other fraud on individuals who cannot protect themselves, and benefits such class members. The Court has previously approved a *cy pres* distribution to DVAP. *See In re Convex Computer Corp. Sec. Litig.*, 2020 WL 1643393, at *2.

## CONCLUSION

For all of these reasons, Plaintiffs respectfully request that this Court grant their Motion for *Cy Pres* distribution of Residual Settlement Funds.

Dated: April 11, 2025                    */s/ Brian P. O'Connell*


**POMERANTZ LLP**
Joshua B. Silverman
Omar Jafri
Brian P. O'Connell
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Tel:     (312) 377-1181
Fax:     (312) 377-1184
E-mail: jbsilverman@pomlaw.com
            ojafri@pomlaw.com
            boconnell@pomlaw.com


**THE ROSEN LAW FIRM, P.A.**

*/s/ Phillip Kim*
Phillip Kim
Ha Sung (Scott) Kim
275 Madison Avenue, 40th Floor
New York, NY 10016
Phone: (212) 686-1060
Fax:     (212) 202-3827
Email:  pkim@rosenlegal.com
            skim@rosenlegal.com


*Lead Counsel for Plaintiffs*


**GRAVES LAW OFFICE**
Curtis C. Graves
12700 Park Central Drive
Suite 520
Dallas, Texas 75251
Telephone: (214) 321-6940
Facsimile: (866) 770-6949
curtis@cgraveslaw.com

**THE BRISCOE LAW FIRM, PLLC**
Willie C. Briscoe
Texas Bar No.: 24001788
12700 Park Central Drive, Suite 520
Dallas, Texas 75251
Telephone: 972-521-6868
Facsimile: 346-214-7463
wbriscoe@thebriscoelawfirm.com

*Liaison Counsel for Plaintiffs*

**BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC**
Eitan Kimelman
60 E 42nd Street, Suite 4600,
New York, New York 10165
Phone: 212-697-6484
Fax:    212-697-7296
Email: eitank@bgandg.com

**LEVI & KORSINSKY, LLP**
Daniel Tepper (*pro hac vice forthcoming*)
55 Broadway, 10th Floor
New York, NY 10006
Tel.: (212) 363-7500
Fax: (212) 363-7171
dtepper@zlk.com

**BRAGAR EAGEL & SQUIRE, P.C.**
Marion C. Passmore
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 568-3599
Facsimile: (212) 214-0506
Email: passmore@bespc.com

*Additional Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on April 11, 2025, I served a copy of the foregoing to counsel of record for Defendants using the CM/ECF system, which will send email notification of this filing to all attorneys of record.

Executed on April 11, 2025.


/s/ *Brian P. O'Connell*
Brian P. O'Connell